**From:** "Price, Jay" <jprice@burr.com>
**To:** "Roofner, Ty" <troofner@burr.com>
**Subject:** RE: Florida Statutes 651.035 -- Minimum Liquidity Reserve Requirements
**Date:** Fri, 28 Mar 2014 16:01:24 +0000
**Importance:** Normal

---

Thanks for responding.

Firstly, I've never had anyone ever bring this up in the context of one of our project accounts, although clearly our docs require them to maintain compliance with all state regs. Our loan requires a $3,000,000 cash collateral account. We are making a $15,000,000 loan, but taking the $3,000,000 back, so our exposure is $12,000,000. That is key to how we underwrote the loan. The way we fund arguably gives them more flexibility on the HUD take out that is expected down the road. Borrower's counsel is suddenly all about "MLR compliance" and providing a letter to the State saying the $3,000,000 counts towards their requirement. My thoughts/concerns:

- The statute does not appear to give the State any rights in the account, but I have to make sure our $3mm is unencumbered and for us.
- Section 1(b) seems to say it can be part of an already required debt service account or impound account. They are saying this allows it to be the cash collateral account. But to me, the statute's purpose is to have a cushion of liquidity for the benefit of patients. A debt service reserve or impounds would allow operations to float if they hit hard times. If they default, we might pull the entire cash collateral account and paydown our loan. I have to be sure we can do that.
- When you get into 1(c) it gets confusing to me as then it starts taking about whether you have a pre-1993 mortgage or post-1993 mortgage and whether you can have your account pledged to the bank and then if it is after 1993 and you have a refinancing, then it cuts off that ability. I'm not sure if I'm getting the accounts mixed up, but here they are acquiring the facility, so my concern would be that the MLR account may not be able to be pledged to the bank. The bank would hold it and control it, so it may be more of a regulatory issue for them at the State level than an issue for us.

This is just from a quick pick up, but like I said, I've never had it come up. We've had tons of debt service reserve accounts and no one has ever asked me to reference MLR requirements or to let them report to the state that the account could be used for 651.03 requirements. May all be more than you wanted to hear. It is for 19200/37.

**From:** Roofner, Ty
**Sent:** Friday, March 28, 2014 10:49 AM
**To:** Price, Jay
**Subject:** Re: Florida Statutes 651.035 -- Minimum Liquidity Reserve Requirements

Jay, on all the deals we finance with bonds, the underwriter's criteria are greater than what the statute requires. Thus, we don't usually deal with it. I'm happy to help to the extent I can and can get you a call with the underwriter I work with.

Sent from my iPhone

On Mar 28, 2014, at 11:18 AM, "Price, Jay" <jprice@burr.com> wrote:

Is anyone well-versed in the above statute requiring minimum liquid reserves for senior housing projects in Florida. Specifically, I have questions related to the interplay with lender collateral accounts. Thanks.

Burr & Forman LLP Logo          Joel (Jay) A. Price, Jr. • *Partner*



PLAINTIFF'S
EXHIBIT
39

CONFIDENTIAL                                                                                    VNB_071141

Suite 3400 • 420 North 20th Street • Birmingham, Alabama 35203
direct 205-458-5147 • fax 205-244-5699 • main 205-251-3000
jprice@burr.com • www.burr.com
vCard  bio  mapit  locations  twitter  twitter
ALABAMA • FLORIDA • GEORGIA • MISSISSIPPI • TENNESSEE

The information contained in this email is intended for the individual or entity above. If you are not the intended recipient, please do not read, copy, use, forward or disclose this communication to others; also, please notify the sender by replying to this message, and then delete this message from your system. Thank you.

Circular 230 Notice - Regulations adopted by the Internal Revenue Service require us to inform you that any federal tax advice contained in this communication (including attachments) (I) is not intended or written by Burr & Forman LLP to be used, and cannot be used, by any taxpayer for the purpose of avoiding penalties that may be imposed on the taxpayer, and (II) is not written to support the promotion or marketing of any transaction(s) or matter(s) addressed in this communication.

Ty Roofner

Partner

Orlando

Direct: 407-540-6672

CONFIDENTIAL

VNB_071142