

DEFENDANT'S
EXHIBIT
Warren #2
4.24.23 OK
PENGAD 800-631-6989

## AGREEMENT
## FOR
## UNIVERSITY VILLAGE MINIMUM LIQUID RESERVE ESCROW

THIS ESCROW AGREEMENT ("Agreement") is made this 22nd day of June, 2004, by and between **WESTPORT HOLDINGS TAMPA, LIMITED PARTNERSHIP**, a Delaware limited partnership with its mailing address at 12401 North 22nd Street, Tampa, FL 33612, doing business as University Village ("University Village");

### AND

**REGIONS BANK**, ~~a National Banking Association~~ with offices located at ~~1555 Palm Beach Lakes Boulevard, West Palm Beach, FL 33407~~ ("Escrow Agent");
1511 North Westshore Boulevard, Tampa, FL 33607

**WHEREAS,** University Village operates the University Village Retirement Community, a residential continuing care retirement community located in Hillsborough County, Florida (the "Community"); and

**WHEREAS,** University Village has been issued a certificate of authority from the State of Florida to provide continuing care at the Community; and

**WHEREAS,** University Village is required by Section 651.035, Florida Statutes, to establish an escrow account in a Florida bank, a Florida savings and loan association, or a Florida trust company acceptable to the Office of Insurance Regulation of the State of Florida (the "Department") or on deposit with the Department, wherein shall be maintained a minimum liquid reserve as specified in that section, which shall be kept and maintained in an account separate and apart from University Village's business accounts; and

**WHEREAS,** University Village has requested Escrow Agent to act as escrow agent for the above-described escrow funds, which Escrow Agent is willing to do, all on the terms and conditions as set forth herein.

**NOW, THEREFORE,** in consideration of the recitals and agreements herein contained, and intending to be legally bound, the parties hereto agree as follows:

**I.    MINIMUM LIQUID RESERVE ESCROW ACCOUNT.**

A.    Purpose of Account.   The purpose of the account created hereunder is to protect the current or prospective residents of the Community (collectively, the "Residents").  Upon presentation of evidence of compliance with applicable portions of Chapter 651, Florida Statutes, as certified by the Provider in the form of Exhibit "A" attached hereto, or upon order of a court of competent jurisdiction, Escrow Agent shall release and pay over the escrowed funds subject to Section I, paragraph C below, or portions thereof, together with any interest accrued thereon or earned from investment thereof, to University Village or to the Residents as directed.  Escrow Agent shall be fully protected in relying upon the assertion of University Village as to compliance with applicable provisions of Chapter 651, Florida Statutes.

B.    Formation of Minimum Liquid Reserve Escrow Account. University Village shall, from time to time, deliver to Escrow Agent that amount required by Section 651.035, Florida Statutes, to be maintained in escrow as a minimum liquid reserve (the

88104 MLR-Reg
6/8/2004

"Minimum Liquid Reserve Amount"). The Minimum Liquid Reserve Amount shall be determined in accordance with the provisions of Section 651.035, Florida Statutes. All amounts delivered by University Village to Escrow Agent hereunder shall be deposited in an interest-bearing account known as the University Village Minimum Liquid Reserve Escrow Account (the "Minimum Liquid Reserve Escrow Account"), account # 729090019____. At such time as the Minimum Liquid Reserve Escrow Account is initially funded, University Village shall deliver to Escrow Agent a Certification, executed by a duly authorized officer of University Village, specifying the amount required to be maintained pursuant to Section 651.035, Florida Statutes, on which Certification Escrow Agent may rely. Annually, or after May 1 of each year, University Village shall deliver to Escrow Agent a revised Certificate indicating the Minimum Liquid Reserve Amount required pursuant to Section 651.035, Florida Statutes, for the ensuing year. The funds deposited in the Minimum Liquid Reserve Escrow Account shall be kept and maintained by Escrow Agent in an account separate and apart from all other business accounts of University Village.

C.    Disbursements. Escrow Agent shall make no disbursements which would reduce the funds in the Minimum Liquid Reserve Escrow Account below the Minimum Liquid Reserve Amount unless Escrow Agent, or another person designated to act in its place, and University Village shall notify the Department in writing ten (10) days before the withdrawal of such funds. In the event of an emergency, and upon petition by University Village to the Department and the Department's failure to deny said petition within three (3) working days, as provided under Section 651.033, Florida Statutes, University Village may withdraw up to ten percent (10%) of the Minimum Liquid Reserve Amount.

