**Mutual Release and Transfer and Assignment of
Membership Interests in Westport Nursing Tampa, L.L.C.**

THIS MUTUAL RELEASE AND TRANSFER AND ASSIGNMENT OF MEMBERSHIP INTERESTS IN WESTPORT NURSING TAMPA, L.L.C. (this "Assignment") is made this 17th day of July, 2020 (the "Execution Date"), by and among Westport Holdings Tampa, Limited Partnership, a Delaware limited partnership (the "Transferor"), Westport Holdings Tampa, Limited Partnership, a Delaware limited partnership ("Westport II"), and IMH Healthcare, LLC, a Delaware limited liability company ("IMH"), JF Consultants, LLC, a Delaware limited liability company ("JFC"), and BVM University Village, LLC, a Florida limited liability company ("BVMUV" and, together with IMH and JFC, the "Transferees").

WHEREAS, the Transferor is the sole owner of one hundred percent (100%) of the membership interests (the "Interests") in Westport Nursing Tampa, L.L.C., a Florida limited liability company (the "Company");

WHEREAS, the Company is governed by the provisions of the Amended and Restated Limited Liability Company Agreement of Westport Nursing Tampa, L.L.C. dated March 28, 2014 (the "Operating Agreement"), as modified by the Action By Written Consent of the Sole Member of Westport Nursing Tampa, L.L.C. attached here to as Exhibit "A" (the "Written Action");

WHEREAS, the United States Bankruptcy Court for the Middle District of Florida, Tampa Division (the "Bankruptcy Court") entered the following orders in the Chapter 11 bankruptcy cases of Westport Holdings Tampa, Limited Partnership, and Westport Holdings Tampa II, Limited Partnership, jointly-administered Case No. 8:16-bk-08167-MGW (the "Bankruptcy Case"):

a) the Interim Order Granting Liquidating Trustee's Motion for Entry of an Order Authorizing (I) the Sale of the Assets of Debtors and WNT Free and Clear of All Liens, Claims, and Encumbrances, and (II) Authorizing the Assumption and Assignment of Contracts (Doc. No. 1410) on February 26, 2019 (the "Interim Sale Order");

b) the Order Granting Liquidating Trustee's Motion for Entry of Final Order Authorizing (I) the Sale of the Assets of Debtors Free and Clear of All Liens, Claims, and Encumbrances, and (II) Authorizing the Assumption and Assignment of Contracts (Doc. No. 1634) on February 14, 2020 (the "Final Sale Order");

c) the Order (I) Granting Liquidating Trustee's Motion to Modify Confirmed First Amended and Restated Mediated Joint Plan of Liquidation and (II) Confirming Second Amended and Restated Joint Plan of Liquidation Under Chapter 11 of the United States Bankruptcy Code (Doc. No. 1633) on February 14, 2020 (the "Plan Modification Order"); and

d) the Agreed Order Resolving US Lifestyles' Motion for Reconsideration of Sale Order and Confirmation Order (Doc. No. 1654) on March 5, 2020 (the "Reconsideration Order").

WHEREAS, BVM Management, Inc. filed a notice of appeal of the Interim Sale Order, the Final Sale Order, the Plan Modification Order, and the Reconsideration Order in the Bankruptcy Court (Doc. No. 1663) on March 12, 2020 (the "Notice of Appeal"), which Notice of Appeal has been docketed in the United States District Court for the Middle District of Florida (the "District Court") as Case No. 8:20-cv-597-T-02 (the "BVM Appeal");

WHEREAS, the Transferor desires by this Assignment to assign to the Transferees all of the Interests, and the Transferees desire by this Assignment to accept the Interests in accordance with the

1



DEFENDANT'S EXHIBIT

Warren # 7

4-24-23  OK

PENGAD 800-631-6989

terms of that certain Stipulation of Dismissal of Appeal With Prejudice filed by the Transferor and BVM Management, Inc. (the "Stipulation") filed in the BVM Appeal on April 9, 2020;

NOW, THEREFORE, for and in consideration of the mutual promises, covenants and obligations set forth in the Stipulation, and for other good and valuable consideration, the receipt and adequacy of which are acknowledged by each party, the parties agree as follows:

1. Mutual Release. Effective as of the Execution Date, and without the further need for any documentation, the Transferor and Westport II, for themselves, and their respective estates, agents, representatives, attorneys, and assigns, on the one hand, and the Transferees, for their agents, representatives, attorneys, and assigns, on the other, hereby waive, release and forever discharge each other and their estates, agents, representatives, heirs, attorneys, and assigns, from all claims, obligations, suits, demands, damages or actions of any type or nature, which they ever had against each other, whether known or unknown, from the beginning of time through the Effective Date, other than any claims for breach of this Agreement.

