UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:

WESTPORT HOLDINGS TAMPA,
LIMITED PARTNERSHIP,

WESTPORT HOLDINGS TAMPA II,
LIMITED PARTNERSHIP,

    Debtors.

_____/

JEFFREY W. WARREN, LIQUIDATING
TRUSTEE FOR WESTPORT HOLDINGS
TAMPA, LIMITED PARTNERSHIP and
WESTPORT HOLDINGS II, LIMITED
PARTNERSHIP,

    Plaintiff,

v.

VALLEY NATIONAL BANK, principal
subsidiary to VALLEY NATIONAL
BANKCORP, a New Jersey domestic profit
corporation, as successor by merger to
USAMERIBANK,

    Defendant.

_____/

Case No.: 8:16-bk-08167-CED
Chapter 11

Case No.: 8:16-bk-08168-CED

Jointly Administered Under
Case No. 8:16-bk-08167-CED

Adv. Pro. No.: 8:20-ap-00007-CPM

## PLAINTIFF'S NOTICE OF TAKING DEPOSITION OF LOUIS E. ROBICHAUX IV AND REQUEST FOR DOCUMENTS

PLEASE TAKE NOTICE that Plaintiff Jeffrey W. Warren, as Liquidating Trustee for Westport Holdings Tampa, Limited Partnership and Westport Holdings Tampa II, Limited Partnership (the "**Liquidating Trustee**"), will take the deposition upon oral examination of the person named or identified below at the time and place indicated:


PLAINTIFF'S
EXHIBIT
190

| **WITNESS** | **DATE/TIME** | **LOCATION** |
|---|---|---|
| Louis E. Robichaux IV<br>Senior Managing Director<br>Ankura Consulting Group, LLC | Thursday, August 17, 2023 at 10:00 A.M. (CT) until completed | Veritext Legal Solutions<br>Plaza of The Americas<br>600 N. Pearl Street<br>Suite 2230<br>Dallas, Texas 75201<br>(800) 336-4000 |

The deposition will be taken before a person authorized by law to administer oaths, pursuant to Fed. R. Civ. P. 28, and will continue from day to day until completed or may be adjourned to be reconvened at such later date as may be established therefore by those in attendance at such deposition. The deposition shall be recorded stenographical before a person duly authorized to administer oaths who is not counsel of record or interested in the events of this case. These services will be performed by Esquire Deposition Solutions, LLC or another officer duly authorized by law to take a deposition. This deposition is being taken for the purpose of testimony in the trial of the cause, for the purpose of discovery of evidence in the case, or for any other purpose permitted by the Federal Rules of Civil Procedure. Louis E. Robichaux IV, Senior Managing Director, Ankura Consulting Group, LLC, shall testify with respect to the matters listed on **Exhibit A** and give binding testimony on its behalf on such matters ***and shall deliver these documents to the undersigned counsel no later than August 8, 2023.***

**PLEASE GOVERN YOURSELF ACCORDINGLY**.

> **KEITH T. APPLEBY, ESQ.**
> **APPLEBY LAW P.A.**
> **4916 W. MELROSE AVE. S**
> **TAMPA, FL 33629-5420**
> **813.435.0396**
> **keithtappleby@icloud.com**
>
> By: /s/ *Keith T. Appleby*
> Keith T. Appleby

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 25, 2023, I served the foregoing Plaintiff's Notice of Deposition of Louis E. Robichaux IV, Senior Managing Director, Ankura Consulting Group, LLC via electronic mail to the following:

Edmund S. Whitson, III
MCGLINCHEY STAFFORD,
PLLC
100 S. Ashley Drive, Ste. 600
Tampa, FL 33602
ewhitson@mcglinchey.com

and

Adina L. Pollan, Esq.
10407 Centurion Parkway N., Suite 200
Jacksonville, Florida 32256
apollan@mcglinchey.com
nreid@mcglinchey.com

