# UNIVERSITY VILLAGE
## 7-DAY ENTRANCE FEE ESCROW AGREEMENT

**THIS ESCROW AGREEMENT** ("Agreement") is made this ___8th___ day of ___January___, 2005, by and between Westport Holdings Tampa, Limited Partnership, a Delaware a limited partnership, with its mailing address at 3801 PGA Boulevard, Suite 805, Palm Beach Gardens, Florida 33410, doing business as **UNIVERSITY VILLAGE**, (hereinafter "Provider"), and **REGIONS BANK** (hereinafter "Escrow Agent");

### WITNESSETH:

WHEREAS, Provider is engaged in the business of continuing care as the same is regulated by the State of Florida, Office of Insurance Regulation (hereinafter the "Office") pursuant to Chapter 651, Florida Statutes, together with the administrative regulations promulgated thereunder; and

WHEREAS, Sections 651.033(3) and 651.055(2), Florida Statues, require certain entrance fees collected by Provider from prospective residents to be placed in a separate escrow account under terms approved by the Office for a period of 7 days after the prospective resident executes a residency agreement, during which 7-day period the prospective resident may rescind the residency agreement, without penalty or forfeiture;

WHEREAS, Provider desires to maintain an escrow account with Escrow Agent for the purpose of complying with Sections 651.033(3) and 651.055(2), Florida Statues, and for the purpose of protecting the rescission rights of prospective residents of Provider;

**NOW THEREFORE**, in consideration of the mutual covenants contained herein, the parties hereto agree as follows:

1.  **Performance by Escrow Agent.**

    (A)  **Receipts from Provider.**  When funds are received from a resident or prospective resident, Provider shall deliver to the resident or prospective resident a written receipt which shall show the amount received, the payor's name and address, the date the funds are received, and the amount to be paid under the residency agreement for which the funds are received.  Unless otherwise directed by the resident or prospective resident in accordance with section 651.033(3)(c), the Provider shall deposit a copy of the receipt and all funds received from the resident or prospective resident with Escrow Agent to be held in an interest-bearing account entitled "REGIONS BANK as Escrow Agent for the Entrance Fee Escrow of University Village" (the "Escrow Account").  The Escrow Agent will accept funds in the form of checks, money orders or wires made payable or endorsed to REGIONS BANK as Escrow Agent for the Entrance Fee Escrow of University Village. The Escrow Account shall be separate and apart from the



PLAINTIFF'S EXHIBIT 192

operational accounts of Provider. ~~All funds deposited in the Escrow Account, under Section 651.023, Florida statutes, are required to remain in an escrow account until documentation can be provided to the Office of Insurance Regulation that payment for no less than 70% of the total units of the phase or the combined phases has been received. At this time, under a Certificate of Authority issued by the Office, moneys held in escrow may be released.~~ The Escrow Account shall not be subject to any liens or charges by Escrow Agent or judgements, garnishments or other creditors' claims against the Provider, except as provided in Section 651.033(1), Florida Statutes. The account number of the Escrow Account and its physical location is as set forth in Exhibit "A" attached hereto. All funds deposited into the Escrow Account may be combined, but the Escrow Agent shall maintain separate records identifying each resident's or prospective resident's interest in the account so that at any time the beneficial interest of each member or prospective member can be determined. At the request of an individual resident or prospective resident, the Escrow Agent shall issue a statement indicating the status of the resident's or prospective resident's portion of the Escrow Account.

B.    **Disbursements.**

(1)    **Release to Prospective Resident Upon Rescission of Agreement.** If a prospective resident rescinds its agreement with the Provider on or before the seventh (7th) day following the Escrow Agent's receipt of the prospective resident's funds, then the Escrow Agent shall release such funds to the prospective resident immediately upon written notification by the Provider that the prospective resident has rescinded its agreement with the Provider. The Provider shall be obligated to notify the Escrow Agent within two business days of a prospective resident's rescission of its agreement with the Provider.

(2)    **Release to Provider.** If (a) the Provider deposits a prospective resident's funds in the Escrow Account in order to meet the requirements of Section 651.055(2), Florida Statutes, (b) the prospective resident does not rescind its agreement with the Provider on or before the seventh (7th) day following the Escrow Agent's receipt of such funds. ~~(c) proof has been provided to the Office and to Escrow agent that payment has been received for no less than 70% of the total units of a phase or a combined phase, and (d) Provider has provided a copy of to Escrow Agent a copy of the certificate of authority issued by the Office, then the Escrow Agent shall thereafter release such funds to the Provider.~~

(3)    **Transfer to Successor Escrow Agent.** Escrow Agent shall pay the balance in the Escrow Account, including accumulated interest thereon, to any successor escrow agent selected or appointed pursuant to Section 1.(J) of this agreement.

