

**FILED**

FEB 1 3 2015

OFFICE OF
INSURANCE REGULATION
Docketed by: ___QAS___

OFFICE OF INSURANCE REGULATION

KEVIN M. McCARTY
COMMISSIONER

IN THE MATTER OF:

CASE NO.: 168243-15

WESTPORT HOLDINGS TAMPA, L.P.
D/B/A UNIVERSITY VILLAGE

_____/

## INITIAL ORDER OF SUSPENSION

TO:   Timothy Parker, Executive Director
Westport Holdings Tampa, L.P.
D/B/A University Village
12401 North 22nd Street
Tampa, Florida 33612

THIS CAUSE came on for consideration as a result of an examination of WESTPORT HOLDINGS TAMPA, L.P. D/B/A UNIVERSITY VILLAGE (hereinafter referred to as "UNIVERSITY VILLAGE") pursuant to Section 651.105, Florida Statutes. The FLORIDA OFFICE OF INSURANCE REGULATION (hereinafter referred to as the "OFFICE"), having considered the matter and otherwise advised in the premises, finds as follows:

### GENERAL ALLEGATIONS

1.    The OFFICE has jurisdiction over UNIVERSITY VILLAGE  and the subject matter of this proceeding.

2.    UNIVERSITY VILLAGE is a Continuing Care Retirement Community located in Tampa, Florida and subject to the regulation of the OFFICE, pursuant to Chapter 651, Florida Statutes.



DEFENDANT'S EXHIBIT
Bartle # 8
4-20-23 AK
PENGAD 800-631-6989

3.   On March 31, 2014, John Bartle's corporation BMV Management (hereinafter referred to as "BMV") purchased the limited partnership interest in UNIVERSITY VILLAGE. At the time of the transaction, John Bartle and UNIVERSITY VILLAGE represented to the OFFICE that BMV would be a limited partner who would not exercise control over the management and operations of UNIVERSITY VILLAGE. UNIVERSITY VILLAGE represented that there was a plan for BMV to eventually acquire and assume control of the general partner, but BMV had not done so. UNIVERSITY VILLAGE and BMV repeatedly made representations that management and control of UNIVERSITY VILLAGE had not changed and that an acquisition application would be filed with the OFFICE pursuant to Sections 628.4615 and 651.024, Florida Statutes, at the appropriate time.

4.   On February 9, 2015, an acquisition application was submitted to the OFFICE pursuant to Sections 628.4615 and 651.024, Florida Statutes. Section 628.4615, Florida Statutes, requires background information on "each partner, owner, manager, or joint venture, or other persons performing duties similar to those of persons in the aforementioned positions." The application did not provide background information or disclose the involvement of John Bartle.

5.   Despite these representations and filings, John Bartle has acted as the provider operating UNIVERSITY VILLAGE by exercising control over the management and operations of UNIVERSITY VILLAGE and representing himself to residents and employees as the owner.

6.   Through the course of its investigation, the OFFICE has discovered that John Bartle was directly involved in the bankruptcy of Skyline Manor Inc., an Omaha, Nebraska retirement center, which filed for chapter 11 bankruptcy on May 8, 2014. The bankruptcy court subsequently appointed an independent trustee on May 29, 2014. In ruling to appoint an independent trustee, the bankruptcy court noted that the financial and corporate aspects of

Skyline Manor, Inc. were clearly not adequate. Furthermore, the court stated on the record as documented in audio records of the proceedings that there was overwhelming evidence to support the appointment of an independent trustee due to gross mismanagement, which included disregarding state laws, disregarding bylaws of the entity, establishing incestuous vendor relationships, which included entities and people related to John Bartle, and failure to file accurate records among other things.[1]

7. On January 21, 2015, the OFFICE was notified by letter that UNIVERSITY VILLAGE's minimum liquid reserves were underfunded by three hundred seventy thousand three hundred and twenty-four U.S. Dollars ($370,324).

8. Through the course of its investigation, the OFFICE has discovered that UNIVERSITY VILLAGE's minimum liquid reserve accounts are encumbered.

9. On February 11, 2015, a duly authorized examiner for the OFFICE, Mary Beth Perry, arrived at UNIVERSITY VILLAGE and presented proper identification to have access to and inspect the records of UNIVERSITY VILLAGE to secure compliance with Chapter 651, Florida Statutes. UNIVERSITY VILLAGE refused to be examined, produce all of its accounts, records, and files, and refused to give information with respect to its affairs. Employees of UNIVERSITY VILLAGE were instructed not to give documents to or speak with the OFFICE by John and Rebecca Bartle. Though some documents were subsequently provided, John and Rebecca Bartle have refused to grant access to key employees of UNIVERSITY VILLAGE.

COUNT I

10. The aforementioned general allegations, *supra* ¶¶ 1-9, are hereby re-alleged and incorporated by reference.

---

[1] Audio Recording of Hearing on Appointment of Chapter 11 Trustee, Skyline Manor, Inc., No. 14-80934 (Bankr. Neb. May 29, 2014) (on file with the OFFICE).

