ORDERED.

Dated: **April 08, 2020**

*Michael G. Williamson*
Michael G. Williamson
United States Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| WESTPORT HOLDINGS TAMPA, LIMITED PARTNERSHIP, | Case No. 8:16-bk-8167-MGW |
| WESTPORT HOLDINGS TAMPA II, LIMITED PARTNERSHIP, | Case No. 8:16-bk-8168-MGW |
| Debtors. | *Jointly Administered under Case No. 8:16-bk-8167-MGW* |

/

### ORDER GRANTING
### LIQUIDATING TRUSTEE'S MOTION TO APPROVE
### STIPULATION BETWEEN DEBTORS AND BVM MANAGEMENT, INC.

**THIS CASE** came on for hearing on April 8, 2020 at 10:00 a.m. upon the

Motion to Approve Stipulation Between Debtors and BVM Management, Inc. (the

"**Motion**") (Doc. No. 1674) filed by Jeffrey W. Warren, as Liquidating Trustee (the

"**Liquidating Trustee**") for Westport Holdings Tampa, Limited Partnership and

Westport Holdings Tampa II, Limited Partnership.  Having reviewed the Motion,

together with the record, having heard the arguments of counsel for the Liquidating


DEFENDANT'S EXHIBIT
Bartle # 10
4-20-23 DK
PENGAD 800-631-6989

Trustee, and otherwise being fully advised in the premises, the Court finds that it is appropriate to grant the relief sought therein. Accordingly, it is:

**ORDERED** that:

1.   The Motion is **GRANTED**.

2.   The Stipulation[1] is approved in all respects and the Liquidating Trustee and BVM Management, Inc., through their respective counsel, are authorized and directed to enter into and file the Stipulation in the BVM Appeal upon the entry of this Order.

3.   Upon the occurrence of the Conditions Precedent (as defined in the Stipulation), the Liquidating Trustee is authorized and directed to (i) dismiss the BVM Adversary, with prejudice and with each party to bear their own fees and costs, by filing the notice of voluntary dismissal attached to the Stipulation as Exhibit "A," and (ii) enter into and take all necessary actions to effectuate the Mutual Release and Transfer and Assignment of Membership Interests in Westport Nursing Tampa, L.L.C. attached to the Stipulation as Exhibit "B."

Attorney Adam Lawton Alpert is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of this order.

---

[1] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Motion.

2

6DT8768.DOCX

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| WESTPORT HOLDINGS TAMPA, LIMITED PARTNERSHIP, | Case No. 8:16-bk-8167-MGW |
| WESTPORT HOLDINGS TAMPA II, LIMITED PARTNERSHIP, | Case No. 8:16-bk-8168-MGW |
| Debtors. _____/ | *Jointly Administered under Case No. 8:16-bk-8167-MGW* |

## LIQUIDATING TRUSTEE'S MOTION TO APPROVE STIPULATION BETWEEN DEBTORS AND BVM MANAGEMENT, INC.

Jeffrey W. Warren, as Liquidating Trustee (the "Liquidating Trustee") for Westport Holdings Tampa, Limited Partnership ("Westport I") and Westport Holdings Tampa II, Limited Partnership (together, the "Debtors"), by and through the undersigned counsel and pursuant to Section 105 of the Bankruptcy Code[1] and Bankruptcy Rule[2] 9019, files this motion (the "Motion") for the entry of an order authorizing and approving the terms of a stipulation (the "Stipulation") between the Debtors and BVM Management, Inc. ("BVM"), a copy of which is attached hereto as Exhibit "A."

The Stipulation contemplates the dismissal of the appeal filed by BVM pending before the United States District Court for the Middle District of Florida, Case No. 8:20-cv-597-T-02 (the "BVM Appeal") and, upon the occurrence of certain additional conditions, (i) the dismissal with prejudice of Adversary Proceeding No. 8:18-ap-00465-

---

[1] All references to the "Bankruptcy Code" are to the applicable section of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.*

[2] All references to the "Bankruptcy Rules" are to the applicable Federal Rules of Bankruptcy Procedure.

MGW commenced by the Liquidating Trustee against BVM and certain affiliated persons and entities[3] (the "BVM Adversary"), (ii) the transfer of the membership interests in Westport Holdings Tampa, L.L.C. ("WNT") to BVM University Village, LLC ("BVMUV"), IMH Healthcare, LLC ("IMH"), and JF Consultants, LLC ("JFC"), and (iii) mutual releases between the Debtors, on the one hand, and BVMUV, IMH, and JFC, on the other hand.

