**In re Bartle, 560 F.3d 724 (2009)**

103 A.F.T.R.2d 2009-1507, 61 Collier Bankr.Cas.2d 844, 51 Bankr.Ct.Dec. 113...

KeyCite Yellow Flag - Negative Treatment
Distinguished by   In re Brinkman,   Bankr.D.Vt.,   February 9, 2011

560 F.3d 724
United States Court of Appeals,
Seventh Circuit.

In re John W. BARTLE, Debtor–Appellant.

No. 07–3122.
|
Argued April 10, 2008.
|
Decided March 31, 2009.

**Synopsis**
**Background:** United States moved to dismiss debtor's Chapter 11 case on grounds that his debts dwarfed his financial resources and he realistically could not effectuate reorganization. Following withdrawal of the reference, the United States District Court for the Southern District of Indiana, Sarah Evans Barker, J., granted government's motion and subsequently denied debtor's motion to alter or amend dismissal order. Debtor appealed.

**[Holding:]** The Court of Appeals, Rovner, Circuit Judge, held that even if debtor was erroneously deprived of adequate opportunity to respond to government's motion, error did not affect his substantial rights and thus did not warrant reversal.

Affirmed.

**Procedural Posture(s):** On Appeal.

West Headnotes (8)

**[1]**    **Bankruptcy** ⟜ Proceedings
Collectively, the governing statutes and rules envision a hearing on a party's request to convert or dismiss a Chapter 11 case, conducted on 20 days' notice to the parties, but neither the notice nor the hearing requirement is rigid, and the court may, in the exercise of its discretion, shorten the notice period. 11 U.S.C.A. §§ 102(1), 1112(b); Fed.Rules Bankr.Proc.Rules 1017(a), 2002(a)(4), 9006(c), 11 U.S.C.A.

5 Cases that cite this headnote

**[2]**    **Bankruptcy** ⟜ Proceedings
A hearing on a motion to convert or dismiss a Chapter 11 case is not required when no one demands it. 11 U.S.C.A. § 1112(b).

11 Cases that cite this headnote

**[3]**    **Bankruptcy** ⟜ Proceedings
Even if an interested party demands a hearing on motion to convert or dismiss Chapter 11 case, when the parties have otherwise placed the relevant facts before the court, or the court by virtue of having presided over the case is already familiar with those facts, a formal, evidentiary hearing on the motion is not necessary. 11 U.S.C.A. §§ 102(1), 1112(b); Fed.Rules Bankr.Proc.Rules 1017(a), 2002(a)(4), 11 U.S.C.A.

7 Cases that cite this headnote

**[4]**    **Bankruptcy** ⟜ Proceedings
Parties are entitled to an opportunity to be heard in connection with motion to convert or dismiss debtor's Chapter 11 case, not to a particular type of hearing. 11 U.S.C.A. §§ 102(1), 1112(b); Fed.Rules Bankr.Proc.Rules 1017(a), 2002(a)(4), 11 U.S.C.A.

7 Cases that cite this headnote

**[5]**    **Bankruptcy** ⟜ Harmless Error
Assuming that debtor was erroneously deprived of adequate opportunity to respond to government's motion to dismiss his Chapter 11 case when district court granted motion on less than 20 days' notice and without hearing, error did not affect debtor's substantial rights and thus did not warrant reversal, given debtor's failure to identify any argument or evidence which he would have presented in

PLAINTIFF'S
EXHIBIT
91
tabbies.

In re Bartle, 560 F.3d 724 (2009)

103 A.F.T.R.2d 2009-1507, 61 Collier Bankr.Cas.2d 844, 51 Bankr.Ct.Dec. 113...

opposition to government's motion and which could have altered district court's decision.

11 U.S.C.A. §§ 102(1), 1112(b); Fed.Rules Bankr.Proc.Rule 2002(a)(4), 9005, 11 U.S.C.A.; Fed.Rules Civ.Proc.Rule 61, 28 U.S.C.A.

