UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:

Chapter 11

WESTPORT HOLDINGS TAMPA,
LIMITED PARTNERSHIP,

Case No. 8:16-bk-8167-MGW

WESTPORT HOLDINGS TAMPA
II, LIMITED PARTNERSHIP,

Case No. 8:16-bk-8168-MGW

*Jointly Administered under*
*Case No. 8:16-bk-8167-MGW*

Debtors.

_____/

### LIQUIDATING TRUSTEE'S NOTICE OF FILING SEVENTH
### AMENDED CONSENT ORDER WITH OFFICE OF INSURANCE REGULATION

Jeffrey W. Warren, Esq., as Liquidating Trustee for Westport Holdings Tampa, Limited

Partnership, and Westport Holdings Tampa II, Limited Partnership (the "**Liquidating Trustee**"),

by and through the undersigned counsel, hereby gives notice of filing the attached Seventh

Amended Consent Order entered into effective as of April 27, 2020 by and between the

Liquidating Trustee and the Florida Office of Insurance Regulation.

Dated: Tampa, Florida
      April 27, 2020

BUSH ROSS, P.A.
Post Office Box 3913
Tampa, Florida 33601-3913
(813) 224-9255 (telephone)
(813) 223-9620 (fax)
*Counsel for Jeffrey W. Warren, as Liquidating Trustee*
*for Westport Holdings Tampa, Limited Partnership and*
*Westport Holdings Tampa II, Limited Partnership*

By:_____/s/ Adam Lawton Alpert_____
     Adam Lawton Alpert
     Florida Bar No. 0490857
     *aalpert@bushross.com*


PLAINTIFF'S
EXHIBIT
PENGAD 800-631-6989

Bartle 000099

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 27, 2020, I electronically filed a true and correct copy of the foregoing with the Clerk of the United States Bankruptcy Court for the Middle District of Florida by using the CM/ECF system, which will deliver a copy to all counsel of record.

/s/ Adam Lawton Alpert
ATTORNEY

6DY1292.DOCX
Bartle 000100

# EXHIBIT "A"

Bartle 000101



**FILED**

APR 2 7 2020

INSURANCE REGULATION
Docketed by: ___

## OFFICE OF INSURANCE REGULATION

**DAVID ALTMAIER**
COMMISSIONER

IN THE MATTER OF:

WESTPORT HOLDINGS TAMPA, LIMITED
PARTNERSHIP

_____ /

CASE NO.: 262570-20-CO

### SEVENTH AMENDED CONSENT ORDER

THIS CAUSE came on for consideration as the result of a request from WESTPORT HOLDINGS TAMPA, LIMITED PARTNERSHIP ("WESTPORT"), to amend certain provisions of Consent Order 260416-20-CO. The FLORIDA OFFICE OF INSURANCE REGULATION ("OFFICE"), having considered the entire record in this case, and being otherwise fully advised in the premises, hereby finds as follows:

1.    The OFFICE has jurisdiction over the subject matter and the parties herein.

2.    The OFFICE is an agency of the State of Florida and regulates insurers and other risk-bearing entities as provided in the Florida Insurance Code. Pursuant to Chapter 651, Florida Statutes, the OFFICE has the duty and authority to regulate providers of continuing care as specialty insurers.

3.    In 2000, WESTPORT was approved to hold a Certificate of Authority pursuant to Chapter 651, Florida Statutes, as the provider for the University Village continuing care retirement community ("CCRC"). The Certificate of Authority issued to WESPORT has not been surrendered, suspended, or revoked.

Bartle 000102

4.      Pursuant to a Second Amended and Restated Joint Plan of Liquidation Under Chapter 11 of the United States Bankruptcy Code approved by the Bankruptcy Court for the Middle District of Florida in Case No. 8:16-bk-08167-MGW, a Liquidating Trustee currently has the sole authority to operate and manage WESTPORT and to control its assets.

5.      Pursuant to an Order Granting Liquidating Trustee's Motion for Entry of Final Order Authorizing (I) the Sale of the Assets of Debtors Free and Clear of All Liens, Claims, and Encumbrances, and (II) Authorizing the Assumption and Assignment of Contracts entered by the Bankruptcy Court for the Middle District of Florida in Case No. 8:16-bk-08167-MGW, subject to the prior approval of the OFFICE, the Liquidating Trustee currently has the authority to sell the assets of WESTPORT without the assets of the Health Center.

6.      The OFFICE and WESTPORT, by and through the Liquidating Trustee, previously conferred and entered into Consent Order 226858-18-CO ("Original Consent Order"), which established certain procedures and deadlines designed to help facilitate the sale of the University Village CCRC. A true and correct copy of the Original Consent Order is attached hereto as Exhibit A.

7.      The OFFICE and WESTPORT, by and through the Liquidating Trustee, previously conferred and agreed that amending the Original Consent Order was in their mutual best interests and would further the appropriate disposition of the University Village CCRC. The parties' agreement was memorialized in Consent Order 236991-18-CO ("Amended Consent Order"), a true and correct copy of which is attached hereto as Exhibit B.

8.      The OFFICE and WESTPORT, by and through the Liquidating Trustee, again conferred and agreed that amending the Amended Consent Order was in their mutual best interests and would further the appropriate disposition of the University Village CCRC. The

Page 2 of 9

Bartle 000103

parties' agreement was memorialized in Consent Order 242822-19-CO ("Second Amended Consent Order"), a true and correct copy of which is attached hereto as Exhibit C.

9.      The OFFICE and WESTPORT, by and through the Liquidating Trustee, again conferred and agreed that amending the Second Amended Consent Order was in their mutual best interests and would further the appropriate disposition of the University Village CCRC. The parties' agreement was memorialized in Consent Order 247198-19-CO ("Third Amended Consent Order"), a true and correct copy of which is attached hereto as Exhibit D.

10.      The OFFICE and WESTPORT, by and through the Liquidating Trustee, again conferred and agreed that amending the Third Amended Consent Order was in their mutual best interests and would further the appropriate disposition of the University Village CCRC. The parties' agreement was memorialized in Consent Order 253974-19-CO ("Fourth Amended Consent Order"), a true and correct copy of which is attached hereto as Exhibit E.

11.      The OFFICE and WESTPORT, by and through the Liquidating Trustee, again conferred and agreed that amending the Fourth Amended Consent Order was in their mutual best interests and would further the appropriate disposition of the University Village CCRC. The parties' agreement was memorialized in Consent Order 256188-19-CO ("Fifth Amended Consent Order"), a true and correct copy of which is attached hereto as Exhibit F.

12.      The OFFICE and WESTPORT, by and through the Liquidating Trustee, again conferred and agreed that amending the Fifth Amended Consent Order was in their mutual best interests and would further the appropriate disposition of the University Village CCRC. The parties' agreement was memorialized in Consent Order 260416-20-CO ("Sixth Amended Consent Order"), a true and correct copy of which is attached hereto as Exhibit G.

Bartle 000104

13.     The OFFICE and WESTPORT, by and through Liquidating Trustee, have again conferred and agree that amending the Original Consent Order, as previously amended by the Amended Consent Order, Second Amended Consent Order, Third Amended Consent Order, Fourth Amended Consent Order, Fifth Amended Consent Order, and Sixth Amended Consent Order is in their mutual best interests and will further the appropriate disposition of the University Village CCRC.

14.     The Liquidating Trustee has concluded, in a good faith exercise of his business judgment, that entering into this Seventh Amended Consent Order is desirable, necessary, and appropriate to the management, conservation, and protection of the assets of WESTPORT and the going concern value thereof.

15.     Paragraph 24.o. of the Original Consent Order, as amended by Paragraph 8 of the Amended Consent Order, Paragraph 14 of the Second Amended Consent Order, Paragraph 11 of the Third Amended Consent Order, Paragraph 12 of the Fourth Amended Consent Order, Paragraph 13 of the Fifth Amended Consent Order, and Paragraph 14 of the Sixth Amended Consent Order is replaced with the following:

> WESTPORT will not oppose a motion or other filing from the Department of Financial Services in Second Circuit Case No. 2015-CA-00585 requesting that the court refrain from closing or dismissing that case and, instead, allow the case to remain open and in abeyance through May 29, 2020.

16.     Paragraph 26 of the Original Consent Order, as amended by Paragraph 9 of the Amended Consent Order, Paragraph 15 of the Second Amended Consent Order, Paragraph 12 of the Third Amended Consent Order, Paragraph 13 of the Fourth Amended Consent Order, Paragraph 14 of the Fifth Amended Consent Order, and Paragraph 15 of the Sixth Amended Consent Order is replaced with the following:

Bartle 000105

If the OFFICE has not approved the acquisition of WESTPORT or its assets and issued a Certificate of Authority to new ownership for the University Village CCRC by May 29, 2020, WESTPORT shall:

17.     The OFFICE and WESTPORT agree that the only modifications to the Original Consent Order, the Amended Consent Order, the Second Amended Consent Order, the Third Amended Consent Order, the Fourth Amended Consent Order, the Fifth Amended Consent Order, the Sixth Amended Consent Order, and in this Seventh Amended Consent Order are set forth in paragraphs 15-16 immediately above. All other terms and conditions of the Original Consent Order, as amended by the Amended Consent Order, the Second Amended Consent Order, the Third Amended Consent Order, the Fourth Amended Consent Order, the Fifth Amended Consent Order, and the Sixth Amended Consent Order remain unchanged and in full force and effect.

18.     WESTPORT and the OFFICE affirm that all representations made herein are true and that all requirements set forth herein are material to the issuance of this Seventh Amended Consent Order.

19.     Any deadlines, reporting requirements, other provisions, or requirements set forth in this Seventh Amended Consent Order may be altered or terminated by written approval of the OFFICE. Such written approval by the OFFICE is subject to statutory or administrative regulation limitations.

20.     WESTPORT agrees that, upon execution of this Seventh Amended Consent Order, failure to adhere to one or more of the terms and conditions contained herein may result, without further proceedings, in the OFFICE suspending, revoking, or taking other administrative action as it deems appropriate upon WESTPORT's Certificate of Authority in this state in accordance with Sections 120.569(2)(n) and 120.60(6), Florida Statutes.

Bartle 000106

21.    WESTPORT additionally agrees that, upon execution of this Seventh Amended Consent Order, failure to adhere to one or more of the terms and conditions contained herein may be considered willful and subject WESTPORT to the appropriate penalties and fines.

22.    WESTPORT expressly waives a hearing in this matter, the making of findings of fact and conclusions of law by the OFFICE, and all further and other proceedings to which it may be entitled, either by law or by rules of the OFFICE. WESTPORT hereby knowingly and voluntarily waives all rights to challenge or to contest this Seventh Amended Consent Order in any forum now or in the future available to it, including the right to any administrative proceeding, state or federal court action, or any appeal.

23.    Each party to this action shall bear its own costs and fees.

24.    WESTPORT agrees that this Seventh Amended Consent Order shall be deemed to be executed when the OFFICE has signed and docketed a copy of this Seventh Amended Consent Order bearing the signature of the authorized representative of WESTPORT, notwithstanding the fact that the copy may have been transmitted to the OFFICE electronically. Further, WESTPORT agrees that the signature of its authorized representative as affixed to this Seventh Amended Consent Order shall be under the seal of a Notary Public.

Bartle 000107

WHEREFORE, the agreement between WESTPORT HOLDINGS TAMPA, LIMITED PARTNERSHIP, and the FLORIDA OFFICE OF INSURANCE REGULATION, the terms and conditions of which are set forth above, is APPROVED.

FURTHER, all terms and conditions contained herein are hereby ORDERED.

DONE and ORDERED this 27 day of April 2020.

