**STATE OF FLORIDA**
**DIVISION OF ADMINISTRATIVE HEARINGS**

IMH HEALTHCARE, LLC.,

    Petitioner,

v.

                                  Case No.  15-2495

OFFICE OF INSURANCE REGULATION

    Respondent.

_____/

<u>JOINT PRE-HEARING STATEMENT</u>

Petitioner, IMH Healthcare, LLC, and Respondent, FLORIDA OFFICE OF INSURANCE REGULATION, respectfully submit this Joint Pre-Hearing Statement in accordance with this Tribunal's Order on Pre-Hearing Instructions entered May 20, 2015.

1. <u>Concise Statement of the Nature of the Controversy</u>

Whether Petitioner was required to file an application pursuant to section 628.4615, Florida Statutes upon becoming general partner of Westport Holdings Tampa, LP.

Whether Petitioner filed sufficient information in its application to enable to the Office to approve the acquisition by IMH Healthcare, LLC, of Westport Holdings Tampa, LLC, d/b/a University Village, a specialty insurer licensed to operate a facility that undertakes to provide continuing care, pursuant to section 628.4615, Florida Statutes.

Whether Petitioner is able to carry its burden, during the proceeding on this matter, to show that it is an applicant upon

PLAINTIFF'S EXHIBIT
PENGAD 800-631-6989
8
3/30/23

which Respondent may make findings required to approve Petitioner's application.

## 2. Statement of Parties' Positions

### Petitioner

Section 628.4615, Florida Statutes did not require the filing of the application which is at issue within this proceeding; therefore the filing at issue was unnecessary making the denial of the application moot. However, if such a filing was required, Petitioner is an applicant upon which Respondent may make the findings required for approval of the application.

### Respondent

Westport Holdings Tampa, Limited Partnership, operates a continuing care retirement community (CCRC) named "University Village" in Hillsborough County, Florida. As set forth in chapter 651, Florida Statutes, a CCRC offers shelter, care and services for residents pursuant to individual care contracts. University Village accommodates this spectrum of care for its residents with an independent living facility and a separate health care facility for assisted living and skilled nursing care, along with amenities, all on one campus. The University Village CCRC currently has over four hundred residents.

As the provider for a CCRC, Westport is a "specialty insurer" required to obtain a certificate of authority from the

Office of Insurance Regulation under chapter 651, Florida Statutes. Westport currently holds a certificate of authority to operate the University Village CCRC.

A person seeking to acquire a specialty insurer and become the provider of a CCRC under an existing certificate of authority must file an application for acquisition under section 628.4651, Florida Statutes. The application is subject to review under statutory criteria designed to ensure the protection of the residents and the public and may be approved only if the applicant submits sufficient information for the Office to make numerous, detailed findings.

Petitioner IMH Healthcare, LLC, was elected as general partner of Westport on or about March 2, 2015. IMH Healthcare promptly thereafter filed an application for acquisition of a specialty insurer pursuant to section 628.4651, Florida Statutes, regarding Westport, requesting Office approval to operate the University Village CCRC. This application was not new but, rather, was submitted as an amendment to an already-pending application for acquisition filed by another entity. The amendment contained very little new information relative to IMH Healthcare and, instead, represented that it was relying on the information previously submitted.

The Office reviewed the application and determined that it did not contain sufficient information to support the required

findings for approval of the acquisition.  Most significantly, the information conclusively demonstrated that IMH Healthcare has no experience in operating a CCRC.  The Office issued a letter of denial March 27, 2015, setting forth numerous grounds for the denial.

## 3. **Exhibits**

### **Petitioner's Exhibit List**

| | |
|---|---|
| Pet. Exh. 1 | First 2014 Amendment of Limited Partnership Agreement (Tampa) |
| Pet. Exh. 2 | Westport Holdings Tampa Limited Partnership Agreement (10/23/2000) |
| Pet. Exh. 3 | 3/31/2014 Letter from W. Wilhelm Rabke (Williams Mullen) to OIR re University Village MLR Escrow Transfer, with attachments:  Assignment and Pledge of Account, Promissory Note |
| Pet. Exh. 4 **Objection:** | Property Financed Between 2013 and 2015 **Lack of foundation, hearsay, relevance.** |
| Pet. Exh. 5 **Objection:** | Consulting Agreement, May 26, 2015, between Westport Holdings Tampa L.P. and NOVUM, LLC, and Addendum, August 25, 2015 **Relevance, hearsay.** |
| Pet. Exh. 6 | 12/29/2014 Letter from Lawrence Landry to John Bartle re resignation of Westport Advisors, Ltd as Managing Member |
| Pet. Exh. 7 **Objection:** | University Village Historical Perspective **Lack of foundation, hearsay, relevance.** |
| Pet. Exh. 8 | 4/15/14 E-mail from C. Struk to B. Napier re: OIR [OIR E-mails 001332] |
| Pet. Exh. 9 | 12/3/14 E-mail from B. Griffith to R.C. Burns re: University Village  [OIR E-mails 004444-004445] |

