# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                                  Chapter 11

WESTPORT HOLDINGS TAMPA,                   Case No. 8:16-bk-8167-MGW
LIMITED PARTNERSHIP,

WESTPORT HOLDINGS TAMPA                     Case No. 8:16-bk-8168-MGW
II, LIMITED PARTNERSHIP,

   Debtors.                                *Jointly Administered under*
_____/            *Case No. 8:16-bk-8167-MGW*

---

### NOTICE OF OPPORTUNITY TO
### OBJECT AND REQUEST FOR HEARING

   Pursuant to Local Rule 2002-4, the Court will consider the relief requested in this paper without further notice or hearing unless a party in interest files a response within 21 days from the date set forth on the attached proof of service, plus an additional three days for service if any party was served by U.S. Mail.

   If you object to the relief requested in this paper, you must file a response with the Clerk of the Court at Sam M. Gibbons United States Courthouse, 801 N. Florida Avenue, Suite 555, Tampa, Florida 33602, and serve a copy on the movant's attorney, Adam Lawton Alpert, Esq., Post Office Box 3913, Tampa, Florida 33601-3913, and any other appropriate persons within the time allowed. If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing or consider the response and grant or deny the relief requested without a hearing.

   If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

---

### MOTION TO APPROVE SETTLEMENT BETWEEN
### DEBTORS, TIMOTHY PARKER, AND KATHLEEN BURKHOLDER

   Jeffrey W. Warren, as Liquidating Trustee (the "Liquidating Trustee") for

Westport Holdings Tampa, Limited Partnership ("Westport I") and Westport Holdings

Tampa II, Limited Partnership (together, the "Debtors"), by and through the


PLAINTIFF'S EXHIBIT
99   Burkholder
4.15.23   OK

undersigned counsel and pursuant to Section 105 of the Bankruptcy Code[1] and Bankruptcy Rule[2] 9019, files this motion (the "Motion") for the entry of an order authorizing and approving the terms of a proposed settlement (the "Settlement") between the Debtors, Timothy Parker ("Parker"), and Kathleen Burkholder ("Burkholder" and, collectively with the Debtors and Parker, the "Parties"), which resolves all claims between the Parties. Among other things, the Settlement contemplates (i) the allowance of Proof of Claim 91-1 filed by Parker (the "Parker Claim") as an unsecured, nonpriority claim in the amount of $500,000.00; (ii) the allowance of Proof of Claim 92-1 filed by Burkholder (the "Burkholder Claim") as an unsecured, nonpriority claim in the amount of $75,000.00; (iii) the dismissal with prejudice of Adversary Proceeding No. 8:17-ap-00684-MGW; and (iv) mutual releases between the Parties.

In support of the Motion, the Liquidating Trustee states as follows:

### Jurisdiction and Venue

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

### General Background

2.      On September 22, 2016 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of Title 11, United States Bankruptcy Code (the "Bankruptcy Code"), Case Nos. 8:16-bk-08167-MGW and 8:16-bk-08168-MGW,

---

[1] All references to the "Bankruptcy Code" are to the applicable section of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.*

[2] All references to the "Bankruptcy Rules" are to the applicable Federal Rules of Bankruptcy Procedure.

respectively (collectively, the "<u>Bankruptcy Cases</u>"), in the United States Bankruptcy Court for the Middle District of Florida, Tampa Division (the "<u>Bankruptcy Court</u>").

3. On or about August 15, 2016, Parker and Burkholder filed a Complaint against Westport I in the Circuit Court for the Thirteenth Judicial Circuit in and for Hillsborough County, Florida styled *Timothy Parker and Kathleen Burkholder v. Westport Holdings Tampa, LP d/b/a University Village*, Case No. *16-CA-007666* (the "<u>State Court Action</u>"), in which Parker and Burkholder asserted claims against Westport I for damages pursuant to the Florida's Private Whistleblower Act, Florida Statutes § 448.101 *et seq.*

4. On January 10, 2017, Parker filed the Parker Claim in the Bankruptcy Case, which asserts a claim in the amount of $999,000.00 against Westport I arising out the claims asserted by Parker in the State Court Action.

5. On January 10, 2017, Burkholder filed the Burkholder Claim in the Bankruptcy Case, which asserts an unsecured, nonpriority claim against Westport I in the amount of $250,000.00 arising out the claims asserted by Burkholder in the State Court Action.

