ORDERED.

**Dated:  December 12, 2022**

Catherine Peek McEwen
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Case No.:  8:16-bk-08167-MGW |
| WESTPORT HOLDINGS TAMPA, LIMITED PARTNERSHIP, | Chapter 11 |
| WESTPORT HOLDINGS TAMPA II, LIMITED PARTNERSHIP, | Case No.: 8:16-bk-08168-MGW |
| Debtors. _____/ | Jointly Administered Under Case No. 8:16-bk-08167-MGW |
| JEFFREY W. WARREN, LIQUIDATING TRUSTEE FOR WESTPORT HOLDINGS TAMPA, LIMITED PARTNERSHIP and WESTPORT HOLDINGS II, LIMITED PARTNERSHIP, | |
| Plaintiff, | |
| v. | Adv. Pro. No. 8:20-ap-00007-MGW |
| Valley NATIONAL BANK, principal subsidiary to Valley NATIONAL BANKCORP, a New Jersey domestic profit corporation, as successor by merger to USAMERIBANK, | |
| Defendant. _____ | |



**PLAINTIFF'S EXHIBIT**

214

## AGREED ORDER

THESE MATTERS came before the Court, without hearing, for consideration upon (i) a motion to compel the production of documents filed by the Plaintiff, Jeffrey W. Warren, as Liquidating Trustee for Westport Holdings Tampa, Limited Partnership and Westport Holdings Tampa II, Limited Partnership (the "Liquidating Trustee") against Valley National Bank ("Valley") (Doc. 148) (the "Motion to Compel") and (ii) a motion for the imposition of sanctions filed by the Liquidating Trustee against Valley (Doc. 188) (the "Sanctions Motion"). (The Motion to Compel and the Sanctions Motion shall be collectively referred to as the "Sanctions Motions.") Valley filed a response to the Sanctions Motion ("Valley's Response") and the Liquidating Trustee filed a reply in support of the Sanctions Motion (the "Reply Brief"). The Court held a hearing on the Motion to Compel on June 30, 2022. The Court then held a hearing on the Sanctions Motions on October 6, 2022. The Court is currently scheduled to hear the Sanctions Motions on December 12, 2022 (the "Hearing"). The Court, having considered the Sanctions Motions, Valley's Response, and the Reply Brief, together with the record in this adversary proceeding and in particular the hearings held on June 30, 2022, and October 6, 2022, and noting the agreement of the Liquidating Trustee and Valley to the entry of this Agreed Order, finds that it is appropriate to enter the relief set forth in this Agreed Order. Accordingly, it is

ORDERED:

### Waiver of Privilege

1.      In connection with the resolution of the Sanctions Motions, Valley has agreed to waive its right to assert privilege in this adversary proceeding on the terms set forth in this paragraph. Accordingly, such privilege is hereby waived without any limitation whatsoever including any and all privileges including, but not limited to, Valley's attorney-client privilege, work-product privilege, and common-interest privilege that it asserts, has asserted, could assert, or

may assert in the future for any written or oral communications that were prepared, sent, received, edited, said, heard, or the like on or before September 22, 2016.

### Sanctions

2. The parties have also agreed in writing to resolve the monetary issues raised in the Sanctions Motion Pursuant to Rules 37(a)(5)(A) and 37(b)(2)(A) of the Federal Rules of Civil Procedure as incorporated by Rule 7030 of the Federal Rules of Civil Procedure. The agreed-upon payment is hereby ordered to be paid on or before December 13, 2022.