D.    Status of Minimum Liquid Reserve Escrow Account. Escrow Agent shall furnish to University Village and to the Department a quarterly statement indicating the amount of any disbursements from or deposits to the Minimum Liquid Reserve Escrow Account and the condition of the Minimum Liquid Reserve Escrow Account during the quarterly period covered by the statement. The statement shall be furnished to University Village by Escrow Agent on or before the tenth (10th) day of the month following the period for which the statement is due. In addition, upon request Escrow Agent shall provide University Village or the Department a statement indicating the status of the Minimum Liquid Reserve Escrow Account. If the Escrow Agent does not provide the quarterly statement to University Village on or before the 10th day of the month following the month for which the statement is due, the Department may, in its discretion, levy against the Escrow Agent a fine not to exceed $25 a day for each day of noncompliance with the provisions of Section 651.033, Florida Statutes.

If the Escrow Agent does not provide the quarterly statement to University Village on or before the 10th day of the month following the quarter for which the statement is due, University Village shall, on or before the 15th day of the month following the quarter for which the statement is due, send a written request for the statement to the Escrow Agent by certified mail return receipt requested.

On or before the 20th day of the month following the quarter for which the statement is due, University Village shall file with the Department a copy of the Escrow Agent's statement or, if University Village has not received the Escrow Agent's statement, a copy of the written request to the Escrow Agent for the statement.

The Department may, in its discretion, in addition to any other penalty that may be provided for under Chapter 651, Florida Statutes, levy a fine against Escrow Agent

not to exceed $25.00 a day for each day the Escrow Agent fails to comply with the provisions of Section 651.033, Florida Statutes.

E.    Ownership of Minimum Liquid Reserve Escrow Account.    All funds deposited in the Minimum Liquid Reserve Escrow Account shall remain the property of University Village but may be used only in accordance with Chapter 651, Florida Statutes, and in accordance with this Agreement.

University Village shall be permitted to withdraw and retain from the Minimum Liquid Reserve Escrow Account all funds in excess of the Minimum Liquid Reserve Amount upon delivery of a certification in the form of Exhibit "A".

F.    Investments.    The Minimum Liquid Reserve Escrow Account may be used for investment purposes as directed in writing by University Village, which investments shall be maintained in forms as prescribed in part II of Chapter 625, Florida Statutes.

## II.    RESIGNATION, REMOVAL AND APPOINTMENT OF ESCROW AGENT.

Escrow Agent may at any time resign as Escrow Agent hereunder without court approval for any of the escrow accounts described hereinabove by giving written notice thereof to University Village and to the Department at least thirty (30) days prior to the effective date of such resignation. The escrowed funds held by the current Escrow Agent may not be transferred to any other banking institution until such time as the Department has approved an escrow agreement to cover a new account. If Escrow Agent will not hold the escrowed funds until that time, the escrowed funds may be transferred to the Department of Insurance Collateral Securities after the thirty (30) day notice of resignation. No resignation of Escrow Agent and no appointment of a successor Escrow Agent shall become effective until the acceptance of appointment by the successor Escrow Agent, which successor Escrow Agent shall be a bank and/or trust company with its principal place of business in the State of Florida and having a combined capital, surplus and undivided profits (as shown by its more recent financial statement distributed to its shareholders) aggregating at least Five Million Dollars ($5,000,000.00). If a satisfactory instrument of acceptance by an approved successor Escrow Agent shall not have been delivered to University Village and Escrow Agent within thirty (30) days after the date on which University Village receives notice of Escrow Agent's resignation, Escrow Agent may petition any court of competent jurisdiction for the appointment of a successor Escrow Agent. Escrow Agent or any successor Escrow Agent may be removed at any time by an instrument or instruments in writing signed by University Village and delivered to Escrow Agent, with a copy to the Department, in which event, Escrow Agent shall hold the Minimum Liquid Reserve Escrow Account pursuant to the terms of this Agreement until notified by University Village as to the disposition of the funds, which disposition University Village agrees and represents shall be in accordance with Chapter 651, Florida Statutes, and the regulations adopted thereunder. Such notice of termination of Escrow Agent must be submitted to the Department, in writing, at least thirty (30) days prior to the effective date of termination.