2. Assignment. Effective as of the Execution Date, the Transferor transfers and assigns to the Transferees, and the Transferees accept and assume from the Transferor:

a) the Interests in the following percentages, such that from and after the Execution Date, and until any other or further assignment made in accordance with the provisions of the Operating Agreement, the Transferor will no longer have the Interests, and the Transferees shall collectively have one hundred percent (100%) of the Interests: 40% to BVMUV; 20% to IMH; and 40% to JFC; and

b) any and all right, title, and interest that the Transferor has under the provisions of the Operating Agreement with respect to the Interests so assigned.

3. Resignations. Effective as of the Execution Date, Transferor resigns as the sole Manager and the Tax Matters Manager of the Company, and Bush Ross Registered Agent Services, LLC resigns as the registered agent for the Company.

4. Prohibition on Use of Trade Name and Marks. The Transferees agree that, on and after the Execution Date, they will cause the Company to cease and desist use of all trade names and marks in any way associated with the University Village continuing care retirement community that Transferor holds the certificate of authority to operate, regardless of whether such certificate of authority is revoked, cancelled, or otherwise terminated in connection with the transactions contemplated by the Final Sale Order and the Plan Modification Order, including but not limited to the marks "University Village," "The Health Center at University Village," "The Inn at University Village," "The Nursing Center at University Village," "A Westport Senior Living Community," and "Live Better Longer!", as well as the domain name "universityvillage.net" for websites, email addresses, or otherwise.

5. Representations.

a) By Transferor. To induce the Transferees to accept the delivery of this Assignment, the Transferor hereby represents and warrants to the Transferees that on the Execution Date:

i) the Transferor is the sole legal and beneficial owner of the Interests. The Transferor has not sold, transferred, or encumbered any or all of the Interests. Subject to the provisions of the Operating Agreement, the Transferor has the full and sufficient right at law and in equity to transfer and assign the Interests, and is transferring and assigning the Interests to the Transferees as-is and where-is and subject to any pledges that may exist with respect to such Interests; provided, however, the Transferor has not pledged the Interests at any time.

ii)      the Transferor has been given no notice of any default in performing its obligations under the provisions of the Operating Agreement and, to the best of the Transferor's knowledge, information, and belief, the Transferor is not in default in performing those obligations.

b)      *By Transferees*. The Transferees covenant, warrant, and represent that they have read the Operating Agreement and agree to be bound by the Operating Agreement; provided, however, that the Transferees reserve the right to amend the Operating Agreement in accordance with the terms thereof and applicable law.

c)      *By Each Party*. Each party represents and warrants to the other that it has been duly authorized to execute and deliver this Assignment, and to perform its obligations under this Assignment.

6.      Miscellaneous.

a)      *Effectiveness*. This Assignment shall become effective on and only on its execution and delivery by each party.

b)      *Complete Understanding*. This Assignment represents the complete understanding between the parties as to the subject matter hereof, and supersedes all prior negotiations, representations, guarantees, warranties, promises, statements, settlements, or agreements, either written or oral, between the parties hereto as to the same.

c)      *Amendment*. This Assignment may be amended by and only by a written instrument executed and delivered by each party.

d)      *Waiver*. No party shall be deemed to have waived any right that it holds hereunder unless the waiver is made expressly and in writing (and, without limiting the generality of the foregoing, no delay or omission by any party in exercising any such right shall be deemed a waiver of its future exercise). No waiver shall be deemed a waiver as to any other instance or any other right.

e)      *Applicable Law*. All questions concerning the construction, validity, and interpretation of this Assignment and the performance of the obligations imposed hereby shall be governed by the internal law, not the law of conflicts, of the State of Florida.

f)      *Headings*. The headings of the sections, subsections, paragraphs, and subparagraphs hereof are provided herein for and only for convenience of reference, and shall not be considered in construing their contents.

g)      *Construction*. As used herein, (a) the term "person" means a natural person, a trustee, a corporation, a partnership, and any other form of legal entity; and (b) all reference made (i) in the neuter, masculine, or feminine gender shall be deemed to have been made in all genders, (ii) in the singular or plural number shall be deemed to have been made, respectively, in the plural or singular number as well, and (iii) to any section, subsection, paragraph, or subparagraph shall, unless therein expressly indicated to the contrary, be deemed to have been made to such section, subsection, paragraph, or subparagraph of this Assignment.

h)      *Assignment*. This Assignment shall be binding upon and shall inure to the benefit of the parties hereto and their respective heirs, personal representatives, successors, and assigns hereunder.

i) *Severability*. No determination by any court, governmental body, or otherwise that any provision of this Assignment or any amendment hereof is invalid or unenforceable in any instance shall affect the validity or enforceability of (a) any other provision thereof or (b) that provision in any circumstance not controlled by the determination. Each such provision shall be valid and enforceable to the fullest extent allowed by, and shall be construed wherever possible as being consistent with, applicable law.

j) *Further Assurances*. The parties shall cooperate with each other and shall execute and deliver, or cause to be delivered, all other instruments and shall take all other actions, as either party hereto may reasonably request from time to time in order to effectuate the provisions hereof.

k) *Assumption and Indemnification*. From and after the Execution Date, the Transferees shall (a) be bound by the provisions of the Operating Agreement, as if each Transferee were a party thereto and a member of the Company, and (b) indemnify the Company against any expense incurred by it in connection with the Transferees' admission and substitution as a member of the Company including, by way of example rather than of limitation, any expense incurred in preparing and filing for record any amendment of the Operating Agreement or the Company's articles of organization, and any other instrument, if necessitated by the admission and substitution.

l) *Counterparts*. This Assignment may be executed in one or more counterparts, each of which shall be deemed an original for all purposes and all of which together shall constitute one and the same assignment.