**Counsel for Defendant**

/s/ Keith T. Appleby
Keith T. Appleby

## EXHIBIT "A"

### DEFINITIONS AND INSTRUCTIONS

A.      "Document(s)" as used herein means any written, printed, graphic or recorded matter and any other object or tangible thing, including, without limitation, the original and all non-identical copies and drafts  (including all copies and drafts that are different on the basis of revisions, strikeouts, additions, marginalia of  any kind, highlighting, comments, or other distinguishing characteristics whether written, printed, tangible, or  electronic) of any of the following: correspondence; agreement(s); mortgage loans, securities, certificates, commitments, assignments, notices, memoranda; notes; minutes; advertising and press releases; transcripts; affidavits; summaries; calendar, journal or diary entries; recordings, whether audio, video, digital, magnetic, or  other; surveys, tables, charts or other spreadsheet or statistical compilations; ledgers and other financial records  or bank statements, cancelled checks, deposit records, ACH, electronic wire transfers and/or wire transfers; and  any and all computer data including electronic mail, electronic records, electronic documents and any other  electronically or computer stored data (including text, graphics, audio and/or video), whether or not ever printed  or displayed, and whether stored on hard drive, server or mainframe.  The term "document(s)" shall also include  the files in which any responsive documents are maintained, including file folders and file jackets. The meaning  of "document(s)" shall be construed as broadly as permitted by the Federal Rules of Civil Procedure; and any  other item included within the scope of Federal Rule of Civil Procedure 34.

B.      "Communications" shall mean any oral or written statement, dialogue, colloquy, discussion or  conversation and, also, means any transfer of thoughts or ideas between persons by means of documents and  includes any transfer of data from one location to another by electronic or similar means.

C.      "Related to", "relating to", "referring to", or "references" as used herein means containing, constituting, showing, mentioning, reflecting, evidencing, discussing, or pertaining in any way, directly or  indirectly, to the subject matter identified in the Request, and includes any documents supporting, denying,  underlying or used in the preparation of any document called for by each Request.

D.      As used herein, the conjunctions "and" and "or" shall be interpreted in each instance as meaning "and/or" so as to encompass the broader of the two possible constructions, and shall not be interpreted  disjunctively so as to exclude any information or documents otherwise within the scope of any Request.

E.      Any pronouns used herein, shall include and be read and applied as to encompass the alternative  forms of the pronoun, whether masculine, feminine, neuter, singular or plural, and shall not be interpreted so as  to exclude any information or documents otherwise within the scope of the Request.

F.      If you contend that you are entitled to withhold any responsive document(s) on the basis of privilege  or other grounds, for each and every document specify:

    (i)         The type or nature of the document;

(ii)   The general subject matter of the document;

(iii)   The date of the document;

(iv)   The author, addressee, and any other recipient of the document; and

(v)   The basis on which you contend you are entitled to withhold the document.

G. You must produce all documents within your care, custody or control that are responsive to any of these Requests to . A document is deemed within your care, custody or control if you have the right or ability to secure the document or a copy thereof from any other person having physical possession thereof.

H. Production of Electronically Stored Information ("ESI") or any electronically stored data shall be in native format unless otherwise agreed, consistent with **Schedule A**. *These documents should be provided to the undersigned counsel no later than August 8, 2023*. In producing Documents consisting of electronically stored data in machine-readable form in response to any Request, provide such data in a form that does not require specialized or proprietary hardware or software.

## DOCUMENT REQUESTS

1. All documents which you considered, used or referenced in or in connection with your expert reports or opinions, in this case. Please specifically provide hard written copies of the documents listed on Appendix C- Documents Considered attached to your Report dated April 17, 2023.

2. All communications, including e-mail and correspondence, which relate to compensation for your expert report or testimony in this case.

3. All communications, including e-mail and correspondence, which identify facts or data that Valley National Bank's attorney(s) provided, and that you considered in forming the opinions to be expressed in this case.

4. All communications, including e-mail and correspondence, which identify assumptions that Valley National Bank's attorney(s) provided, and that you relied on in forming the opinions to be expressed in this case.