(4)    **Court ordered release of funds.** Upon order of a court of competent jurisdiction, the Escrow Agent shall release and pay over the funds, or portions thereof, together with any interest accrued thereon or earned from investment of the funds, to the Provider or Resident, as directed.

University Village Escrow 2003

(5)    **Collection of funds.**  Notwithstanding any other portion of this agreement, the Escrow Agent shall be under no duty or responsibility to verify that funds deposited have been collected by the bank, nor shall it be obligated to release any funds that have not been collected by the bank.

(C)    **Investment of Escrow Account.**  All funds deposited with Escrow Agent hereunder shall be maintained and invested as directed in writing by Provider, as prescribed in Part II of Chapter 625, Florida Statutes.  Earnings upon the escrowed deposits shall be reserved the Provider.

(D)    **Statements of Account.**

(1)    **Quarterly Statements.**  The Escrow Agent shall furnish the Provider with a quarterly statement indicating the amount of any disbursements from or deposits to the Escrow Account and the condition of the account during the monthly periods covered by the statement.  The statement shall be furnished to the Provider by the Escrow Agent on or before the 10th day of the month following the quarter for which the statement is due.  If the Escrow Agent does not provide the quarterly statement to the Provider on or before the 10th day of the month following the month for which the statement is due, the Office may, in its discretion, levy against the Escrow Agent a fine not to exceed $25 a day for each day of noncompliance with the provisions of this paragraph.

(2)    **Demand Statements.**  Upon the request of the Provider or the Office, the Escrow Agent shall deliver a statement which shall indicate the status of the Escrow Account.

(E)    **Escrow Agent's Compensation.**  Escrow Agent shall be entitled to receive reasonable compensation for its services as Escrow Agent under this agreement as set forth in Exhibit "C" attached hereto, as well as prompt reimbursement for any reasonable expenses incurred by it.  Any such fees and expenses shall be billed directly to and paid by the Provider.

(F)    **Acceptance of Appointment**  Escrow Agent agrees to hold and disburse the Escrow Account in accordance with the terms and conditions of this agreement and for the uses and purposes stated herein.  Escrow Agent hereby accepts its appointment hereunder and agrees to perform the duties that are expressly set forth herein.

(G)    **General Performance.**  The duties and responsibilities of Escrow Agent shall be solely established and governed by the express terms of this agreement and section 651.033, Florida Statutes.  The Escrow Agent is not a party to and is not bound by any agreement between any one or more of the parties hereto, including any agreement between the Provider and the resident or prospective residents.  Escrow Agent shall not be required to ascertain the correct amount of funds required to be maintained in the Escrow Account pursuant to relevant statutes, regulations or other governmental authority.

(H)    **Reliance Upon Provider.**  Escrow Agent shall be entitled to rely and act upon any letter, writing, request, certificate, notice, consent or agreement from the Provider, which

University Village Escrow 2003

Escrow Agent shall, in good faith, believe to be genuine and to have been signed or presented by a proper person or persons not only as to the instrument's due execution and the validity and effectiveness of its provisions, but also as to the truth and accuracy of any information therein contained; Escrow Agent shall not be liable in any manner for the completeness or correctness as to form, manner or execution, or the identity, authority or right of any person executing same.

(I)     **Consultations with Counsel** Escrow Agent may consult with counsel of its own choice with respect to its duties or responsibilities under this Agreement, and shall not be liable for any action taken or suffered by it hereunder in good faith and in accordance with the opinion of such counsel.

(J)     **Resignation of Escrow Agent.** Escrow Agent may at any time resign by giving written notice thereof to the Provider. No resignation or termination of Escrow Agent and no appointment of a successor escrow agent shall become effective until the acceptance of appointment by the successor escrow agent. If an instrument of acceptance by a successor escrow agent shall not have been delivered to the Provider and Escrow Agent within thirty (30) days after Escrow Agent shall have given notice of resignation, the Provider or Escrow Agent may petition any court of competent jurisdiction for the appointment of a successor escrow agent.