11. Section 651.106, Florida Statutes, states that the OFFICE may suspend or revoke the certificate of authority of a provider if it finds that one or more of the following applicable to the provider exist: "(1) Failure by the provider to continue to meet the requirements for the authority originally granted."

12. Section 651.022(2)(c)1., Florida Statutes, requires "the person in charge of providing care under a certificate of authority shall...be required to produce evidence of being reputable and of responsible character."

13. As a result of its investigation, the OFFICE has determined that the persons in charge of providing continuing care for UNIVERSITY VILLAGE, John and Rebecca Bartle, have not produced evidence of being reputable and of responsible character. No person exercising control over UNIVERSITY VILLAGE has been approved by the OFFICE as required by Section 628.4615(4)-(5), Florida Statutes.

## COUNT II

14. The aforementioned general allegations, *supra* ¶¶ 1-9, are hereby re-alleged and incorporated by reference.

15. Section 651.106, Florida Statutes, states that the OFFICE may suspend or revoke the certificate of authority of a provider if it finds that one or more of the following applicable to the provider exist: "(4) Demonstrated lack of fitness or trustworthiness."

16. As a result of its investigation, the OFFICE has determined that UNIVERSITY VILLAGE, controlled by John and Rebecca Bartle, has demonstrated a lack of fitness and trustworthiness.

COUNT III

17.     The aforementioned general allegations, *supra* ¶¶ 1-9, are hereby re-alleged and incorporated by reference.

18.     Section 651.106, Florida Statutes, states that the OFFICE may suspend or revoke the certificate of authority of a provider if it finds that one or more of the following applicable to the provider exist: "(7)   Failure to comply with, or violation of, any proper order or rule of the office or commission or violation of any provision of this chapter."

19.     Section 651.035, Florida Statutes, requires a continuing care provider to maintain in escrow certain minimum liquid reserves. On January 21, 2015, the OFFICE was notified by letter that UNIVERSITY VILLAGE's minimum liquid reserves were underfunded by three hundred seventy thousand three hundred and twenty-four U.S. Dollars ($370,324).

20.     Further, Section 651.035(1)(c), Florida Statutes proscribes that "the operating reserves required under this subsection shall be in an unencumbered account held in escrow for the benefit of the residents. Such funds may not be encumbered or subject to any liens or charges by the escrow agent or judgments, garnishments, or creditors' claims against the provider or facility." UNIVERSITY VILLAGE has encumbered its minimum liquid reserve account.

21.     Moreover, the application for acquisition of UNIVERSITY VILLAGE filed on February 9, 2015, is inadequate and incomplete in that, among other things, background information was not provided for John Bartle, as required by Section 628.4615, Florida Statutes. The OFFICE continues to investigate this pending application filing.

22.     As a result of its investigation, the OFFICE has determined that UNIVERSITY VILLAGE has been acquired and is being controlled by John and Rebecca Bartle, who have not complied with the requirements of Section 628.4615, Florida Statutes.

<u>COUNT IV</u>

23.     The aforementioned general allegations, *supra* ¶¶ 1-9, are hereby re-alleged and incorporated by reference.

24.     Section 651.106, Florida Statutes, states that the OFFICE may suspend or revoke the certificate of authority of a provider if it finds that one or more of the following applicable to the provider exist: "(8)   The insolvent condition of the provider or the provider's being in such condition or using such methods and practices in the conduct of its business as to render its further transactions in this state hazardous or injurious to the public."

25.     As a result of its investigation, the OFFICE has determined that UNIVERSITY VILLAGE is using such methods and practices in the conduct of its business as to render its further transactions in this state hazardous or injurious to the public. UNIVERSITY VILLAGE has underfunded and encumbered its minimum liquid reserve accounts and is currently under the control of individuals who have not been approved by the OFFICE.

<u>COUNT V</u>

26.     The aforementioned general allegations, *supra* ¶¶ 1-9, are hereby re-alleged and incorporated by reference.

27.     Section 651.106, Florida Statutes, states that the OFFICE may suspend or revoke the certificate of authority of a provider if it finds that one or more of the following applicable to the provider exist: "(9)   Refusal by the provider to be examined or to produce its accounts, records, and files for examination, or refusal by any of its officers to give information with respect to its affairs or to perform any other legal obligation under this chapter when required by the office."

28.     UNIVERSITY VILLAGE has refused to be examined, produce all of its accounts, records, and files, and refused to give information with respect to its affairs. Employees of UNIVERSITY VILLAGE were instructed not to give documents to or speak with the OFFICE by John and Rebecca Bartle. Though some documents were subsequently provided, John and Rebecca Bartle have refused to grant access to key employees of UNIVERSITY VILLAGE.

### COUNT VI

29.     The aforementioned general allegations, *supra* ¶¶ 1-9, are hereby re-alleged and incorporated by reference.

30.     Section 651.106, Florida Statutes, states that the OFFICE may suspend or revoke the certificate of authority of a provider if it finds that one or more of the following applicable to the provider exist: "(10)  Failure by the provider to comply with the requirements of s. 651.026 or s. 651.033."