In support of the Motion, the Liquidating Trustee states as follows:

## Jurisdiction and Venue

1.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## General Background

2.    On September 22, 2016 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code, Case Nos. 8:16-bk-08167-MGW and 8:16-bk-08168-MGW, in the United States Bankruptcy Court for the Middle District of Florida, Tampa Division (the "Bankruptcy Court").

3.    On May 10, 2018, the Bankruptcy Court entered an order (Doc. No. 1016) confirming the Debtors' First Amended and Restated Mediated Joint Plan of Liquidation under Chapter 11 of the United States Bankruptcy Code, as Modified (Doc. No. 1012) (the "Confirmation Order"). Among other things, the Confirmation Order

---

[3] The named defendants in the BVM Adversary are: BVM Management, Inc.; BVM University Village, LLC; IMH Healthcare, LLC; Westport Nursing Tampa, L.L.C.; TR&SNF, Inc.; TALF, Inc.; John Bartle; Rebecca Bartle; Eli Freiden; Kassidy McCowan; and Jared McCowan (the "BVM Adversary Defendants").

2

directed the transfer of the membership interests in WNT (the "WNT Interests") to Westport I.

4. In order to enforce the Confirmation Order, on May 25, 2018, the Bankruptcy Court entered an order compelling the transfer of the WNT Interests to Westport I (Doc. No. 1035) (the "WNT Interests Order"). On June 8, 2018, BVMUV, IMH, JFC and other affiliated parties filed a notice of appeal of the WNT Interests Order.

5. As a result of such appeal, on September 21, 2018, the Liquidating Trustee filed a complaint commencing the BVM Adversary, in which the Liquidating Trustee asserted claims for affirmative relief against the BVM Adversary Defendants for breaches of fiduciary duty, civil conspiracy, negligence, deepening insolvency, avoidance and recovery of fraudulent transfers, and unjust enrichment. The BVM Adversary Defendants dispute the Liquidating Trustee's allegations in the BVM Adversary.

6. On December 27, 2018, the United States District Court affirmed the WNT Interests Order (Doc. No. 1276) and, on December 26, 2019, the Eleventh Circuit affirmed the decision of the District Court (Doc. No. 1592).

7. On February 26, 2019, the Bankruptcy Court entered the Interim Order Granting Liquidating Trustee's Motion for Entry of an Order Authorizing (I) the Sale of the Assets of Debtors and WNT Free and Clear of All Liens, Claims, and Encumbrances, and (II) Authorizing the Assumption and Assignment of Contracts (Doc. No. 1410) (the "Interim Sale Order") over the objection of BVM.

8.    On February 14, 2020, the Bankruptcy Court entered the Order (I) Granting Liquidating Trustee's Motion to Modify Confirmed First Amended and Restated Mediated Joint Plan of Liquidation and (II) Confirming Second Amended and Restated Joint Plan of Liquidation Under Chapter 11 of the United States Bankruptcy Code (Doc. No. 1633) (the "Plan Modification Order") and the Order Granting Liquidating Trustee's Motion for Entry of Final Order Authorizing (I) the Sale of the Assets of Debtors Free and Clear of All Liens, Claims, and Encumbrances, and (II) Authorizing the Assumption and Assignment of Contracts (Doc. No. 1634) (the "Final Sale Order") over the objections of BVM.

9.    On March 5, 2020, the Bankruptcy Court entered the Agreed Order Resolving US Lifestyles' Motion for Reconsideration of Sale Order and Confirmation Order (Doc. No. 1654) (the "Reconsideration Order").

10.    On March 12, 2020, BVM filed a notice of appeal of the Interim Sale Order, the Final Sale Order, the Plan Modification Order, and the Reconsideration Order (Doc. No. 1663) (the "Notice of Appeal") initiating the BVM Appeal.

### The Proposed Stipulation

11.    After engaging in good faith settlement negotiations, the Liquidating Trustee, on behalf of the Debtors, and BVM, BVMUV, IMH, and JFC now desire to settle all disputes relating to any and all existing or potential claims, demands, actions, suits, or liabilities of any kind, known or unknown, that either may have against the other, including but not limited to disputes over the WNT Interests, the BVM Appeal, and the claims asserted in the BVM Adversary (collectively, the "Disputes").