11 Cases that cite this headnote

[6]     **Bankruptcy** ⟜ Proceedings
        **Constitutional Law** ⟜ Bankruptcy

Chapter 11 debtor was not completely denied opportunity to be heard, as would violate his due process rights, when district court granted government's motion to dismiss his case on less than 20 days' notice and without hearing, given that debtor had opportunity to be heard via his motion to alter or amend dismissal order, which gave him opportunity to alert court to any ground on which he would have opposed motion had he been granted hearing or had opportunity to file written memorandum in opposition to motion.

U.S.C.A. Const.Amend. 5; 11 U.S.C.A. § 1112(b).

13 Cases that cite this headnote

[7]     **Bankruptcy** ⟜ Discretion

Decision to dismiss a Chapter 11 case for cause is one committed to the court's discretion. 11 U.S.C.A. § 1112(b) (2005).

6 Cases that cite this headnote

[8]     **Bankruptcy** ⟜ Loss to or Diminution of Estate and Unlikelihood of Rehabilitation

Dismissal of Chapter 11 case is appropriate if it is unreasonable to expect that a reorganization plan can be confirmed. 11 U.S.C.A. § 1112(b).

2 Cases that cite this headnote

**Attorneys and Law Firms**

*725 Adam L. Hand (argued), Robert L. Nicholson, Beckman Lawson, Fort Wayne, IN, for Debtor–Appellant.

Patricia M. Bowman (argued), Robert W. Metzler, Department of Justice, Civil Division, Immigration Litigation, Washington, DC, for Appellee.

Before EASTERBROOK, Chief Judge, and ROVNER and SYKES, Circuit Judges.

**Opinion**

ROVNER, Circuit Judge.

John W. Bartle owes the United States millions in unpaid taxes. In December 2004, he filed a voluntary bankruptcy petition under Chapter 11 of the Bankruptcy Code. Two and a half years after Bartle sought Chapter 11 protection, the United States moved to dismiss the bankruptcy on the ground that Bartle's debts dwarfed his financial resources and he realistically could not effectuate a reorganization. The district court granted the motion without conducting a hearing and subsequently denied Bartle's motion to alter or amend the dismissal order. Bartle appeals, contending that dismissal of the bankruptcy on less than twenty days' notice and without the opportunity to be heard requires reversal. But because Bartle has not articulated what evidence or argument he would have presented in opposition to the government's motion, we find any error to be harmless.

**I.**

Bartle has been in litigation with the government over his tax obligations for ten years. The government filed suit against Bartle in 1999 to reduce to judgment Bartle's liability for employment tax penalties assessed against him as a "responsible person" pursuant to Internal Revenue Code section 6672 for income and FICA taxes that had been withheld from the wages of workers employed by three different employers with which he was associated but that had not been paid over to the government. 26 U.S.C. § 6672; see United States v. Sotelo, 436 U.S. 268, 98 S.Ct. 1795, 56 L.Ed.2d 275 (1978). The district court subsequently entered an agreed judgment in the amount of $1,378,420, plus interest, in the government's favor. When the government then sought an order under 28 U.S.C. § 3204 establishing an installment plan pursuant to which Bartle would satisfy that

judgment, the parties consented to an order obligating him both to make regular payments toward his debt and to submit sworn reports as to the amounts and sources of his income. Three years into that arrangement, the government concluded that Bartle was not fully complying with either obligation and asked that he be held in contempt. At the hearing *726 on that request, the possibility of appointing a receiver to disentangle Bartle's financial affairs was discussed. The court ultimately reserved judgment on the subject of contempt and ordered the parties to explore a modification of the payment plan to provide for greater court oversight of Bartle's financial affairs and to submit either a modified agreement or a status report within thirty days. Before the thirty days were up, Bartle filed his Chapter 11 bankruptcy petition on December 23, 2004.

At the government's request, the bankruptcy court modified the automatic stay to allow its collection action in the district court to proceed. The district court then appointed Charles E. Greer as a receiver to handle Bartle's finances in that action. Bartle appealed that order, which we affirmed in an unpublished decision. *United States v. Bartle*, 159 Fed.Appx. 723 (7th Cir.2005).