David Altmaier, Commissioner
Office of Insurance Regulation

Bartle 000108

By execution hereof WESTPORT HOLDINGS TAMPA, LIMITED PARTNERSHIP, consents to entry of this Seventh Amended Consent Order, agrees without reservation to all of the above terms and conditions, and shall be bound by all provisions herein. The undersigned represents that they have the authority to bind WESTPORT HOLDINGS TAMPA, LIMITED PARTNERSHIP, to the terms and conditions of this Seventh Amended Consent Order.

WESTPORT HOLDINGS TAMPA, LIMITED PARTNERSHIP

By: _____

Print Name: _Jeffrey W. Warren_____

Title: _____Liquidating Trustee_____

Date: _____April 24, 2020_____

STATE OF _Florida_____

COUNTY OF __Hillsborough___

The foregoing instrument was acknowledged before me by means of ☐ physical presence or ☒ online notarization, this 24th day of _April_____ 2020, by _Jeffrey W. Warren_____
                                                      (name of person)

as _Liquidating Trustee_____ for _Westport Holdings Tampa LP_____ .
(type of authority; e.g., officer, trustee, attorney in fact)     (company name)

_____
(Signature of the Notary)

_____
(Print, Type or Stamp Commissioned Name of Notary)

Personally Known ____✓____ OR Produced Identification _____

Type of Identification Produced _____

My Commission Expires: _____

Page 8 of 9

Bartle 000109

COPIES FURNISHED TO:

Jeffrey W. Warren, Esq.
Bush Ross, P.A.
Post Office Box 3913
Tampa, Florida 33601-3913
E-mail: jwarren@bushross.com

Adam Lawton Alpert, Esq.
Bush Ross, P.A.
Post Office Box 3913
Tampa, Florida 33601-3913
E-mail: aalpert@bushross.com

Scott A. Stichter, Esq.
Stichter Riedel Blain & Postler, P.A.
110 East Madison Street, Suite 200
Tampa, Florida 33602
E-mail: sstichter@srbp.com

Matthew B. Hale, Esq.
Stichter Riedel Blain & Postler, P.A.
110 East Madison Street, Suite 200
Tampa, Florida 33602
E-mail: mhale@srbp.com

David S. Jennis, Esq.
Jennis Law Firm
606 East Madison Street
Tampa, Florida 33602
E-mail: djennis@jennislaw.com

Shannon Michelle Harp-Alexander, Esq.
Assistant General Counsel
Florida Office of Insurance Regulation
200 East Gaines Street
Tallahassee, Florida 32399-4206
E-mail: Michelle.Harp-Alexander@floir.com

Bartle 000110

# EXHIBIT A

Consent Order No. 226858-18-CO

Bartle 000111





**FILED**

MAY 2 0 2016

OFFICE OF
~~INSURANCE REGULATION~~
~~Docketed by:~~ ____

OFFICE OF INSURANCE REGULATION

DAVID ALTMAIER
Commissioner

IN THE MATTER OF:

WESTPORT HOLDINGS TAMPA, LIMITED
PARTNERSHIP

CASE NO.: 226852-18-CO

_____/

## CONSENT ORDER

THIS CAUSE came on for consideration as the result of an examination by the FLORIDA OFFICE OF INSURANCE REGULATION ("OFFICE") of WESTPORT HOLDINGS TAMPA, LIMITED PARTNERSHIP ("WESTPORT"). The OFFICE, having considered the record in this case and being otherwise fully advised in the premises, finds as follows:

1.      The OFFICE has jurisdiction over WESTPORT and the subject matter of this proceeding.

2.      The OFFICE is an agency of the state of Florida and regulates insurers and other risk-bearing entities as provided in the Florida Insurance Code. Pursuant to Chapter 651, Florida Statutes, the OFFICE has the duty and authority to regulate providers of continuing care as specialty insurers.

3.      WESTPORT is a limited partnership formed in 2000 and existing under the laws of the state of Delaware.

4.      University Village is a Continuing Care Retirement Community ("CCRC") in Hillsborough County, Florida, and has been since 1967. A CCRC offers shelter, care, and services

Page 1 of 13

Bartle 000112

for residents upon payment of an entrance fee pursuant to continuing care contracts. § 651.011(2), Fla. Stat.

5.  University Village accommodates the required spectrum of care for its residents in several buildings on one campus. There are two six- to seven-story buildings on the campus referred to as the Towers that contain 446 apartments for independent living. WESTPORT owns the Towers.

6.  Near the Towers are 45 patio homes or duplexes, known as the Villas, which are also used for independent living. The Villas are owned by Westport Holdings Tampa II, Limited Partnership, a limited partnership separate from WESTPORT.

7.  There is a three-story building on the University Village CCRC campus for more advanced care ("Health Center"). The first floor of the Health Center contains 120 skilled nursing beds. The second and third floors contain 110 beds for assisted living, with a memory care wing included on the second floor. Westport Nursing, LLC ("Westport Nursing") owns the Health Center. Prior to the transactions described below, Westport Nursing was a wholly owned subsidiary of WESTPORT.

8.  CCRCs are regulated by the OFFICE as "specialty insurers" pursuant to Chapter 651, Florida Statutes. Florida law requires that every CCRC be operated by a provider approved by the OFFICE to hold a Certificate of Authority. § 651.021, Fla. Stat.

9.  In 2000, WESTPORT was approved to be the provider for the University Village CCRC and to hold a Certificate of Authority pursuant to Chapter 651, Florida Statutes.

10.  Beginning in March 2014, a new partnership group purchased the equity of WESTPORT. In December 2014, the general partner of WESTPORT resigned. These actions

Bartle 000113

triggered the requirement for new ownership to file an application for acquisition of WESTPORT with the OFFICE pursuant to Section 628.4615, Florida Statutes.

11. In March 2015, the OFFICE denied the application for acquisition of University Village filed by BHI Healthcare, LLC, the general partner of the ownership group of WESTPORT. This denial was administratively challenged (DOAH Case No. 15-2495), upheld by Final Order of the OFFICE (OIR Case No. 171775-15), and affirmed by the First District Court of Appeal (Case No. 1D16-1163).

12. No entity has since been approved as the provider for WESTPORT. No applications are currently pending.

13. The Certificate of Authority issued to WESTPORT has not been surrendered, suspended, or revoked.

14. As part of the 2014 change in ownership of WESTPORT, a corporate restructuring also took place. Westport Nursing was moved from being the wholly owned subsidiary of WESTPORT to being a stand-alone entity. Westport Nursing took with it ownership of the Health Center and $2,000,000 from a minimum liquid reserve account.

15. This separate acquisition of 10% or more of the assets of WESTPORT also triggered the requirement to file an application for acquisition approval with the OFFICE pursuant to Section 628.4615, Florida Statutes. No application has been filed.

16. Based on the actions described above and evidence sufficient to demonstrate to the OFFICE that WESTPORT had become insolvent, the OFFICE referred WESTPORT to the Department of Financial Services ("Department") for the commencement of delinquency proceedings under Chapters 631 and 651, Florida Statutes. In March 2015, the Department filed an Application for an Order to Show Cause under Chapter 631, Florida Statutes, in the Second

Bartle 000114

Judicial Circuit in and for Leon County, and requested that it be appointed receiver for WESTPORT. That matter was assigned Case No. 2015-CA-00585.

17. In March 2016, the OFFICE disapproved a continuing care document submitted by WESTPORT and filed two initial Orders of Suspension directed to WESTPORT's Certificate of Authority. WESTPORT filed petitions for administrative hearing with respect to all three initial agency actions. These proceedings were referred to the Division of Administrative Hearings ("DOAH"), where they were assigned Case Nos. 16-2027, 16-2028, and 16-2029.

18. On September 22, 2016, WESTPORT filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Middle District of Florida, Tampa Division. That matter was assigned Case No. 8:16-bk-08167MGW.

19. In accordance with that filing and by operation of Section 362(a) of the Bankruptcy Code, the Second Circuit action (Case No. 2015-CA-00585) and the administrative proceedings (DOAH Case Nos. 16-2027, 16-2028, and 16-2029) involving WESTPORT are stayed.

20. On January 18, 2018, WESTPORT filed with the Bankruptcy Court a "First Amended and Restated Mediated Joint Plan of Liquidation Under Chapter 11 of the United States Bankruptcy Code" ("Plan"). The Bankruptcy Court conducted a three-day evidentiary hearing on the Plan in February and March 2018. On April 12, 2018, the Court announced that it would confirm the Plan, subject to exit financing. On May 10, 2018, the Court entered its Order confirming the Plan.

21. Upon the effective date of the Plan, all assets of WESTPORT become assets of the Liquidating Estate. Also, as of the effective date of the plan, the Liquidating Trustee has the sole authority to operate and manage WESTPORT and to control the assets of the Liquidating Estate. Further, the Liquidating Trustee will possess oversight authority of the Health Center. The broad

Bartle 000115

scope of authority granted to the Liquidating Trustee is designed to facilitate the sale of a unified University Village CCRC campus, including all assets of WESTPORT as well as the Health Center. The authority of the Liquidating Trustee is designed to be temporary and to expire when new ownership acquires the unified University Village CCRC and obtains regulatory approval from the OFFICE.

22.    The OFFICE and Liquidating Trustee have conferred and agree that the regulatory issues involved in the above-described transactions, including the application of Section 628.4615, Florida Statutes, to the transfer of assets to the Liquidating Estate and the temporary authorization of the Liquidating Trustee as operator and manager of WESTPORT, are best addressed in an expeditious manner that conserves resources while protecting the insureds and the public.

23.    The Liquidating Trustee has concluded, in a good faith exercise of his business judgment, that entering into this Consent Order is desirable, necessary, and appropriate to the management, conservation, and protection of the assets of WESTPORT and the going concern value thereof.

24.    THEREFORE, based on the foregoing, WESTPORT and the OFFICE agree as follows:

a.    The OFFICE recognizes that the Liquidating Trustee has the sole authority to operate and manage WESTPORT and the assets of the Liquidating Estate pursuant to Order of the Bankruptcy Court dated May 10, 2018, in Case No. 8:16-bk-08167MGW (Docket No. 1016). This authority is temporary and will expire (i) when new ownership acquires the unified University Village CCRC and its assets and obtains regulatory approval from the OFFICE or (ii) when a receiver is appointed as set forth below in paragraph 25.

Bartle 000116

b.      No transfer of any partnership interest or equity interest in WESTPORT shall be effective without prior written approval of the OFFICE.

c.      WESTPORT shall not transfer ownership of control of 10% or more of the assets of WESTPORT or 10% or more of the "WNT Purchased Assets" as defined in Section 1.166 of the Plan without prior written approval of the OFFICE.

d.      WESTPORT acknowledges that it remains subject to the jurisdiction of the OFFICE pursuant to Chapter 651, Florida Statutes, until all obligations under its continuing care contracts have been fulfilled.

e.      WESTPORT shall not enter into any new continuing care contracts until new ownership is in place and has obtained all regulatory approvals required by the OFFICE under Chapter 651, Florida Statutes.

f.      WESTPORT shall honor all obligations on existing continuing care contracts, with refund payments being subject to the conditions and limitations established in the Plan.

g.      The Liquidating Trustee shall submit to the OFFICE biographical and background information using Forms OIR-C1-1423 (background), OIR-C1-928 (fingerprints), and OIR-C1-905 (biographical), not later than ten days after execution of this Consent Order.

h.      The Liquidating Trustee shall provide a copy of this Consent Order to any prospective purchaser or acquirer of WESTPORT or the University Village CCRC.

i.      Any sale of the assets of University Village CCRC or any change in ownership of WESTPORT must include all assets of WESTPORT as well as the "WNT Purchased Assets" as defined in Section 1.166 of the Plan.