**Objection:**      **Hearsay**

Pet. Exh. 10    12/29/14 E-mail from B. Griffith to J. Bartle re: Notice of Westport Advisors resignation [OIR E-mails 003774-003775]

Pet. Exh. 11    12/3/14 E-mail from B. Griffith to S. Miller re: Minutes of November 12 Board Meeting [OIR E-mails 003689]

Pet. Exh. 12    12/29/14 E-mail from B. Griffith to V. Reglat re: Amendment to Promissory Note  [OIR E-mails 003283]

Pet. Exh. 13    7/15/14 E-mail from W. Hood to B. Griffith re: Review of Loan Documents re "sale" of University Village to BVM
[OIR E-mails 002601-002602]

Pet. Exh. 14    9/5/14 E-mail from B. Griffith to R. Robleto re: Request for Agenda Items for 2014 Annual Meeting of Governor's Continuing Care Advisory Meeting
[OIR E-mails 002546-002547]

Pet. Exh. 15    7/17/14 E-mail from L. Chojnowski to C. Morgan re: 157394-14 Review of Loan Documents; University Village; Inquiry  [OIR E-mails 002244]

Pet. Exh. 16    12/6/13 E-mail from D. Papka to D. Wilson re: University Village-Update  [OIR E-mails 001594-001595]

Pet. Exh. 17    12/6/13 E-mail from D. Wilson to L. Landry re: University Village-Update  [OIR E-mails 001588]

Pet. Exh. 18    5/19/14 E-mail from B. Griffith to W. Hood re: Sale of University Village  [OIR E-mails 001401]

Pet. Exh. 19    11/15/13 E-mail from C. Struk to B. Napier re: 651  [OIR E-mails 000905]

Pet. Exh. 20    11/14/13 E-mail from C. Struk to T. Wilkerson re: [no subject]  [OIR E-mails 000902]

Pet. Exh. 21        11/7/13 E-mail from M. Mostoller to P. Daniel re:
                    University Village Limited Partnership Purchase
                    Agreement-Operating Agreement [OIR E-mails
                    000710-000711]

Pet. Exh. 22        10/21/14 E-mail from B. Griffith to D. Wilson re:
                    MLR-August Statements    [OIR E-mails 003707-
                    003708]

Pet. Exh. 23        2/12/14 E-mail from D. Papka to C. Struk re: CCRC
                    Request    [OIR E-mails 000237-000238]

Pet. Exh. 24        12/29/14 E-mail from V. Reglat to B. Griffith re:
                    Amendment to Promissory Note  [OIR E-mails
                    003274]

Pet. Exh. 25        2/13/14 E-mail from C. Struk to C. Morgan re:
                    Horizon Complaint [including attachments: BVM
                    University Village, LLC v. Horizon LP, Complaint,
                    02-13-14] [OIR E-mails 000318]
**Objection:**         **Relevance, hearsay.**

Pet. Exh. 26        6/23/14 E-mail from B. Griffith to V. Reglat re:
                    University Village-88104 [OIR E-mails 001544-
                    001545]
**Objection:**         **Relevance.**

Pet. Exh. 27        5/8/14 E-mail from B. Griffith to C. Morgan re:
                    Manager Meeting-05/08/14 [OIR E-mails 000836-
                    000837]
**Objection:**         **Relevance.**

Pet. Exh. 28        4/23/14 E-mail from B. Griffith to C. Struk re:
                    FW: memo sent to residents [including attachment:
                    memo to residents on sale of Community.doc]  [OIR
                    E-mails 000377]
**Objection:**         **Hearsay.**