6. On September 14, 2017, Westport I filed a Complaint against Parker and Burkholder in the Bankruptcy Court styled *Westport Holdings Tampa, L.P. v. Timothy Parker and Kathleen Burkholder*, Adversary Proceeding No. 8:17-ap-00684-MGW (the "<u>Adversary Proceeding</u>"), in which Westport I asserted objections to the Parker Claim and the Burkholder Claim and asserted claims for affirmative relief against Parker and Burkholder for breach of fiduciary duty, tortious interference with business

3

relationships, tortious interference with contract, misappropriation of trade secrets, and civil conspiracy.

7.      On May 10, 2018, the Bankruptcy Court entered an order (Doc. No. 1016) confirming the Debtors' First Amended and Restated Mediated Joint Plan of Liquidation under Chapter 11 of the United States Bankruptcy Code, as Modified (Doc. No. 1012) and appointing the Liquidating Trustee to administer the assets of the Debtors.

8.      On or about November 21, 2018, an order was entered dismissing the State Court Action for lack of prosecution.

9.      On February 14, 2020, the Bankruptcy Court entered an order (Doc. No. 1633) approving and confirming the Confirmed Second Amended and Restated Joint Plan of Liquidation Under Chapter 11 of the United States Bankruptcy Code (Doc. No. 1635) (the "Confirmed Second Amended Plan").

## The Proposed Settlement

10.     After engaging in good faith settlement negotiations, the Liquidating Trustee, on behalf of the Debtors, and Parker and Burkholder now desire to settle all disputes relating to any and all existing or potential claims, demands, actions, suits, or liabilities of any kind, known or unknown, that either may have against the other, including but not limited to any claims asserted in the State Court Action, the Parker Claim, the Burkholder Claim, and the Adversary Proceeding (collectively, the "Disputes").

4

11.     The parties have entered into the Settlement Agreement attached hereto as **Exhibit A** (the "Settlement Agreement").[3] Subject to approval by this Court, the Settlement Agreement satisfactorily and fairly resolves all Disputes on terms agreeable to the Parties and provides for, among other things:

a)     Allowance of the Parker Claim in the amount of $500,000 and the Burkholder Claim in the amount of $75,000.00, which claims shall be treated as Allowed Class 14 Unsecured Claims pursuant to the terms of the Confirmed Second Amended Plan;

b)     The dismissal of the Adversary Proceeding with prejudice; and

c)     Mutual releases of all claims between the Debtors, on the one hand, and Parker and Burkholder, on the other, relating to or arising out of the Disputes, other than claims for breach of the Settlement Agreement.

### Basis for Relief Requested

12.     Bankruptcy Rule 9019(a) grants the Court authority to approve post-petition settlements of claims and controversies.[4] Under this authority, bankruptcy courts consider the overall wisdom of compromising and settling disputes arising in bankruptcy cases. *See, e.g., In re Air Safety Developmental, L.C.*, 336 B.R. 843 (S.D. Fla. 2005); *In re Marvel Entertainment Group, Inc.*, 222 B.R. 243, 249 (D. Del. 1998) (citing *Protective Comm. for Indep. Stockholders of TM Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414 (1968)). In reviewing a proposed settlement, the Court's ultimate inquiry

---

[3] To the extent there is any difference between the terms of the Settlement Agreement and statements in this Motion, the Settlement Agreement shall control.

[4] Bankruptcy Rule 9019 states, in pertinent part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). Additionally, to supplement this authority, Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary" to carry out the provisions of the Bankruptcy Code and Bankruptcy Rules. 11 U.S.C. § 105(a).

should be "whether the proposed settlement is fair and equitable." *In re Air Safety Developmental, L.C.*, 336 B.R. at 843 (citing *In re Gallagher*, 283 B.R. 342, 246 (Bankr. M.D. Fla. 2002)). Ultimately, the question is not whether a better settlement might have been achieved or a better result reached if litigation pursued. Instead, the court should approve settlements that meet a minimal threshold of reasonableness. *See e.g., In re Bicoastal Corp.*, 164 B.R. 1009, 1016 (Bankr. M.D. Fla. 1993) ("This Court has broad discretion to approve a settlement or compromise, and it should do so unless the proposed settlement falls below the lowest point in the range of reasonableness.").

13.     The Eleventh Circuit specifically set forth four criteria to be considered by the court in determining fairness, reasonableness, and adequacy of a settlement: "(a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises." *Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 1544, 1549 (11th Cir. 1990).