### Continuance of the Hearing

3. The Hearing on the Sanctions Motions set for December 12, 2022 is hereby cancelled.

### Previous Document Searches

4. Valley represents to the Court that it has previously searched the following custodians: (i) Mike Carter; (ii) Trey Korhn; and (iii) Dan Sheesley (the "Previously Searched Custodians") regarding the following search terms: (i) "Westport"; (ii) "Westport Holdings"; (iii) "Westport Nursing"; (iv) "Westport Holdings Tampa II"; (v) "WNT"; (vi) "BVM Management"; (vii) "CPIF"; (viii) "MLR"; (ix) "Horizon LP UV"; (x) "IMH Healthcare"; (xi) "Right of Offset (Within Westport Search)"; (xii) "Life Care Services (Within Westport Search)"; (xiii) "Loan Agreement (Within Westport Search)"; and (xiv) "Loan Proceeds (Within Westport Search)"(collectively, the "Previous Search Terms").[1]

### Additional Document Searches

5. Valley is hereby ordered to search the following document custodians: (i) David Goble; (ii) Joe Taggart; (v) M. Weimer; (vi) all members of the Directors Loan Committee; (vii) all members of the Senior Credit Committee including, but not limited to, Brad McMurtrey, Tom

---

[1] For the purposes of this paragraph "within Westport search" means a search first conducted with respect to romanette (i) "Westport" above and then additional searches performed within that initial search.

Kelley, Joe Chillura, Al Rogers, Caryn Hughes, and Harian Parrish; and (viii) those individuals assisting or working with members of such committee including, but not limited to, Donna McLeod, Amie Elder, Mike Weimer, Rhonda G. Ray, Vicki Alderman, Wendy Blankenhorn, and Richard Batholomee (collectively, the "Additional Valley Custodians") for the Previous Search Terms and the following search terms: (i) "John Bartle"; (ii) "Larry Landry"; (iii) "651.035"; (iv) "provider"; (v) "Carolyn Morgan"; (vi) "Desmond Wilson"; (vii) the account number for the account in which the $3,000,000 was deposited; (viii) "Williams Mullen"; (ix) "williamsmullen"; (x) "Hungate"; (xi) "Noland"; (xi) "Hungate-Noland"; (xii) "Starbuck"; (xiii) "Angelis"; (xiv) "Turnbull"; (xv) "Rabke"; (xvi) "University Village"; and (xvii) "fraudulent transfer" (collectively, the "Additional Search Terms").

6.      Valley is also hereby ordered to search the Previously Searched Custodians for the Additional Search Terms.

**Production of Documents**

7.      On or before January 5, 2023, Valley shall produce all documents from its searches set forth in paragraph 4 of this Agreed Order (the "Paragraph 4 Documents"). Valley shall indicate the specific bates numbers for the documents from such searches. Specifically, it shall represent that it has produced all of the Paragraph 4 Documents and that such documents have the stated bates numbers.

8.      On or before January 5, 2023, Valley shall produce all documents from its searches set forth in paragraph 5 through paragraph 6 (the "Paragraph 5/6 Documents"). Valley shall indicate the specific bates numbers for the documents from such searches. Specifically, it shall represent that it has produced all of the Paragraph 5/6 Documents and that such documents have the stated bates numbers.

9.      On or before January 5,2023,  Valley shall produce all documents responsive to all

4

of the requests for the production of documents within the Liquidating Trustee's request for the production of documents attached as Exhibit "A" to the Motion to Compel (the "Requests for Production"). This paragraph is not intended to suggest that the production of documents required by paragraphs 7 and 8 of this Agreed Order will not necessarily be sufficient to satisfy Valley's obligation to produce documents in response to the requests for the production of documents within the Requests for Production. At the same time, paragraphs 7 and 8 of this Agreed Order do not relieve Valley from its obligation under Rule 34 of the Federal Rules of Civil Procedure; specifically, Valley has an obligation to produce responsive documents even if they are not identified based on a search of "search terms" for the relevant "document custodians."

## Verification

10. Valley is hereby ordered that it shall file a verified pleading for everything it is required to prepare under this Agreed Order—*i.e.*, such pleading shall be signed by counsel for Valley and verified under oath by an officer of Valley. In the verified pleading, counsel for Valley shall represent to the Court that the item being filed is true, correct, and complete and that it complies with Valley's obligations under this Agreed Order. The officer verification shall also state that the item being filed is true, correct, and complete and that it complies with Valley's obligations under this Agreed Order.