## III.    CONDITIONS OF TRUST.

Escrow Agent accepts the responsibilities and duties hereunder, with the understanding of University Village that Escrow Agent's rights, duties, liabilities and immunities under this Agreement are subject to the following terms and conditions:

A.    The duties of Escrow Agent shall be governed solely by the terms of this

Agreement, and Escrow Agent shall have no discretion in the administration of the funds created hereby except in accordance with directions of University Village given pursuant to the terms and provisions of this Agreement and in compliance with Chapter 651, Florida Statutes, and the regulations adopted thereunder.

B.      Escrow Agent shall be entitled to rely and act upon any letter, request, certificate, notice, consent or agreement, not only as to its due execution and the validity and the effectiveness of its provisions, but also as to the truth and accuracy of any information therein contained, which Escrow Agent shall in good faith reasonably believe to be genuine and to have been signed or presented by a proper person or persons.

C.      Escrow Agent may consult with counsel of its choice with respect to any questions relating to its duties or responsibilities under this Agreement.

D.      Unless Escrow Agent discharges any of its duties hereunder in a grossly negligent manner or is guilty of willful misconduct with regard to its duties hereunder, University Village hereby agrees to indemnify Escrow Agent and hold it harmless from any and all claims, liabilities, losses, actions, suits or proceedings at law or in equity, or any other expense, fee or charge of any character or nature, which it may incur or with which it may be threatened by reason of its acting as Escrow Agent under this Agreement; and, in connection therewith, to indemnify Escrow Agent against any and all expenses, including reasonable attorneys' fees and the cost of defending any action, suit or proceeding or resisting any claim.

E.      In the event Escrow Agent shall be uncertain as to its duties or rights hereunder or shall receive instructions with respect to the Minimum Liquid Reserve Escrow Account that in its reasonable opinion are in conflict with any of the provisions of this Agreement or Chapter 651, Florida Statutes, Escrow Agent shall promptly advise University Village in writing of such uncertainty on perceived contract and shall be entitled to refrain from taking any action other than to keep safely the funds until it shall be otherwise directed by University Village or by final order of a court of competent jurisdiction. Notwithstanding the foregoing, Escrow Agent shall have no duty to determine whether instructions given to it are in compliance with such laws.

F.      Escrow Agent acknowledges and agrees that Escrow Agent is familiar with the duties imposed upon it under Chapter 651, Florida Statutes, and agrees to abide by the duties imposed under said section, which are in effect on the date of execution of this agreement, unless notified by University Village of a change in such statutes.

G.      Either University Village or the Escrow Agent will notify the Department of Insurance in writing at least ten (10) days prior to any change in any of the terms and conditions of the Escrow Agreement, escrow account numbers, or location of the escrow accounts.

## IV.    DUTIES OF ESCROW AGENT.

Escrow Agent shall have no duties or responsibilities except as expressly set forth herein or under Chapter 651, Florida Statutes.

## V.    COMPENSATION OF ESCROW AGENT.

Escrow Agent shall be compensated in the manner as stated in Exhibit "B" attached hereto.

## VI.    CREDITOR'S CLAIMS.

All funds deposited in the Minimum Liquid Reserve Escrow Account shall not be subject to any liens or charges by Escrow Agent, or judgments, garnishments or creditors' claims against University Village except as provided in Section 651.035(1), Florida Statutes.

## VII.    CONFORMITY WITH FLORIDA STATUTES.

This Agreement has been written in accordance with Chapter 651, Florida Statutes, as warranted by University Village, and the terms therein are specifically incorporated herein by reference. If any of the terms herein violate any of the provisions contained in Chapter 651, Florida Statutes, this Agreement is deemed to be automatically amended to conform to said provisions.