[SIGNATURE PAGES TO FOLLOW]

IN WITNESS WHEREOF, each party hereto has executed this Assignment or caused it to be executed on its behalf by its duly authorized representatives as of the day and year first above written.

WITNESSES:

_____
Print Name: Anne Smith

_____
Print Name: Maria Linares

_____
Print Name: _____

_____
Print Name: _____

_____
Print Name: _____

_____
Print Name: _____

_____
Print Name: _____

_____
Print Name: _____

TRANSFEROR:

WESTPORT HOLDINGS TAMPA, LIMITED PARTNERSHIP

By: _____
Jeffrey W. Warren
Liquidating Trustee

TRANSFEREES:

IMH HEALTHCARE, LLC

By: _____
Eli Freiden
Managing Member

JF CONSULTANTS, LLC

By: _____
Shabse Fuchs
Sole Member

BVM UNIVERSITY VILLAGE, LLC

By: Compliance Concepts, L.L.C.,
Managing Member

By: _____
Rebecca J. Bartle
Sole Member

AGREED and ACCEPTED as to Section 1 above:

WESTPORT HOLDINGS TAMPA II, LIMITED PARTNERSHIP

By: _____
Jeffrey W. Warren, Liquidating Trustee

AGREED and ACCEPTED as to Section 3 above:

BUSH ROSS REGISTERED AGENT SERVICES, LLC

By: _____
Adam Lawton Alpert, Vice President

5

IN WITNESS WHEREOF, each party hereto has executed this Assignment or caused it to be executed on its behalf by its duly authorized representatives as of the day and year first above written.

WITNESSES:

Print Name: _____

Print Name: _____

Print Name: _____

Print Name: _____

Print Name: _____

Print Name: _____

Print Name: _Jordee McCourt_

Print Name: _John Bartle_

TRANSFEROR:

WESTPORT HOLDINGS TAMPA, LIMITED PARTNERSHIP

By: _____
Jeffrey W. Warren
Liquidating Trustee

TRANSFEREES:

IMH HEALTHCARE, LLC

By: _____
Eli Freiden
Managing Member

JF CONSULTANTS, LLC

By: _____
Shabse Fuchs
Sole Member

BVM UNIVERSITY VILLAGE, LLC

By:   Compliance Concepts, L.L.C.,
Managing Member

By: _Rebecca J. Bartle_
Rebecca J. Bartle
Sole Member

AGREED and ACCEPTED as to Section 1 above:

WESTPORT HOLDINGS TAMPA II, LIMITED PARTNERSHIP

By: _____
Jeffrey W. Warren, Liquidating Trustee

AGREED and ACCEPTED as to Section 3 above:

BUSH ROSS REGISTERED AGENT SERVICES, LLC

By: _____
Adam Lawton Alpert, Vice President

5

IN WITNESS WHEREOF, each party hereto has executed this Assignment or caused it to be executed on its behalf by its duly authorized representatives as of the day and year first above written.

WITNESSES:

Print Name: _____

Print Name: _____

Print Name: _____

Print Name: _____

Print Name: _Rachel Aber_

Print Name: _Dayna Videman_

Print Name: _Jodee McCown_

Print Name: _John Bartle_

TRANSFEROR:

WESTPORT HOLDINGS TAMPA, LIMITED PARTNERSHIP

By: _____
    Jeffrey W. Warren
    Liquidating Trustee

TRANSFEREES:

IMH HEALTHCARE, LLC

By: _____
    Eli Freiden
    Managing Member

JF CONSULTANTS, LLC

By: _____
    Shabse Fuchs
    Sole Member

BVM UNIVERSITY VILLAGE, LLC

By:  Compliance Concepts, L.L.C.,
     Managing Member

By: _____
    Rebecca J. Bartle
    Sole Member

AGREED and ACCEPTED as to Section 1 above:

WESTPORT HOLDINGS TAMPA II, LIMITED PARTNERSHIP

By: _____
    Jeffrey W. Warren, Liquidating Trustee

AGREED and ACCEPTED as to Section 3 above:

BUSH ROSS REGISTERED AGENT SERVICES, LLC

By: _____
    Adam Lawton Alpert, Vice President

5