5. Your records reflecting all time expended to date concerning this case.

6. All invoices, bills and payment records for your work in this case.

7. All agreements relating to the services to be provided by you or the compensation to be paid to you for your work in this case.

8. Your engagement agreement with Valley National Bank or Valley National Bank's attorney(s) for your work in this case.

9. Your current curriculum vitae ("CV").

10. A list of all cases in which you have testified as an expert at trial or by deposition within the past 4 years.

11. Copies of your testimony at trials and depositions in which you have testified as an expert within the past 4 years.

## SCHEDULE "A"

### PRODUCTION OF ELECTRONICALLY STORED INFORMATION (ESI)
### RECOMMENDED PRODUCTION SPECIFICATIONS

You shall produce all documents responsive to this subpoena, including recorded information or material of any type and in any form, inclusive of hard copy written material, photographs, digital and electronically stored information ("ESI"), including email, in accordance with the following protocol:

(1)     Certain ESI, including scheduling file types, Excel spreadsheets, 3-D models, CAD drawings, video, audio, shall be made available in native format. However, any ESI that contains redacted content will not be made available in the native format in the interest of protecting privileged and confidential information.

(2)     All other ESI, including emails, MS Word documents, .pdf documents, and MS PowerPoint documents shall be converted to black and white .tif files and shall have a production number ("Bates number") applied. To the extent possible, these document types will be rendered searchable by text extraction or by the application of OCR technology.

(3)     Provide database load files for the documents provided from ESI and scanned paper populations. The load files shall include information from certain metadata fields as agreed to by the parties (see IV below). The specifications for the load files shall be as follows:

a.     Single Page images & Multi Page TEXT/OCR

b.     Must provide natives for documents specified in (1), with unique identifiers as place holders in the TIFF production.

c.     Load Files

i.     DATA - Concordance format (DAT)

     ii.    IMAGES - OPT or LFP

     iii.    TEXT – Text path inside of DAT

     iv.    NATIVES – Native path inside of DAT

d.    Standard metadata fields

e.    Maintain/capture/produce all non-privileged Parent/Child/Attachments relationships

f.    All non-tiffed Native files must have a TIF Placeholder which is endorsed with Bates#

g.    Insert placeholders that state reason for absence of TIF, e.g., "Unsupported or Excluded File Type" along with the filename.

(4)    Standard metadata fields are as follows:

BEGDOC, ENDDOC, BEGATT, ENDATT, Original File Name, File Source Path/Folder, Custodian, Date/Time Created, Date/Time Modified, Email To, Email From, Email CC, Email BCC, Email Subject, Email Date/Time Received, Email Date/Time Sent, File Extension, File Type, Confidential/Privilege Designation, MD5 Hash, PG Count, Extracted Text Path, Native File Path.

All of the provisions of this protocol notwithstanding, you shall not be required to provide the ESI in any way to the extent that it is impossible for you to do so.

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Case No.: 8:16-bk-08167-CED |
| WESTPORT HOLDINGS TAMPA, LIMITED PARTNERSHIP, | Chapter 11 |
| WESTPORT HOLDINGS TAMPA II, LIMITED PARTNERSHIP, | Case No.: 8:16-bk-08168-CED |
| Debtors. | Jointly Administered Under Case No. 8:16-bk-08167-CED |

JEFFREY W. WARREN, LIQUIDATING
TRUSTEE FOR WESTPORT HOLDINGS
TAMPA, LIMITED PARTNERSHIP and
WESTPORT HOLDINGS II, LIMITED
PARTNERSHIP,

      Plaintiff,

v.                                                                   Adv. Pro. No.: 8:20-ap-00007-CPM

VALLEY NATIONAL BANK, principal
subsidiary to VALLEY NATIONAL
BANKCORP, a New Jersey domestic profit
corporation, as successor by merger to
USAMERIBANK,

      Defendant.