2.     **Performance by Provider**

(A)     **Quarterly Statements.** If the Escrow Agent does not provide the quarterly statement required pursuant to Section 1.(D)(1) of this Agreement to the Provider on or before the 10th day of the month following the quarter for which the statement is due, the Provider shall, on or before the 15th day of the month following the quarter for which the statement is due, send a written request for the statement to the Escrow Agent by certified mail return receipt requested. On or before the 20th day of the month following the quarter for which the quarterly statement is due, the Provider shall file with the Office a copy of the Escrow Agent's quarterly statement or, if the Provider has not received the Escrow Agent's quarterly statement, a copy of the written request to the Escrow Agent for the quarterly statement. The Office may, in its discretion, in addition to any other penalty that may be provided for under Chapter 651, Florida Statutes, levy a fine against the Provider not to exceed $25 a day for each day the Provider fails to comply with the provisions of this paragraph.

(B)     **Notification of Changes.** Without relieving Escrow Agent of its duty to comply with the terms of this Agreement, Provider shall promptly notify Escrow Agent of any change in statutory, regulatory, judicial or similar governmental authority which materially affects the subject matter of this agreement or either party's obligations or rights hereunder.

(C)     **General Performance.** In the performance of its duties generally under this agreement, Provider agrees to faithfully observe all statutory requirements of Chapter 651, Florida Statutes, as the same currently exist or may hereafter be amended, together with all administrative regulations now or hereafter promulgated under the authority of said chapter.

University Village Escrow 2003

3.     **Other Provisions**

(A)     **Party-in-Interest.**  For purposes of applying the provisions of this agreement, the Office shall be deemed a third party beneficiary to this Agreement.

(B)     **Indemnification.**  The Provider hereby agrees to indemnify and hold harmless Escrow Agent against any and all costs, losses, claims, damages, liabilities and expenses, including reasonable attorneys' fees, which may be imposed upon Escrow Agent in connection with its acceptance of appointment as Escrow Agent hereunder, including any litigation arising from this Agreement or involving the subject matter hereof, except as may result from Escrow Agent's willful misconduct or gross negligence hereunder.  The Escrow Agent shall be afforded such protections as are described in Exhibit "D", which is incorporated hereby and referenced, to the extent that such provisions are not inconsistent with Chapter 651, Florida Statutes.

(C)     **Notices.**  Notices, requests, demands or other communications required or permitted under this Agreement will be in writing and will be deemed given when actually delivered, or when sent by certified mail, postage prepaid, return receipt requested, on the third business day after mailing to the respective addresses set forth in Exhibit "B" attached hereto or such other address as a party may specify in writing.

(D)     **Entire Agreement; Binding Effect.**  This Agreement contains the entire understanding between the parties hereto, and shall be binding upon the parties hereto, and their respective successors and assigns.

(E)     **Amendments.**  Provider and Escrow Agent shall notify the Office in writing at least ten (10) days prior to any change in any of the terms and conditions of this Agreement, the number of the Escrow Account or the location of the Escrow Account.  The Provider, Escrow Agent and the Office shall be required signatories to any and all amendments to this agreement.

(F)     **Governing Law.**  This Agreement shall be construed and enforced under the laws of the State of Florida.

(G)     **Severability.**  If one or more of the provisions contained herein shall, for any reason, be held to be invalid, illegal or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect any other provisions hereof, and this Agreement shall be construed as if such invalid, illegal or unenforceable provision had never been contained herein.

(H)     **Counterparts.**  This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, and all of which shall constitute one and the same instrument.

University Village Escrow 2003

IN WITNESS WHEREOF, the parties hereto have set their respective hands and seals as of the day and year first above written.

WESTPORT HOLDINGS TAMPA, LIMITED PARTNERSHIP

By: Westport Holdings University Village, LLC
its General Partner

Witnesses:

By: _____
George D. Gall, Vice President

Witnesses:

REGIONS BANK , as Escrow Agent

By: _____

_____
(Typed Named and position)

University Village Escrow 2003

# UNIVERSITY VILLAGE
## 7-DAY ENTRANCE FEE ESCROW AGREEMENT
## EXHIBIT A

Account Number of Escrow Account:

# 6709190228

*insert escrow account number*

Physical Location of Escrow Account:

REGIONS BANK
1555 Palm Beach Lakes Boulevard
West Palm Beach, FL 33407
Attention:   Kristen Pollard

University Village Escrow 2003

## UNIVERSITY VILLAGE
### 7-DAY ENTRANCE FEE ESCROW AGREEMENT
### EXHIBIT B

**Notices**

If to Provider:

Westport Holdings Tampa, Limited Partnership
3801 PGA Boulevard
Suite 805
Palm Beach Gardens, Florida 33410

If to Escrow Agent:

REGIONS BANK
1555 Palm Beach Lakes Boulevard
West Palm Beach, FL 33407
Attention:    Kristen Pollard

If to Office:

Office of Insurance Regulation
Bureau of Specialty Insurers
200 East Gaines Street
Tallahassee, Florida 32399-0331

University Village Escrow 2003

**UNIVERSITY VILLAGE**
**7-DAY ENTRANCE FEE ESCROW AGREEMENT**
**EXHIBIT C**

**REGIONS BANK**
**Corporate Trust Services Division**
**Escrow Agent Fee Schedule**

University Village Escrow 2003

## UNIVERSITY VILLAGE
## 7-DAY ENTRANCE FEE ESCROW AGREEMENT
## EXHIBIT D

The acceptance by REGIONS BANK of its duties as escrow agent under this Agreement is subject to the following terms and conditions, which all parties to this Agreement hereby agree, shall govern and control with respect to the rights, duties and liabilities of REGIONS BANK:

(a)   REGIONS BANK is not a party to and is not bound by any agreement between any one or more of the parties hereto, except this Agreement, unless otherwise expressly stated herein.

(b)   The duties of REGIONS BANK hereunder are only such as are herein specifically provided, being purely ministerial in nature, and it shall have no responsibility in respect of any of the cash, property or items ("Escrow Deposit") deposited with it other than faithfully to follow the instructions herein contained.

(c)   REGIONS BANK acts hereunder as a depositary. All deposits are warranted by the Depositor to be valid deposits. REGIONS BANK is not responsible for or liable in any manner whatever for the sufficiency, correctness, genuineness and validity of any security, document, or other item, which is a part of the Escrow Deposit or for any claim or action by any person, firm, corporation or trustee concerning the right or power of any depositor to make any transfer or the validity of the transfer of any part of the Escrow Deposit to REGIONS BANK.

(d)   REGIONS BANK shall be protected in acting upon any written notice, request, waiver, consent, receipt or other paper or document which REGIONS BANK in good faith believes to be genuine.

(e)   REGIONS BANK shall not be liable for any error of judgement, or for any act done or step taken or omitted by it in good faith, or for any mistake of fact or law, or for anything which it may do or refrain from doing in connection herewith, except its own gross negligence or willful misconduct.

(f)   REGIONS BANK is authorized to and may consult with, and obtain advice from, legal counsel in the event any dispute, conflict or question arises as to the construction of any of the provisions hereof or its duties hereunder. REGIONS BANK shall be indemnified and held harmless against all costs so incurred and shall incur no liability and shall be fully protected for acting in good faith in accordance with the opinion and instructions of such counsel.

(g)   REGIONS BANK may, but shall not be required to, defend itself in any legal proceedings which may be instituted against it or it may, but shall not be required to, institute

University Village Escrow 2003

legal proceedings in respect to the Escrow Deposit, or any part thereof. REGIONS BANK shall be indemnified and held harmless against the cost and expense of any such defense or action.

(h) REGIONS BANK shall make payment to or for, or deliver documents to, any party only if in its judgement such payment or delivery may be made under the terms of this Agreement without its incurring any liability. If conflicting demands not expressly provided for in this Agreement are made or notices served upon REGIONS BANK with respect to its action or omission under this Agreement, the parties hereto agree that REGIONS BANK shall have the absolute right to elect to do either or both of the following: (i) withhold and stop all future actions or omissions on its part under this Agreement, or (ii) file a suit in interpleader or for instructions or for a declaratory judgement for other relief and obtain an order from the proper court requiring the parties to litigate in such court their conflicting claims and demands.

In the event any such action is taken, REGIONS BANK shall be fully released and discharged from all obligations to perform any duties or obligations imposed upon it by this Agreement unless and until otherwise ordered by the Court; and the parties jointly and severally agree that REGIONS BANK shall be indemnified and held harmless against all costs expenses, and reasonable attorney's fees expended or incurred by REGIONS BANK in connection therewith and promise to pay all such amounts and agree that the costs in fact incurred shall be fixed by REGIONS BANK and a judgement thereof shall be rendered by the Court in such suit.

(i) In consideration of its services rendered hereunder, REGIONS BANK shall be entitled to a fees at set forth in Exhibit "C".

University Village Escrow 2003