31.     Section 651.033(1)(d), Florida Statues provides in part that "Funds deposited in an escrow account are not …subject to any liens, judgments, garnishments, creditor's claims, or other encumbrances against the provider or facility…." UNIVERSITY VILLAGE has encumbered its minimum liquid reserve account, and therefore has failed to comply with the requirements of Section 651.033, Florida Statutes.

### COUNT VII

32.     The aforementioned general allegations, *supra* ¶¶ 1-9, are hereby re-alleged and incorporated by reference.

33.     Section 651.106, Florida Statutes, states that the OFFICE may suspend or revoke the certificate of authority of a provider if it finds that one or more of the following applicable to

the provider exist: "(11)   Failure by the provider to maintain escrow accounts or funds as required by this chapter."

34.   UNIVERSITY VILLAGE has failed to maintain escrow accounts or funds as required by Section 651.035, Florida Statutes. UNIVERSITY VILLAGE's minimum liquid reserves were underfunded and encumbered in violation of the above-referenced statute.

COUNT VIII

35.   The aforementioned general allegations, *supra* ¶¶ 1-9, are hereby re-alleged and incorporated by reference.

36.   Section 651.106, Florida Statutes, states that the OFFICE may suspend or revoke the certificate of authority of a provider if it finds that one or more of the following applicable to the provider exist: "(16)   A pattern of bankrupt enterprises."

37.   As a result of the OFFICE's investigation, the OFFICE has determined that John Bartle acting as the provider operating UNIVERSITY VILLAGE  has a pattern of bankrupt enterprises.

WHEREFORE, you, UNIVERSITY VILLAGE, are hereby notified, pursuant to Sections 651.106 and 120.57, Florida Statutes, to show cause as to why the OFFICE should not enter a permanent Final Order suspending or revoking the Certificate of Authority of UNIVERSITY VILLAGE issued by the OFFICE, impose any penalties as may be appropriate under the provisions of the Florida Insurance Code and Florida Administrative Code, or take other such administrative action as provided by law that the OFFICE may deem appropriate.

DONE and ORDERED this 13th day of February, 2015.

Kevin M. McCarty, Commissioner
Office of Insurance Regulation

## NOTICE OF RIGHTS

Pursuant to Sections 120.569 and 120.57, Florida Statutes and Rule Chapters 28-106, Florida Administrative Code (F.A.C.), you have a right to request a proceeding to contest this action by the Office of Insurance Regulation (hereinafter the "Office"). You may request a proceeding by filing a Petition. Your Petition must be in writing and must be filed with the General Counsel acting as the Agency Clerk, Office of Insurance Regulation. If served by U.S. Mail the Petition should be addressed to the Florida Office of Insurance Regulation at 647 Larson Building, Tallahassee, Florida 32399-4206. If Express Mail or hand delivery is utilized, the Petition should be delivered to 647 Larson Building, 200 East Gaines Street, Tallahassee, Florida 32399-0300. The written Petition must be received by, and filed in the Office no later than 5:00 p.m. on the twenty-first (21) day after your receipt of this notice. Unless your Petition challenging this action is received by the Office within twenty-one (21) days from the date of the receipt of this notice, the right to a proceeding shall be deemed waived. Mailing the response on the twenty-first day will not preserve your right to a hearing.

If a proceeding is requested and there is no dispute of material fact the provisions of Section 120.57(2), Florida Statutes would apply. In this regard you may submit oral or written evidence in opposition to the action taken by this agency or a written statement challenging the grounds upon which the agency has relied. While a hearing is normally not required in the absence of a dispute of fact, if you feel that a hearing is necessary one will be conducted in Tallahassee, Florida or by telephonic conference call upon your request.

If you dispute material facts which are the basis for this agency's action you may request a formal adversarial proceeding pursuant to Sections 120.569 and 120.57(1), Florida Statutes. If you request this type of proceeding, the request must comply with all of the requirements of Rule Chapter 28-106.2015, F.A.C., including but not limited to:

a) A statement requesting an administrative hearing identifying those material facts that are in dispute. If there are none, the petition must so state; and

b) A statement of when the respondent received notice of the agency's action.

These proceedings are held before a State Administrative Law Judge of the Division of Administrative Hearings. Unless the majority of witnesses are located elsewhere the Office will request that the hearing be conducted in Tallahassee.

In some instances, you may have additional statutory rights than the ones described herein.

Failure to follow the procedure outlined with regard to your response to this notice may result in the request being denied. Any request for administrative proceeding received prior to the date of this notice shall be deemed abandoned unless timely renewed in compliance with the guidelines as set out above.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of this Initial Order of Suspension was sent by Certified Mail to Timothy Parker, Executive Director, Westport Holdings Tampa, L.P. D/B/A University Village, 12401 North 22nd Street, Tampa, Florida 33612, this 13th day of February, 2015.

Leean Johns Chojnowski
Florida Bar number 85997
Assistant General Counsel
Florida Office of Insurance Regulation
200 East Gaines Street
Tallahassee, Florida 32399-4206
Phone: (850) 413-4108
Email: leean.chojnowski@floir.com