4

12.     The parties have entered into the Stipulation, which subject to approval by this Court, satisfactorily and fairly resolves all Disputes on terms agreeable to the parties. Specifically, the Stipulation provides for the immediate dismissal of the BVM Appeal. Additionally, the Stipulation provides that, within three (3) business days after (a) the issuance of a consent order by the Florida Office of Insurance Regulation approving the sale of substantially all of the assets of the Debtors to Tampa Life Plan Village, Inc. (the "**Sale**"), (b) the dismissal with prejudice of the appeals filed by CNH Finance Fund I, L.P. f/k/a SCM Specialty Finance Opportunities Fund, L.P. docketed with the United States District Court as Case Nos. 8:20-cv-00598-MSS and 8:20-cv-00625-MSS (the "**CNH Appeals**"), and (c) the closing on the Sale in accordance with the Final Sale Order and the Plan Modification Order, the Liquidating Trustee shall (1) file a notice of voluntary dismissal, with prejudice and with each party to bear its own fees and costs, in the BVM Adversary, and (2) transfer the WNT Interests to IMH, JFC, and BVMUV pursuant to a Mutual Release and Transfer and Assignment of Membership Interests in Westport Nursing Tampa, L.L.C., the form of which is attached to the Stipulation.

## Basis for Relief Requested

13.     Bankruptcy Rule 9019(a) grants the Court authority to approve post-petition settlements of claims and controversies.[4] Under this authority, bankruptcy courts consider the overall wisdom of compromising and settling disputes arising in bankruptcy cases. *See, e.g., In re Air Safety Developmental, L.C.*, 336 B.R. 843 (S.D. Fla.

---

[4] Bankruptcy Rule 9019 states, in pertinent part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). Additionally, to supplement this authority, Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary" to carry out the provisions of the Bankruptcy Code and Bankruptcy Rules. 11 U.S.C. § 105(a).

5

2005); *In re Marvel Entertainment Group, Inc.*, 222 B.R. 243, 249 (D. Del. 1998) (citing *Protective Comm. for Indep. Stockholders of TM Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414 (1968)). In reviewing a proposed settlement, the Court's ultimate inquiry should be "whether the proposed settlement is fair and equitable." *In re Air Safety Developmental, L.C.*, 336 B.R. at 843 (citing *In re Gallagher*, 283 B.R. 342, 246 (Bankr. M.D. Fla. 2002)). Ultimately, the question is not whether a better settlement might have been achieved or a better result reached if litigation pursued. Instead, the court should approve settlements that meet a minimal threshold of reasonableness. *See e.g., In re Bicoastal Corp.*, 164 B.R. 1009, 1016 (Bankr. M.D. Fla. 1993) ("This Court has broad discretion to approve a settlement or compromise, and it should do so unless the proposed settlement falls below the lowest point in the range of reasonableness.").

14.     The Eleventh Circuit specifically sets forth four criteria to be considered by the court in determining fairness, reasonableness, and adequacy of a settlement: "(a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises." *Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 1544, 1549 (11th Cir. 1990).

15.     The terms of the Stipulation are fair and equitable and in the best interests of the estates and creditors. The Stipulation, if approved, resolves all Disputes and controversies between the parties and avoids the costly and protracted litigation that would result from litigation of the Disputes. Moreover, the resolution of the BVM Appeal and the CNH Appeals will clear the way for the sale of substantially all of the

assets of the Debtors to Tampa Life Plan Village, LLC as contemplated in the Plan Modification Order and the Final Sale Order.

**WHEREFORE**, the Liquidating Trustee respectfully requests the entry of an order (i) granting the Motion, (ii) approving the Stipulation, and (iii) granting such other relief as the Court deems just and proper.

Dated: Tampa, Florida
March 25, 2020

BUSH ROSS, P.A.
Post Office Box 3913
Tampa, Florida 33601-3913
(813) 224-9255 (telephone)
(813) 223-9620 (fax)
*Counsel for Jeffrey W. Warren, as Liquidating Trustee for Westport Holdings Tampa, Limited Partnership and Westport Holdings Tampa II, Limited Partnership*

By:   /s/ Adam Lawton Alpert
Adam Lawton Alpert
Florida Bar No. 0490857
*aalpert@bushross.com*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that true and correct copies of the foregoing Motion have been furnished on March 25, 2020 by the Court's CM/ECF system to all creditors and parties in interest receiving noticing through the Court's CM/ECF system and on March 26, 2020 by regular U.S. Mail postage prepaid to the addresses set forth below.