Meanwhile, the government had another case pending in which it sought to foreclose federal tax liens that pursuant to 26 U.S.C § 6321 had attached to the stock that Bartle held in two different corporations: Inverness Corporation and First Health Corporation. The court in that suit had entered summary judgment in the government's favor, foreclosing the tax liens against a majority of both corporations' stock and appointing Greer as the receiver for both corporations. First Health turned out not to own assets of any significant value. Inverness, on the other hand, held membership interests in no less than fifteen different limited liability companies. But it also had liabilities for unreported and unpaid employment taxes which, by the government's account, totaled in excess of $1.7 million. The government believed that the company's assets were not sufficient to satisfy its delinquent tax obligations.

On April 21, 2005, the district court, over Bartle's objection, withdrew the reference of Bartle's Chapter 11 petition to the bankruptcy court. The court took this action at the behest of the government, which pointed out that the district court was already handling both the judgment proceeding and the lien foreclosure proceeding (and had previously handled other suits involving Bartle) and was well familiar with Bartle's financial affairs. The court also appointed Greer

as the Chapter 11 trustee. After assuming oversight of the bankruptcy proceeding, the court granted Bartle permission to borrow up to $1.5 million to pay a portion of the government's tax claim. Bartle obtained a loan from Delaware County Investors, LLC and in July 2006 conveyed just under $1.3 million to the Internal Revenue Service, satisfying the judgment entered against him in the judgment collection suit. Bartle's debt to the lender then became an allowed claim for a super-priority administrative expense pursuant to the 11 U.S.C. § 364(c)(1). Bartle and the government were able to agree on the amounts of his remaining federal tax liabilities, and on September 26, 2006, May 31, 2007, and June 7, 2007, the court entered final judgments reflecting the validity and amounts of Bartle's outstanding liabilities to the United States for his own unpaid federal income taxes and for additional responsible-person penalties assessed against him for unpaid employment taxes. R. 106, 161, 163.

With the amounts of Bartle's tax-related liabilities resolved, the government on June 11, 2007, filed a motion seeking the dismissal of the Chapter 11 proceeding pursuant to 11 U.S.C. § 1112(b). R. 164. The government pointed out that in light of the judgments the district court had entered, the United States had a total secured claim of $257,256.45 and total *727 unsecured priority claims of $6,306,539.12 as of the petition date. Any plan of reorganization would have to provide for full payment of both categories of claims, and the priority claims would have to be paid within six years pursuant to the applicable version of 11 U.S.C. § 1129(a)(9)(C). The plan would also have to include repayment of the $1.3 million loan Bartle had obtained from Delaware County Investors. All told, then, the plan would have to make provision for payments totaling approximately $7.8 million. Yet, Bartle had few resources from which he could pay these debts. Although a schedule of assets Bartle had filed in February 2005 reported personal property with a purported value in excess of $3.5 million, the government contended that the property was actually worth no more than $64,751. Bartle also claimed a forty-four percent stake in the stock of Inverness Corporation that he valued at $2.7 million, but Inverness was in receivership and because its liabilities exceeded its assets, the government pegged the value of Bartle's interest in the company at zero. The only other asset that Bartle had reported was a potential fee of $750,000 in connection with a loan financing. That fee had yet to materialize, and there was no evidence that it ever would. That left Bartle's income. Available monthly operating reports reflected gross receipts of only $69,105.39 for 2005

and $16,775 for the first eight months of 2006. In view of Bartle's relatively modest reported assets and income, the government believed he did not have the wherewithal to put together a viable plan to repay these debts. It saw no point in converting the proceeding to a Chapter 7 liquidation, given Bartle's paucity of assets and the discharge he had received in a Chapter 7 proceeding less than six years earlier, which pursuant to the applicable version of 11 U.S.C. § 727(a)(8) would preclude a second discharge in a successive Chapter 7 proceeding. Dismissal, in the government's view, was the sole appropriate course of action for the court to take.