Bartle 000117

j.    The OFFICE will not approve any application for acquisition of WESTPORT or its assets under Section 628.4615, Florida Statutes, or any applications for a Provisional Certificate of Authority and Certificate of Authority to be the provider for University Village under Chapter 651, Florida Statutes, that does not include the Towers and the Health Center as a unified campus under common ownership.

k.    Any Order or Consent Order from the OFFICE approving the acquisition of WESTPORT or its assets, or approving a Certificate of Authority for University Village, shall require the Towers and Health Center to be a unified campus and remain under common ownership for the duration of the Certificate of Authority or until modified by subsequent written approval of the OFFICE.

l.    The OFFICE will not enter or execute an Order or Consent Order approving the acquisition of WESTPORT or approving a Certificate of Authority for University Village absent confirmation from the Agency for Health Care Administration that the skilled nursing facility and assisted living facility in the Health Center have been granted all necessary approvals from that agency.

m.    Any application for acquisition approval, Provisional Certificate of Authority, or Certificate of Authority must contain a calculation of the required minimum liquid reserve and a plan to have it fully funded upon issuance of a Certificate of Authority, as required by section 651.035, Florida Statutes.

n.    Prior to the sale or other transfer of the ownership of WESTPORT pursuant to the Plan, all annual reports and audited financial statements for WESTPORT from financial year 2014 through the present must be filed with and deemed sufficient by the OFFICE, as required by section 651.026, Florida Statutes.

Page 7 of 13

Bartle 000118

o.    WESTPORT will not oppose the Department of Financial Services' Report and Supplemental Report in Response to the Court's Order of March 22, 2018, filed in Second Circuit Case No. 2015-CA-00585, including the Department's request that the court refrain from closing or dismissing that case and, instead, allow the case to remain open and in abeyance through December 31, 2018.

p.    WESTPORT and the OFFICE shall file a Status Report with the Administrative Law Judge in DOAH Case No. 16-2027 requesting that the proceeding remain open and stayed through December 31, 2018.

q.    The OFFICE and WESTPORT shall request that the Administrative Law Judge relinquish jurisdiction back to the OFFICE in DOAH Case Nos. 16-2028 and 16-2029.

r.    WESTPORT shall withdraw the Petitions for Formal Administrative Hearing filed in DOAH Case Nos. 16-2028 and 16-2029.

s.    The OFFICE shall withdraw without prejudice the Initial Order of Suspension (Case No. 185108-16) that is the subject of DOAH Case No. 16-2028.

t.    WESTPORT shall consent to and the OFFICE shall enter a Final Order disapproving the proposed CCRC contract for the University Village CCRC that is the subject of DOAH Case No. 16-2029.

25.    So long as WESTPORT and the Liquidating Trustee comply with all conditions in paragraph 23 above, the OFFICE will not file or pursue any administrative or judicial action against the Certificate of Authority currently held by WESTPORT for University Village.

26.    If the OFFICE has not approved the acquisition of WESTPORT or its assets and issued a Certificate of Authority to new ownership for the University Village CCRC by December 31, 2018, WESTPORT shall:

Bartle 000119

a. Withdraw its opposition to the Department's "Motion to Dismiss, Abstain or, Alternatively, for Entry of Order Declaring Automatic Stay Inapplicable to the State of Florida, Department of Financial Services' Receivership Action" filed in Case No. 8:16-bk-08167-MGW;

b. Join with the Department in requesting that Case No. 8:16-bk-08167-MGW be dismissed;

c. Cooperate with the Department in requesting that the court lift the stay in Second Circuit Case No. 2015-CA-00585; and

d. Consent to receivership and the appointment of the Department as receiver for WESTPORT by the Second Circuit in Case No. 2015-CA-00585.

27. WESTPORT and the Liquidating Trustee affirm that all representations made herein are true and that all requirements set forth herein are material to the issuance of this Consent Order.

28. The deadlines set forth in this Consent Order may be extended by written approval of the OFFICE. Additionally, the various reporting requirements and any other provision or requirement set forth in this Consent Order may be altered or terminated by written approval of the OFFICE. Approval of any deadline extension is subject to statutory or administrative regulation limitations.

29. WESTPORT agrees that, upon execution of this Consent Order, failure to adhere to one or more of the terms and conditions contained herein may result, without further proceedings, in the OFFICE suspending, revoking, or taking other administrative action as it deems appropriate upon WESTPORT's Certificate of Authority in this state in accordance with Sections 120.569(2)(n) and 120.60(6), Florida Statutes.

Bartle 000120

30.    WESTPORT additionally agrees that, upon execution of this Consent Order, failure to adhere to one or more of the terms and conditions contained herein may be considered willful and subject WESTPORT to the appropriate penalties and fines.

31.    WESTPORT expressly waives a hearing in this matter, the making of findings of fact and conclusions of law by the OFFICE, and all further and other proceedings to which it may be entitled, either by law or by rules of the OFFICE.  WESTPORT hereby knowingly and voluntarily waives all rights to challenge or to contest this Consent Order in any forum now available to it, including the right to any administrative proceeding, state or federal court action, or any appeal.

32.    Except as noted above, each party to this action shall bear its own costs and attorneys' fees.

33.    The parties agree that this Consent Order shall be deemed to be executed when the OFFICE has signed and docketed a copy of this Consent Order bearing the signature of the authorized representative of WESTPORT, notwithstanding the fact that the copy may have been transmitted to the OFFICE electronically.  Further, WESTPORT agrees that the signature of its authorized representative as affixed to this Consent Order shall be under the seal of a Notary Public.

Bartle 000121

WHEREFORE, the agreement between WESTPORT HOLDINGS TAMPA, LIMITED PARTNERSHIP, and the FLORIDA OFFICE OF INSURANCE REGULATION, the terms and conditions of which are set forth above, is APPROVED.

FURTHER, all terms and conditions contained herein are hereby ORDERED.

DONE and ORDERED this 30 day of May 2018.

David Altmaier, Commissioner
Office of Insurance Regulation

Page 11 of 13

Bartle 000122

By execution hereof WESTPORT HOLDINGS TAMPA, LIMITED PARTNERSHIP, consents to entry of this Consent Order, agrees without reservation to all of the above terms and conditions, and shall be bound by all provisions herein. The undersigned represents that he or she has the authority to bind WESTPORT HOLDINGS TAMPA, LIMITED PARTNERSHIP, to the terms and conditions of this Consent Order.

WESTPORT HOLDINGS TAMPA, LIMITED PARTNERSHIP

By: _____

Corporate Seal

Jeffrey W. Warren
Print or Type Name

Title: Liquidating Trustee

Date: May 18, 2018

STATE OF Florida

COUNTY OF Hillsborough

The foregoing instrument was acknowledged before me this 18th day of May 2018, by

Jeffrey W. Warren as Liquidating Trustee
(Name of person)                     (type of authority.... e.g. officer, trustee attorney in fact)

for Westport Holdings Tampa, Limited Partnership
(company name)

_____
(Signature of the Notary)

Maria Linares
(Print, Type or Stamp Commissioned Name of Notary)

Personally Known ✓ or Produced Identification N/A

Type of Identification Produced _____

My Commission Expires _____

Page 12 of 13

Bartle 000123

**COPIES FURNISHED TO:**

Jeffrey W. Warren, Esq.
Bush Ross, P.A.
Post Office Box 3913
Tampa, Florida 33601-3913
E-mail: jwarren@bushross.com

Adam Lawton Alpert, Esq.
Bush Ross, P.A.
Post Office Box 3913
Tampa, Florida 33601-3913
E-mail: aalpert@bushross.com

Scott A. Stichter, Esq.
Stichter Riedel Blain & Postler, P.A.
110 East Madison Street, Suite 200
Tampa, Florida 33602
E-mail: sstichter@srbp.com

Matthew B. Hale, Esq.
Stichter Riedel Blain & Postler, P.A.
110 East Madison Street, Suite 200
Tampa, Florida 33602
E-mail: mhale@srbp.com

David S. Jennis, Esq.
Jennis Law Firm
606 East Madison Street
Tampa, Florida 33602
E-mail: djennis@jennislaw.com

Shaw Stiller
Chief Assistant General Counsel
Florida Office of Insurance Regulation
Suite 645, Larson Building
200 East Gaines Street
Tallahassee, Florida 32399-4206
E-mail: shaw.stiller@floir.com

Page 13 of 13

Bartle 000124

# EXHIBIT B

Consent Order No. 236991-18-CO

Bartle 000125





**FILED**

DEC 2 0 2016

**OFFICE OF INSURANCE REGULATION**

DAVID ALTMAIER
Commissioner

IN THE MATTER OF:

WESTPORT HOLDINGS TAMPA, LIMITED
PARTNERSHIP

CASE NO.: 236991-16-CO

### AMENDED CONSENT ORDER

THIS CAUSE came on for consideration as the result of a request from WESTPORT HOLDINGS TAMPA, LIMITED PARTNERSHIP ("WESTPORT") to amend certain provisions of Consent Order 226858-16-CO. The FLORIDA OFFICE OF INSURANCE REGULATION ("OFFICE"), having considered the record in this case and being otherwise fully advised in the premises, finds as follows:

1.      The OFFICE has jurisdiction over WESTPORT and the subject matter of this proceeding.

2.      The OFFICE is an agency of the state of Florida and regulates insurers and other risk-bearing entities as provided in the Florida Insurance Code. Pursuant to Chapter 651, Florida Statutes, the OFFICE has the duty and authority to regulate providers of continuing care as specialty insurers.

3.      In 2000, WESTPORT was approved to hold a Certificate of Authority pursuant to Chapter 651, Florida Statutes, as the provider for the University Village continuing care retirement community ("CCRC"). The Certificate of Authority issued to WESTPORT has not been surrendered, suspended, or revoked.

Page 1 of 7

Bartle 000126

4.     Pursuant to an Amended and Restated Mediated Joint Plan of Liquidation approved by the Bankruptcy Court for the Middle District of Florida in Case No. 8:16-bk-08167-MGW, a Liquidating Trustee currently has the sole authority to operate and manage WESTPORT and to control its assets.

5.     The OFFICE and WESTPORT, by and through the Liquidating Trustee, previously conferred and entered into Consent Order 226858-18-CO, which established certain procedures and deadlines designed to help facilitate the sale of the University Village CCRC.

6.     The OFFICE and Liquidating Trustee have again conferred and agree that amending Consent Order 226858-18-CO as set forth herein is in their mutual best interests and will further the appropriate disposition of the University Village CCRC.

7.     The Liquidating Trustee has concluded, in a good faith exercise of his business judgment, that entering into this Amended Consent Order is desirable, necessary, and appropriate to the management, conservation, and protection of the assets of WESTPORT and the going concern value thereof.

8.     Paragraphs 24(o) and (p) of Consent Order 226858-18-CO are hereby amended as follows:

    o.     WESTPORT will not oppose a motion or other filing from the Department of Financial Services' Report and Supplemental Report in Response to the Court's Order of March 22, 2016, filed in Second Circuit Case No. 2015-CA-00385, including the Department's requesting that the court refrain from closing or dismissing that case and, instead, allow the case to remain open and in abeyance through December 31, 2020 March 31, 2019.

    p.     WESTPORT and the OFFICE shall file a Status Report with the Administrative Law Judge in DOAH Case No. 16-2601 requesting that the proceeding remain open and stayed through December 31, 2018.

Page 2 of 7

Bartle 000127

9. Paragraph 26 of Consent Order 226858-18-CO is amended as follows:

> If the OFFICE has not approved the acquisition of WESTPORT or its assets and issued a Certificate of Authority to new ownership for the University Village CCRC by ~~December 31, 2018~~ March 31, 2019, WESTPORT shall:

10. The OFFICE and WESTPORT agree that the only modifications to Consent Order 226858-18-CO in this Amended Consent Order are set forth in paragraphs 8 and 9 immediately above. All other terms and conditions of the Consent Order remain unchanged and in full force and effect.