Pet. Exh. 29        11/13/14 E-mail from D. Wilson to B. Griffith re:
                    University Village-Meeting Memo 11-12-14.docx
                    [including attachment:  University Village-
                    Meeting Memo 11-12-14.docx]   [OIR E-mails
                    004780]

Pet. Exh. 30        11/12/14 E-mail from V. Reglat to B. Griffith &
                    D. Wilson re: some notes [OIR E-mails 004739]

Pet. Exh. 31    12/30/14 E-mail from B. Griffith to J. Bartle re: Underfunded MLR    [OIR E-mails 004092-004094]

Pet. Exh. 32    12/30/14 E-mail from B. Griffith to V. Reglat re: FW: Underfunded MLR [OIR E-mails 002773-002774]

Pet. Exh. 33    Biographical Affidavit of E. Freiden

Pet. Exh. 34    2/24/15 E-mail from B. Griffith to V. Reglat, D. Wilson re: Westport Holdings and Westport Nursing document request: Escrow Agreement [OIR E-mail 007030]

Pet. Exh. 35    3/2/15 E-mail from V. Reglat to C. Morgan, V. Christy, L. Chojnowski, B. Griffith re: List of Name [including attachment: Eli Freiden.pdf] [OIR E-mails 005448]

Pet. Exh. 36    2/11/15 E-mail from B. Griffith to V. Reglat re: University Village Timeline [including attachment:  UV Action Timeline Memo.pdf] [OIR E-mails 005798-005799]

Pet. Exh. 37    12/22/14 E-mail from B. Griffith t. L. Landry re: Resignation of General Partner

Pet. Exh. 38    12/17/14 Letter from B. Griffith to L. Landry and J. Bartle re: Westport Holdings Tampa, L.P. d/b/a University Village

Pet. Exh. 39    7/21/14 Letter from B. Griffith to W. Hood re: Westport Holdings Tampa, Limited Partnership d/b/a University Village, Loan Documents

Pet. Exh. 40    5/12/14 Letter from L. and T. Korhn to D. Wilson re:  Provider: Westport Holdings Tampa, L.P., Facility: University Village, Company Number: 88104 – MLR Debt Service Reserve Approval Request and Certification

### Respondent's Exhibit List

1. Composite:  Application File (four volumes)

- The Office of Insurance Regulation submits the entire application file for the sake of completeness but objects

to the Company Response to First Clarification Letter (pages 466-78) and all financial statements except the 2013 Audited Financial Statements as hearsay.

2. Letter from Kevin McCarty, Commissioner of Florida Office of Insurance Regulation, to Jeff Atwater, Chief Financial Officer, Department of Financial Services (Feb. 26, 2015), *without exhibits*
   **Objection:** **Relevance.**

3. Affidavit of Carolyn Morgan (Feb. 26, 2015), *without exhibits*
   **Objection:** **Relevance.**

4. The Florida Department of Financial Services' Application for Order to Show Cause, Injunction, and Notice of Automatic Stay for Purposes of Rehabilitation (filed Mar. 11, 2015), *without exhibits*
   **Objection:** **Relevance.**

5. Supplemental Affidavit of Carolyn Morgan (July 16, 2015), *without exhibits*
   **Objection:** **Relevance.**

6. Florida Department of Financial Services' Motion to Issue Amended Order to Show Cause (filed July 24, 2015), *without exhibits*
   **Objection:** **Relevance.**

7. First 2014 Amendment of Limited Partnership Agreement (Tampa) (Mar. 31, 2014)

8. Letter from Williams Mullen to Office of Insurance Regulation re: University Village MLR Escrow Transfer (Mar. 31, 2014)

9. Loan Closing Statement for USAmeriBank

10. Bank Statement for Westport Nursing Tampa LLC Escrow Account with USAmeriBank

11. Letter from Larry Landry, President of Westport Advisors, Ltd., to Desmond Wilson, Office of Insurance Regulation regarding acquisition of limited partnership (July 25, 2014)

12. Letter from Kathy Burkholder, CFO for University Village, to Becky Griffith, Office of Insurance Regulation (Jan. 21, 2015)

13. Amendment No. 2 to Loan Agreement between Westport Holdings Tampa, Limited Partnership, Westport Holdings Tampa II, Limited Partnership, and CPIF Lending LLC (Aug. 10, 2015)

14. Documents in NOVUM, LLC. v. Office of Insurance Regulation, DOAH Case No. 15-4730.

     a. Agency action letter.
     b. Petition for Formal Administrative Hearing.
     c. Agency referral letter.
     d. Order Granting Continuance and Re-scheduling Hearing.