14.     The terms of the Settlement Agreement are fair and equitable and in the best interests of the estates and creditors. The Settlement Agreement, if approved, resolves all Disputes and controversies between the Parties and avoids the costly and protracted litigation that would result from litigation of the Disputes. Indeed, the administrative expenses of these chapter 11 cases would increase if the Debtors, Parker, and Burkholder fully litigated the Disputes.

**WHEREFORE**, the Liquidating Trustee respectfully requests the entry of an order (i) granting the Motion, (ii) approving the Settlement and the Settlement Agreement, and (iii) granting such other relief as the Court deems just and proper.

Dated: Tampa, Florida
       March 16, 2020

BUSH ROSS, P.A.
Post Office Box 3913
Tampa, Florida 33601-3913
(813) 224-9255 (telephone)
(813) 223-9620 (fax)
*Counsel for Jeffrey W. Warren, as Liquidating Trustee for Westport Holdings Tampa, Limited Partnership and Westport Holdings Tampa II, Limited Partnership*

By:    /s/ Adam Lawton Alpert
        Adam Lawton Alpert
        Florida Bar No. 0490857
        *aalpert@bushross.com*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that true and correct copies of the foregoing Motion have been furnished on March 16, 2020, by the Court's CM/ECF system to all creditors and parties in interest receiving noticing through the Court's CM/ECF system and by regular U.S. Mail postage prepaid to the addresses set forth below.

                /s/ Adam Lawton Alpert
                  ATTORNEY

Tim Parker
2537 Brimhollow Dr.
Valrico, FL 33596

Wolfgang Florin, Esq.
Florin Roebig, PA
777 Alderman Rd
Palm Harbor, FL 34683

Kathleen Burkholder
12089 93d Way N.
Largo, FL 33773

Lynn W. Sherman
Trenam Law
200 Central Avenue, Suite 1600
St. Petersburg, FL 33701

7

6DL5030.DOCX

# EXHIBIT "A"

## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT (the "**Agreement**") is entered into as of March 16, 2020 (the "**Execution Date**") by and between Jeffrey W. Warren, as Liquidating Trustee (the "**Liquidating Trustee**") for Westport Holdings Tampa, L.P. and Westport Holdings Tampa II, L.P. (collectively, the "**Debtors**"), Timothy Parker ("**Parker**"), and Kathleen Burkholder ("**Burkholder**"). The Debtors, Parker, and Burkholder are referred to herein each as a "**Party**" and collectively as the "**Parties**."

## RECITALS

WHEREFORE, on or about August 15, 2016, Parker and Burkholder filed a Complaint against Westport Holdings Tampa, L.P. ("**Westport I**") in the Circuit Court for the Thirteenth Judicial Circuit in and for Hillsborough County, Florida styled *Timothy Parker and Kathleen Burkholder v. Westport Holdings Tampa, LP d/b/a University Village*, Case No. 16-CA-007666 (the "**State Court Action**"), in which Parker and Burkholder asserted claims against Westport I for damages pursuant to the Florida's Private Whistleblower Act, Florida Statutes § 448.101 *et seq.*;

WHEREFORE, on September 22, 2016, the Debtors filed voluntary petitions for relief under chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the Middle District of Florida, Tampa Division (the "**Bankruptcy Court**"), Jointly Administered Case No. 8:16-bk-08167-MGW (the "**Bankruptcy Case**");

WHEREFORE, on January 10, 2017, Parker filed a proof of claim in the Bankruptcy Case that has been denominated Claim No. 91-1, which asserts an unsecured, nonpriority claim against Westport I in the amount of $999,000.00 arising out the claims asserted by Parker in the State Court Action (the "**Parker Claim**");

WHEREFORE, on January 10, 2017, Burkholder filed a proof of claim in the Bankruptcy Case that has been denominated Claim No. 92-1, which asserts an unsecured, nonpriority claim against Westport I in the amount of $250,000.00 arising out the claims asserted by Burkholder in the State Court Action (the "**Burkholder Claim**");

WHEREFORE, on September 14, 2017, Westport I filed a Complaint against Parker and Burkholder in the Bankruptcy Court styled *Westport Holdings Tampa, L.P. v. Timothy Parker and Kathleen Burkholder*, Adversary Proceeding No. 8:17-ap-00684-MGW (the "**Adversary Proceeding**"), in which Westport I asserted objections to the Parker Claim and the Burkholder Claim and asserted claims for affirmative relief against Parker and Burkholder for breach of fiduciary duty, tortious interference with business relationships, tortious interference with contract, misappropriation of trade secrets, and civil conspiracy;