## Confirmation that Documents Appearing in
## Previous Privilege Logs Have Been Produced

11. On or before January 5, 2023, Valley is hereby ordered to file an edited version of the October 13 Privilege Log[2] (the "Edited Version of the Log"). Such edited version shall contain all of the information contained in the October 13 Privilege Log, but Valley shall add an additional column to the far right for the bates number of the corresponding documents. For the Edited Version

---

[2] The "October 13 Privilege Log" shall refer to the log that counsel for Valley provided to the Court on October 13, 2022.

5

of the Log, to the right of the "Privilege" column on the October 13 Privilege Log, Valley shall insert a new "Bates Number" column. As an example, for Row #1 on the October 13 Privilege Log, Valley shall include the bates number for the document with Control Numbers 549.1 through 549.4 in the new "Bates Number" column.

12.    On or before January 5,2023, Valley shall file a similarly edited version of each of the following privilege logs: the First Privilege Log,[3] the Second Privilege Log,[4] the Third Privilege Log,[5] and the Fourth Privilege Log.[6] For the avoidance of doubt, Valley shall file a separate log for each log comprising the Third Privilege Log and a separate log for each log comprising the Fourth Privilege Log.

### Withdrawal of the Sanctions Motions

13.    On or before January 6, 2023, Valley is hereby ordered to represent to the Court that it has timely satisfied all of its obligations under this Agreed Order (collectively, the "Agreed Order Obligations").  Specifically, Valley is hereby ordered to represent to the Court in writing (in compliance with paragraph 10) that it satisfied such obligations by (i) specifically enumerating the actions it has taken to satisfy them, (ii) specifically enumerating how such actions satisfy Valley's obligations which discussion shall include the relevant paragraph number for each of Valley's obligations, and (iii) concluding that it has "timely satisfied all of its obligations arising under the Agreed Order."

14.    Within ten days of the filing of Valley's representation to the Court, the Liquidating Trustee shall either (i) file a withdrawal of the Sanctions Motions or (ii) file a challenge to such representation.

---

[3] The "First Privilege Log" shall refer to the document at Doc. 188 at **164-199.
[4] The "Second Privilege Log" shall refer to the document at Doc. 166 at **8-141.
[5] The "Third Privilege Log" shall collectively refer to the documents at Doc. 181.
[6] The "Fourth Privilege Log" shall collectively refer to the documents at Doc. 187.

## Miscellaneous

15.    The Liquidating Trustee agrees not to depose Edmund S. Whitson, III regarding any topic for which Valley has waived privilege; provided, however, the foregoing agreement shall not apply if Valley puts a relevant question "at issue." For instance, if Valley relies upon a conversation (or a purported conversation) between Jeffrey W. Warren and Edmund Whitson, then the Liquidating Trustee is entitled to depose Mr. Whitson regarding such topic.

16.    Nothing in this Agreed Order shall waive or otherwise prejudice the rights of the Liquidating Trustee unless the foregoing is clearly and unambiguously set forth in this Agreed Order.

17.    Neither party shall be required to log documents for which they assert privilege to the extent that such documents were prepared, sent, received, edited, or the like after September 22, 2016.

**APPROVED AS TO FORM AND CONTENT AND AGREED FOR ENTRY.**

Attorney Edmund S. Whitson, III, is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of this order.

[remainder of the page intentionally left blank]

7

Dated: December 9, 2022

/s/ Robert M.D Mercer
Robert M.D. Mercer
Georgia Bar No. 502317
r.mercer@mercerlawllc.com
MERCER LAW LLC
1230 Peachtree Street, N.E.
Promenade, Suite 1900
Atlanta, Georgia 30309
*Counsel for Plaintiff*

Dated: December 9, 2022

/s/ Edmund S. Whitson, III
Edmund S. Whitson, III, Esq.
Florida Bar No. 897272
Primary: edmund.whitson@arlaw.com
Secondary: madeline.algarin@arlaw.com

ADAMS AND REESE LLP
100 N. Tampa Street, Suite 4000
Tampa, FL 33602
Telephone: 813-402-2880
Facsimile: 813-402-2887
*Counsel for Defendant*

(Filer's Attestation: Pursuant to Local Rule 1001-2(g)(3) regarding signatures, Robert M.D. Mercer attests that concurrence in the filing of this paper has been obtained)