## VIII.    NOTICE.

Any consent, notification, demand, instruction or notice whatsoever, to be sent by either of the parties hereto, pursuant to the terms hereof, shall be in writing and signed by an officer of the party executing such consent, notification, demand, instruction or notice, and shall be deemed sufficiently given or furnished if delivered by personal delivery, by courier, by telegram, telex, facsimile, or by registered or certified United States mail, postage prepaid, addressed to the party to whom directed at the addresses specified below (unless changed by similar notice in writing given by the particular party whose address is to be changed):

To University Village:    Westport Holdings Tampa, Limited Partnership
d/b/a University Village
12401 North 22nd Street
Tampa, FL 33612

To Escrow Agent:    ~~1555 Palm Beach Lakes Boulevard,~~
~~West Palm Beach, FL 33407~~
Attention: ~~Branch Manager~~

1511 North Westshore Blvd
Tampa, FL 33607
Attention: Gary Zino

## IX.    COUNTERPARTS.

This Agreement may be executed in two (2) or more counterparts, each of which shall constitute an original but all of which, when taken together, shall constitute but one agreement. This Agreement shall be deemed to be effective when counterparts which, when taken together, bear the signatures of all the parties hereto have been executed by all the parties hereto.

## X.    SUCCESSORS AND ASSIGNS.

This Agreement shall be binding upon, and shall inure to the benefit of, the parties hereto and their respective successors and assigns.

## XI.    CONSTRUCTION.

This Agreement shall be construed in accordance with and governed by the laws of the State of Florida and may not be modified or amended except by a writing signed by

the parties against which such modification or amendment is sought to be enforced. Any amendments or alterations to the Agreement must be submitted to the Department at least thirty (30) days prior to the effective date thereof.

## XII.   HEADINGS.

Headings contained herein are for convenience of reference only, and do not form a part of or in any way interpret this Agreement.

**IN WITNESS WHEREOF,** the parties hereto have caused this Escrow Agreement to be executed under seal as of the date first above written.

WITNESSES:

Susan R. Kinney

Robin F. Mulligan

WESTPORT HOLDINGS TAMPA,
LIMITED PARTNERSHIP,
By Westport Holdings
University Village, L. L. C.,
its General Partner

By: _____

George Gall, Vice President

REGIONS BANK

By: : _____

Name/Title: Gary Zino, S.V.P.

EXHIBIT "A"

UNIVERSITY VILLAGE
MINIMUM LIQUID RESERVE ACCOUNT WITHDRAWAL CERTIFICATION

As of the date of this request, University Village certifies that the Minimum Liquid Reserve Account is in compliance with all applicable requirements as stated in Chapter 651, Florida Statutes, and that any withdrawals are made in accordance with such statutes.

All notices to the Florida Office of Insurance Regulation required by Section I, paragraph C of the Agreement for University Village Minimum Liquid Reserve Escrow have been provided.

Date Requested: _____

Amount Requested: _____

Certified by: _____
        **Authorized signer**

Where approval from the Florida Department of Insurance is required, a copy of such approval shall be attached hereto.

Exhibit "B"

ESCROW AGENT FEE SCHEDULE

[Insert Fee Schedule]

# REGIONS MORGAN KEEGAN
## *Trust*

---

**WESTPORT HOLDINGS TAMPA, LP**
**UNIVERSITY VILLAGE MINIMUM**
**LIQUID RESERVE ESCROW**

---

## SUMMARY OF SERVICES

- ♦ Safekeeping of securities
- ♦ Collection of income
- ♦ Settlement of directed investment transactions
- ♦ Automatically sweep uninvested cash into Regions Morgan Keegan Select Money Market Fund market as directed by Investment Manager
- ♦ Prepare periodic statements
- ♦ Internet access of account

Regions Morgan Keegan Trust serves as custodian having no investment authority or responsibility.

## SUMMARY OF FEES

|  |  | 30% Disc |
|---|---|---|
| First $250,000 | .625% | .4375% |
| Next $1,750,000 | .45% | .3150% |
| Next $2,000,000 | .30% | .2100% |
| Next $3,000,000 | .15% | .1050% |
| Over $7,000,000 | .125% | .0875% |

Transaction Cost for Manual Receipt or Delivery of Asset                    $15.00
There will be no transaction fee charged for receiving original assets upon opening the account.

ANNUAL MINIMUM - $3,600

Regions Bank will receive, upon termination, a fee of $500.00.

## SPECIAL AND UNUSUAL SERVICES

Every effort is made to provide our customers with a wide variety of services at no additional charge. However, where special services are required or otherwise requested, the Trust and Investments Division may charge an hourly rate of $100.00 for officer and $50.00 for non-officer involvement.