_____/

**PLAINTIFF'S AMENDED[1] NOTICE OF TAKING DEPOSITION
OF LOUIS E. ROBICHAUX IV AND REQUEST FOR DOCUMENTS**

    PLEASE TAKE NOTICE that Plaintiff Jeffrey W. Warren, as Liquidating Trustee for Westport

Holdings Tampa, Limited Partnership and Westport Holdings Tampa II, Limited Partnership (the

"**Liquidating Trustee**"), will take the deposition upon oral examination of the person named or

identified below at the time and place indicated:

---

[1] Amenended as to location and to take Zoom deposition of Mr. Robichaux at McGlinchey's Dallas office.

| **WITNESS** | **DATE/TIME** | **LOCATION** |
|---|---|---|
| Louis E. Robichaux IV<br>Senior Managing Director<br>Ankura Consulting Group, LLC | Thursday, August 17, 2023 at 10:00 A.M. (CT) until completed | McGlinchey Stafford PLLC<br>Three Energy Square<br>6688 North Central Expressway<br>Suite 400<br>Dallas, Texas 75206<br>(214) 445-2445 |

The deposition will be taken via Zoom link https://proceedings.veritext.com/?token=efb23482d0db39e97c12bf205ed5b0e6 before a person authorized by law to administer oaths, pursuant to Fed. R. Civ. P. 28, and will continue from day to day until completed or may be adjourned to be reconvened at such later date as may be established therefore by those in attendance at such deposition. The deposition shall be recorded stenographical before a person duly authorized to administer oaths who is not counsel of record or interested in the events of this case. These services will be performed by Esquire Deposition Solutions, LLC or another officer duly authorized by law to take a deposition. This deposition is being taken for the purpose of testimony in the trial of the cause, for the purpose of discovery of evidence in the case, or for any other purpose permitted by the Federal Rules of Civil Procedure. Louis E. Robichaux IV, Senior Managing Director, Ankura Consulting Group, LLC, shall testify with respect to the matters listed on **Exhibit A** and give binding testimony on its behalf on such matters *and shall deliver these documents to the undersigned counsel no later than August 8, 2023*.

**PLEASE GOVERN YOURSELF ACCORDINGLY.**

KEITH T. APPLEBY, ESQ.
APPLEBY LAW P.A.
4916 W. MELROSE AVE. S
TAMPA, FL 33629-5420
813.435.0396

**keithtappleby@icloud.com**

By: /s/ *Keith T. Appleby*
Keith T. Appleby

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 25, 2023, I served the foregoing Plaintiff's Notice of Deposition of Louis E. Robichaux IV, Senior Managing Director, Ankura Consulting Group, LLC via electronic mail to the following:

Edmund S. Whitson, III
MCGLINCHEY STAFFORD,
PLLC
100 S. Ashley Drive, Ste. 600
Tampa, FL 33602
ewhitson@mcglinchey.com

    and

Adina L. Pollan, Esq.
10407 Centurion Parkway N., Suite 200
Jacksonville, Florida 32256
apollan@mcglinchey.com
nreid@mcglinchey.com

***Counsel for Defendant***

/s/ *Keith T. Appleby*
Keith T. Appleby

## EXHIBIT "A"

## DEFINITIONS AND INSTRUCTIONS

A.    "Document(s)" as used herein means any written, printed, graphic or recorded matter and any other object or tangible thing, including, without limitation, the original and all non-identical copies and drafts  (including all copies and drafts that are different on the basis of revisions, strikeouts, additions, marginalia of  any kind, highlighting, comments, or other distinguishing characteristics whether written, printed, tangible, or  electronic) of any of the following: correspondence; agreement(s); mortgage loans, securities, certificates,  commitments, assignments, notices, memoranda; notes; minutes; advertising and press releases; transcripts; affidavits; summaries; calendar, journal or diary entries; recordings, whether audio, video, digital, magnetic, or  other; surveys, tables, charts or other spreadsheet or statistical compilations; ledgers and other financial records  or bank statements, cancelled checks, deposit records, ACH, electronic wire transfers and/or wire transfers; and   any and all computer data including electronic mail, electronic records, electronic documents and any other   electronically or computer stored data (including text, graphics, audio and/or video), whether or not ever printed   or displayed, and whether stored on hard drive, server or mainframe.  The term "document(s)" shall also include  the files in which any responsive documents are maintained, including file folders and file jackets. The meaning  of "document(s)" shall be construed as broadly as permitted by the Federal Rules of Civil Procedure; and any  other item included within the scope of Federal Rule of Civil Procedure 34.