   /s/ Adam Lawton Alpert
ATTORNEY

**Via first class U.S. Mail, postage prepaid to:**

John Bartle
9114 Technology Lane
Fishers, IN 46038-2839

BVM Management, Inc.
c/o Jared McCowan, RegisteredAgent
12302 Stonelake Ranch Blvd.
Thonotosassa, FL 33592

7

Jared McCowan
12302 Stonelake Ranch Blvd.
Thonotosassa, FL 33592

TR & SNF, Inc.
c.o Scott Bonavita, Registered Agent
13902 N. Dale Mabry Hwy
Suite 203
Tampa, FL 33618

Eli Freiden
7100 W. Camino Real
Suite 303
Boca Raton, FL 33433

TALF, Inc.
12401 N. 22nd St.
Tampa, FL 33612

Rebecca Bartle
9114 Technology Lane
Fishers, IN 46038-2839


TALF, Inc.
c/o Scott Bonavita, Registered Agent
13902 N. Dale Mabry Hwy
Suite 203
Tampa, FL 33618

Kassidy McCowan
12302 Stonelake Ranch Blvd.
Thonotosassa, FL 33592

TR & SNF, Inc.
12250 N. 22nd Street
Tampa, FL 33612

IMH Healthcare, LLC
7100 W. Camino Real
Suite 303
Boca Raton, FL 33433

BVM Management, Inc.
9114 Technology Lane
Fishers, IN 46038-2839

Westport Nursing Tampa, LLC
 c/o Bush Ross Registered Agent Services,
LLC
Attn. Jeffrey W. Warren, Esq.
1801 N. Highland Ave.
Tampa, FL 33612

8

**EXHIBIT "A"**
to
**LIQUIDATING TRUSTEE'S MOTION
TO APPROVE STIPULATION BETWEEN
DEBTORS AND BVM MANAGEMENT, INC.**

DRAFT - 3/25/2020 4:18 PM

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re WESTPORT HOLDINGS TAMPA,
LIMITED PARTNERSHIP, and WESTPORT
HOLDINGS TAMPA II, LIMITED
PARTNERSHIP,

      Debtors.

Jointly Administered under
Bankr. No. 8:16-bk-08167-MGW

_____/

BVM MANAGEMENT, INC.,

      Appellant,

v.

Case No. 8:20-cv-597-T-02

JEFFREY W. WARREN, as LIQUIDATING
TRUSTEE for WESTPORT HOLDINGS
TAMPA, LIMITED PARTNERSHIP, and
WESTPORT HOLDINGS TAMPA II,
LIMITED PARTNERSHIP,

      Appellee.

_____/

## STIPULATION OF DISMISSAL OF APPEAL WITH PREJUDICE

BVM Management, Inc. ("**Appellant**") and Jeffrey W. Warren, as

Liquidating Trustee for Westport Holdings Tampa, Limited Partnership, and

Westport Holdings Tampa II, Limited Partnership ("**Appellee**" or the

"**Liquidating Trustee**"), pursuant to Federal Rule of Bankruptcy Procedure 8023,

DRAFT - 3/25/2020 4:18 PM

advise the Court that they stipulate to the dismissal of this appeal with prejudice, with each party to bear its own fees and costs, on the terms set forth below.

In accordance with the Order Granting Liquidating Trustee's Motion to Approve Stipulation Between Debtors and BVM Management, Inc. entered on April __, 2020 by the United States Bankruptcy Court for the Middle District of Florida, Tampa Division (the "**Bankruptcy Court**") in the Chapter 11 bankruptcy cases of Westport Holdings Tampa, Limited Partnership, and Westport Holdings Tampa II, Limited Partnership, jointly-administered Case No. 8:16-bk-08167-MGW (the "**Bankruptcy Cases**"), within three (3) business days after: (a) the issuance of a consent order by the Florida Office of Insurance Regulation ("**OIR**") approving the sale of substantially all of the assets of Westport Holdings Tampa, Limited Partnership, and Westport Holdings Tampa II, Limited Partnership, to Tampa Life Plan Village, Inc. (the "**Sale**"); (b) the dismissal with prejudice of the appeals filed by CNH Finance Fund I, L.P. f/k/a SCM Specialty Finance Opportunities Fund, L.P. ("**CNH**") docketed with the United States District Court as Case Nos. 8:20-cv-00598-MSS and 8:20-cv-00625-MSS; and (c) the closing on the Sale in accordance with the Order Granting Liquidating Trustee's Motion for Entry of Final Order Authorizing (I) the Sale of the Assets of Debtors Free and Clear of All Liens, Claims, and Encumbrances, and (II) Authorizing the Assumption and Assignment of Contracts (Bankr. No. 8:16-bk-08167-MGW, Doc.