Ten days after the government filed its motion, on June 21, 2007, the district court issued a brief order granting the motion. R. 167. As of this time, Bartle had not filed a written response to the motion, and the district court did not conduct any sort of hearing on the motion before acting.

On July 2, 2007, Bartle filed a timely motion to alter or amend the order of dismissal pursuant to Federal Rule of Civil Procedure 59 and Bankruptcy Rule 9023. R. 168. In relevant part, Bartle contended that the court had improperly granted the motion without conducting a hearing as envisioned by section 1112(b)(2). Bartle did not articulate what opposition he would have offered to the government's motion at such a hearing; he simply argued that it was improper for the court to grant the motion without a hearing. R. 168 at 2–3. He also asked that the court reinstate the reference to the bankruptcy court. R. 168 at 3–4.

The government opposed Bartle's motion. R. 169. The government noted its understanding that the court's summary action in granting the motion to dismiss took place after the court's staff had contacted Bartle's counsel and determined that Bartle had no objection to the government's motion. R. 169 at 1–2. That point aside, the government argued that it was appropriate for the court to dispense with a formal hearing on the motion, which it believed would have been a "waste of time." R. 169 at 5.

The United States' motion to dismiss, filed on June 11, 2007, explained in detail that Mr. Bartle would not be able to confirm a plan of reorganization, because his debts were too large and his assets and income were too small. Mr. *728 Bartle has been given an entirely adequate opportunity to argue to the contrary, that he could confirm a plan of reorganization. He has not even attempted to make such an argument. Mr. Bartle's instant motion does not claim that he could confirm a plan, or otherwise address the merits of the United States' motion to dismiss in any fashion. This Court was entirely justified in granting the United States' motion to dismiss without a hearing, whether or not Mr. Bartle's counsel told this Court's staff that Mr. Bartle did not object to the dismissal....

R. 169 at 5–6. Bartle did not file a reply to the government's response.

The district court denied Bartle's motion to alter or amend the dismissal without comment, R. 170, prompting this appeal.

## II.

The district court dismissed the Chapter 11 proceeding on the authority of section 1112(b). In relevant part, the version of that statute applicable to this proceeding [1] provides:

[O]n request of a party in interest or the United States trustee or bankruptcy administrator, and after notice and a hearing, the court may convert a case under this chapter to a case under Chapter 7 of this title or may dismiss a case under this chapter, whichever is in the best interest of creditors and the estate, for cause including—

* * *

(2) inability to effectuate a plan [of reorganization]....

A creditor qualifies as a "party in interest" entitled to request the dismissal of a Chapter 11 proceeding for cause. 11 U.S.C. § 1109(b). The bankruptcy code elsewhere defines "after notice and a hearing" as follows:

"[A]fter notice and a hearing", or a similar phrase—

(A) means after such notice as is appropriate in the particular circumstances; and such opportunity for a

hearing as is appropriate in the particular circumstances; but

(B) authorizes an act without an actual hearing if such notice is given properly and if—

(i) such hearing is not requested timely by a party in interest; or

(ii) there is insufficient time for a hearing to be commenced before such act must be done, and the court authorizes such act.

11 U.S.C. § 102(1). Bankruptcy Rule 2002 specifically addresses the appropriate degree of notice to which the parties are entitled under section 1112(b). That rule provides that "the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees at least twenty days' notice by mail of ... in a chapter 11 reorganization case, ... the hearing on the dismissal of the case or the conversion of the case to another chapter...." Fed. R. Bank. P.2002(a)(4); *see also* Fed. R. Bank. P. 1017(a) ("a case shall not be dismissed ... prior to a hearing on notice as provided in Rule 2002"). However, Rule 9006(c) authorizes the court to shorten the notice period:

> Except as provided in paragraph (2) of this subdivision, when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in **\*729** its discretion with or without motion or notice order the period reduced.

Fed. R. Bankr.P. 9006(c)(1). (Rule 2002(a)(4) is not one of the notice provisions exempted from this provision. *See* Rule 9006(c)(2); *In re Mandalay Shores Co-op. Housing Ass'n, Inc.*, 63 B.R. 842, 852 (N.D.Ill.1986).)