11. WESTPORT and the OFFICE affirm that all representations made herein are true and that all requirements set forth herein are material to the issuance of this Amended Consent Order.

12. The deadlines set forth in this Amended Consent Order may be extended by written approval of the OFFICE. Approval of any deadline extension is subject to statutory or administrative regulation limitations. Additionally, the various reporting requirements and any other provision or requirement set forth in this Amended Consent Order may be altered or terminated by written approval of the OFFICE.

13. WESTPORT agrees that, upon execution of this Amended Consent Order, failure to adhere to one or more of the terms and conditions contained herein may result, without further proceedings, in the OFFICE suspending, revoking, or taking other administrative action as it deems appropriate upon WESTPORT's Certificate of Authority in this state in accordance with Sections 120.569(2)(n) and 120.60(6), Florida Statutes.

Bartle 000128

14.    WESTPORT additionally agrees that, upon execution of this Amended Consent Order, failure to adhere to one or more of the terms and conditions contained herein may be considered willful and subject WESTPORT to the appropriate penalties and fines.

15.    WESTPORT expressly waives a hearing in this matter, the making of findings of fact and conclusions of law by the OFFICE, and all further and other proceedings herein to which it may be entitled by law or rules of the OFFICE. WESTPORT hereby knowingly and voluntarily waives all rights to challenge or to contest this Amended Consent Order in any forum available to it, now or in the future, including the right to any administrative proceeding, state or federal court action, or any appeal.

16.    Except as noted above, each party to this action shall bear its own costs and attorney fees.

17.    The parties agree that this Amended Consent Order shall be deemed to be executed when the OFFICE has signed and docketed a copy of this Amended Consent Order bearing the signature of the authorized representative of WESTPORT, notwithstanding the fact that the copy may have been transmitted to the OFFICE electronically. Further, WESTPORT agrees that the signature of its authorized representative as affixed to this Amended Consent Order shall be under the seal of a Notary Public.

Bartle 000129

WHEREFORE, the agreement between WESTPORT HOLDINGS TAMPA, LIMITED PARTNERSHIP, and the FLORIDA OFFICE OF INSURANCE REGULATION, the terms and conditions of which are set forth above, is APPROVED.

FURTHER, all terms and conditions contained herein are hereby ORDERED.

DONE and ORDERED this 20 day of December 2018.

David Altmaier, Commissioner
Office of Insurance Regulation

Page 5 of 7

Bartle 000130

By execution hereof WESTPORT HOLDINGS TAMPA, LIMITED PARTNERSHIP, consents to entry of this Amended Consent Order, agrees without reservation to all of the above terms and conditions, and shall be bound by all provisions herein. The undersigned represents that he or she has the authority to bind WESTPORT HOLDINGS TAMPA, LIMITED PARTNERSHIP, to the terms and conditions of this Amended Consent Order.

WESTPORT HOLDINGS TAMPA, LIMITED PARTNERSHIP

By: _Jeffrey W Warren_

Print Name: _Jeffrey W. Warren_

Title: _Liquidating Trustee_

Date: _12/20/18_

STATE OF _Florida_

COUNTY OF _Hillsborough_ .

The foregoing instrument was acknowledged before me this _18th_ day of _Dec._ , 2018, by _Jeffrey W. Warren_ as _Liquidating Trustee_
(Name of person)                    (type of authority, e.g. officer, trustee attorney in fact)

for _Westport Holdings Tampa, LP_
(Company name)

_____
(Signature of the Notary)

_Maria R. Linares_
(Print, Type or Stamp Commissioned Name of Notary)

Personally Known ✓ or Produced Identification _____

Type of Identification Produced _____

My Commission Expires_____

Page 6 of 7

Bartle 000131

COPIES FURNISHED TO:

Jeffrey W. Warren, Esq.
Bush Ross, P.A.
Post Office Box 3913
Tampa, Florida 33601-3913
E-mail: jwarren@bushross.com

Adam Lawton Alpert, Esq.
Bush Ross, P.A.
Post Office Box 3913
Tampa, Florida 33601-3913
E-mail: aalpert@bushross.com

Scott A. Stichter, Esq.
Stichter Riedel Blain & Postler, P.A.
110 East Madison Street, Suite 200
Tampa, Florida 33602
E-mail: sstichter@srbp.com

Matthew B. Hale, Esq.
Stichter Riedel Blain & Postler, P.A.
110 East Madison Street, Suite 200
Tampa, Florida 33602
E-mail: mhale@srbp.com

David S. Jennis, Esq.
Jennis Law Firm
606 East Madison Street
Tampa, Florida 33602
E-mail: djennis@jennislaw.com

Shaw Stiller
Chief Assistant General Counsel
Florida Office of Insurance Regulation
200 East Gaines Street
Tallahassee, Florida 32399
E-mail: shaw.stiller@floir.com

Page 7 of 7

Bartle 000132

# EXHIBIT C

Consent Order No. 242822-19-CO

Bartle 000133





**FILED**

MAR 2 9 2019

OFFICE OF
Insurance Regulation
Docketed by: _S.F.B._

## OFFICE OF INSURANCE REGULATION

DAVID ALTMAIER
Commissioner

IN THE MATTER OF:

WESTPORT HOLDINGS TAMPA, LIMITED
PARTNERSHIP
_____/

CASE NO.: 242822-19-CO

### SECOND AMENDED CONSENT ORDER

THIS CAUSE came on for consideration as the result of a request from WESTPORT HOLDINGS TAMPA, LIMITED PARTNERSHIP ("WESTPORT"), to amend certain provisions of Consent Order 236991-19-CO. The FLORIDA OFFICE OF INSURANCE REGULATION ("OFFICE"), having considered the record in this case and being otherwise fully advised in the premises, finds as follows:

1.    The OFFICE has jurisdiction over the subject matter and of the parties herein.

2.    The OFFICE is an agency of the state of Florida and regulates insurers and other risk-bearing entities as provided in the Florida Insurance Code. Pursuant to Chapter 651, Florida Statutes, the OFFICE has the duty and authority to regulate providers of continuing care as specialty insurers.

3.    In 2000, WESTPORT was approved to hold a Certificate of Authority pursuant to Chapter 651, Florida Statutes, as the provider for the University Village continuing care retirement community ("CCRC"). The Certificate of Authority issued to WESPORT has not been surrendered, suspended, or revoked.

Page 1 of 8

Bartle 000134

4.    Pursuant to an Amended and Restated Mediated Joint Plan of Liquidation approved by the Bankruptcy Court for the Middle District of Florida in Case No. 8:16-bk-08167-MGW, a Liquidating Trustee currently has the sole authority to operate and manage WESTPORT and to control its assets.

5.    Pursuant to an Interim Order Granting Liquidating Trustee's Motion for Entry of an Order Authorizing (I) the Sale of the Assets of Debtors and WNT Free and Clear of All Liens, Claims, and Encumbrances, and (II) Authorizing the Assumption and Assignment of Contracts entered by the Bankruptcy Court for the Middle District of Florida in Case No. 8:16-bk-08167-MGW, subject to the prior approval of the OFFICE, the Liquidating Trustee currently has the authority to sell the assets of WESTPORT either with or without the assets of the Health Center.

6.    The OFFICE and WESTPORT, by and through the Liquidating Trustee, previously conferred and entered into Consent Order 226858-18-CO ("Original Consent Order"), which established certain procedures and deadlines designed to help facilitate the sale of the University Village CCRC. A true and correct copy of the Original Consent Order is attached hereto as Exhibit A.

7.    The OFFICE and WESTPORT, by and through the Liquidating Trustee, previously conferred and agreed that amending the Original Consent Order was in their mutual best interests and would further the appropriate disposition of the University Village CCRC. The parties' agreement was memorialized in Consent Order 236991-18 ("Amended Consent Order"), a true and correct copy of which is attached hereto as Exhibit B.

8.    The OFFICE and WESTPORT, by and through Liquidating Trustee, have again conferred and agree that amending the Original Consent Order, as previously amended by the

Bartle 000135

Amended Consent Order, is in their mutual best interests and will further the appropriate disposition of the University Village CCRC.

9. The Liquidating Trustee has concluded, in a good faith exercise of his business judgment, that entering into this Second Amended Consent Order is desirable, necessary, and appropriate to the management, conservation, and protection of the assets of WESTPORT and the going concern value thereof.

10. Paragraph 21 of the Original Consent Order is hereby amended as follows:

Upon the effective date of the Plan, all assets of WESTPORT become assets of the Liquidating Estate. Also, as of the effective date of the plan, the Liquidating Trustee has the sole authority to operate and manage WESTPORT and to control the assets of the Liquidating Estate. Further, the Liquidating Trustee will possess oversight authority of the Health Center. The broad scope of authority granted to the Liquidating Trustee is designed to facilitate the sale of a unified the University Village CCRC campus, including all assets of WESTPORT as well as the Health Center. The authority of the Liquidating Trustee is designed to be temporary and to expire when new ownership acquires the unified University Village CCRC and obtains regulatory approval from the OFFICE.

11. Paragraph 24.a. of the Original Consent Order is amended as follows:

The OFFICE recognizes that the Liquidating Trustee has the sole authority to operate and manage WESTPORT and the assets of the Liquidating Estate pursuant to Order of the Bankruptcy Court dated May 10, 2018, in Case No. 8:16-bk-08167MGM (Docket No. 1016). This authority is temporary and will expire (i) when new ownership acquires the unified University Village CCRC and its assets and obtains regulatory approval from the OFFICE or (ii) when a receiver is appointed as set forth below in paragraph 25.

12. Paragraphs 24.j. and 24.k. of the Original Consent Order are deleted in their entirety.

13. Paragraph 24.L of the Original Consent Order is amended as follows:

Page 3 of 8

Bartle 000136

The OFFICE will not enter or execute an Order or Consent Order approving the acquisition of WESTPORT or approving a Certificate of Authority for University Village absent ~~a contractual obligation, that is acceptable to the OFFICE and to confirmation from the Agency for Health Care Administration, that the skilled nursing facility and assisted living facility in the Health Center have been granted all necessary approvals from that agency~~ assisted living and skilled nursing services obligations under the existing continuing care contracts will be provided in skilled nursing facilities and assisted living facilities that are appropriately licensed by the Agency for Health Care Administration and are within an acceptable geographic proximity of the University Village CCRC campus.

14. Paragraph 24.o. of the Original Consent Order, as amended by Paragraph 8 of the Amended Consent Order, is amended as follows:

WESTPORT will not oppose a motion or other filing from the Department of Financial Services in Second Circuit Case No. 2015-CA-00585 requesting that the court refrain from closing or dismissing that case and, instead, allow the case to remain open and in abeyance through ~~March 31, 2019~~ June 28, 2019.

15. Paragraph 26 of the Original Consent Order, as amended by Paragraph 9 of the Amended Consent Order, is amended as follows:

If the OFFICE has not approved the acquisition of WESTPORT or its assets and issued a Certificate of Authority to new ownership for the University Village CCRC by ~~March 31, 2019~~ June 28, 2019, WESTPORT shall:

16. The OFFICE and WESTPORT agree that the only modifications to the Original Consent Order in this Second Amended Consent Order are set forth in paragraphs 10-15 immediately above. All other terms and conditions of the Original Consent Order, as amended by the Amended Consent Order, remain unchanged and in full force and effect.

17. WESTPORT and the OFFICE affirm that all representations made herein are true and that all requirements set forth herein are material to the issuance of this Second Amended Consent Order.

Page 4 of 8

Bartle 000137

18.     Any deadlines, reporting requirements, other provisions, or requirements set forth in this Second Amended Consent Order may be altered or terminated by written approval of the OFFICE. Such written approval by the OFFICE is subject to statutory or administrative regulation limitations.