15. Documents in Agency for Health Care Administration v. TR & SNF, Inc., d/b/a The Nursing Center at University Village, DOAH Case No. 15-2128.

     a. Administrative Complaint.
     b. Request for Formal Administrative Hearing.
     c. Notice of Agency Referral.
     d. Notice of Hearing by Video Teleconference.
     **Objection:        Relevance.**

16. Notice of Appearance filed by Steven H. Parton in Department of Financial Services v. Westport Holdings Tampa Limited Partnership, Case No. 2015 CA 000585.

17. Amendment Number Two to Loan Agreement between CPIF Lending, LLC, and Westport Holdings Tampa, Limited Partnership and Westport Holdings Tampa II, Limited Partnership.

18.    Certificate of Dissolution for Westport Advisors, Ltd. (filed June 16, 2015, effective Jan. 1, 2015)

19.    Amendment to Loan Agreement between Westport Nursing Tampa, LLC, BVM Management, Inc., and USAmeribank.

20.    Articles of Amendment to Articles of Organization of Westport Nursing Tampa, LLC, filed September 25, 2015.
**Objection:   Relevance.**

21.    Town Hall Meeting Questions (undated document).
**Objection:   Hearsay**

22.    August 12, 2015 letter from IMH Healthcare (Eli Freiden) to University Village Residents.

23.    Affidavit of John Bartle filed in <u>Department of Financial Services v. Westport Holdings Tampa, Limited Partnership</u>, Case No. 2015-CA-000585 (with attachments)
**Objection:       Hearsay**

## 4. Witnesses

### Petitioner's Witness List

1) Eliyahu T. Freiden
   University Village
   12401 North 22nd Street
   Tampa FL 33612

2) John Bartle
   BVM Management, Inc.
   9114 Technology Lane
   Fishers, IN 46038

3) Douglas Klinowski
   University Village
   12401 North 22nd Street
   Tampa FL 33612

4) Marc Flores
   University Village
   12401 North 22nd Street
   Tampa FL 33612

5) Jeanette Baltzly

University Village
12401 North 22nd Street
Tampa FL 33612

6) Becky Griffith
   Office of Insurance Regulation
   200 E. Gaines Street
   Tallahassee, FL 32301

7) Desmond Wilson
   Office of Insurance Regulation
   200 E. Gaines Street
   Tallahassee, FL 32301

8) Valerie Reglat
   Office of Insurance Regulation
   200 E. Gaines Street
   Tallahassee, FL 32301

9) Carolyn Morgan
   Office of Insurance Regulation
   200 E. Gaines Street
   Tallahassee, FL 32301

10) Steven H. Parton, Esq.
    Gray Robinson
    301 South Bronough Street
    Suite 600
    Tallahassee, FL 32301

**Respondent's Witness List**

Becky Griffith
Financial Administrator
Florida Department of Financial Services
Office of the Consumer Advocate
200 East Gaines Street
Tallahassee, Florida  32399-0308

Carolyn M. Morgan, APIR
Director
Office of Insurance Regulation
Life & Health Financial Oversight
200 East Gaines Street
Tallahassee, Florida  32399-0327

## 5. Admitted Facts and Reservations

a. Westport Holdings Tampa, LP, is a limited partnership formed and existing under the laws of the State of Delaware.

b. Westport Holdings Tampa, LP holds a Certificate of Authority to act as a provider pursuant to Chapter 651, Florida Statutes.

c. Westport Holdings Tampa, LP, has two partnership percentage interests; a 99% limited partnership interest, and a 1% general partnership interest.

d. Ninety-nine percent (99%) of the partnership interest in Westport Holdings Tampa, LP was acquired as of March 31, 2014.

e. Respondent was aware of the acquisition of the 99% partnership interest in Westport Holdings Tampa, LP on or about April 2, 2014.

f. Respondent did not require that the acquirers of such 99% partnership interest submit an application pursuant to Section 628.4615, Florida Statutes.

g. On or about March 2, 2015, IHM Healthcare, LLC, was duly elected as the General Partner of Westport Holdings Tampa, Limited Partnership.