WHEREFORE, on May 10, 2018, the Bankruptcy Court entered an order (Doc. No. 1016) confirming the Debtors' First Amended and Restated Mediated Joint Plan of Liquidation under Chapter 11 of the United States Bankruptcy Code, as Modified (Doc. No. 1012) and appointing the Liquidating Trustee to administer the assets of the Debtors;

WHEREFORE, on or about November 21, 2018, an order was entered dismissing the State Court Action for lack of prosecution;

WHEREFORE, on February 14, 2020, the Bankruptcy Court entered an order (Doc. No. 1633) approving and confirming the Confirmed Second Amended and Restated Joint Plan of Liquidation Under

1

Chapter 11 of the United States Bankruptcy Code (Doc. No. 1635) (the "**Confirmed Second Amended Plan**");

WHEREFORE, the Debtors, Parker, and Burkholder now desire to settle all disputes relating to any and all existing or potential claims, demands, actions, suits, or liabilities of any kind, known or unknown, that either may have against the other, including but not limited to any claims asserted in the State Court Action, the Parker Claim, the Burkholder Claim, and the Adversary Proceeding (collectively, the "**Disputes**").

## AGREEMENT

NOW, THEREFORE, in consideration of the foregoing, the terms and conditions set forth herein, and other good and valuable consideration, the adequacy of which is hereby acknowledged, the Parties hereby agree as follows:

1.    Approval by the Bankruptcy Court.

a.    Settlement Motion. No later than two (2) business days after the Execution Date, counsel for the Liquidating Trustee shall file with the Bankruptcy Court in the Bankruptcy Case (i) a motion, pursuant to Bankruptcy Rule 9019, seeking the Approval Order (the "**Motion to Compromise**"), and (ii) and make all reasonable efforts to have the Approval Order entered by the Bankruptcy Court on or before April 30, 2020.  In connection with the Motion to Compromise, the Parties shall use their best efforts to expeditiously obtain approval of this Agreement by the Bankruptcy Court.  The Parties to this Agreement will cooperate with each other in seeking approval of this Agreement by the Bankruptcy Court; provided, however, that they will participate at their own expense in any proceedings relating to same.

b.    Approval Order.  For purposes of this Agreement the term "Approval Order" shall mean an order approving this Agreement in all material respects in a form and substance reasonably acceptable to the Parties, which order has been entered by the Bankruptcy Court or by any other federal court that has jurisdiction over any proceeding in connection with the Bankruptcy Case for the purpose of such proceeding, and which order, judgment, ruling, or other decree has not been reversed, vacated, stayed, modified, or amended and as to which (i) no appeal, petition for review, reargument, rehearing, reconsideration, or certiorari has been taken and is pending and the time for the filing of any such appeal, petition for review, reargument, rehearing, reconsideration, or certiorari has expired, or (ii) such appeal or petition has been heard and dismissed or resolved and the time to further appeal or petition has expired with no further appeal or petition pending.

2.    Allowance of Parker and Burkholder Proofs of Claim. The Approval Order shall provide that the Parker Claim shall be allowed in the amount of $500,000.00 and the Burkholder Claim shall be allowed in the amount of $75,000.00, which claims shall be treated as Allowed Class 14 Unsecured Claims pursuant to the terms of the Confirmed Second Amended Plan.

3.    Dismissal of Adversary Proceeding. Within two (2) business days of the Approval Order becoming final and nonappealable in accordance with Section 1.b. above, the Liquidating Trustee shall file a notice of voluntary dismissal of the Adversary Proceeding with prejudice.

4.    General Releases.

a.    Parker and Burkholder Release. Effective upon the Approval Order becoming final and nonappealable in accordance with Section 1.b. above, and without the further need for any

2

documentation, the Liquidating Trustee, for himself, the Debtors and their estates, waives, releases and forever discharges Parker and Burkholder from all claims, liens, obligations, suits, demands, damages or actions of any type or nature arising out of the Disputes, which the Debtors ever had against Parker and Burkholder, whether known or unknown, other than any claims for breach of this Agreement.

b. **Debtor Release.** Effective upon the Approval Order becoming final and nonappealable in accordance with Section 1.b. above, and without the further need for any documentation, Parker and Burkholder waive, release and forever discharge the Liquidating Trustee, the Debtors, and their respective estates, agents, representatives, and assigns (collectively, the "**Debtor Releasees**") from all claims, liens, obligations, suits, demands, damages or actions of any type or nature relating to or arising out of the Disputes, which Parker or Burkholder ever had against the Debtor Releasees, whether known or unknown, other than any claims for breach of this Agreement.