B.       "Communications" shall mean any oral or written statement, dialogue, colloquy, discussion or  conversation and, also, means any transfer of thoughts or ideas between persons by means of documents and  includes any transfer of data from one location to another by electronic or similar means.

C.       "Related to", "relating to", "referring to", or "references" as used herein means containing,  constituting, showing, mentioning, reflecting, evidencing, discussing, or pertaining in any way, directly or  indirectly, to the subject matter identified in the Request, and includes any documents supporting, denying,  underlying or used in the preparation of any document called for by each Request.

D.       As used herein, the conjunctions "and" and "or" shall be interpreted in each instance as meaning "and/or" so as to encompass the broader of the two possible constructions, and shall not be interpreted  disjunctively so as to exclude any information or documents otherwise within the scope of any Request.

E.       Any pronouns used herein, shall include and be read and applied as to encompass the alternative  forms of the pronoun, whether masculine, feminine, neuter, singular or plural, and shall not be interpreted so as  to exclude any information or documents otherwise within the scope of the Request.

F.       If you contend that you are entitled to withhold any responsive document(s) on the basis of privilege  or other grounds, for each and every document specify:

   (i)        The type or nature of the document;

(ii)    The general subject matter of the document;

(iii)    The date of the document;

(iv)    The author, addressee, and any other recipient of the document; and

(v)    The basis on which you contend you are entitled to withhold the document.

G.    You must produce all documents within your care, custody or control that are responsive to any of these Requests to . A document is deemed within your care, custody or control if you have the right or ability to secure the document or a copy thereof from any other person having physical possession thereof.

H.    Production of Electronically Stored Information ("ESI") or any electronically stored data shall be in native format unless otherwise agreed, consistent with **Schedule A**. *These documents should be provided to the undersigned counsel no later than August 8, 2023.* In producing Documents consisting of electronically stored data in machine-readable form in response to any Request, provide such data in a form that does not require specialized or proprietary hardware or software.

## DOCUMENT REQUESTS

1.    All documents which you considered, used or referenced in or in connection with your expert reports or opinions, in this case. Please specifically provide hard written copies of the documents listed on Appendix C- Documents Considered attached to your Report dated April 17, 2023.

2.    All communications, including e-mail and correspondence, which relate to compensation for your expert report or testimony in this case.

3.    All communications, including e-mail and correspondence, which identify facts or data that Valley National Bank's attorney(s) provided, and that you considered in forming the opinions to be expressed in this case.

4.    All communications, including e-mail and correspondence, which identify assumptions that Valley National Bank's attorney(s) provided, and that you relied on in forming the opinions to be expressed in this case.

5.    Your records reflecting all time expended to date concerning this case.

6.    All invoices, bills and payment records for your work in this case.

7.    All agreements relating to the services to be provided by you or the compensation to be paid to you for your work in this case.

8.    Your engagement agreement with Valley National Bank or Valley National Bank's attorney(s) for your work in this case.

9.    Your current curriculum vitae ("CV").

10.   A list of all cases in which you have testified as an expert at trial or by deposition within the past 4 years.

11.   Copies of your testimony at trials and depositions in which you have testified as an expert within the past 4 years.

## SCHEDULE "A"

### PRODUCTION OF ELECTRONICALLY STORED INFORMATION (ESI) RECOMMENDED PRODUCTION SPECIFICATIONS

You shall produce all documents responsive to this subpoena, including recorded information or material of any type and in any form, inclusive of hard copy written material, photographs, digital and electronically stored information ("ESI"), including email, in accordance with the following protocol:

(1)    Certain ESI, including scheduling file types, Excel spreadsheets, 3-D models, CAD drawings, video, audio, shall be made available in native format. However, any ESI that contains redacted content will not be made available in the native format in the interest of protecting privileged and confidential information.