DRAFT - 3/25/2020 4:18 PM

No. 1634) and the Order (I) Granting Liquidating Trustee's Motion to Modify Confirmed First Amended and Restated Mediated Joint Plan of Liquidation and (II) Confirming Second Amended and Restated Joint Plan of Liquidation Under Chapter 11 of the United States Bankruptcy Code (Bankr. No. 8:16-bk-08167-MGW, Doc. No. 1633), as such orders were clarified by the Agreed Order Resolving US Lifestyles' Motion for Reconsideration of Sale Order and Confirmation Order (Bankr. No. 8:16-bk-08167-MGW, Doc. No. 1654), entered by the Bankruptcy Court in the Bankruptcy Cases (collectively, the "**Conditions Precedent**"), the Liquidating Trustee shall:

1.    File a notice of voluntary dismissal, with prejudice and with each party to bear its own fees and costs, in the adversary preceding styled *Jeffrey W. Warren, as Liquidating Trustee for Westport Holdings Tampa, Limited Partnership, and Westport Holdings Tampa II, Limited Partnership v. BVM Management, Inc., et al.*, Adv. Pro. No. 8:18-ap-00465-MGW, pending before the Bankruptcy Court, in substantially the form attached hereto as **Exhibit "A;"** and

2.    Transfer the membership interests in Westport Nursing Tampa, L.L.C. that are currently held by Westport Holdings Tampa, Limited Partnership, to IMH Healthcare, LLC, JF Consultants, LLC, and BVM University Village, LLC, pursuant to the Mutual Release and Transfer and Assignment of Membership Interests in Westport Nursing Tampa, L.L.C. attached hereto as **Exhibit "B"** (the

3

DRAFT - 3/25/2020 4:18 PM

"**Assignment**"). Within three (3) business days of the filing of this stipulation, the undersigned counsel for the Appellant shall provide counsel for the Appellee a copy of the Assignment executed by IMH Healthcare, LLC, JF Consultants, LLC, and BVM University Village, LLC, which partially-executed Assignment shall be held in escrow by counsel for the Appellee pending satisfaction of the Conditions Precedent, upon which counsel for the Appellee shall deliver a fully-executed copy of the Assignment to counsel for the Appellant.

STIPULATED and AGREED TO on _____, 2020.

| | |
|---|---|
| Michael C. Markham, Esq.<br>Florida Bar No.: 0768560<br>JOHNSON, POPE, BOKOR,<br>RUPPEL & BURNS, LLP<br>401 E. Jackson Street, Suite 3100<br>Tampa, FL 33602<br>Telephone: 813-225-2500<br>Facsimile: 813-225-1857<br>MikeM@jpfirm.com<br>*Counsel for Appellant* | Adam Lawton Alpert, Esq.<br>Florida Bar No. 0490857<br>BUSH ROSS, P.A.<br>Post Office Box 3913<br>Tampa, Florida 33601-3913<br>(813) 224-9255 (telephone)<br>(813) 223-9620 (fax)<br>aalpert@bushross.com<br>*Counsel for Appellee* |

4

**DRAFT - 3/25/2020 4:18 PM**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on _____, 2020, I served a true and correct copy of the foregoing with the Clerk of the United States District Court for the Middle District of Florida by using the CM/ECF system, which sent automatic email notices of electronic filing to all parties indicated on the electronic filing receipt.

_____

ATTORNEY

6DP070504.DOCX

# EXHIBIT "A"

DRAFT - 3/25/2020 4:20 PM

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                                    Case No.:  8:16-bk-08167-MGW

WESTPORT HOLDINGS TAMPA,                                  Chapter 11
LIMITED PARTNERSHIP,

WESTPORT HOLDINGS TAMPA II,
LIMITED PARTNERSHIP,

        Debtors.
_____/

JEFFREY WARREN, as LIQUIDATING
TRUSTEE for WESTPORT HOLDINGS
TAMPA, LIMITED PARTNERSHIP AND
WESTPORT HOLDINGS TAMPA II, LIMITED
PARTNERSHIP,

        Plaintiff,

v.                                                        Adv. Pro. No.: 8:18-ap-00465-MGW

BVM MANAGEMENT, INC., BVM
UNIVERSITY VILLAGE, LLC, IMH
HEALTHCARE, LLC, WESTPORT
NURSING TAMPA, LLC, TR&SNF, INC.,
TALF, INC., JOHN BARTLE, REBECCA
BARTLE, ELI FREIDEN, KASSIDY
MCCOWAN, and JARED MCCOWAN,