[1] [2] [3] [4] Collectively, these provisions envision a hearing on a party's request to convert or dismiss a Chapter 11 proceeding, conducted on twenty days' notice to the parties; but neither the notice nor the hearing requirement is rigid. The court may, in the exercise of its discretion, shorten the notice period pursuant to Rule 9006(c). A hearing is of course not

required when no one demands it. *See Morlan v. Universal Guar. Life Ins. Co.*, 298 F.3d 609, 618 (7th Cir.2002) ("the Bankruptcy Code is explicit in defining 'after notice and a hearing' as 'authorizing an act without an actual hearing if such notice is given properly' and no interested party requests a hearing") (quoting § 102(1)(B)). And even if an interested party does demand a hearing, when the parties have otherwise placed the relevant facts before the court, or the court by virtue of having presided over the case is already familiar with those facts, a formal, evidentiary hearing on the motion to dismiss or convert the bankruptcy is not necessary. *See Elmwood Dev. Co. v. Gen. Elec. Pension Trust (In re Elmwood Dev. Co.)*, 964 F.2d 508, 512 n. 12 (5th Cir.1992); *Sullivan Cent. Plaza I, Ltd. v. BancBoston Real Estate Capital Corp. (In re Sullivan Cent. Plaza I, Ltd.)*, 935 F.2d 723, 727 (5th Cir.1991); *Indust. Ins. Servs., Inc. v. Zick (In re Zick)*, 931 F.2d 1124, 1129 (6th Cir.1991); *Buffington v. First Serv. Corp.*, 672 F.2d 687, 690 (8th Cir.1982) (per curiam); *A. Illum Hansen, Inc. v. Tiana Queen Motel, Inc. (In re Tiana Queen Motel, Inc.)*, 749 F.2d 146, 150 (2d Cir.1984). The parties are entitled to an opportunity to be heard, not to a particular type of hearing.

[5]   We may assume that Bartle was, at the least, deprived of an adequate opportunity to respond to the government's motion to dismiss the case. Bartle did receive a copy of the government's motion. But the motion was not scheduled for a hearing before the court, and given the provisions of Rule 2002(a)(4), he was entitled to assume that he had at least twenty days to file a written response to the motion, if not to confront the motion in person before the court. If it was the court's intent to rule on the motion without conducting any sort of hearing and within a time period shorter than the one specified by Rule 2002(a)(4), then Bartle deserved to be apprised of the court's intent so that he could file a written response and, if he believed that a hearing was necessary, to make the case for such a hearing.

We shall do no more than assume that Bartle was deprived of adequate notice, however, because it appears possible that the court dispensed with a hearing and granted the motion without awaiting a written response from Bartle after its staff was apprised by Bartle's counsel that Bartle did not oppose the motion. That was the government's understanding, which it set forth in its memorandum below opposing Bartle's motion to alter or amend. Bartle never responded to the government's representation below; for that matter, his appellate briefs are largely silent on this subject, suggesting only that Bartle would not have filed the motion to alter or amend if he had

indeed assented to dismissal. Reply Br. 5. At oral argument, Bartle's counsel advised us that he is not aware of any telephonic contact with the court's staff about the motion, which amounts to something less than a full denial of the government's representation. In any case, the district court never described *730 the motion as unopposed in either its order granting the motion or its order denying Bartle's motion to alter or amend. So we shall give Bartle the benefit of the doubt and assume that he was erroneously deprived of an adequate opportunity to respond to the motion in the first instance.

But this error could be harmless. Bankruptcy Rule 9005 provides that Federal Rule of Civil Procedure 61 applies to bankruptcy proceedings. Rule 61 instructs us to disregard any error that did not affect a party's substantial rights. So if, as we assume, Bartle was deprived of notice and the opportunity to be heard on the motion to dismiss, that alone does not demand reversal. Bartle's substantial rights must have been affected by the error, and that is true only if he had a response to the government's motion that might have altered the court's decision. See *CERAbio LLC v. Wright Med. Tech., Inc.*, 410 F.3d 981, 994 (7th Cir.2005); *Loeb Indus., Inc. v. Sumitomo Corp.*, 306 F.3d 469, 479–80 (7th Cir.2002).