19.     WESTPORT agrees that, upon execution of this Second Amended Consent Order, failure to adhere to one or more of the terms and conditions contained herein may result, without further proceedings, in the OFFICE suspending, revoking, or taking other administrative action as it deems appropriate upon WESTPORT's Certificate of Authority in this state in accordance with Sections 120.569(2)(n) and 120.60(6), Florida Statutes.

20.     WESTPORT additionally agrees that, upon execution of this Second Amended Consent Order, failure to adhere to one or more of the terms and conditions contained herein may be considered willful and subject WESTPORT to the appropriate penalties and fines.

21.     WESTPORT expressly waives a hearing in this matter, the making of findings of fact and conclusions of law by the OFFICE, and all further and other proceedings to which it may be entitled, either by law or by rules of the OFFICE. WESTPORT hereby knowingly and voluntarily waives all rights to challenge or to contest this Second Amended Consent Order in any forum now or in the future available to it, including the right to any administrative proceeding, state or federal court action, or any appeal.

22.     Each party to this action shall bear its own costs and attorneys' fees.

23.     WESTPORT agrees that this Second Amended Consent Order shall be deemed to be executed when the OFFICE has signed and docketed a copy of this Second Amended Consent Order bearing the signature of the authorized representative of WESTPORT, notwithstanding the fact that the copy may have been transmitted to the OFFICE electronically. Further, WESTPORT

Page 5 of 8

Bartle 000138

agrees that the signature of its authorized representative as affixed to this Second Amended Consent Order shall be under the seal of a Notary Public.

WHEREFORE, the agreement between WESTPORT HOLDINGS TAMPA, LIMITED PARTNERSHIP, and the FLORIDA OFFICE OF INSURANCE REGULATION, the terms and conditions of which are set forth above, is APPROVED.

FURTHER, all terms and conditions contained herein are hereby ORDERED.

DONE and ORDERED this **27** day of **March** 2019.



David Altmaier, Commissioner
Office of Insurance Regulation

Bartle 000139

By execution hereof WESTPORT HOLDINGS TAMPA, LIMITED PARTNERSHIP, consents to entry of this Amended Consent Order, agrees without reservation to all of the above terms and conditions, and shall be bound by all provisions herein. The undersigned represents that he or she has the authority to bind WESTPORT HOLDINGS TAMPA, LIMITED PARTNERSHIP, to the terms and conditions of this Amended Consent Order.

WESTPORT HOLDINGS TAMPA, LIMITED PARTNERSHIP

Corporate Seal

By: _Jeffrey W. Warren_

_Jeffrey W. Warren_
Print or Type Name

Title: _Liquidating Trustee_

Date: _March 28, 2019_

STATE OF _Florida_

COUNTY OF _Hillsborough_

The foregoing instrument was acknowledged before me this _28_ day of _March_ 2019, by _Jeffrey W. Warren_ as _Liquidating Trustee_
(Name of person)    (type of authority... e.g. officer, trustee attorney in fact)

for _Westport Holdings Tampa LP_
(company name)

_____
(Signature of the Notary)

_Maria G. Linares_
(Print, Type or Stamp Commissioned Name of Notary)

Personally Known ____✓____ or Produced Identification _____

Type of Identification Produced _____

My Commission Expires _____

Bartle 000140

COPIES FURNISHED TO:

Jeffrey W. Warren, Esq.
Bush Ross, P.A.
Post Office Box 3913
Tampa, Florida 33601-3913
E-mail: jwarren@bushross.com

Adam Lawton Alpert, Esq.
Bush Ross, P.A.
Post Office Box 3913
Tampa, Florida 33601-3913
E-mail: aalpert@bushross.com

Scott A. Stichter, Esq.
Stichter Riedel Blain & Postler, P.A.
110 East Madison Street, Suite 200
Tampa, Florida 33602
E-mail: astichter@srbp.com

Matthew B. Hale, Esq.
Stichter Riedel Blain & Postler, P.A.
110 East Madison Street, Suite 200
Tampa, Florida 33602
E-mail: mhale@srbp.com

David S. Jennis, Esq.
Jennis Law Firm
606 East Madison Street
Tampa, Florida 33602
E-mail: djennis@jennislaw.com

Shaw Stiller
Chief Legal Counsel, Litigation Section
Legal Services
Florida Office of Insurance Regulation
Suite 645, Larson Building
200 East Gaines Street
Tallahassee, Florida 32399-4206
E-mail: shaw.stiller@floir.com

Bartle 000141

# EXHIBIT D

Consent Order No. 247198-19-CO

Bartle 000142



FILED

JUN 28 2019

OFFICE OF
INSURANCE REGULATION



## OFFICE OF INSURANCE REGULATION

DAVID ALTMAIER
Commissioner

IN THE MATTER OF:

WESTPORT HOLDINGS TAMPA, LIMITED
PARTNERSHIP                                    CASE NO.: 247198-19-CO

_____/

### THIRD AMENDED CONSENT ORDER

THIS CAUSE came on for consideration as the result of a request from WESTPORT HOLDINGS TAMPA, LIMITED PARTNERSHIP ("WESTPORT"), to amend certain provisions of Consent Order 242822-19-CO. The FLORIDA OFFICE OF INSURANCE REGULATION ("OFFICE"), having considered the record in this case and being otherwise fully advised in the premises, finds as follows:

1.    The OFFICE has jurisdiction over the subject matter and of the parties herein.

2.    The OFFICE is an agency of the state of Florida and regulates insurers and other risk-bearing entities as provided in the Florida Insurance Code. Pursuant to Chapter 651, Florida Statutes, the OFFICE has the duty and authority to regulate providers of continuing care as specialty insurers.

3.    In 2000, WESTPORT was approved to hold a Certificate of Authority pursuant to Chapter 651, Florida Statutes, as the provider for the University Village continuing care retirement community ("CCRC"). The Certificate of Authority issued to WESTPORT has not been surrendered, suspended, or revoked.

Page 1 of 7

Bartle 000143

4. Pursuant to an Amended and Restated Mediated Joint Plan of Liquidation approved by the Bankruptcy Court for the Middle District of Florida in Case No. 8:16-bk-08167-MGW, a Liquidating Trustee currently has the sole authority to operate and manage WESTPORT and to control its assets.

5. Pursuant to an Interim Order Granting Liquidating Trustee's Motion for Entry of an Order Authorizing (I) the Sale of the Assets of Debtors and WNT Free and Clear of All Liens, Claims, and Encumbrances, and (II) Authorizing the Assumption and Assignment of Contracts entered by the Bankruptcy Court for the Middle District of Florida in Case No. 8:16-bk-08167-MGW, subject to the prior approval of the OFFICE, the Liquidating Trustee currently has the authority to sell the assets of WESTPORT either with or without the assets of the Health Center.

6. The OFFICE and WESTPORT, by and through the Liquidating Trustee, previously conferred and entered into Consent Order 226858-18-CO ("Original Consent Order"), which established certain procedures and deadlines designed to help facilitate the sale of the University Village CCRC. A true and correct copy of the Original Consent Order is attached hereto as Exhibit A.

7. The OFFICE and WESTPORT, by and through the Liquidating Trustee, previously conferred and agreed that amending the Original Consent Order was in their mutual best interests and would further the appropriate disposition of the University Village CCRC. The parties' agreement was memorialized in Consent Order 236991-18 ("Amended Consent Order"), a true and correct copy of which is attached hereto as Exhibit B.

8. The OFFICE and WESTPORT, by and through the Liquidating Trustee, again conferred and agreed that amending the Amended Consent Order was in their mutual best interests and would further the appropriate disposition of the University Village CCRC. The parties'

Bartle 000144

agreement was memorialized in Consent Order 242822-19 ("Second Amended Consent Order"), a true and correct copy of which is attached hereto as Exhibit C.

9.    The OFFICE and WESTPORT, by and through Liquidating Trustee, have again conferred and agree that amending the Original Consent Order, as previously amended by the Amended and Second Amended Consent Orders, is in their mutual best interests and will further the appropriate disposition of the University Village CCRC.

10.    The Liquidating Trustee has concluded, in a good faith exercise of his business judgment, that entering into this Third Amended Consent Order is desirable, necessary, and appropriate to the management, conservation, and protection of the assets of WESTPORT and the going concern value thereof.

11.    Paragraph 24.a. of the Original Consent Order, as amended by Paragraph 8 of the Amended Consent Order and Paragraph 14 of the Second Amended Consent Order, is amended as follows:

> WESTPORT will not oppose a motion or other filing from the Department of Financial Services in Second Circuit Case No. 2015-CA-00585 requesting that the court refrain from closing or dismissing that case and, instead, allow the case to remain open and in abeyance through June 28, 2019 October 31, 2019.

12.    Paragraph 26 of the Original Consent Order, as amended by Paragraph 9 of the Amended Consent Order and Paragraph 15 of the Second Amended Consent Order, is amended as follows:

> If the OFFICE has not approved the acquisition of WESTPORT or its assets and issued a Certificate of Authority to new ownership for the University Village CCRC by June 28, 2019 October 31, 2019, WESTPORT shall:

13.    The OFFICE and WESTPORT agree that the only modifications to the Original Consent Order and the Second Amended Consent Order in this Third Amended Consent Order are

Page 3 of 7

Bartle 000145

set forth in paragraphs 11-12 immediately above. All other terms and conditions of the Original Consent Order, as amended by the Amended and Second Amended Consent Orders, remain unchanged and in full force and effect.

14.    WESTPORT and the OFFICE affirm that all representations made herein are true and that all requirements set forth herein are material to the issuance of this Third Amended Consent Order.

15.    Any deadlines, reporting requirements, other provisions, or requirements set forth in this Third Amended Consent Order may be altered or terminated by written approval of the OFFICE. Such written approval by the OFFICE is subject to statutory or administrative regulation limitations.

16.    WESTPORT agrees that, upon execution of this Third Amended Consent Order, failure to adhere to one or more of the terms and conditions contained herein may result, without further proceedings, in the OFFICE suspending, revoking, or taking other administrative action as it deems appropriate upon WESTPORT's Certificate of Authority in this state in accordance with Sections 120.569(2)(n) and 120.60(6), Florida Statutes.

17.    WESTPORT additionally agrees that, upon execution of this Third Amended Consent Order, failure to adhere to one or more of the terms and conditions contained herein may be considered willful and subject WESTPORT to the appropriate penalties and fines.

18.    WESTPORT expressly waives a hearing in this matter, the making of findings of fact and conclusions of law by the OFFICE, and all further and other proceedings to which it may be entitled, either by law or by rules of the OFFICE. WESTPORT hereby knowingly and voluntarily waives all rights to challenge or to contest this Third Amended Consent Order in any

Bartle 000146

forum now or in the future available to it, including the right to any administrative proceeding, state or federal court action, or any appeal.

19.    Each party to this action shall bear its own costs and attorneys' fees.

20.    WESTPORT agrees that this Third Amended Consent Order shall be deemed to be executed when the OFFICE has signed and docketed a copy of this Third Amended Consent Order bearing the signature of the authorized representative of WESTPORT, notwithstanding the fact that the copy may have been transmitted to the OFFICE electronically.  Further, WESTPORT agrees that the signature of its authorized representative as affixed to this Third Amended Consent Order shall be under the seal of a Notary Public.

WHEREFORE, the agreement between WESTPORT HOLDINGS TAMPA, LIMITED PARTNERSHIP, and the FLORIDA OFFICE OF INSURANCE REGULATION, the terms and conditions of which are set forth above, is APPROVED.

FURTHER, all terms and conditions contained herein are hereby ORDERED.

DONE and ORDERED this ____ day of _____ 2015.