h. IMH Healthcare, LLC, is a limited liability corporation formed March 24, 2014, and in good standing under the laws of the State of Delaware.

i. Mr. Eliyahu Freiden is the Sole and Managing Member of IMH Healthcare, LLC.

j. IMH Healthcare, LLC has no employees.

k. Eliyahu T. Freiden has no criminal or administrative disciplinary record.

l. IMH Healthcare submitted to the Office of Insurance Regulation a "Statement of Acquisition Merger or Consolidation of a Specialty Insurer Pursuant to Florida Statutes 628.4615" (Statement) dated March 6, 2015.

m. In the Statement, IMH Healthcare, LLC is identified as the "Acquiring Company" and Westport Holdings Tampa, LP is identified as the "Specialty Insurer Affected."

n. The Statement identifies the filing as one for "Acquisition of ownership interest."

o. As part of the Statement, the Sole and Managing Member of IMH Healthcare, LLC signed a Waiver of Public Hearing and Request for Approval and "respectfully request[ed] that the Director of the Office of Insurance Regulation approve the acquisition immediately."

p. On March 27, 2015, the Office of Insurance Regulation issued a Denial of Acquisition Application.

q. On April 16, 2015, IHM Healthcare, LLC filed a Request for Hearing Pursuant to 120.57(1), Florida Statutes Before the Division of Administrative Hearings.

r. The Request for Hearing was timely filed.

s. By letter dated May 4, 2015, the Office of Insurance Regulation referred the Request for Hearing to the Division of Administrative Hearings for further proceedings.

6. **Statement of Issues of Law about Which There is Agreement**

a. This is an administrative proceeding involving disputed issues of material fact and is governed in part by 120.569 & 120.57(2), Florida Statutes.

b. The Division of Administrative Proceedings has jurisdiction over the parties to and subject matter of this proceeding.

c. The acquisition of a specialty insurer is governed by section 628.4615, Florida Statutes.

d. A provider that is licensed to operate a facility that undertakes to provide continuing care is a "specialty insurer" pursuant to section 628.4615(1)(h), Florida Statutes.

e. Petitioner IMH Healthcare, LLC has the burden to prove by a preponderance of the evidence its eligibility to be approved to acquire Westport Holdings Tampa, LP.

7. **Issues of Fact Which Remain for Litigation**

a. Whether Petitioner was required to file an application pursuant to Section 628.4615, Florida Statutes upon becoming general partner of Westport Holdings Tampa, LP.

b. Whether Petitioner is an applicant upon which Respondent may make findings which require approval of the application filed by Petitioner.

c. Whether the filed application demonstrates the applicant is of reputable and responsible character as required by sections 628.4615(8)(a) & 651.022(2)(c)1, Florida Statutes.

d. Whether the filed application demonstrates the financial condition of the applicant will not jeopardize the financial stability of the specialty insurer or prejudice the interest of its residents or the public, as required by section 628.4615(8)(b), Florida Statutes.

e. Whether the filed application demonstrates the competence, experience, and integrity of the applicant and the persons who will control directly or indirectly the operation of the specialty insurer indicate that the

acquisition is in the best interest of the insureds of the insurer and in the public interest as required by section 628.4615(8)(d), Florida Statutes.

f. Whether the filed application demonstrates the persons for whom background information is required to be furnished pursuant to section 628.4615, Florida Statutes, have such backgrounds as to indicate that it is in the best interests of the insureds of the specialty insurer and in the public interest to permit such persons to exercise control over the specialty insurer as required by section 628.4615(8)(e), Florida Statutes.

g. Whether the filed application demonstrates the applicant has sufficient experience and ability to assure reasonable promise of successful operation of the specialty insurer, as required by section 628.4615(8)(f), Florida Statutes.

h. Whether the filed application demonstrates the management of the specialty insurer after the acquisition will be competent and trustworthy, and will possess sufficient managerial experience so as to make the proposed operation of the specialty insurer not hazardous to the insurance-buying public as required by section 628.4615(8)(g), Florida Statutes.

i. Whether the filed application demonstrates the management of the specialty insurer after the acquisition will include any person who has directly or indirectly through ownership, control, reinsurance transactions, or other insurance or business relations unlawfully manipulated the assets, accounts, finances, or books of any insurer or otherwise acted in bad faith with respect thereto as required by section 628.4615(8)(h), Florida Statutes.

j. Whether the filed application demonstrates the acquisition is not likely to be hazardous to the insureds of the insurer or the public as required by section 628.4615(8)(i), Florida Statutes.

k. Whether the General Partner of Westport Holdings Tampa, LP, has full, exclusive, and complete discretion in the management and control of the affairs of the partnership.

l. Whether the General Partner of Westport Holdings Tampa, LP, shall make all decisions affecting partnership affairs.

m. Whether the General Partner of Westport Holdings Tampa, LP, has all of the rights, powers, and obligations of a general partner of a limited partnership under Delaware law and otherwise as provided by law.