5. No Admission of Liability. The Parties to this Agreement understand and agree that this Agreement is made solely in settlement of the Disputes and not as an admission or disclaimer of liability for any of the claims asserted by any Party.

6. Advice of Counsel. The Parties represent and agree that they have each: (i) had the opportunity to review this Agreement with legal counsel; (ii) carefully read and fully understand all of the provisions of this Agreement; and (iii) voluntarily signed this Agreement. The rule of construction that an agreement is to be construed against the drafting party will not be applied in interpreting this Agreement.

7. Dispute. If any Party to this Agreement files an action to enforce compliance with any term of this Agreement or to allege a breach thereof, the Party prevailing in that action shall be entitled to recover all reasonable attorneys' fees, costs and any necessary disbursements incurred therein, including, without limitation, expert witness fees, deposition costs, court clerk fees, service fees, and printing costs, in addition to any other relief to which the Party may be entitled at trial or upon appeal. The Agreement shall be governed by the laws of the State of Florida without regard to conflicts of law principles. The Parties agree that venue for any action arising from or relating to this Agreement shall exclusively lie in the appropriate state or federal court having jurisdiction in Hillsborough County, Florida.

8. Entire Agreement. It is the intent of the Parties that this Agreement be complete and not subject to any claims of mistake of fact or law by any Party. This Agreement expresses a full and complete settlement of liability claimed and denied and is final and complete. This Agreement constitutes the full and complete integration of the Parties' agreements. There are no promises, statements, covenants, representations, or warranties, expressed or implied, oral or written, about the subject matter of this Agreement that are not contained herein. This Agreement may not be modified in any manner except by an instrument in writing signed by the Parties.

9. Authority. Each of the Parties to this Agreement hereby represents, warrants and covenants that it, he, or she has the full power and authority to execute, deliver, and perform this Agreement and has duly authorized the execution, delivery, and performance of this Agreement. Each of the undersigned agents of the Parties hereto hereby represents and warrants his or her authority to sign this Agreement for such Party.

10. Counterparts. This Agreement may be executed in several counterparts, all of which when taken together shall constitute one agreement binding on all Parties, notwithstanding that all Parties are not signatories to the same counterpart. The Parties further agree that any facsimile or electronic copy of a Party's signature is valid and binding to the same extent as an original signature.

3

11.    Binding Agreement. Subject to entry of the Approval Order, this Agreement is binding on the Parties hereto and their respective successors, agents, legal representatives, and assigns, and on any other persons claiming a right or interest through any of the Parties.

The Parties have caused this Agreement to be executed and delivered as of the Execution Date set forth above.

**WESTPORT HOLDINGS TAMPA, L.P.**                    **TIMOTHY PARKER**

_Jeffrey W. Warren_
Jeffrey W. Warren, as Liquidating Trustee            Timothy Parker, individually

**WESTPORT HOLDINGS TAMPA II, L.P.**               **KATHLEEN BURKHOLDER**

_Jeffrey W. Warren_
Jeffrey W. Warren, as Liquidating Trustee            Kathleen Burkholder, individually

4

6DL4731.DOC

11.      Binding Agreement. Subject to entry of the Approval Order, this Agreement is binding on the Parties hereto and their respective successors, agents, legal representatives, and assigns, and on any other persons claiming a right or interest through any of the Parties.

The Parties have caused this Agreement to be executed and delivered as of the Execution Date set forth above.

**WESTPORT HOLDINGS TAMPA, L.P.**            **TIMOTHY PARKER**


_____            _____
Jeffrey W. Warren, as Liquidating Trustee            Timothy Parker, individually

**WESTPORT HOLDINGS TAMPA II, L.P.**            **KATHLEEN BURKHOLDER**


_____            _____
Jeffrey W. Warren, as Liquidating Trustee            Kathleen Burkholder, individually

11.    Binding Agreement. Subject to entry of the Approval Order, this Agreement is binding on the Parties hereto and their respective successors, agents, legal representatives, and assigns, and on any other persons claiming a right or interest through any of the Parties.

The Parties have caused this Agreement to be executed and delivered as of the Execution Date set forth above.

**WESTPORT HOLDINGS TAMPA, L.P.**          **TIMOTHY PARKER**

_____          _____
Jeffrey W. Warren, as Liquidating Trustee          Timothy Parker, individually

**WESTPORT HOLDINGS TAMPA II, L.P.**          **KATHLEEN BURKHOLDER**

_____          _____
Jeffrey W. Warren, as Liquidating Trustee          Kathleen Burkholder, individually