(2)    All other ESI, including emails, MS Word documents, .pdf documents, and MS PowerPoint documents shall be converted to black and white .tif files and shall have a production number ("Bates number") applied. To the extent possible, these document types will be rendered searchable by text extraction or by the application of OCR technology.

(3)    Provide database load files for the documents provided from ESI and scanned paper populations. The load files shall include information from certain metadata fields as agreed to by the parties (see IV below). The specifications for the load files shall be as follows:

a.    Single Page images & Multi Page TEXT/OCR

b.    Must provide natives for documents specified in (1), with unique identifiers as place holders in the TIFF production.

c.    Load Files

i.    DATA - Concordance format (DAT)

      ii.    IMAGES - OPT or LFP

      iii.    TEXT – Text path inside of DAT

      iv.    NATIVES – Native path inside of DAT

d.    Standard metadata fields

e.    Maintain/capture/produce all non-privileged Parent/Child/Attachments relationships

f.    All non-tiffed Native files must have a TIF Placeholder which is endorsed with Bates#

g.    Insert placeholders that state reason for absence of TIF, e.g., "Unsupported or Excluded File Type" along with the filename.

(4)    Standard metadata fields are as follows:

BEGDOC, ENDDOC, BEGATT, ENDATT, Original File Name, File Source Path/Folder, Custodian, Date/Time Created, Date/Time Modified, Email To, Email From, Email CC, Email BCC, Email Subject, Email Date/Time Received, Email Date/Time Sent, File Extension, File Type, Confidential/Privilege Designation, MD5 Hash, PG Count, Extracted Text Path, Native File Path.

All of the provisions of this protocol notwithstanding, you shall not be required to provide the ESI in any way to the extent that it is impossible for you to do so.

**Appendix C - Documents Considered**

Bates Stamped Documents

#1259255.1 - #1259255.17 [Assignment and Pledge of Deposit Account]

#107150.1 [May 12, 2014 letter from the Defendant and the Debtors]

SUB_LANDRY_00008714 - SUB_LANDRY_00008719 [Westport Valley CPIF Closing Statement]

#99432.1- #99432.52 [Loan Agreement dated March 31, 2014 between Westport Nursing Tampa, LLC and USAmeriBank.]

#99440.1- #99440.7 [Westport_Holdings_Promissory_Note_Interest]

#286439.1- #286439.4 [Amendment to Loan Agreement dated March 31, 2014 between Westport Nursing Tampa, LLC and USAmeriBank.]

#1986.1 [Letter dated April 4, 2014 titled "USAmeriBank - $20,000,000 Loan - Westport Nursing Tampa, L.L.C."]

#99424.1 [Letter dated March 31, 2014 titled "Loan Agreement (the "Loan Agreement") made as of March 31, 2014, by and between Westport Nursing Tampa, L.L.C., a Florida limited liability company ("Borrower"), and USAmeriBank, a Florida state banking corporation ("Lender").]

#3972.1 [Letter dated March 31, 2014 from Gary, Dytrych & Ryan to USAmeriBank.]

#4036.1 [Letter dated March 31, 2014 from Gary, Dytrych & Ryan to CPIF Lending, LLC.]


Non-Bates Stamped Documents

Amended Complaint filed March 17, 2020.  File titled "006 2020.03.17 Amended Stipulation to Amend Complaint (amended complaint attached).pdf."

Minimum Liquid Reserve calculation of the Westport Holdings Tampa, Limited Partnership to the Office of Insurance Regulation of the State of Florida for the period ended December 31, 2014.

Supplemental Affidavit of Carolyn Morgan dated July 16, 2015.

Deposition of Kathleen Burkholder dated April 24, 2015.

Loan Agreement dated March 31, 2014 between Westport Holdings, Tampa Limited Partnership, Westport Holdings Tampa II, Limited Partnership and CPIF Lending, LLC.


Public Research

Florida Statue 651.035 at https://www.flsenate.gov/laws/statutes/2018/651.035.