        Defendants.
_____/

## NOTICE OF VOLUTNARY DISMISSAL WITH PREJUDICE

Plaintiff, Jeffrey W. Warren, as Liquidating Trustee for Westport Holdings Tampa,

Limited Partnership and Westport Holdings Tampa II, Limited Partnership, pursuant to Federal

Rule of Civil Procedure 41(a)(1)(A)(i), made applicable by Federal Rule of Bankruptcy

**DRAFT - 3/25/2020 4:20 PM**

Procedure 7041, advises the Court that he dismisses this adversary proceeding with prejudice, with each party to bear its own fees and costs.

April ___, 2020.

_____
Adam Lawton Alpert, Esq.
Florida Bar No. 0490857
BUSH ROSS, P.A.
Post Office Box 3913
Tampa, Florida 33601-3913
(813) 224-9255 (telephone)
(813) 223-9620 (fax)
aalpert@bushross.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April ___, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.

_____
ATTORNEY

2

6DP332102.DOCX

# EXHIBIT "B"

DRAFT - 3/25/2020 4:21 PM

**Mutual Release and Transfer and Assignment of**
**Membership Interests in Westport Nursing Tampa, L.L.C.**

THIS MUTUAL RELEASE AND TRANSFER AND ASSIGNMENT OF MEMBERSHIP INTERESTS IN WESTPORT NURSING TAMPA, L.L.C. (this "Assignment") is made this ____ day of _____, 2020 (the "Execution Date"), by and among Westport Holdings Tampa, Limited Partnership, a Delaware limited partnership (the "Transferor"), Westport Holdings Tampa, Limited Partnership, a Delaware limited partnership ("Westport II"), and IMH Healthcare, LLC, a Delaware limited liability company ("IMH"), JF Consultants, LLC, a Delaware limited liability company ("JFC"), and BVM University Village, LLC, a Florida limited liability company ("BVMUV" and, together with IMH and JFC, the "Transferees").

WHEREAS, the Transferor is the sole owner of one hundred percent (100%) of the membership interests (the "Interests") in Westport Nursing Tampa, L.L.C., a Florida limited liability company (the "Company");

WHEREAS, the Company is governed by the provisions of the Amended and Restated Limited Liability Company Agreement of Westport Nursing Tampa, L.L.C. dated March 28, 2014 (the "Operating Agreement"), as modified by the Action By Written Consent of the Sole Member of Westport Nursing Tampa, L.L.C. attached here to as Exhibit "A" (the "Written Action");

WHEREAS, the United States Bankruptcy Court for the Middle District of Florida, Tampa Division (the "Bankruptcy Court") entered the following orders in the Chapter 11 bankruptcy cases of Westport Holdings Tampa, Limited Partnership, and Westport Holdings Tampa II, Limited Partnership, jointly-administered Case No. 8:16-bk-08167-MGW (the "Bankruptcy Case"):

    a)    the Interim Order Granting Liquidating Trustee's Motion for Entry of an Order Authorizing (I) the Sale of the Assets of Debtors and WNT Free and Clear of All Liens, Claims, and Encumbrances, and (II) Authorizing the Assumption and Assignment of Contracts (Doc. No. 1410) on February 26, 2019 (the "Interim Sale Order");

    b)    the Order Granting Liquidating Trustee's Motion for Entry of Final Order Authorizing (I) the Sale of the Assets of Debtors Free and Clear of All Liens, Claims, and Encumbrances, and (II) Authorizing the Assumption and Assignment of Contracts (Doc. No. 1634) on February 14, 2020 (the "Final Sale Order");

    c)    the Order (I) Granting Liquidating Trustee's Motion to Modify Confirmed First Amended and Restated Mediated Joint Plan of Liquidation and (II) Confirming Second Amended and Restated Joint Plan of Liquidation Under Chapter 11 of the United States Bankruptcy Code (Doc. No. 1633) on February 14, 2020 (the "Plan Modification Order"); and

    d)    the Agreed Order Resolving US Lifestyles' Motion for Reconsideration of Sale Order and Confirmation Order (Doc. No. 1654) on March 5, 2020 (the "Reconsideration Order").