[6]    We do not overlook the observation of *In re Boomgarden* that "[i]n bankruptcy proceedings, both debtors and creditors have a constitutional right to be heard on their claims, and the denial of that right to them is the denial of due process which is never harmless error." 780 F.2d 657, 661 (7th Cir.1985) (internal marks and citations omitted). *Boomgarden* was referring to a *total* denial of the opportunity to be heard. See *id.* at 660–62; *Mandalay Shores*, 63 B.R. at 852. But a complete denial of the opportunity to be heard is not what occurred here. If nothing else, Bartle had the opportunity to be heard via his motion to alter or amend. See *Blaney v. West*, 209 F.3d 1027, 1032 (7th Cir.2000); *Loctite Corp. v. Fel–Pro, Inc.*, 667 F.2d 577, 583 (7th Cir.1981) (per curiam). That opportunity, of which Bartle availed himself, gave him the chance to alert the court to any ground on which he would have opposed the government's motion to dismiss had he been granted a hearing on the motion and/or the opportunity to file a written memorandum in opposition to the motion.

Despite that opportunity, Bartle did not indicate to the district court what argument or evidence he would have presented in opposition to the government's motion. Even in his briefing to this court he has not done so. Instead, he has characterized his appeal as presenting a purely procedural argument. But procedures do not exist for their own sake; they exist to protect the parties' rights. We cannot say that Bartle's substantial rights were affected by an erroneous deprivation of an opportunity to be heard on the government's motion to dismiss when he has not set forth what he would have brought to the court's attention in opposition to that motion. It would be inconsistent with Rule 9005 and Rule 61 to reverse without such a showing.

[7]    [8]    The decision to dismiss a Chapter 11 proceeding pursuant to section 1112(b) is one committed to the court's discretion. *In re Woodbrook Assocs.*, 19 F.3d 312, 316 (7th Cir.1994); *Fruehauf v. Jartran, Inc. (In re Jartran, Inc.)*, 886 F.2d 859, 868 (7th Cir.1989). Dismissal is appropriate if it is unreasonable to expect that a reorganization plan can be confirmed. *Woodbrook Assocs.*, 19 F.3d at 316. The record in this case together with Bartle's lengthy litigation history with the government amply support the notion that a viable reorganization was unlikely in view of Bartle's extensive liabilities and limited assets. Bartle has given us no reason to believe that he had a potentially meritorious basis on which to oppose the government's motion to dismiss and that the deprivation of the opportunity to be heard on the motion prejudiced him.

### *731 III.

Even if Bartle was, as we assume, denied a reasonable opportunity to be heard on the government's motion to dismiss the Chapter 11 proceeding, he has made no effort to demonstrate that his substantial rights were affected by the error. We therefore AFFIRM the district court's decision to grant the government's motion and dismiss the proceeding.

**All Citations**

560 F.3d 724, 103 A.F.T.R.2d 2009-1507, 61 Collier Bankr.Cas.2d 844, 51 Bankr.Ct.Dec. 113, Bankr. L. Rep. P 81,453

In re Bartle, 560 F.3d 724 (2009)
103 A.F.T.R.2d 2009-1507, 61 Collier Bankr.Cas.2d 844, 51 Bankr.Ct.Dec. 113...

## Footnotes

1    The statute was amended in 2005, but the amended version is generally inapplicable to bankruptcy proceedings commenced prior to its effective date. *See* P.L. 109–8 § 1501.

---

**End of Document**                                    © 2022 Thomson Reuters. No claim to original U.S. Government Works.

In re Bartle, 560 F.3d 724 (2009)
103 A.F.T.R.2d 2009-1507, 61 Collier Bankr.Cas.2d 844, 51 Bankr.Ct.Dec. 113...