David Altmaier, Commissioner
Office of Insurance Regulation

Page 5 of 7

Bartle 000147

By execution hereof WESTPORT HOLDINGS TAMPA, LIMITED PARTNERSHIP, consents to entry of this Third Amended Consent Order, agrees without reservation to all of the above terms and conditions, and shall be bound by all provisions herein. The undersigned represents that he or she has the authority to bind WESTPORT HOLDINGS TAMPA, LIMITED PARTNERSHIP, to the terms and conditions of this Third Amended Consent Order.

WESPORT HOLDINGS TAMPA, LIMITED PARTNERSHIP

Corporate Seal

By: _Jeffrey W. Warren_

_Jeffrey W. Warren_
Print or Type Name

Title: _Liquidating Trustee_

Date: _11/24/19_

STATE OF _Florida_

COUNTY OF _Hillsborough_

The foregoing instrument was acknowledged before me this 20th day of _June_ 2019, by

_Jeffrey W. Warren_ as _Liquidating Trustee_
(Name of person)                  (type of authority.... e.g. officer, trustee attorney in fact)

for _Westport_
(company name)

_(Signature of the Notary)_

_Maria G. Linares_
(Print, Type or Stamp Commissioned Name of Notary)

Personally Known ✓ or Produced Identification _____

Type of Identification Produced _____

My Commission Expires _____

Page 6 of 7

Bartle 000148

COPIES FURNISHED TO:

Jeffrey W. Warren, Esq.
Bush Ross, P.A.
Post Office Box 3913
Tampa, Florida 33601-3913
E-mail: jwarren@bushross.com

Adam Lawton Alpert, Esq.
Bush Ross, P.A.
Post Office Box 3913
Tampa, Florida 33601-3913
E-mail: aalpert@bushross.com

Scott A. Stichter, Esq.
Stichter Riedel Blain & Postler, P.A.
110 East Madison Street, Suite 200
Tampa, Florida 33602
E-mail: sstichter@srbp.com

Matthew B. Hale, Esq.
Stichter Riedel Blain & Postler, P.A.
110 East Madison Street, Suite 200
Tampa, Florida 33602
E-mail: mhale@srbp.com

David S. Jennis, Esq.
Jennis Law Firm
606 East Madison Street
Tampa, Florida 33602
E-mail: djennis@jennislaw.com

Shaw Stiller
Chief Legal Counsel, Litigation Section
Legal Services
Florida Office of Insurance Regulation
Suite 645, Larson Building
200 East Gaines Street
Tallahassee, Florida 32399-4206
E-mail: shaw.stiller@floir.com

Page 7 of 7

Bartle 000149

# EXHIBIT E

Consent Order No. 253974-19-CO

Bartle 000150

 

**FILED**

OCT 3 0 2019

OFFICE OF
INSURANCE REGULATION
Docketed by: _____

### OFFICE OF INSURANCE REGULATION

DAVID ALTMAIER
COMMISSIONER

IN THE MATTER OF:

WESTPORT HOLDINGS TAMPA, LIMITED
PARTNERSHIP

CASE NO.: 253974-19-CO

_____/

### FOURTH AMENDED CONSENT ORDER

THIS CAUSE came on for consideration as the result of a request from WESTPORT HOLDINGS TAMPA, LIMITED PARTNERSHIP ("WESTPORT"), to amend certain provisions of Consent Order 242822-19-CO. The FLORIDA OFFICE OF INSURANCE REGULATION ("OFFICE"), having considered the record in this case and being otherwise fully advised in the premises, finds as follows:

1. The OFFICE has jurisdiction over the subject matter and of the parties herein.

2. The OFFICE is an agency of the state of Florida and regulates insurers and other risk-bearing entities as provided in the Florida Insurance Code. Pursuant to Chapter 651, Florida Statutes, the OFFICE has the duty and authority to regulate providers of continuing care as specialty insurers.

3. In 2000, WESTPORT was approved to hold a Certificate of Authority pursuant to Chapter 651, Florida Statutes, as the provider for the University Village continuing care retirement community ("CCRC"). The Certificate of Authority issued to WESPORT has not been surrendered, suspended, or revoked.

Page 1 of 8

Bartle 000151

4.      Pursuant to an Amended and Restated Mediated Joint Plan of Liquidation approved by the Bankruptcy Court for the Middle District of Florida in Case No. 8:16-bk-08167-MGW, a Liquidating Trustee currently has the sole authority to operate and manage WESTPORT and to control its assets.

5.      Pursuant to an Interim Order Granting Liquidating Trustee's Motion for Entry of an Order Authorizing (I) the Sale of the Assets of Debtors and WNT Free and Clear of All Liens, Claims, and Encumbrances, and  (II) Authorizing the Assumption and Assignment of Contracts entered by the Bankruptcy Court for the Middle District of Florida in Case No. 8:16-bk-08167-MGW, subject to the prior approval of the OFFICE, the Liquidating Trustee currently has the authority to sell the assets of WESTPORT either with or without the assets of the Health Center.

6.      The OFFICE and WESTPORT, by and through the Liquidating Trustee, previously conferred and entered into Consent Order 226858-18-CO ("Original Consent Order"), which established certain procedures and deadlines designed to help facilitate the sale of the University Village CCRC. A true and correct copy of the Original Consent Order is attached hereto as Exhibit A.

7.      The OFFICE and WESTPORT, by and through the Liquidating Trustee, previously conferred and agreed that amending the Original Consent Order was in their mutual best interests and would further the appropriate disposition of the University Village CCRC. The parties' agreement was memorialized in Consent Order 236991-18 ("Amended Consent Order"), a true and correct copy of which is attached hereto as Exhibit B.

8.      The OFFICE and WESTPORT, by and through the Liquidating Trustee, again conferred and agreed that amending the Amended Consent Order was in their mutual best interests and would further the appropriate disposition of the University Village CCRC. The parties'

Bartle 000152

agreement was memorialized in Consent Order 242822-19 ("Second Amended Consent Order"), a true and correct copy of which is attached hereto as Exhibit C.

9.    The OFFICE and WESTPORT, by and through the Liquidating Trustee, again conferred and agreed that amending the Second Amended Consent Order was in their mutual best interests and would further the appropriate disposition of the University Village CCRC. The parties' agreement was memorialized in Consent Order 242822-19 ("Third Amended Consent Order"), a true and correct copy of which is attached hereto as Exhibit D.

10.    The OFFICE and WESTPORT, by and through Liquidating Trustee, have again conferred and agree that amending the Original Consent Order, as previously amended by the Amended, Second Amended, and Third Amended Consent Orders, is in their mutual best interests and will further the appropriate disposition of the University Village CCRC.

11.    The Liquidating Trustee has concluded, in a good faith exercise of his business judgment, that entering into this Fourth Amended Consent Order is desirable, necessary, and appropriate to the management, conservation, and protection of the assets of WESTPORT and the going concern value thereof.

12.    Paragraph 24.o. of the Original Consent Order, as amended by Paragraph 8 of the Amended Consent Order, Paragraph 14 of the Second Amended Consent Order, and Paragraph 14 of the Third Amended Consent Order, is replaced with the following:

> WESTPORT will not oppose a motion or other filing from the Department of Financial Services in Second Circuit Case No. 2015-CA-00585 requesting that the court refrain from closing or dismissing that case and, instead, allow the case to remain open and in abeyance through December 16, 2019.

Bartle 000153

13. Paragraph 26 of the Original Consent Order, as amended by Paragraph 9 of the Amended Consent Order, Paragraph 15 of the Second Amended Consent Order, and Paragraph 15 of the Third Amended Consent Order, is replaced with the following:

> If the OFFICE has not approved the acquisition of WESTPORT or its assets and issued a Certificate of Authority to new ownership for the University Village CCRC by December 16, 2019, WESTPORT shall:

14. The OFFICE and WESTPORT agree that the only modifications to the Original Consent Order, Amended Consent Order ,the Second Amended Consent Order, and the Third Amended Consent Order in this Fourth Amended Consent Order are set forth in paragraphs 12-13 immediately above. All other terms and conditions of the Original Consent Order, as amended by the Amended, Second Amended, and Third Amended Consent Orders, remain unchanged and in full force and effect.

15. WESTPORT and the OFFICE affirm that all representations made herein are true and that all requirements set forth herein are material to the issuance of this Fourth Amended Consent Order.

16. Any deadlines, reporting requirements, other provisions, or requirements set forth in this Fourth Amended Consent Order may be altered or terminated by written approval of the OFFICE. Such written approval by the OFFICE is subject to statutory or administrative regulation limitations.

17. WESTPORT agrees that, upon execution of this Fourth Amended Consent Order, failure to adhere to one or more of the terms and conditions contained herein may result, without further proceedings, in the OFFICE suspending, revoking, or taking other administrative action as it deems appropriate upon WESTPORT's Certificate of Authority in this state in accordance with Sections 120.569(2)(n) and 120.60(6), Florida Statutes.

Page 4 of 8

Bartle 000154

18. WESTPORT additionally agrees that, upon execution of this Fourth Amended Consent Order, failure to adhere to one or more of the terms and conditions contained herein may be considered willful and subject WESTPORT to the appropriate penalties and fines.

19. WESTPORT expressly waives a hearing in this matter, the making of findings of fact and conclusions of law by the OFFICE, and all further and other proceedings to which it may be entitled, either by law or by rules of the OFFICE. WESTPORT hereby knowingly and voluntarily waives all rights to challenge or to contest this Fourth Amended Consent Order in any forum now or in the future available to it, including the right to any administrative proceeding, state or federal court action, or any appeal.

20. Each party to this action shall bear its own costs and attorneys' fees.

21. WESTPORT agrees that this Fourth Amended Consent Order shall be deemed to be executed when the OFFICE has signed and docketed a copy of this Fourth Amended Consent Order bearing the signature of the authorized representative of WESTPORT, notwithstanding the fact that the copy may have been transmitted to the OFFICE electronically. Further, WESTPORT agrees that the signature of its authorized representative as affixed to this Fourth Amended Consent Order shall be under the seal of a Notary Public.

Page 5 of 8

Bartle 000155

WHEREFORE, the agreement between WESTPORT HOLDINGS TAMPA, LIMITED PARTNERSHIP, and the FLORIDA OFFICE OF INSURANCE REGULATION, the terms and conditions of which are set forth above, is APPROVED.

FURTHER, all terms and conditions contained herein are hereby ORDERED.

DONE and ORDERED this **30** day of **October** 2019.

David Altmaier, Commissioner
Office of Insurance Regulation

Bartle 000156

By execution hereof WESTPORT HOLDINGS TAMPA, LIMITED PARTNERSHIP, consents to entry of this Fourth Amended Consent Order, agrees without reservation to all of the above terms and conditions, and shall be bound by all provisions herein. The undersigned represents that he or she has the authority to bind WESTPORT HOLDINGS TAMPA, LIMITED PARTNERSHIP, to the terms and conditions of this Fourth Amended Consent Order.

WESTPORT HOLDINGS TAMPA, LIMITED PARTNERSHIP

By: _____

Corporate Seal

Jeffrey W. Warren
Print or Type Name

Title: Liquidating Trustee

Date: October 29, 2019

STATE OF FLORIDA

COUNTY OF HILLSBOROUGH

The foregoing instrument was acknowledged before me this 29th day of October 2019, by Jeffrey W. Warren, as Liquidating Trustee for Westport Holdings Tampa, L.P.