8. **Issues of Law Which Remain for Determinaton**

a. Whether Petitioner was required to file an application pursuant to Section 628.4615, Florida Statutes upon becoming general partner of Westport Holdings Tampa, LP.

b. Whether Petitioner is an applicant upon which Respondent may make findings which require approval of the application filed by Petitioner.

c. Whether the filed application demonstrates the applicant is of reputable and responsible character as required by sections 628.4615(8)(a) & 651.022(2)(c)1, Florida Statutes.

d. Whether the filed application demonstrates the financial condition of the applicant will not jeopardize the financial stability of the specialty insurer or prejudice the interest of its residents or the public, as required by section 628.4615(8)(b), Florida Statutes.

e. Whether the filed application demonstrates the competence, experience, and integrity of the applicant and the persons who will control directly or indirectly the operation of the specialty insurer indicate that the acquisition is in the best interest of the insureds of the insurer and in the public interest as required by section 628.4615(8)(d), Florida Statutes.

f. Whether the filed application demonstrates the persons for whom background information is required to be furnished pursuant to section 628.4615, Florida Statutes, have such backgrounds as to indicate that it is in the best interests of the insureds of the specialty insurer and in the public interest to permit such persons to exercise control over the specialty insurer as required by section 628.4615(8)(e), Florida Statutes.

g. Whether the filed application demonstrates the applicant has sufficient experience and ability to assure reasonable promise of successful operation of the specialty insurer, as required by section 628.4615(8)(f), Florida Statutes.

h. Whether the filed application demonstrates the management of the specialty insurer after the acquisition will be competent and trustworthy, and will possess sufficient managerial experience so as to make the proposed operation of the specialty insurer not hazardous to the insurance-buying public as required by section 628.4615(8)(g), Florida Statutes.

i. Whether the filed application demonstrates the management of the specialty insurer after the acquisition will include any person who has directly or indirectly through ownership, control, reinsurance transactions, or other insurance or business relations unlawfully manipulated the assets, accounts, finances, or books of any insurer or otherwise acted in bad faith with respect thereto as required by section 628.4615(8)(h), Florida Statutes.

j. Whether the filed application demonstrates the acquisition is not likely to be hazardous to the insureds of the insurer or the public as required by section 628.4615(8)(i), Florida Statutes.

9. **Disagreement on Rules of Evidence**

None known at this time.

10. <u>**Pending Motions or other Matters Requiring Action**</u>

A motion relating to whether Petitioner was required to file an application pursuant to Section 628.4615, Florida Statutes may be filed prior to commencement of the Final Hearing.

11. <u>**Estimate of Time Required for Hearing**</u>

Two to four days.

12. <u>**Signature of Counsel for all Parties**</u>

Respectfully submitted this 6th day of November, 2015,


_____/s/_____
Wendy Russell Wiener (FBN 0983667)
Broad and Cassel
215 S. Monroe Street
Tallahassee, FL 32301
Tel:  850-681-6810 / Fax: 850-385-5416
wwiener@broadandcassel.com

Attorneys for Petitioner
IMH Healthcare, LLC

_____/s/_____
Shaw P. Stiller (FBN 0936110)
C. Timothy Gray (FBN 0602345)
Leean Johns Chojnowksi (FBN 085997)
Patrick Flemming (FBN 101085)

Assistant General Counsels
Office of Insurance Regulation
Florida Financial Services Commission
Larson Building, Room 645.2
200 East Gaines Street
Tallahassee, FL 32399-4206
Tel: 850-413-3110 / Fax: 850-922-2543
shaw.stiller@floir.com
tim.gray@floir.com
leean.chojnowski@floir.com
patrick.flemming@floir.com

Attorneys for Respondent
Florida Office of Insurance

Regulation