WHEREAS, BVM Management, Inc. filed a notice of appeal of the Interim Sale Order, the Final Sale Order, the Plan Modification Order, and the Reconsideration Order in the Bankruptcy Court (Doc. No. 1663) on March 12, 2020 (the "Notice of Appeal"), which Notice of Appeal has been docketed in the United States District Court for the Middle District of Florida (the "District Court") as Case No. 8:20-cv-597-T-02 (the "BVM Appeal");

WHEREAS, the Transferor desires by this Assignment to assign to the Transferees all of the Interests, and the Transferees desire by this Assignment to accept the Interests in accordance with the

1

DRAFT - 3/25/2020 4:21 PM

terms of that certain Stipulation of Dismissal of Appeal With Prejudice filed by the Transferor and BVM Management, Inc. (the "Stipulation") filed in the BVM Appeal on _____, 2020;

NOW, THEREFORE, for and in consideration of the mutual promises, covenants and obligations set forth in the Stipulation, and for other good and valuable consideration, the receipt and adequacy of which are acknowledged by each party, the parties agree as follows:

1.      Mutual Release. Effective as of the Execution Date, and without the further need for any documentation, the Transferor and Westport II, for themselves, and their respective estates, agents, representatives, attorneys, and assigns, on the one hand, and the Transferees, for their agents, representatives, attorneys, and assigns, on the other, hereby waive, release and forever discharge each other and their estates, agents, representatives, heirs, attorneys, and assigns, from all claims, obligations, suits, demands, damages or actions of any type or nature, which they ever had against each other, whether known or unknown, from the beginning of time through the Effective Date, other than any claims for breach of this Agreement.

2.      Assignment. Effective as of the Execution Date, the Transferor transfers and assigns to the Transferees, and the Transferees accept and assume from the Transferor:

        a)      the Interests in the following percentages, such that from and after the Execution Date, and until any other or further assignment made in accordance with the provisions of the Operating Agreement, the Transferor will no longer have the Interests, and the Transferees shall collectively have one hundred percent (100%) of the Interests: 40% to BVMUV; 20% to IMH; and 40% to JFC; and

        b)      any and all right, title, and interest that the Transferor has under the provisions of the Operating Agreement with respect to the Interests so assigned.

3.      Resignations.  Effective as of the Execution Date, Transferor resigns as the sole Manager and the Tax Matters Manager of the Company, and Bush Ross Registered Agent Services, LLC resigns as the registered agent for the Company.

4.      Prohibition on Use of Trade Name and Marks.  The Transferees agree that, on and after the Execution Date, they will cause the Company to cease and desist use of all trade names and marks in any way associated with the University Village continuing care retirement community that Transferor holds the certificate of authority to operate, regardless of whether such certificate of authority is revoked, cancelled, or otherwise terminated in connection with the transactions contemplated by the Final Sale Order and the Plan Modification Order, including but not limited to the marks "University Village," "The Health Center at University Village," "The Inn at University Village," "The Nursing Center at University Village," "A Westport Senior Living Community," and "Live Better Longer!", as well as the domain name "universityvillage.net" for websites, email addresses, or otherwise.

5.      Representations.

        a)      *By Transferor.* To induce the Transferees to accept the delivery of this Assignment, the Transferor hereby represents and warrants to the Transferees that on the Execution Date:

                i)      the Transferor is the sole legal and beneficial owner of the Interests. The Transferor has not sold, transferred, or encumbered any or all of the Interests. Subject to the provisions of the Operating Agreement, the Transferor has the full and sufficient right at law and in equity to transfer and assign the Interests, and is transferring and assigning the Interests to the Transferees as-is and where-is and subject to any pledges that may exist with respect to such Interests; provided, however, the Transferor has not pledged the Interests at any time.

2

DRAFT - 3/25/2020 4:21 PM

ii)     the Transferor has been given no notice of any default in performing its obligations under the provisions of the Operating Agreement and, to the best of the Transferor's knowledge, information, and belief, the Transferor is not in default in performing those obligations.

b)     *By Transferees.* The Transferees covenant, warrant, and represent that they have read the Operating Agreement and agree to be bound by the Operating Agreement; provided, however, that the Transferees reserve the right to amend the Operating Agreement in accordance with the terms thereof and applicable law.

c)     *By Each Party.* Each party represents and warrants to the other that it has been duly authorized to execute and deliver this Assignment, and to perform its obligations under this Assignment.