_____
(Signature of the Notary)

_____
(Print, Type or Stamp Commissioned Name of Notary)

Personally Known ✓ or Produced Identification _____

Type of Identification Produced _____

My Commission Expires _____

Page 7 of 8

Bartle 000157

COPIES FURNISHED TO:

Jeffrey W. Warren, Esq.
Bush Ross, P.A.
Post Office Box 3913
Tampa, Florida 33601-3913
E-mail: jwarren@bushross.com

Adam Lawton Alpert, Esq.
Bush Ross, P.A.
Post Office Box 3913
Tampa, Florida 33601-3913
E-mail: aalpert@bushross.com

Scott A. Stichter, Esq.
Stichter Riedel Blain & Postler, P.A.
110 East Madison Street, Suite 200
Tampa, Florida 33602
E-mail: sstichter@srbp.com

Matthew B. Hale, Esq.
Stichter Riedel Blain & Postler, P.A.
110 East Madison Street, Suite 200
Tampa, Florida 33602
E-mail: mhale@srbp.com

David S. Jennis, Esq.
Jennis Law Firm
606 East Madison Street
Tampa, Florida 33602
E-mail: djennis@jennislaw.com

Shaw Stiller
Chief Legal Counsel, Litigation Section
Legal Services
Florida Office of Insurance Regulation
Suite 645, Larson Building
200 East Gaines Street
Tallahassee, Florida 32399-4206
E-mail: shaw.stiller@floir.com

Page 8 of 8

Bartle 000158

# EXHIBIT F
Consent Order No.: 256188-19

Bartle 000159



**FILED**

DEC 1 2 2019

OFFICE OF
INSURANCE REGULATION
Docketed by:_____



## OFFICE OF INSURANCE REGULATION

**DAVID ALTMAIER**
COMMISSIONER

IN THE MATTER OF:

WESTPORT HOLDINGS TAMPA, LIMITED
PARTNERSHIP                                CASE NO.: 256188-19-CO

_____/

### FIFTH AMENDED CONSENT ORDER

THIS CAUSE came on for consideration as the result of a request from WESTPORT HOLDINGS TAMPA, LIMITED PARTNERSHIP ("WESTPORT"), to amend certain provisions of Consent Order 253974  -19-CO. The FLORIDA OFFICE OF INSURANCE REGULATION ("OFFICE"), having considered the record in this case and being otherwise fully advised in the premises, finds as follows:

1.    The OFFICE has jurisdiction over the subject matter and of the parties herein.

2.    The OFFICE is an agency of the state of Florida and regulates insurers and other risk-bearing entities as provided in the Florida Insurance Code. Pursuant to Chapter 651, Florida Statutes, the OFFICE has the duty and authority to regulate providers of continuing care as specialty insurers.

3.    In 2000, WESTPORT was approved to hold a Certificate of Authority pursuant to Chapter 651, Florida Statutes, as the provider for the University Village continuing care retirement community ("CCRC"). The Certificate of Authority issued to WESPORT has not been surrendered, suspended, or revoked.

Page 1 of 8

Bartle 000160

4.    Pursuant to an Amended and Restated Mediated Joint Plan of Liquidation approved by the Bankruptcy Court for the Middle District of Florida in Case No. 8:16-bk-08167-MGW, a Liquidating Trustee currently has the sole authority to operate and manage WESTPORT and to control its assets.

5.    Pursuant to an Interim Order Granting Liquidating Trustee's Motion for Entry of an Order Authorizing (I) the Sale of the Assets of Debtors and WNT Free and Clear of All Liens, Claims, and Encumbrances, and  (II) Authorizing the Assumption and Assignment of Contracts entered by the Bankruptcy Court for the Middle District of Florida in Case No. 8:16-bk-08167-MGW, subject to the prior approval of the OFFICE, the Liquidating Trustee currently has the authority to sell the assets of WESTPORT either with or without the assets of the Health Center.

6.    The OFFICE and WESTPORT, by and through the Liquidating Trustee, previously conferred and entered into Consent Order 226858-18-CO ("Original Consent Order"), which established certain procedures and deadlines designed to help facilitate the sale of the University Village CCRC. A true and correct copy of the Original Consent Order is attached hereto as Exhibit A.

7.    The OFFICE and WESTPORT, by and through the Liquidating Trustee, previously conferred and agreed that amending the Original Consent Order was in their mutual best interests and would further the appropriate disposition of the University Village CCRC. The parties' agreement was memorialized in Consent Order 236991-18 ("Amended Consent Order"), a true and correct copy of which is attached hereto as Exhibit B.

8.    The OFFICE and WESTPORT, by and through the Liquidating Trustee, again conferred and agreed that amending the Amended Consent Order was in their mutual best interests and would further the appropriate disposition of the University Village CCRC. The parties'

Bartle 000161

agreement was memorialized in Consent Order 242822-19 ("Second Amended Consent Order"), a true and correct copy of which is attached hereto as Exhibit C.

9.      The OFFICE and WESTPORT, by and through the Liquidating Trustee, again conferred and agreed that amending the Second Amended Consent Order was in their mutual best interests and would further the appropriate disposition of the University Village CCRC. The parties' agreement was memorialized in Consent Order 247198-19 ("Third Amended Consent Order"), a true and correct copy of which is attached hereto as Exhibit D.

10.     The OFFICE and WESTPORT, by and through the Liquidating Trustee, again conferred and agreed that amending the Third Amended Consent Order was in their mutual best interests and would further the appropriate disposition of the University Village CCRC. The parties' agreement was memorialized in Consent Order 253974-19 ("Fourth Amended Consent Order"), a true and correct copy of which is attached hereto as Exhibit E.

11.     The OFFICE and WESTPORT, by and through Liquidating Trustee, have again conferred and agree that amending the Original Consent Order, as previously amended by the Amended, Second Amended, Third Amended, and Fourth Amended Consent Orders, is in their mutual best interests and will further the appropriate disposition of the University Village CCRC.

12.     The Liquidating Trustee has concluded, in a good faith exercise of his business judgment, that entering into this Fifth Amended Consent Order is desirable, necessary, and appropriate to the management, conservation, and protection of the assets of WESTPORT and the going concern value thereof.

13.     Paragraph 24.o. of the Original Consent Order, as amended by Paragraph 8 of the Amended Consent Order, Paragraph 14 of the Second Amended Consent Order, Paragraph 14 of

Bartle 000162

the Third Amended Consent Order, and Paragraph 12 of the Fourth Amended Consent Order is replaced with the following:

> WESTPORT will not oppose a motion or other filing from the Department of Financial Services in Second Circuit Case No. 2015-CA-00585 requesting that the court refrain from closing or dismissing that case and, instead, allow the case to remain open and in abeyance through February 28, 2020.

14.    Paragraph 26 of the Original Consent Order, as amended by Paragraph 9 of the Amended Consent Order, Paragraph 15 of the Second Amended Consent Order, Paragraph 15 of the Third Amended Consent Order, and Paragraph 13 of the Fourth Amended Consent Order is replaced with the following:

> If the OFFICE has not approved the acquisition of WESTPORT or its assets and issued a Certificate of Authority to new ownership for the University Village CCRC by February 28, 2020, WESTPORT shall:

15.    The OFFICE and WESTPORT agree that the only modifications to the Original Consent Order, Amended Consent Order, the Second Amended Consent Order, the Third Amended Consent Order, and the Fourth Amended Consent Order in this Fifth Amended Consent Order are set forth in paragraphs 13-14 immediately above. All other terms and conditions of the Original Consent Order, as amended by the Amended, Second Amended, Third Amended Consent Orders, and the Fourth Amended Consent Order remain unchanged and in full force and effect.

16.    WESTPORT and the OFFICE affirm that all representations made herein are true and that all requirements set forth herein are material to the issuance of this Fifth Amended Consent Order.

17.    Any deadlines, reporting requirements, other provisions, or requirements set forth in this Fifth Amended Consent Order may be altered or terminated by written approval of the

Bartle 000163

OFFICE. Such written approval by the OFFICE is subject to statutory or administrative regulation limitations.

18.    WESTPORT agrees that, upon execution of this Fifth Amended Consent Order, failure to adhere to one or more of the terms and conditions contained herein may result, without further proceedings, in the OFFICE suspending, revoking, or taking other administrative action as it deems appropriate upon WESTPORT's Certificate of Authority in this state in accordance with Sections 120.569(2)(n) and 120.60(6), Florida Statutes.

19.    WESTPORT additionally agrees that, upon execution of this Fifth Amended Consent Order, failure to adhere to one or more of the terms and conditions contained herein may be considered willful and subject WESTPORT to the appropriate penalties and fines.

20.    WESTPORT expressly waives a hearing in this matter, the making of findings of fact and conclusions of law by the OFFICE, and all further and other proceedings to which it may be entitled, either by law or by rules of the OFFICE. WESTPORT hereby knowingly and voluntarily waives all rights to challenge or to contest this Fifth Amended Consent Order in any forum now or in the future available to it, including the right to any administrative proceeding, state or federal court action, or any appeal.

21.    Each party to this action shall bear its own costs and attorneys' fees.

22.    WESTPORT agrees that this Fifth Amended Consent Order shall be deemed to be executed when the OFFICE has signed and docketed a copy of this Fifth Amended Consent Order bearing the signature of the authorized representative of WESTPORT, notwithstanding the fact that the copy may have been transmitted to the OFFICE electronically. Further, WESTPORT agrees that the signature of its authorized representative as affixed to this Fifth Amended Consent Order shall be under the seal of a Notary Public.

Bartle 000164

WHEREFORE, the agreement between WESTPORT HOLDINGS TAMPA, LIMITED PARTNERSHIP, and the FLORIDA OFFICE OF INSURANCE REGULATION, the terms and conditions of which are set forth above, is APPROVED.

FURTHER, all terms and conditions contained herein are hereby ORDERED.

DONE and ORDERED this 12 day of December 2019.

David Altmaier, Commissioner
Office of Insurance Regulation

Page 6 of 8

Bartle 000165

By execution hereof WESTPORT HOLDINGS TAMPA, LIMITED PARTNERSHIP, consents to entry of this Fifth Amended Consent Order, agrees without reservation to all of the above terms and conditions, and shall be bound by all provisions herein. The undersigned represents that he or she has the authority to bind WESTPORT HOLDINGS TAMPA, LIMITED PARTNERSHIP, to the terms and conditions of this Fifth Amended Consent Order.

WESTPORT HOLDINGS TAMPA, LIMITED PARTNERSHIP

Corporate Seal

By: _Joffry W. Warren_

_Jeffrey W. Warren_
Print or Type Name

Title: _Liquidating Trustee_

Date: _December 9, 2019_

STATE OF _Florida_

COUNTY OF _Hillsborough_.

The foregoing instrument was acknowledged before me this _9th_ day of _Dec._ 2019, by

_Jeffery W. Warren_ as _Liquidating Trustee_
(Name of person)                        (type of authority.... e.g. officer, trustee attorney in fact)

for _Westport Holdings Tampa, LP_
(company name)

_(Signature of the Notary)_

_Maria G. Linares_
(Print, Type or Stamp Commissioned Name of Notary)

Personally Known _L_ or Produced Identification ___

Type of Identification Produced ___

My Commission Expires ___

Page 7 of 8

Bartle 000166

**COPIES FURNISHED TO:**

Jeffrey W. Warren, Esq.
Bush Ross, P.A.
Post Office Box 3913
Tampa, Florida 33601-3913
E-mail: jwarren@bushross.com

Adam Lawton Alpert, Esq.
Bush Ross, P.A.
Post Office Box 3913
Tampa, Florida 33601-3913
E-mail: aalpert@bushross.com

Scott A. Stichter, Esq.
Stichter Riedel Blain & Postler, P.A.
110 East Madison Street, Suite 200
Tampa, Florida 33602
E-mail: sstichter@srbp.com

Matthew B. Hale, Esq.
Stichter Riedel Blain & Postler, P.A.
110 East Madison Street, Suite 200
Tampa, Florida 33602
E-mail: mhale@srbp.com

David S. Jennis, Esq.
Jennis Law Firm
606 East Madison Street
Tampa, Florida 33602
E-mail: djennis@jennislaw.com

Shaw Stiller
Chief Legal Counsel, Litigation Section
Legal Services
Florida Office of Insurance Regulation
Suite 645, Larson Building
200 East Gaines Street
Tallahassee, Florida 32399-4206
E-mail: shaw.stiller@floir.com

Bartle 000167

# EXHIBIT G

Consent Order No. 260416-20-CO

Bartle 000168



**FILED**

FEB 2 8 2020

INSURANCE REGULATION
Docketed by: _____

## OFFICE OF INSURANCE REGULATION

**DAVID ALTMAIER**
COMMISSIONER

IN THE MATTER OF:

WESTPORT HOLDINGS TAMPA, LIMITED
PARTNERSHIP                                        CASE NO.: 260416-20-CO
_____/

### SIXTH AMENDED CONSENT ORDER

THIS CAUSE came on for consideration as the result of a request from WESTPORT HOLDINGS TAMPA, LIMITED PARTNERSHIP ("WESTPORT"), to amend certain provisions of Consent Order 256188-19-CO. The FLORIDA OFFICE OF INSURANCE REGULATION ("OFFICE"), having considered the entire record in this case, and being otherwise fully advised in the premises, hereby finds as follows:

1.      The OFFICE has jurisdiction over the subject matter and the parties herein.

2.      The OFFICE is an agency of the state of Florida and regulates insurers and other risk-bearing entities as provided in the Florida Insurance Code. Pursuant to Chapter 651, Florida Statutes, the OFFICE has the duty and authority to regulate providers of continuing care as specialty insurers.