6.     Miscellaneous.

a)     *Effectiveness.* This Assignment shall become effective on and only on its execution and delivery by each party.

b)     *Complete Understanding.* This Assignment represents the complete understanding between the parties as to the subject matter hereof, and supersedes all prior negotiations, representations, guarantees, warranties, promises, statements, settlements, or agreements, either written or oral, between the parties hereto as to the same.

c)     *Amendment.* This Assignment may be amended by and only by a written instrument executed and delivered by each party.

d)     *Waiver.* No party shall be deemed to have waived any right that it holds hereunder unless the waiver is made expressly and in writing (and, without limiting the generality of the foregoing, no delay or omission by any party in exercising any such right shall be deemed a waiver of its future exercise). No waiver shall be deemed a waiver as to any other instance or any other right.

e)     *Applicable Law.* All questions concerning the construction, validity, and interpretation of this Assignment and the performance of the obligations imposed hereby shall be governed by the internal law, not the law of conflicts, of the State of Florida.

f)     *Headings.* The headings of the sections, subsections, paragraphs, and subparagraphs hereof are provided herein for and only for convenience of reference, and shall not be considered in construing their contents.

g)     *Construction.* As used herein, (a) the term "person" means a natural person, a trustee, a corporation, a partnership, and any other form of legal entity; and (b) all reference made (i) in the neuter, masculine, or feminine gender shall be deemed to have been made in all genders, (ii) in the singular or plural number shall be deemed to have been made, respectively, in the plural or singular number as well, and (iii) to any section, subsection, paragraph, or subparagraph shall, unless therein expressly indicated to the contrary, be deemed to have been made to such section, subsection, paragraph, or subparagraph of this Assignment.

h)     *Assignment.* This Assignment shall be binding upon and shall inure to the benefit of the parties hereto and their respective heirs, personal representatives, successors, and assigns hereunder.

3

**DRAFT - 3/25/2020 4:21 PM**

      i)     *Severability.* No determination by any court, governmental body, or otherwise that any provision of this Assignment or any amendment hereof is invalid or unenforceable in any instance shall affect the validity or enforceability of (a) any other provision thereof or (b) that provision in any circumstance not controlled by the determination. Each such provision shall be valid and enforceable to the fullest extent allowed by, and shall be construed wherever possible as being consistent with, applicable law.

      j)     *Further Assurances.* The parties shall cooperate with each other and shall execute and deliver, or cause to be delivered, all other instruments and shall take all other actions, as either party hereto may reasonably request from time to time in order to effectuate the provisions hereof.

      k)     *Assumption and Indemnification.* From and after the Execution Date, the Transferees shall (a) be bound by the provisions of the Operating Agreement, as if each Transferee were a party thereto and a member of the Company, and (b) indemnify the Company against any expense incurred by it in connection with the Transferees' admission and substitution as a member of the Company including, by way of example rather than of limitation, any expense incurred in preparing and filing for record any amendment of the Operating Agreement or the Company's articles of organization, and any other instrument, if necessitated by the admission and substitution.

      l)     *Counterparts.* This Assignment may be executed in one or more counterparts, each of which shall be deemed an original for all purposes and all of which together shall constitute one and the same assignment.

[SIGNATURE PAGES TO FOLLOW]

4

DRAFT - 3/25/2020 4:21 PM

IN WITNESS WHEREOF, each party hereto has executed this Assignment or caused it to be executed on its behalf by its duly authorized representatives as of the day and year first above written.

WITNESSES:

_____
Print Name: _____

_____
Print Name: _____

TRANSFEROR:

WESTPORT HOLDINGS TAMPA, LIMITED
PARTNERSHIP

By:    _____
       Jeffrey W. Warren
       Liquidating Trustee

TRANSFEREES:

IMH HEALTHCARE, LLC

_____
Print Name: _____

_____
Print Name: _____

By:    _____
       Eli Freiden
       Managing Member

JF CONSULTANTS, LLC

_____
Print Name: _____

_____
Print Name: _____

By:    _____
       Shabse Fuchs
       Sole Member

BVM UNIVERSITY VILLAGE, LLC

By:    Compliance Concepts, L.L.C.,
       Managing Member

_____
Print Name: _____

_____
Print Name: _____

By:    _____
       Rebecca J. Bartle
       Sole Member

AGREED and ACCEPTED as to Section 1 above:

WESTPORT HOLDINGS TAMPA II, LIMITED
PARTNERSHIP

By:    _____
       Jeffrey W. Warren, Liquidating Trustee

AGREED and ACCEPTED as to Section 3 above:

BUSH ROSS REGISTERED AGENT SERVICES, LLC

By:    _____
       Adam Lawton Alpert, Vice President

5