3.      In 2000, WESTPORT was approved to hold a Certificate of Authority pursuant to Chapter 651, Florida Statutes, as the provider for the University Village continuing care retirement community ("CCRC"). The Certificate of Authority issued to WESPORT has not been surrendered, suspended, or revoked.

Page 1 of 8

Bartle 000169

4. Pursuant to a Second Amended and Restated Joint Plan of Liquidation Under Chapter 11 of the United States Bankruptcy Code approved by the Bankruptcy Court for the Middle District of Florida in Case No. 8:16-bk-08167-MGW, a Liquidating Trustee currently has the sole authority to operate and manage WESTPORT and to control its assets.

5. Pursuant to an Order Granting Liquidating Trustee's Motion for Entry of Final Order Authorizing (I) the Sale of the Assets of Debtors Free and Clear of All Liens, Claims, and Encumbrances, and (II) Authorizing the Assumption and Assignment of Contracts entered by the Bankruptcy Court for the Middle District of Florida in Case No. 8:16-bk-08167-MGW, subject to the prior approval of the OFFICE, the Liquidating Trustee currently has the authority to sell the assets of WESTPORT without the assets of the Health Center.

6. The OFFICE and WESTPORT, by and through the Liquidating Trustee, previously conferred and entered into Consent Order 226858-18-CO ("Original Consent Order"), which established certain procedures and deadlines designed to help facilitate the sale of the University Village CCRC. A true and correct copy of the Original Consent Order is attached hereto as Exhibit A.

7. The OFFICE and WESTPORT, by and through the Liquidating Trustee, previously conferred and agreed that amending the Original Consent Order was in their mutual best interests and would further the appropriate disposition of the University Village CCRC. The parties' agreement was memorialized in Consent Order 236991-18 ("Amended Consent Order"), a true and correct copy of which is attached hereto as Exhibit B.

8. The OFFICE and WESTPORT, by and through the Liquidating Trustee, again conferred and agreed that amending the Amended Consent Order was in their mutual best interests and would further the appropriate disposition of the University Village CCRC. The

Bartle 000170

parties' agreement was memorialized in Consent Order 242822-19 ("Second Amended Consent Order"), a true and correct copy of which is attached hereto as Exhibit C.

9.    The OFFICE and WESTPORT, by and through the Liquidating Trustee, again conferred and agreed that amending the Second Amended Consent Order was in their mutual best interests and would further the appropriate disposition of the University Village CCRC. The parties' agreement was memorialized in Consent Order 247198-19 ("Third Amended Consent Order"), a true and correct copy of which is attached hereto as Exhibit D.

10.    The OFFICE and WESTPORT, by and through the Liquidating Trustee, again conferred and agreed that amending the Third Amended Consent Order was in their mutual best interests and would further the appropriate disposition of the University Village CCRC. The parties' agreement was memorialized in Consent Order 253974-19 ("Fourth Amended Consent Order"), a true and correct copy of which is attached hereto as Exhibit E.

11.    The OFFICE and WESTPORT, by and through the Liquidating Trustee, again conferred and agreed that amending the Fourth Amended Consent Order was in their mutual best interests and would further the appropriate disposition of the University Village CCRC. The parties' agreement was memorialized in Consent Order 256188-19 ("Fifth Amended Consent Order"), a true and correct copy of which is attached hereto as Exhibit F.

12.    The OFFICE and WESTPORT, by and through Liquidating Trustee, have again conferred and agree that amending the Original Consent Order, as previously amended by the Amended Consent Order, Second Amended Consent Order, Third Amended Consent Order, Fourth Amended Consent Order, and Fifth Amended Consent Order, is in their mutual best interests and will further the appropriate disposition of the University Village CCRC.

Bartle 000171

13.     The Liquidating Trustee has concluded, in a good faith exercise of his business judgment, that entering into this Sixth Amended Consent Order is desirable, necessary, and appropriate to the management, conservation, and protection of the assets of WESTPORT and the going concern value thereof.

14.     Paragraph 24.o. of the Original Consent Order, as amended by Paragraph 8 of the Amended Consent Order, Paragraph 14 of the Second Amended Consent Order, Paragraph 11 of the Third Amended Consent Order, Paragraph 12 of the Fourth Amended Consent Order, and Paragraph 13 of the Fifth Amended Consent Order is replaced with the following:

> WESTPORT will not oppose a motion or other filing from the Department of Financial Services in Second Circuit Case No. 2015-CA-00585 requesting that the court refrain from closing or dismissing that case and, instead, allow the case to remain open and in abeyance through April 30, 2020.

15.     Paragraph 26 of the Original Consent Order, as amended by Paragraph 9 of the Amended Consent Order, Paragraph 15 of the Second Amended Consent Order, Paragraph 12 of the Third Amended Consent Order, Paragraph 13 of the Fourth Amended Consent Order, and Paragraph 14 of the Fifth Amended Consent Order is replaced with the following:

> If the OFFICE has not approved the acquisition of WESTPORT or its assets and issued a Certificate of Authority to new ownership for the University Village CCRC by April 30, 2020, WESTPORT shall:

16.     The OFFICE and WESTPORT agree that the only modifications to the Original Consent Order, Amended Consent Order, the Second Amended Consent Order, the Third Amended Consent Order, the Fourth Amended Consent Order, and the Fifth Amended Consent Order in this Sixth Amended Consent Order are set forth in paragraphs 14-15 immediately above. All other terms and conditions of the Original Consent Order, as amended by the Amended Consent Order, Second Amended Consent Order, Third Amended Consent Order,

Bartle 000172

Fourth Amended Consent Order, and Fifth Amended Consent Order remain unchanged and in full force and effect.

17.    WESTPORT and the OFFICE affirm that all representations made herein are true and that all requirements set forth herein are material to the issuance of this Sixth Amended Consent Order.

18.    Any deadlines, reporting requirements, other provisions, or requirements set forth in this Sixth Amended Consent Order may be altered or terminated by written approval of the OFFICE. Such written approval by the OFFICE is subject to statutory or administrative regulation limitations.

19.    WESTPORT agrees that, upon execution of this Sixth Amended Consent Order, failure to adhere to one or more of the terms and conditions contained herein may result, without further proceedings, in the OFFICE suspending, revoking, or taking other administrative action as it deems appropriate upon WESTPORT's Certificate of Authority in this state in accordance with Sections 120.569(2)(n) and 120.60(6), Florida Statutes.

20.    WESTPORT additionally agrees that, upon execution of this Sixth Amended Consent Order, failure to adhere to one or more of the terms and conditions contained herein may be considered willful and subject WESTPORT to the appropriate penalties and fines.

21.    WESTPORT expressly waives a hearing in this matter, the making of findings of fact and conclusions of law by the OFFICE, and all further and other proceedings to which it may be entitled, either by law or by rules of the OFFICE. WESTPORT hereby knowingly and voluntarily waives all rights to challenge or to contest this Sixth Amended Consent Order in any forum now or in the future available to it, including the right to any administrative proceeding, state or federal court action, or any appeal.

Bartle 000173

22.    Each party to this action shall bear its own costs and fees.

23.    WESTPORT agrees that this Sixth Amended Consent Order shall be deemed to be executed when the OFFICE has signed and docketed a copy of this Sixth Amended Consent Order bearing the signature of the authorized representative of WESTPORT, notwithstanding the fact that the copy may have been transmitted to the OFFICE electronically.    Further, WESTPORT agrees that the signature of its authorized representative as affixed to this Sixth Amended Consent Order shall be under the seal of a Notary Public.

WHEREFORE, the agreement between WESTPORT HOLDINGS TAMPA, LIMITED PARTNERSHIP, and the FLORIDA OFFICE OF INSURANCE REGULATION, the terms and conditions of which are set forth above, is APPROVED.

FURTHER, all terms and conditions contained herein are hereby ORDERED.

DONE and ORDERED this **28** day of **February** 2020.

David Altmaier, Commissioner
Office of Insurance Regulation

Page 6 of 8

Bartle 000174

By execution hereof WESTPORT HOLDINGS TAMPA, LIMITED PARTNERSHIP, consents to entry of this Sixth Amended Consent Order, agrees without reservation to all of the above terms and conditions, and shall be bound by all provisions herein. The undersigned represents that they have the authority to bind WESTPORT HOLDINGS TAMPA, LIMITED PARTNERSHIP, to the terms and conditions of this Sixth Amended Consent Order.

WESTPORT HOLDINGS TAMPA, LIMITED PARTNERSHIP

By: _____

Print Name: Jeffrey W. Warren

Title: Liquidating Trustee

Date: 2/28/2020

STATE OF Florida

COUNTY OF Hillsborough

The foregoing instrument was acknowledged before me by means of ⊠ physical presence

or ☐ online notarization, this 28th day of February 2020, by Jeffrey W. Warren
                                                                    (name of person)

as Liquidating Trustee                    for Westport Holdings Tampa, LP
(type of authority; e.g., officer, trustee, attorney in fact)    (company name)

_____
(Signature of the Notary)

Maria G Linares
(Print, Type or Stamp Commissioned Name of Notary)

Personally Known ✓      OR Produced Identification _____

Type of Identification Produced _____

My Commission Expires: _____

Page 7 of 8

Bartle 000175

COPIES FURNISHED TO:

Jeffrey W. Warren, Esq.
Bush Ross, P.A.
Post Office Box 3913
Tampa, Florida 33601-3913
E-mail: jwarren@bushross.com

Adam Lawton Alpert, Esq.
Bush Ross, P.A.
Post Office Box 3913
Tampa, Florida 33601-3913
E-mail: aalpert@bushross.com

Scott A. Stichter, Esq.
Stichter Riedel Blain & Postler, P.A.
110 East Madison Street, Suite 200
Tampa, Florida 33602
E-mail: sstichter@srbp.com

Matthew B. Hale, Esq.
Stichter Riedel Blain & Postler, P.A.
110 East Madison Street, Suite 200
Tampa, Florida 33602
E-mail: mhale@srbp.com

David S. Jennis, Esq.
Jennis Law Firm
606 East Madison Street
Tampa, Florida 33602
E-mail: djennis@jennislaw.com

Shannon Michelle Harp-Alexander, Esq.
Assistant General Counsel
Florida Office of Insurance Regulation
200 East Gaines Street
Tallahassee, Florida  32399-4206
E-mail: Michelle.Harp-Alexander@floir.com

Bartle 000176