## Minerva Granger

**From:** John Bartle
**Sent:** Wednesday, June 29, 2022 12:07 PM
**To:** Daniel Sheesley
**Subject:** Fwd: Warren vs VNB
**Attachments:** Warren #148.pdf

Dan,

I have read every single paragraph of this Motion, Interrogatories and Requests for Production.  What is lost here is that Westport was represented by the law firm of Holland & Knight (HK). The Westport GP, Larry Landry, sought legal advice from HK "before" he authorized the transfer of the $ 3,000,000 to USAB.  Landry acted upon advice of HK.

Mercer is also asking many questions about Burr Foreman——but they did not represent Westport and had no knowledge of communications between HK, Landry and the OIR.
Burr Forman had no reason to deal with the OIR—-as Westport Nursing was not regulated by the OIR.

Additionally, the Westport Limited Partners were represented by the NY law firm of WILLIAMS MULLINS who sent written communication to the OIR advising them of the transfer of the $ 3,000,000 as of March 31, 2014.

It is undisputed that the OIR was fully aware of the terms of the transaction and did not object to any actions of Westport or Westport Nursing for nearly one year.

Ed was not around in 2014, so I just think you should know the facts and how those facts are being twisted by a lawyer that was also not around in 2014.

John Bartle
AmeriCare Group
9961 Crosspoint Boulevard, Suite 300
Indianapolis, IN 46256
Direct Dial 317 627 0504

Begin forwarded message:

> **From:** Courtni Peters <c_litherland@bvmmanagement.com>
> **Date:** June 29, 2022 at 10:34:29 AM EDT
> **To:** John Bartle <jbartle@americarepropertygroup.com>
> **Subject:** Warren



PLAINTIFF'S EXHIBIT 291

Bartle 000354

Please see attached.
Thank you,

*Courtni*

Courtni Litherland Peters
AmeriCare Group
9961 Crosspoint Blvd., suite 200
Indianapolis, IN 46256
317-806-6770 ext. 217

Bartle 000355

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                                    Case No.:  8:16-bk-08167-MGW

WESTPORT HOLDINGS TAMPA,                                  Chapter 11
LIMITED PARTNERSHIP.

WESTPORT HOLDINGS TAMPA II,                               Case No.: 8:16-bk-08168-MGW
LIMITED PARTNERSHIP,
                                                          Jointly Administered Under
        Debtors.                                          Case No. 8:16-bk-08167-MGW
                                          /

JEFFREY W. WARREN, LIQUIDATING
TRUSTEE FOR WESTPORT HOLDINGS
TAMPA, LIMITED PARTNERSHIP and
WESTPORT HOLDINGS II, LIMITED
PARTNERSHIP,

        Plaintiff,

v.                                                        Adv. Pro. No. 8:20-ap-00007-MGW

Valley NATIONAL BANK, principal
subsidiary to Valley NATIONAL
BANKCORP, a New Jersey domestic profit
corporation, as successor by merger to
USAMERIBANK.

        Defendant.
                                          /

## PLAINTIFF'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS

Plaintiff, Jeffrey W. Warren, as Liquidating Trustee for Westport Holdings Tampa, Limited

Partnership and Westport Holdings Tampa II, Limited Partnership (the "Liquidating Trustee") moves

the Court to enter an order compelling Valley National Bank ("Valley") to produce documents

pursuant to Rule 37 of the Federal Rules of Civil Procedure as incorporated by Rule  7037 of the

Federal Rules of Bankruptcy Procedure and respectfully shows the Court the following:

Bartle 000356

## INTRODUCTION

1.      The issue before the Court is whether a party (that for over four months has repeatedly broken its promises regarding its obligations to produce documents and that has—after conducting "reasonably appropriate diligence"—incorrectly represented that it had already produced *all* responsive, non-privileged documents when it has only actually produced a *small fraction* of such documents) should have to produce such documents. The motion does not present many issues that typically arise in discovery motions. The Liquidating Trustee's good faith is not at issue: Valley stipulated that counsel for the Liquidating Trustee "conferred in good faith on numerous occasions" with counsel for Valley regarding the "timing of Valley's production of documents." Valley's objections to the Liquidating Trustee's requests for the production of documents is not at issue given that Valley agreed to produce all responsive, non-privileged documents. Although it previously represented that it had produced all responsive, non-privileged documents, Valley has not disputed that it has only actually produced a small fraction of such documents. Last, the timing of when Valley should be ordered to produce the documents is not an issue given that Valley agreed to produce such documents on or before June 17, 2022. Based on the foregoing, the Liquidating Trustee respectfully requests that the Court enter an order directing Valley to promptly produce all responsive, non-privileged documents.

## BACKGROUND

2.      On February 25, 2022, the Liquidating Trustee served his first set of discovery requests including his requests for the production of documents. Attached as Exhibit "A" is a copy of the cover email and discovery requests.

3.      The Liquidating Trustee agreed to an extension of time for Valley to respond to such discovery requests through March 30, 2022, and then again through April 1, 2022. *See, e.g.*, Doc. 125 at ¶ 3.

2

Bartle 000357

4.    Valley then moved for an extension of time through April 13, 2022. Doc. 125 at ¶ 4.

5.    The Liquidating Trustee then agreed to give Valley a further extension through April 27, 2022. Doc. 129 at ¶ 5. The Court entered an order granting such extension. Doc. 131.

6.    Valley then requested yet another extension through April 29, 2022. The parties entered into a Rule 29 stipulation in which the Liquidating Trustee agreed to an extension of the deadline for Valley to object and respond to such discovery requests through April 29, 2022. Doc. 113 at ¶ 1. Valley agreed "not to raise any objections or otherwise avoid responding to the Liquidating Trustee's Discovery Requests to the extent that such objections or the like can be consensually resolved through communication." Doc. 113 at ¶ 2.

7.    Valley subsequently served its objections and responses to the Liquidating Trustee's requests for the production of documents. Attached as Exhibit "B" is a copy of the discovery responses.

8.    In direct violation of the terms of the parties' agreement, Valley raised "objections or otherwise avoid[ed] responding to" the Liquidating Trustee's requests for production of documents even though such issues could have been "consensually resolved through communication." Attached as Exhibit "C" is a letter explaining Valley's failure to comply with the stipulation including the specific document requests in question.

9.    Valley subsequently proposed and committed to producing all responsive, non-privileged documents on or before June 3, 2022. Attached as Exhibit "D" is an email confirming the discussion.

10.    Subsequently, Valley informed the Liquidating Trustee that it would not produce its documents by such date.

11.    Valley was then going to produce documents on or before June 8, 2022. Attached as Exhibit "E" is an email confirming the foregoing.

3

Bartle 000358

12.    Subsequently, Valley informed the Liquidating Trustee that it would not produce its documents by such date.

13.    On June 9, 2022, counsel for Valley agreed to produce all responsive, nonprivileged documents on or before June 15, 2022, and to provide a privilege log "shortly thereafter." Attached as Exhibit "F" is an email attaching a draft of a stipulation reflecting the terms of such agreement.

14.    But Valley refused to confirm the terms of the two-page stipulation purportedly because its counsel was attending a partners' retreat. Attached as Exhibit "G" is an email in which counsel for Valley confirms that he would not review the stipulation or any emails until the following Monday, June 13, 2022.

15.    Valley's counsel was, however, able to read and respond to various other emails.

16.    On June 13, 2022, after obtaining the benefit of a four-day extension, Valley's counsel advised, among other things, that he would have to "adjust some of the timing" and would not be able to produce all responsive, nonprivileged documents until June 17, 2022. Attached as Exhibit "H" is an email reflecting the foregoing.

17.    On June 14, 2022, the parties entered into a stipulation that provides, among other things, the following:

- On or before June 17, 2022, Valley agreed to *all responsive*, non-privileged *documents*. Doc. 143 at ¶ 1.

- If Valley complies with the foregoing deadline to produce such documents, its counsel was required to send an email to counsel for the Liquidating Trustee stating, among other things, after he conducted "reasonable and appropriate diligence," that Valley had produced *all responsive*, non-privileged *documents*. *Id.* at ¶ 2.

18.    On June 17, 2022, consistent with the terms of the parties' agreement discussed above, counsel for Valley sent an email confirming that he conducted "reasonable and appropriate diligence" and that Valley had produced all responsive, non-privileged documents. Attached as Exhibit "I" is an email stating the foregoing.

Bartle 000359

19.     The Liquidating Trustee's counsel subsequently reviewed the documents Valley produced and realized that Valley had only produced *fourteen emails* and sent Valley an email stating it was hard to understand how Valley produced only fourteen emails. Attached as Exhibit "J" is an email stating the foregoing.

20.     Having received no response, the Liquidating Trustee sent two more emails to Valley in an attempt to resolve the dispute.

21.     On the evening of June 22, 2022, counsel for Valley called counsel for the Liquidating Trustee. He explained that he had probably withheld all documents that could potentially be privileged subject to privilege review and that he would review such documents to see if he could remove the privilege designation and produce such documents.

22.     The problem with such explanation—as counsel for the Liquidating Trustee pointed out—is that Valley had agreed to produce all documents five days earlier. Doc. 143 at ¶ 2. To make matters even worse, after its counsel conducted "reasonable and appropriate diligence," he sent an email stating unambiguously that Valley had already produced all nonprivileged, responsive documents. Attached as Exhibit "K" is an email setting forth the foregoing.

23.     Counsel for the Liquidating Trustee gave counsel for Valley several opportunities to explain the apparent contradiction between the earlier representation and his later explanation, but counsel for Valley never did. Attached as Exhibit "L" is an email string offering counsel for Valley an opportunity to explain.

24.     Based on a review of the documents Valley produced in this adversary proceeding versus documents Valley produced in an earlier adversary proceeding, it became clear that Valley's failure to produce documents was not limited to emails and was far more expansive. Counsel for the Liquidating Trustee sent counsel for Valley an email explaining Valley's expansive failure to produce documents. Such email requests counsel for Valley to respond to such email on or before noon on

5

Bartle 000360

June 27, 2022. Attached as Exhibit "M" is an email explaining the failure of Valley to produce a wide range of documents.

25.     But Counsel for Valley never responded to such email.

## ARGUMENT

**I.      The Liquidating Trustee Is Entitled to an Order Compelling Production.**

26.     The Federal Rules of Civil Procedure as incorporated by the Federal Rules of Bankruptcy Procedure provides that a "party may move for an order compelling . . .production" of documents if a "party fails to produce documents . . . as requested under Rule 34." FED. R. CIV. P. 37(a)(3)(B)(iv).

27.     As set forth above, the Liquidating Trustee served his requests for production on Valley on February 25, 2022. As a result, Valley has had over four months to produce responsive documents. As further set forth above, the Liquidating Trustee has given Valley countless extensions that Valley itself proposed. Yet, to this day, Valley cannot explain why its counsel has represented that it has already produced *all* responsive, non-privileged documents Valley has produced only a *small fraction* of the responsive, non-privileged documents. It goes without saying that representing that all documents have been produced when they have in fact not been produced is no small matter. *Herendeen v. Regions Bank (In re Able Body Temporary Servs., Inc.)*, No. 8:15-ap-118, 2020 WL 8611156, *3 (M.D. Fla. Nov. 19, 2020) (describing dilatory tactic of falsely representing that all documents have been produced). The Liquidating Trustee has given Valley numerous opportunities to explain such inconsistency. But Valley has not done so.

28.     Under the circumstances, the Liquidating Trustee is entitled to an order compelling Valley to produce all non-privileged, responsive documents.

6

Bartle 000361

## II.   The Issues Before the Court Are Discrete.[1]

29.   The issues before the Court are discrete. For the Court to decide this motion, it does not have to delve into issues that are normally relevant. This motion does not raise issues regarding whether counsel for the Liquidating Trustee conferred in good faith with counsel Valley. It is undisputed that counsel for the Liquidating Trustee "conferred in good faith on numerous occasions" with counsel for Valley regarding the "timing of Valley's production of documents." Doc. 143 at **1-2.[2] Nor does the Court have to rule on Valley's objections to the Liquidating Trustee's requests for production of documents given that Valley agreed to produce all responsive, non-privileged documents.[3] Doc. 143 at ¶ 1. Indeed, on June 17, 2022, after conducting "reasonable and appropriate diligence," counsel for Valley represented that Valley had produced all such documents. Exhibit "K." Last, the Court does not have to rule on when the documents should be produced. Valley agreed to produce such documents on June 17, 2022, in a clear and unambiguous stipulation in that is enforceable according to their terms.[4, 5]

---

[1] The Liquidating Trustee continues to try to resolve discovery disputes with Valley in good faith. But he anticipates that he may need to seek relief regarding, among other things, the scope of Valley's production. At this point, however, the Liquidating Trustee is just seeking Valley to produce documents that it has agreed to produce.

[2] The foregoing notwithstanding, to ensure compliance with Local Rule 7026-1 and Federal Rule of Civil Procedure 37(a)(1), the required "good faith" certificate is attached to the motion.

[3] The issue of privilege is not before the Court.

[4] *Hernandez v. Starbucks Coffee Co.*, No. 09-60073, 2011 WL 13173810, **1-3 (S.D. Fla. Apr. 14, 2011) (enforcing Rule 29 stipulation); *Elvis Presley Enter., Inc., v. City of Memphis, Tenn.*, No. 18-CV-02718, 2020 WL 4283276, *1 (W.D. Ten. Mar. 6, 2020) (Rule 29 stipulation will be "enforced according to its terms.").

[5] Valley has moved to modify the parties' second stipulation as it relates to Valley's providing its privilege log. Doc. 146. But it has failed to offer any supporting authority to support the extraordinary relief it requests. *Quicken Loans, Inc. v. Mason Dixon Contracting, Inc.*, No. 5:20-cv-89, 2020 WL 13379383, *3 (M.D. Fla. Aug. 19, 2020) (refusing to address "perfunctory and underdeveloped argument"). And Valley has not even alleged that it satisfied its obligation to make the good faith effort contemplated by both Local Rule 7026-1 and Federal Rule of Civil Procedure 37(a)(1). *Lentine v. Lentine (In re Lentek Int'l, Inc.)*, No. 6:05-ap-187, 2006 WL 2986997, *4 (Bankr. M.D. Fla. Sep. 12, 2006) (denying discovery motion because counsel failed to demonstrate that good faith efforts to resolve the dispute before filing the motion). Even assuming that Valley has not waived such

7

Bartle 000362

### III.    The Liquidating Trustee Is Entitled to An Award of Fees and Expenses.

30.    The Liquidating Trustee requests that the Court award him fees and expenses for filing this motion. If a court grants a motion to compel, it "must" award the prosecuting party its attorneys' fees and expenses. FED. R. CIV. P. 37(a)(5)(A). The only exceptions to such mandatory rule are the following: (i) "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;" (ii) "the opposing party's nondisclosure, response, or objection was substantially justified;" or (iii) "other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(a)(5)(B). As set forth above and as counsel for Valley has stipulated, counsel for the Liquidating Trustee has conferred in good faith with counsel for Valley regarding the timing of its production of documents. Doc. 143 at **1-2. Valley's failure to produce the documents is not "substantially justified" because "reasonable people" would not think that Valley's failure to comply with its discovery obligations is appropriate. *Harrington v. Roundpoint Mortg. Serv. Corp.*, No. 2:15-cv-322, 2017 WL 10651262, *2 (M.D. Fla. Jan. 23, 2017) ("Substantially justified" means "reasonable people could differ as to the appropriateness of the contested actions.") Last, for the reasons set forth above and the repeated opportunities the Liquidating Trustee gave Valley to produce the documents, "other circumstances" do not "make an award of expenses unjust."

### IV.    The Liquidating Trustee Requests Expedited Consideration.

31.    The Liquidating Trustee requests "expedited consideration" pursuant to Local Rule 9013-1(e) and that the Court hear this motion at the hearing scheduled for 11:00 a.m. on June 30, 2022. Knowing that the Liquidating Trustee wanted to address discovery issues at such hearing, Valley agreed not to object to this motion being heard on an expedited basis at such hearing. Doc.

---

argument, such relief can actually be granted, and Valley is entitled to proceed even though it violated Local Rule 7026-1 and Federal Rule of Civil Procedure 37(a)(1), such motion does not affect this motion because Valley has *not* sought an extension of the agreed-upon deadline to produce documents, which was on June 17, 2022. Doc. 143 at ¶ 1.

8

Bartle 000363

143   ¶ 5.   For purposes of moving the case along, it is critical that such documents are produced promptly. Counsel for Valley is certainly aware of the issues presented by this motion. Moreover, as discussed above, in terms of the Court's preparation, such issues are discrete.

## CONCLUSION

32.      The Liquidating Trustee should never have had to file this motion in the first place. But after Valley's repeated failures to meet deadlines Valley itself proposed, the Liquidating Trustee had no choice but to request the Court to enter an order compelling Valley to comply with its obligations under the Federal Rules of Civil Procedure and Federal Rules of Bankruptcy Procedure.

Dated: June 28, 2022

/s/Robert M.D. Mercer
Robert M.D. Mercer
Georgia Bar No. 502317
r.mercer@mercerlawllc.com
MERCER LAW LLC
1230 Peachtree Street, N.E.
Promenade, Suite 1900
Atlanta, Georgia 30309
*Counsel for Plaintiff*

Bartle 000364

## CERTIFICATE OF GOOD FAITH CONFERENCE

As counsel for the Liquidating Trustee, I certify that I have conferred with counsel for Valley National Bank in good faith to resolve the discovery disputes raised by Liquidating Trustee's motion to compel the production of document.

Dated: June 28, 2022

/s/Robert M.D. Mercer
Robert M.D. Mercer
Georgia Bar No. 502317
r.mercer@mercerlawllc.com
MERCER LAW LLC
1230 Peachtree Street, N.E.
Promenade, Suite 1900
Atlanta, Georgia 30309
*Counsel for Plaintiff*

Bartle 000365

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 28, 2022, a true and correct copy of the foregoing has been furnished to all parties receiving CM/ECF notification via the Court's CM/ECF system.

/s/ Robert M.D. Mercer
ATTORNEY

Bartle 000366

# Exhibit A

Bartle 000367

| From: | Tasheba Fulcher |
|---|---|
| To: | edmund.whitson@arlaw.com; chantal.pillay@arlaw.com; Madeline Algarin, CP, FRP |
| Cc: | Robert Mercer |
| Subject: | Warren v. VNB Discovery Requests |
| Date: | Friday, February 25, 2022 4:34:58 PM |
| Attachments: | image001.png |
| | Warren v. VNB Discovery Requests.pdf |

*Sent on Behalf of Robert Mercer*

Mr. Whitson: attached please find Plaintiff's First Request For Admissions, First Interrogatories, and First Request For Production Of Documents To Defendant from Robert Mercer. Tasheba

Tasheba Fulcher

Legal Assistant

**MERCER LAW**LLC

A PASSION TO WIN

1230 Peachtree Street, N.E.
Promenade, Suite 1900
Atlanta, Georgia 30309
Website: www.mercerlawllc.com
404-942-2297 (d)

Bartle 000368

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                                   Case No.:  8:16-bk-08167-MGW

WESTPORT HOLDINGS TAMPA,                                 Chapter 11
LIMITED PARTNERSHIP,

WESTPORT HOLDINGS TAMPA II,                              Case No.: 8:16-bk-08168-MGW
LIMITED PARTNERSHIP,

    Debtors.                                           Jointly Administered Under
_____/                       Case No. 8:16-bk-08167-MGW

JEFFREY W. WARREN, LIQUIDATING
TRUSTEE FOR WESTPORT HOLDINGS
TAMPA, LIMITED PARTNERSHIP and
WESTPORT HOLDINGS II, LIMITED
PARTNERSHIP,

    Plaintiff,

v.                                                       Adv. Pro. No. 8:20-ap-00007-MGW

VALLEY NATIONAL BANK, principal
subsidiary to VALLEY NATIONAL
BANKCORP, a New Jersey domestic profit
corporation, as successor by merger to
USAMERIBANK,

    Defendant.
_____/

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS, FIRST INTERROGATORIES, AND  FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

Pursuant to FED. R. CIV. P. 26(b), 33, 34, and 36, as incorporated by FED. R. BANKR. P. 7026, 7033, 7034 and 7036, Plaintiff, Jeffrey W. Warren, as Liquidating Trustee for Westport Holdings Tampa, Limited Partnership and Westport Holdings Tampa II, Limited Partnership (the "**Liquidating Trustee**" or "**Plaintiff**") submits these discovery requests to Defendant Valley

1

Bartle 000369

National Bank, to be answered in accordance with the instructions below and applicable law.

## DEFINITIONS

1.      As used herein, the "**2011 Annual Report**" shall refer to the Annual Report of Westport Holdings, LP (for the Calendar Year Ended December 31, 2011) filed with OIR.

2.      As used herein, the "**2012 Annual Report**" shall refer to the Annual Report of Westport Holdings, LP (for the Calendar Year Ended December 31, 2012) filed with OIR.

3.      As used herein, the "**2013 Annual Report**" shall refer to the Annual Report of Westport Holdings, LP (for the Calendar Year Ended December 31, 2013) filed with OIR.

4.      As used herein, "**Annual Review Summary of the Loan**" shall refer to the annual review summary of the Loan dated February 18, 2016.

5.      As used herein, "**Answer**" shall refer to Valley National Bank's Answer and Affirmative Defenses to Liquidating Trustee's Amended Complaint filed on January 11, 2022, at Doc. 106 in Adversary Case 8:20-ap-00007-MGW.

6.      As used herein, "**Authorizations**" shall mean any Documents evidencing the authority of any type of entity (including, without limitation, corporations, limited liability companies, limited liability partnerships, limited partnerships) to enter into a transaction.  For example, a board resolution would constitute an Authorization for a corporation.

7.      As used herein, "**Authorization Request for Modifications to Approved CARS**" shall refer to the authorization request for modifications to approved credit authorization request summary relating to the Loan.

8.      As used herein, "**Borrower**" shall refer to Westport Nursing.

9.      As used herein, "**Collateral**" shall have the same meaning as ascribed to it in the Loan Agreement.

2

Bartle 000370

10.  As used herein, "**CPIF Loan Closing Statement**" shall refer to the loan closing statement in connection with a loan from CPIF Lending, LLC to Westport and Westport II.

11.  As used herein, "**Default**" shall have the meaning ascribed to it in the Loan Agreement.

12.  As used herein, "**Document**" shall refer to each and every type of document, material, and tangible thing contemplated under FED. R. CIV. P. 34 as incorporated by Fed. R. Bankr. P. 7034 including, but not limited to, email and electronically stored information.

13.  As used herein, "**Event of Default**" shall have the meaning ascribed to it in the Loan Agreement.

14.  As used herein, "**Loan**" shall refer to the loan that Lender made to Borrower as evidenced by the Note.

15.  As used herein, "**Loan Agreement**" shall refer to the Loan Agreement dated as of March 31, 2014 by and among Lender and Borrower.

16.  As used herein, "**Loan Documents**" shall have the meaning ascribed to it in the Loan Agreement.

17.  As used herein, "**Minimum Liquid Reserves**" shall have a meaning consistent with F.S.A. § 651.035.

18.  As used herein, "**MLR Pledge**" shall mean the pledge of Westport's Minimum Liquid Reserves.

19.  As used herein, "**MLR Funds**" shall refer to the $3,000,000 that was transferred from the Westport MLR Account to the USAmeriBank Account.

20.  As used herein, "**Note**" shall refer to that Promissory Note in the principal amount of $15,000,000.00 dated March 31, 2014 in which Borrower promises to pay to Lender along with any other holders of the Promissory Note the obligations due under such Promissory Note.

Bartle 000371

21.     As used herein, "**OIR**" and "**Office**" shall refer to the Florida Office of Insurance Regulation.

22.     As used herein, "**Pledge Agreement**" shall mean the assignment and pledge of deposit account which Westport Nursing entered into with VNB.

23.     As used herein, "**Transcript Volume I**" shall mean the final hearing transcript from *Westport Holdings Tampa, L.P. v. Office of Insurance Regulation*, Case No. 16-2027, Final Hr'g Transcript, (Dep't of Admin. Hr'gs State of Fla. Aug. 29, 2016).

24.     As used herein, "**Transaction**" shall collectively refer to the following transactions: (i) the transactions contemplated by the Loan Agreement and (ii) to the extent not already included by the foregoing, the transactions described in the Amended Complaint [Doc. 6-1].

25.     As used herein, "**Transaction Agreements**" shall refer to the following: (i) Exhibit "A"; (ii) Exhibit "D"; (iii) Exhibit "E"; and (iv) Exhibit "N-1" through "N-13."

26.     As used herein, "**Transaction Authorizations**" shall refer to the following: (i) Exhibits "O-1" though "O-3."

27.     As used herein, "**Transcript Volume II**" shall mean the final hearing transcript from *Westport Holdings Tampa, L.P. v. Office of Insurance Regulation*, Case No. 16-2027, Final Hr'g Transcript, (Dep't of Admin. Hr'gs State of Fla. Aug. 29, 2016).

28.     As used herein, "**Required MLR Escrow**" shall mean the escrow in a minimum liquid reserve that Westport was required to maintain pursuant to F.S.A. § 651.035(1).

29.     As used herein, "**USAmeriBank Account**" shall mean the account at which VNB held the $3,000,000.

30.     As used herein, "**USAmeriBank Loan Closing Statement**" shall refer to the document by such name in connection with the Loan.

4

Bartle 000372

31.    As used herein, "**Verification of Liquidity Form**" shall refer to a verification of liquidity form relating to the Loan.

32.    As used herein, "**VNB**" shall refer to Valley National Bank, principal subsidiary to Valley National Bankcorp, a New Jersey domestic profit corporation, as successor by merger to USAmeriBank, including any of their respective predecessors in interest, subsidiaries, affiliates, divisions, parents, successors and assigns, and its employees, officers, directors, agents, representatives, independent contractors, and all others acting for and/or on its behalf.  For the avoidance of doubt, for any time period on or before the foregoing merger, VNB shall refer to USAmeriBank.

33.    As used herein, "**Westport**" shall mean Westport Holding Tampa, Limited Partnership.

34.    As used herein, "**Westport II**" shall mean Westport Holding Tampa II, Limited Partnership.

35.    As used herein, "**Westport MLR Account**" shall mean the minimum liquid reserve account of Westport required by F.S.A. § 651.035.

36.    As used herein, "**Westport Nursing**" means WestPort Nursing Tampa, L.L.C.

37.    As used herein, "**Westport MLR Escrow Agreement**" shall mean the escrow agreement for the Required MLR Escrow required to be filed and approved by the OIR prior to its use in the State of Florida pursuant to FLA. ADMIN. CODE R. 69O-193.023(1).

38.    As used herein, "**You**" refers to VNB; "**Your**" shall mean the possessive form.

## INSTRUCTIONS

A.    If You withhold any information on the basis that it is privileged, subject to protection as attorney work product or trial preparation material, or subject to some other privilege or protection, You must describe the nature of such information in a manner that will enable the requesting party to

5

Bartle 000373

independently assess the applicability of the asserted privilege or protection. This description should include (but not necessarily be limited to) the following information:

(1)    Describe each withheld document with reasonable particularity including, but not limited to: the date or the best approximation of the date the document was prepared or created; the identity of each individual who prepared or created, sent, received, possessed, and viewed it; and a reasonable description of its subject matter.

(2)    Describe each withheld communication with reasonable particularity including, but not limited to: the identity of each participant and witness; the date or the best approximation of the date of the communication; and a reasonable description of its subject matter.

B.    Where You are asked to identify a person, provide the following information in your response: the person's full legal name; present or last known home address; present or last known telephone number, fax number, and email address; present or last known place of employment; and present or last known employment or business address.

C.    When You are asked to identify a firm, partnership, corporation, or other entity, provide its full name, principal address, and telephone number.

D.    When You are asked to identify a document, provide a description of such document with sufficient particularity to identify, locate, and produce it, including its title, date, author(s), recipient(s), and its subject matter.

E.    For purposes of statutes and regulations cited in herein, they shall refer to the version of such statutes and regulations as applicable that were in effect on April 1, 2014.

F.    Produce the originals of all responsive documents, materials, and tangible things for inspection and copying within 30 days from the date of service of these discovery requests at the offices of MERCER LAW, LLC, Attention: Robert Mercer, 1230 Peachtree Street N.E., Suite 1900, Atlanta, GA 30309, or such other date, time, and place mutually agreed upon beforehand in writing.

6

Bartle 000374

In lieu of appearing to produce the originals for inspection and copying. You can attach true and complete copies of the responsive documents to your written response.

G.     Please produce all documents responsive to any requests for production, including recorded information or material of any type and in any form, inclusive of hard copy written material, photographs, digital and electronically stored information ("ESI"), including email, in accordance with the following protocol (the "Protocol"):

(1)     Certain ESI, including scheduling file types, Excel spreadsheets, 3-D models, CAD drawings, video, audio, shall be made available in native format. However, any ESI that contains redacted content will not be made available in the native format in the interest of protecting privileged and confidential information.

(2)     All other ESI, including emails, MS Word documents, .pdf documents, and MS PowerPoint documents shall be converted to black and white .tif files and shall have a production number ("Bates number") applied. To the extent possible, these document types will be rendered searchable by text extraction or by the application of OCR technology.

(3)     Provide database load files for the documents provided from ESI and scanned paper populations. The load files shall include information from certain metadata fields as agreed to by the parties (see IV below). The specifications for the load files shall be as follows:

a.     Single Page images & Multi Page TEXT/OCR

b.     Must provide natives for documents specified in (L), with unique identifiers as place holders in the TIFF production

c.     Load Files

i.     DATA - Concordance format (DAT)

ii.     IMAGES - OPT or LFP

iii.     TEXT — Text path inside of DAT

7

iv.    NATIVES – Native path inside of DAT

d.    Standard metadata fields

e.    Maintain/capture/produce   all   non-privileged   Parent/Child/Attachments relationships

f.    All non-tiffed Native files must have a TIF Placeholder which is endorsed with Bates#

g.    Insert placeholders that state reason for absence of TIF, e.g., "Unsupported or Excluded File Type" along with the filename.

(4)    Standard metadata fields are as follows: BEGDOC, ENDDOC, BEGATT, ENDATT, Attachment Count, Attachment Names, Attachment Range, Doc Author, Doc Title, Doc Source/Path/Folder, Custodian, Date Created, Time Created, Date Modified, Time Modified, Email To, Email From, Email CC, Email BCC, Email Subject, Email Folder, Email Date Received, Email Time Received, Email Date Sent, Email Time Sent, File Extension, File Name, File Type, MD5 Hash, PG Count, Extracted Text Path, Native File Path.

## REQUESTS FOR ADMISSIONS

1.    Admit that Exhibit "A" is a true and correct copy of the Loan Agreement.

2.    Admit that Exhibit "B" is a true and correct copy of the USAmeriBank Loan Closing Statement.

3.    Admit that Exhibit "C" is a true and correct copy of the CPIF Loan Closing Statement.

4.    Admit that Exhibit "D" is a true and correct copy of the Note.

5.    Admit that Exhibit "E" is a true and correct copy of the Pledge Agreement.

6.    Admit that Exhibit "F" is a true and correct copy of Transcript Volume I.

7.    Admit that Exhibit "G" is a true and correct copy of Transcript Volume II.

Bartle 000376

8.    Admit that Exhibit "H" is a true and correct copy of the Annual Review Summary of the Loan.

9.    Admit that Exhibit "I" is a true and correct copy of the Verification of Liquidity Form.

10.    Admit that Exhibit "J" is a true and correct copy of the Authorization Request for Modifications to Approved CARS.

11.    Please admit that Exhibit "K" is a true and correct copy of the 2011 Annual Report.

12.    Please admit that Exhibit "L" is a true and correct copy of the 2012 Annual Report.

13.    Please admit that Exhibit "M" is a true and correct copy of the 2013 Annual Report.

14.    Admit that on or before March 31, 2014, VNB's counsel was aware of the Florida statute governing minimum liquid reserves.

15.    Admit that on or before March 31, 2014, VNB's counsel "thoroughly reviewed" the Florida statue governing minimum liquid reserves.

16.    Admit that VNB's counsel was aware of F.S.A. § 651.035 "prior to the closing" of the Loan.

17.    Admit that VNB's counsel was aware of F.S.A. § 651.035 "prior to the closing" of the Loan in connection with the $3,000,000 that VNB received as reflected in the Verification of Liquidity Form.

18.    Admit that as counsel to VNB, Burr & Forman LLP was aware of F.S.A. § 651.035 "prior to the closing" of the Loan.

19.    Admit that as counsel to VNB, Burr & Forman LLP was aware of F.S.A. § 651.035 "prior to the closing" of the Loan in connection with the $3,000,000 that VNB received as reflected in the Verification of Liquidity Form.

20.    Admit that VNB's counsel reviewed F.S.A. § 651.035 "prior to the closing" of the Loan on or about March 31, 2014.

9

Bartle 000377

21.    Admit that as counsel to VNB, Burr & Forman LLP reviewed F.S.A. § 651.035 "prior to the closing" of the Loan on or about March 31, 2014.

22.    Admit that VNB's counsel "thoroughly reviewed" F.S.A. § 651.035 "prior to the closing" of the Loan.

23.    Admit that as counsel to VNB, Burr & Forman LLP "thoroughly reviewed" F.S.A. § 651.035 "prior to the closing" of the Loan.

24.    Admit that Burr & Forman LLP is a law firm.

25.    Admit that Burr & Forman LLP is a sophisticated law firm.

26.    Admit that Burr & Forman LLP regularly represents lenders when lending money to borrowers in the healthcare industry.

27.    Admit that Burr & Forman LLP regularly represents lenders in insolvency engagements.

28.    Admit that Burr & Forman LLP regularly represents lenders in bankruptcy engagements.

29.    Admit that Burr & Forman LLP regularly represents lenders making loans to continuing care retirement communities.

30.    Admit that Burr & Forman LLP regularly represents lenders in connection with engagements involving healthcare law.

31.    Admit that Burr & Forman LLP represented VNB in the closing of the Loan.

32.    Admit that Burr & Forman LLP represented VNB in connection with Westport after the closing of the Loan.

33.    Admit that on or about August 29, 2016, Carolyn Morgan was employed by the OIR.

34.    Admit that on or about August 29, 2016, Carolyn Morgan was in charge of the section of the OIR overseeing continuing care retirement communities.

10

Bartle 000378

35.     Admit that on or about August 29, 2016, Carolyn Morgan testified that Westport was a "licensed provider" in early 2014. Transcript Volume I, 47:1-3.

36.     Admit that from January 2, 2014 through September 22, 2016, Westport was a "provider" within the meaning of F.S.A. § 651.011(23).

37.     Admit that from January 1, 2014, through September 22, 2016, pursuant to F.S.A. § 651.035(1), Westport was required to maintain the Required MLR Escrow.

38.     Admit that pursuant to FLA. ADMIN. CODE. R. 69O-193.023(1), the Westport MLR Escrow Agreement was required to be "filed and approved by" the OIR "prior to its use" in the State of Florida.

39.     Admit that FLA. ADMIN. CODE R. 69O-193.023(2) required that Westport and the escrow agent sign the Westport MLR Escrow Agreement.

40.     Admit that F.S.A. § 651.033(1)(c) required that the Westport MLR Escrow Agreement must contain a "provision whereby the escrow agent agrees to abide by the duties imposed by" the following subsections of the statute: (i) F.S.A. § 651.033(1)(b); (ii) F.S.A. § 651.033(1)(e); (iii) F.S.A. § 651.033(3)(a); (iv) F.S.A. § 651.033(3)(b); (v) F.S.A. § 651.033(5)(a); and (vi) F.S.A. §651.033(6).

41.     Admit that FLA. ADMIN. CODE. R. 69O-193.023(3)(c) required that the Westport MLR Escrow Agreement cite the "specific provision of Chapter 651" of Title XXXVII of the Florida Code "for which the escrow agreement is drawn and for which the escrow account is established."

42.     Admit that F.S.A. § 651.035(1)(c) required that the Required MLR Escrow Account must be "unencumbered."

43.     Admit that other than excess funds from the Required MLR Escrow Account (*i.e.*, to the extent that the funds held in escrow exceeded the required amount), as contemplated by

11

F.S.A. § 651.035(7), Westport could only withdraw funds from the escrow with "written notice of approval" from the OIR.

44.    Admit that pursuant to FLA. ADMIN. CODE. R. 69O-193.023(2)(b). the escrow agent for the Required MLR Escrow "was required to be a financial institution or trust acceptable to" the OIR.

45.    Admit that Westport had the Westport MLR Account as required by F.S.A. § 651.035.

46.    Admit that Sections 2.2 and 4.20 of the Loan Agreement required Westport Nursing to fund $3,000,000, which served as additional security for Westport Nursing's obligations to VNB.

47.    Admit that Section 5.17 of the Loan Agreement prohibited the "[a]ccess. withdraw[al]. or otherutilize[ation]" of such funds.

48.    Admit that Paragraph 2 of the Pledge Agreement required Westport Nursing to establish the USAmeriBank Account at VNB for the $3,000,000.

49.    Admit that Paragraph 3 of the Pledge Agreement granted VNB control over the USAmeriBankAccount.

50.    Admit that Paragraph 4 of the Pledge Agreement granted VNB a security interest in the USAmeriBank Account and the associated funds.

51.    Admit that the Verification of Liquidity Form reflects that $3,000,000 is being held at VNB.

52.    Admit that the Verification of Liquidity Form reflects that $3,000,000 is being held at VNB in connection with the Loan.

53.    Admit that the Verification of Liquidity Form reflects that $3,000,000 is being held at VNB as a deposit in connection with the Loan.

54.    Admit that the Verification of Liquidity Form reflects that $3,000,000 is being held

Bartle 000380

at VNB as a deposit in connection with the Loan based on a statement dated March 31, 2014.

55.     Admit that before the Closing, $3,000,000 was being held at VNB in connection with the Loan.

56.     Admit that before the Closing, $3,000,000 was being held at VNB consistent with Sections 2.2 and 4.20 of the Loan Agreement.

57.     Admit that before the Closing, $3,000,000 was in the USAmeriBank Account.

58.     Admit that before the Closing, $3,000,000 was in the USAmeriBank Account consistent with Sections 2.2 and 4.20 of the Loan Agreement.

59.     Admit that the OIR never gave "written notice of approval"—within the meaning of F.S.A. §651.035(7)—for the transfer of the $3,000,000 from the Westport MLR Account to the USAmeriBank Account.

60.     Admit that on or before the Closing, You were aware that the $3,000,000 that was being held at VNB in connection with the Loan came from Westport.

61.     Admit that on or before the Closing, You were aware that the $3,000,000 that was being held at VNB in connection with the Loan came from the Westport MLR Account.

62.     Please admit that the Transaction Agreements are all of the agreements relating to the Transaction.

63.     Admit that the Annual Review Summary of the Loan was prepared on or about February 18, 2016.

64.     Admit that the Annual Review Summary of the Loan states the following: "It appears that part of the issue from the OIR's perspective is that some of the assets formerly owned Westport Holding Tampa were transferred to Westport Nursing Tampa, LLC. These assets include the real estate lased and the cash securing the bank's loan."

13

65.  Admit that on or before February 18, 2016, You were aware that the $3,000,000 that was being held at VNB in connection with the Loan came from Westport.

66.  Admit that on or before February 18, 2016, You were aware that the $3,000,000 that was being held at VNB in connection with the Loan came from the Westport MLR Account.

67.  Admit that according to the 2013 Annual Report, there was only $29,252 of "excess minimum liquid reserves" within the meaning of F.S.A. § 651.035(7).

68.  Admit that according to the 2013 Annual Report, there was only $29,252 of "excess minimum liquid reserves."

69.  Admit that immediately before the $3,000,000 was transferred from the Westport MLR Account to the USAmeriBank Account, the amount of the excess minimum liquid reserves pursuant to F.S.A. § 651.035(7), had not increased from the amount set forth in the 2013 Annual Report.

70.  Admit that immediately before the $3,000,000 was transferred from the Westport MLRAccount to the USAmeriBank Account, the amount of the excess minimum liquid reserves pursuant to F.S.A. § 651.035(7), if any, was less than $3,000,000.

71.  Admit that immediately before the $3,000,000 was transferred from the Westport MLRAccount to the USAmeriBank Account, the amount of the excess minimum liquid reserves pursuant to F.S.A. § 651.035(7), if any, was materially less than $3,000,000.

72.  Admit that Westport never entered into an escrow agreement for the USAmeriBank Account.

73.  Please admit that the Transaction Authorizations are all of the Authorizations to enter into the Transaction.

74.  Admit that Westport Nursing never entered into an escrow agreement for the USAmeriBank Account.

14

Bartle 000382

75. Admit that VNB never entered into an escrow agreement for the USAmeriBank Account.

76. Admit that there was no escrow agreement for the USAmeriBank Account.

77. Admit that the USAmeriBank Account was in the name of Westport Nursing.

78. Admit that VNB knew the $3,000,000 originated from the Westport MLR Account.

79. Admit that the OIR never gave its "approval" within the meaning of F.S.A. § 651.033(1)(c) for any purported escrow agreement for the USAmeriBank Account.

80. Admit that the USAmeriBank Account was pledged as collateral to VNB.

81. Admit that according to the Annual Review Summary of the Loan, after the closing of the Loan, only VNB officers were authorized signatories on the USAmeriBank Account.

82. Admit that after the closing of the Loan, only VNB officers were authorized signatories on the USAmeriBank Account.

83. Admit that according to the Annual Review Summary of the Loan, after the closing of the Loan, Westport Nursing had "no rights or access to these funds."

84. Admit that after the closing of the Loan, even Westport Nursing had "no rights or access to these funds."

85. Admit that pledging the USAmeriBank Account as collateral to VNB violated F.S.A. § 651.035(1)(c).

86. Admit that on or about March 31, 2014, Westport "was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction" as contemplated by F.S.A. § 726.105(1)(b)(1).

87. Admit that on or about March 31, 2014, Westport "intended to incur, or believed or reasonably should have believed that "it" would incur, debts beyond his or her ability to pay as they became due" as contemplated by F.S.A. § 726.105(1)(b)(2).

15

Bartle 000383

88.    Admit that after the closing of the Loan, Westport's "financial condition . . . if not modified or corrected" would cause its "continued operation" to "result in insolvency" within the meaning of F.S.A. § 651.114(4).

89.    Admit that as a result of such financial condition, pursuant to F.S.A. § 651.114(4), Westport was subject to the OIR directing it to "formulate and file with" with the OIR "a corrective action plan."

90.    Admit that if Westport had "fail[ed] to submit a plan within 30 days after" the Office's "directive or submits a plan that is insufficient to correct the condition," pursuant to F.S.A. § 651.114(4), the OIR "may specify a plan and direct the provider to implement the plan."

91.    Admit that for the year 2014, Westport was required to file an annual report pursuant to F.S.A. § 651.026(1).

92.    Admit that for the year 2015, Westport was required to file an annual report pursuant to F.S.A. § 651.026(1).

93.    Admit that pursuant to F.S.A. § 651.026(2)(b), Westport's annual report must include, among other things, a "financial report audited by an independent certificate public accountant."

94.    Admit that Westport never obtained a "financial report audited by an independent certified public accountant" as contemplated by F.S.A. § 651.026(2)(b) for its fiscal year ending on December 31, 2014.

95.    Admit that Westport never obtained a "financial report audited by an independent certified public accountant" as contemplated by F.S.A. § 651.026(2)(b) for its fiscal year ending on December 31, 2015.

96.    Admit that Westport was the only "provider" within the meaning of F.S.A. § 651.011(23) in the State of Florida that failed to file audited financial statements with its annual

16

Bartle 000384

reports for 2014.

97.    Admit that Westport was the only "provider" within the meaning of F.S.A. § 651.011(23) in the State of Florida that failed to file audited financial statements with its annual reports for 2015.

98.    Admit that as a result of the $3,000,000 being transferred from the Westport MLR Account to the USAmeriBank Account, Westport was "not in compliance with" chapter 651 of the F.S.A. within the meaning of F.S.A. § 651.114(1).

99.    Admit that given that Westport was "not in compliance with" chapter 651 of the F.S.A. within the meaning of F.S.A. § 651.114(1), as a result of the $3,000,000 being transferred from the Westport MLR Account to the USAmeriBank Account, Westport was subject to regulatory enforcement.

## DOCUMENTS

1.    Please produce all Documents in Your possession, custody, or control evidencing account statements for any checking, savings, or other account Westport Nursing had with VNB.

2.    Please produce all Documents in Your possession, custody, or control evidencing account statements for any checking, savings, or other account WestPort had with VNB.

3.    Please produce all Documents in Your possession, custody, or control evidencing account statements for any checking, savings, or other account WestPort II had with VNB.

4.    Please produce all Documents in Your possession, custody, or control evidencing account statements for any checking, savings, or other account BVM University Village, LLC had or has with VNB.

5.    Please produce all Documents in Your possession, custody, or control evidencing account statements for any checking, savings, or other account Compliance Concepts, LLC had or has with VNB.

17

Bartle 000385

6.      Please produce all Documents in Your possession, custody, or control evidencing account statements for any checking, savings, or other account TR&SNF, Inc. had or has with VNB.

7.      Please produce all Documents in Your possession, custody, or control evidencing account statements for any checking, savings, or other account TALF, Inc. had or has with VNB.

8.      Please produce all Documents in Your possession, custody, or control evidencing account statements for any checking, savings, or other account BVM Management, Inc. had or has VNB.

9.      Please produce all Documents in Your possession, custody, or control evidencing account statements for any checking, savings, or other account John Bartle, Jr. had or has with VNB.

10.      Please produce all Documents in Your possession, custody, or control evidencing account statements for any checking, savings, or other account Rebecca Bartle had or has with VNB.

11.      Please produce all Documents in Your possession, custody, or control evidencing account statements for any checking, savings, or other account BVM Management/Westport Holdings, LP had or has with VNB.

12.      Please produce all Documents in Your possession, custody, or control relating in any material way to the Loan.

13.      Please produce all Documents in Your possession, custody, or control of drafts of the Loan Agreement.

14.      Please produce all Documents in Your possession, custody, or control evidencing communications including, but not limited to, all letters, emails, and correspondence, relating in any material way to one or more of the drafts of the Loan Agreement.

15.      Please produce all Documents in Your possession, custody, or control of drafts of the Note.

18

Bartle 000386

16.    Please produce all Documents in Your possession, custody, or control evidencing communications including, but not limited to, all letters, emails, and correspondence, relating in any material way to one or more of the drafts of the Note.

17.    Please produce all Documents in Your possession, custody, or control of the drafts of the USAmeriBank Loan Closing Statement.

18.    Please produce all Documents in Your possession, custody, or control of the drafts of the CPIF Loan Closing Statement.

19.    Please produce all Documents in Your possession, custody, or control evidencing communications including, but not limited to, all letters, emails, and correspondence, relating in any material way to the USAmeriBank Loan Closing Statement.

20.    Please produce all Documents in Your possession, custody, or control evidencing communications including, but not limited to, all letters, emails, and correspondence, relating in any material way to the transfers and transactions set forth in the USAmeriBank Loan Closing Statement.

21.    Please produce all Documents in Your possession, custody, or control evidencing communications including, but not limited to, all letters, emails, and correspondence, relating in any material way to the CPIF Loan Closing Statement.

22.    Please produce all Documents in Your possession, custody, or control evidencing communications including, but not limited to, all letters, emails, and correspondence, relating in any material way to the transfers and transactions set forth in the CPIF Loan Closing Statement.

23.    To the extent not already produced, please produce all Documents in Your possession, custody, or control of the drafts of the Loan Documents.

24.    To the extent not already produced, please produce all Documents in Your possession, custody, or control evidencing communications including, but not limited to, all letters, emails, and correspondence, relating in any material way to one or more of the Loan Documents.

Bartle 000387

25.    Please produce all Authorizations to enter into the Transaction to the extent that they are not one of the Transaction Authorizations.

26.    Please produce all Documents in Your possession, custody, or control evidencing communications including, but not limited to, all letters, emails, and correspondence, relating in any material way to Minimum Liquid Reserves.

27.    Please produce all Documents in Your possession, custody, or control evidencing communications including, but not limited to, all letters, emails, and correspondence, from, to, or relating in any material way to Westport.

28.    Please produce all Documents in Your possession, custody, or control evidencing communications including, but not limited to, all letters, emails, and correspondence, from, to, or relating in any material way to Westport II.

29.    Please produce all Documents in Your possession, custody, or control evidencing communications including, but not limited to, all letters, emails, and correspondence, from, to, or relating in any material way to OIR.

30.    Please produce all Documents in Your possession, custody, or control evidencing agreements relating in any way to the Transaction that are not one of the Transaction Agreements.

31.    Please produce all Documents in Your possession, custody, or control evidencing communications including, but not limited to, all letters, emails, and correspondence, relating in any material way to one or more Defaults.

32.    Please produce all Documents in Your possession, custody, or control evidencing communications including, but not limited to, all letters, emails, and correspondence, relating in any material way to one or more Events of Default.

Bartle 000388

33.    Please produce all Documents in Your possession, custody, or control relating in any material way to the transfer of the $3,000,000 from the Westport MLR Account to the USAmeriBank Account.

34.    Please produce all Documents in Your possession, custody, or control which You identify in Your interrogatory responses.

## INTEROGATORIES

1.    Please provide a reasonable summary of the knowledge and anticipated testimony for each of the witnesses identified in VNB's initial disclosures as well as in response to these interrogatories.

2.    Please provide a reasonable summary of the factual bases for VNB's eighth affirmative defense in the Answer and identify all documents and all witnesses upon which VNB relies for such defense.

3.    Please provide a reasonable summary of the factual bases for VNB's twelfth affirmative defense in the Answer and identify all documents and all witnesses upon which VNB relies for such defense.

4.    Please provide a reasonable summary of the factual bases for VNB's denial contained in paragraph 33 of the Answer and identify all documents and all witnesses upon which VNB relies for such denial.

5.    Please provide a reasonable summary of the factual bases for VNB's denial contained in the first sentence of paragraph 59 of the Answer and identify all documents and all witnesses upon which VNB relies for such denial.

6.    Please provide a reasonable summary of the factual bases for VNB's denial contained in paragraph 68 of the Answer and identify all documents and all witnesses upon which VNB relies for such denial.

21

Bartle 000389

7.      Please provide a reasonable summary of the factual bases for VNB's denial contained in paragraph 69 of the Answer and identify all documents and all witnesses upon which VNB relies for such denial.

8.      Please provide a reasonable summary of the factual bases for VNB's thirteenth affirmative defense in the Answer and identify all documents and all witnesses upon which VNB relies for such defense.

9.      Please provide a reasonable summary of the factual bases for VNB's sixteenth affirmative defense in the Answer and identify all documents and all witnesses upon which VNB relies for such defense.

10.     Please identify any agreements relating in any way to the Transaction that are not one of the Transaction Agreements.

11.     Please provide a reasonable summary of the factual bases for VNB's nineteenth affirmative defense in the Answer and identify all documents and all witnesses upon which VNB relies for such defense.

12.     Please describe in reasonable detail the steps You took to ensure that you identify and produce all Documents response to the Plaintiff's document requests.

13.     Please identify all Authorizations to enter into the Transaction to the extent that they are not one of the Transaction Authorizations.

14.     VNB "agrees that the 2013 Annual Report reflects" that there was only $29.252 of excess minimum liquid reserves within the meaning of F.S.A. § 651.035(7)(b), "but does not agree that such amount is undisputed." Doc. 105 ¶ 22. What do You contend that the actual excess minimum liquid reserves within the meaning of F.S.A. § 651.035(7)(b) reported in the Annual Report of Westport Holdings. LP (for the Calendar Year Ended December 31, 2013) should have been?

22

Bartle 000390

Please provide a reasonable summary of the factual bases supporting such contention and identify all documents and all witnesses upon which you rely.

15.   What do you contend the excess minimum liquid reserves within the meaning of F.S.A. § 651.035(7)(b) was as of March 31, 2014? Please provide a reasonable summary of the factual bases supporting such contention and identify all documents and all witnesses upon which you rely.

Dated: February 25, 2022

/s/Robert M.D. Mercer
Robert M.D. Mercer
Georgia Bar No. 502317
r.mercer@mercerlawllc.com
MERCER LAW LLC
1230 Peachtree Street, N.E.
Promenade, Suite 1900
Atlanta, Georgia 30309
*Counsel for Plaintiff*

23

Bartle 000391

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 25, 2022 service of *Plaintiff's First Request For Admissions, First Interrogatories, and First Request For Production Of Documents To Defendant* was effected as follows:

**Electronic Mail**

Edmund S. Whitson, edmund.whitson@arlaw.com
Chantal Pillay, chantal.pillay@arlaw.com
Madeline Algarin, madeline.algarin@arlaw.com

**First Class U.S. Mail**

Edmund S. Whitson
Chantal Pillay
Adam and Reese LLP
100 N. Tampa Street, Suite 4000
Tampa, FL 33602

_____
/s/ Robert M.D. Mercer
ATTORNEY

Bartle 000392

# Exhibit B

Bartle 000393

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Case No.: 8:16-bk-08167-MGW |
| WESTPORT HOLDINGS TAMPA, LIMITED PARTNERSHIP, | Chapter 11 |
| WESTPORT HOLDINGS TAMPA II, LIMITED PARTNERSHIP, | Case No.: 8:16-bk-08168-MGW |
| Debtors. | Jointly Administered Under Case No. 8:16-bk-08167-MGW |

_____/

JEFFREY W. WARREN, LIQUIDATING TRUSTEE FOR WESTPORT HOLDINGS TAMPA, LIMITED PARTNERSHIP and WESTPORT HOLDINGS II, LIMITED PARTNERSHIP,

      Plaintiff,

v.                                Adv. Pro. No.: 8:20-ap-00007-MGW

VALLEY NATIONAL BANK, principal subsidiary to VALLEY NATIONAL BANKCORP, a New Jersey domestic profit corporation, as successor by merger to USAMERIBANK,

      Defendant.

_____/

## DEFENDANT VALLEY NATIONAL BANK'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, as incorporated by Fed. R. Bankr. P. 7026 and Fed. R. Bankr. Proc. 7034, Defendant VALLEY NATIONAL BANK, principal subsidiary to VALLEY NATIONAL BANKCORP, a New Jersey domestic profit corporation, as successor by merger to USAMERIBANK ("Valley" or "Defendant"), by counsel, hereby responds to the First Request for Production of Documents of Plaintiff,

69103090_1

Bartle 000394

JEFFREY W. WARREN, LIQUIDATING TRUSTEE FOR WESTPORT HOLDINGS TAMPA, LIMITED PARTNERSHIP AND WESTPORT TAMPA II, LIMITED PARTNERSHIP ("Liquidating Trustee" or "Plaintiff"), dated February 25, 2022, as follows:

## GENERAL OBJECTIONS

The following general objections apply to each separate request for production and are incorporated by this reference, to the extent applicable, into each specific response, as if set forth in full in each numbered response.

1.    Valley generally objects to any attempt by Plaintiff, through its definitions, instructions, or otherwise, to impose any obligation on Valley beyond the obligations imposed by the Federal Rules of Civil Procedure or the Local Rules of the United States Bankruptcy Court for the Middle District of Florida, or any law of the State of Florida. Valley will respond to these requests in accordance with the federal rules, local rules, and laws of Florida.

2.    Valley generally objects to these requests for document production to the extent that they seek information protected by the attorney-client privilege, the common interest privilege, and/or the work-product doctrine. To the extent that any request seeks information, some or all of which is privileged, Valley's response, if any, to such request will include only information that is not privileged or does not constitute work product. Inadvertent disclosure shall not waive any applicable privilege or work product protection. Valley will produce a privilege log of any documents withheld from production on grounds of privilege at a time mutually agreed upon by the parties.

3.    Valley generally objects to all requests for document production that seek production of documents that are not within Valley's possession, custody, or control or are in the control of entities or individuals other than Valley. Valley does not purport to produce all

69103990_1                                    2

Bartle 000395

documents in response to Plaintiff's requests for document production that are in the possession of Plaintiff.

4.     Valley generally objects to any request for document production that calls for information not within its present knowledge or which seeks to require Valley to offer a narrative of its case.

5.     Valley generally objects to each and every request to the extent they are so broad and unlimited in time and scope that they are an unwarranted annoyance and are oppressive.

6.     Valley objects to each and every request to the extent it seeks to require Valley to do more than use reasonable diligence to locate responsive documents.  Valley also objects to each and every request to the extent that it is overly inclusive, overly broad, unduly burdensome, not calculated to lead to admissible evidence and oppressive, seeks to impose undue expense or burden on Valley outweighing any probative value the information sought may have in this case, or would subject Valley to embarrassment or annoyance.

7.     Valley objects to each and every request to the extent that it calls for the production of documents that are in Plaintiff's possession, custody, or control, or to which Plaintiff has equal access, e.g., documents filed with government agencies that are publicly available and information available on public websites, or that are available to Plaintiff from sources that are more convenient, less burdensome, or less expensive.

8.     Valley objects to producing electronically-stored information that is not reasonably accessible as a result of undue burden and/or cost.

9.     Valley objects to each and every request to the extent that it purports to require Valley to search every conceivable file in its possession, custody, or control for responsive documents.

69103090_1                                          3

Bartle 000396

10.    Valley generally objects to these requests for document production to the extent that they seek documents containing information regarding trade secrets, confidential and/or proprietary business information, and/or information subject to confidentiality agreements with non-parties. Any such documents produced pursuant to these requests for production will be subject to a confidentiality agreement to be entered into in this case.

11.    Valley generally objects to the use of any documents produced pursuant to these requests for document production for purposes beyond the scope of the above-captioned litigation.

12.    Valley reserves the right to supplement its responses to these requests for document production, and to produce additional documents, should it discover further responsive documents after the date of any document production responding to these requests.

13.    By agreeing to search for and produce certain documents, Valley is not admitting that such documents in fact exist.

14.    The responses set forth are made without waiving the following:

    (a)    the right to object on the grounds of competency, privilege, relevancy, to the use of any of these responses for any purpose and any subsequent step or proceeding in the action;

    (b)    the right to object on any and all grounds to other requests or other discovery involving or relating to the same subject matter of the discovery request answered; and

    (c)    the right to correct, add to, or clarify any of Valley's responses.

## SPECIFIC OBJECTIONS AND RESPONSES

Subject to and without waiving the foregoing general objections, Valley specifically responds and objects to each of the correspondingly numbered requests as follows.

Bartle 000397

## DOCUMENTS TO BE PRODUCED

1.     Please produce all Documents in Your possession, custody, or control evidencing account statements for any checking, savings, or other account Westport Nursing had with VNB.

### RESPONSE:

Subject to the foregoing general objections, Valley agrees to produce those Documents which it may have in its possession, custody, or control at a mutually agreeable time, place, and manner to be determined.

2.     Please produce all Documents in Your possession, custody, or control evidencing account statements for any checking, savings, or other account WestPort had with VNB.

### RESPONSE:

WestPort is not Valley's borrower and thus has no Documents other than the 2017 DIP loan that was made, financing that was provided and was paid off.

3.     Please produce all Documents in Your possession, custody, or control evidencing account statements for any checking, savings, or other account WestPort II had with VNB.

### RESPONSE:

WestPort II is not Valley's borrower and thus has no Documents other than the 2017 DIP loan that was made, financing that was provided and was paid off.

4.     Please produce all Documents in Your possession, custody, or control evidencing account statements for any checking, savings, or other account BVM University Village, LLC had or has with VNB.

### RESPONSE:

Valley has no Documents in its possession, custody, or control in response to this request.

Bartle 000398

5.    Please produce all Documents in Your possession, custody, or control evidencing account statements for any checking, savings, or other account Compliance Concepts, LLC had or has with VNB.

RESPONSE:

Valley has no Documents in its possession, custody, or control in response to this request.

6.    Please produce all Documents in Your possession, custody, or control evidencing account statements for any checking, savings, or other account TR&SNF, Inc. had or has with VNB.

RESPONSE:

Valley has no Documents in its possession, custody, or control in response to this request.

7.    Please produce all Documents in Your possession, custody, or control evidencing account statements for any checking, savings, or other account TALF, Inc. had or has with VNB.

RESPONSE:

Valley has no Documents in its possession, custody, or control in response to this request.

8.    Please produce all Documents in Your possession, custody, or control evidencing account statements for any checking, savings, or other account BVM Management, Inc. had or has VNB.

RESPONSE:

Valley has no Documents in its possession, custody, or control in response to this request.

9.    Please produce all Documents in Your possession, custody, or control evidencing account statements for any checking, savings, or other account John Bartle, Jr. had or has with VNB.

RESPONSE:

Valley has no Documents in its possession, custody, or control in response to this request.

10.    Please produce all Documents in Your possession, custody, or control evidencing account statements for any checking, savings, or other account Rebecca Bartle had or has with VNB.

69103990_1                                6

Bartle 000399

**RESPONSE:**

Valley has no Documents in its possession, custody, or control in response to this request.

11.    Please produce all Documents in Your possession, custody, or control evidencing account statements for any checking, savings, or other account BVM Management/Westport Holdings, LP had or has with VNB.

**RESPONSE:**

Valley has no Documents in its possession, custody, or control in response to this request.

12.    Please produce all Documents in Your possession, custody, or control relating in any material way to the Loan.

**RESPONSE:**

Valley objects to this Request as it is vague, overly broad and ambiguous.

13.    Please produce all Documents in Your possession, custody, or control of drafts of the Loan Agreement.

**RESPONSE:**

Subject to the foregoing general objections, Valley agrees to produce those Documents which it may have in its possession, custody, or control at a mutually agreeable time, place, and manner to be determined.

14.    Please produce all Documents in Your possession, custody, or control evidencing communications including, but not limited to, all letters, emails, and correspondence, relating in any material way to one or more of the drafts of the Loan Agreement.

**RESPONSE:**

Subject to the foregoing general objections, Valley agrees to produce those Documents which it may have in its possession, custody, or control at a mutually agreeable time, place, and manner to be determined.

15.    Please produce all Documents in Your possession, custody, or control of drafts of the Note.

69103990_1                                   7

Bartle 000400

**RESPONSE:**

Subject to the foregoing general objections, Valley agrees to produce those Documents which it may have in its possession, custody, or control at a mutually agreeable time, place, and manner to be determined.

16.    Please produce all Documents in Your possession, custody, or control evidencing communications including, but not limited to, all letters, emails, and correspondence, relating in any material way to one or more of the drafts of the Note.

**RESPONSE:**

Subject to the foregoing general objections, Valley agrees to produce those Documents which it may have in its possession, custody, or control at a mutually agreeable time, place, and manner to be determined.

17.    Please produce all Documents in Your possession, custody, or control of the drafts of the USAmeriBank Loan Closing Statement.

**RESPONSE:**

Subject to the foregoing general objections, Valley agrees to produce those Documents which it may have in its possession, custody, or control at a mutually agreeable time, place, and manner to be determined.

18.    Please produce all Documents in Your possession, custody, or control of the drafts of the CPIF Loan Closing Statement.

**RESPONSE:**

Valley has no documents in its possession, custody, or control in response to this request.

19.    Please produce all Documents in Your possession, custody, or control evidencing communications including, but not limited to, all letters, emails, and correspondence, relating in any material way to the USAmeriBank Loan Closing Statement.

**RESPONSE:**

Bartle 000401

Valley objects to this request because as framed, the request is overly broad, harassing, and unduly burdensome in seeking "all documents," as it is unnecessarily overbroad, lacks the required calculation, and threatens to invade the attorney-client and/or attorney work product privileges.

20. **Please produce all Documents in Your possession, custody, or control evidencing communications including, but not limited to, all letters, emails, and correspondence, relating in any material way to the transfers and transactions set forth in the USAmeriBank Loan Closing Statement.**

**RESPONSE:**

Valley objects to this request because as framed, the request is overly broad, harassing, and unduly burdensome in seeking "all documents," as it is unnecessarily overbroad, lacks the required calculation, and threatens to invade the attorney-client and/or attorney work product privileges.

21. **Please produce all Documents in Your possession, custody, or control evidencing communications including, but not limited to, all letters, emails, and correspondence, relating in any material way to the CPIF Loan Closing Statement.**

**RESPONSE:**

Valley has no documents in its possession, custody, or control in response to this request.

22. **Please produce all Documents in Your possession, custody, or control evidencing communications including, but not limited to, all letters, emails, and correspondence, relating in any material way to the transfers and transactions set forth in the CPIF Loan Closing Statement.**

**RESPONSE:**

Valley has no documents in its possession, custody, or control in response to this request.

23. **To the extent not already produced, please produce all Documents in Your possession, custody, or control of the drafts of the Loan Documents.**

**RESPONSE:**

69103990_1                                         9

Bartle 000402

Subject to the foregoing general objections, Valley agrees to produce those Documents which it may have in its possession, custody, or control at a mutually agreeable time, place, and manner to be determined.

24.    To the extent not already produced, please produce all Documents in Your possession, custody, or control evidencing communications including, but not limited to, all letters, emails, and correspondence, relating in any material way to one or more of the Loan Documents.

RESPONSE:

Valley objects to this request because as framed, the request is overly broad, harassing, and unduly burdensome in seeking "all documents," as it is unnecessarily overbroad, lacks the required calculation, and threatens to invade the attorney-client and/or attorney work product privileges.

25.    Please produce all Authorizations to enter into the Transaction to the extent that they are not one of the Transaction Authorizations.

RESPONSE:

Valley has no documents in its possession, custody, or control in response to this request.

26.    Please produce all Documents in Your possession, custody, or control evidencing communications including, but not limited to, all letters, emails, and correspondence, relating in any material way to Minimum Liquid Reserves.

RESPONSE:

Subject to the foregoing general objections, Valley agrees to produce those Documents which it may have in its possession, custody, or control at a mutually agreeable time, place, and manner to be determined.

27.    Please produce all Documents in Your possession, custody, or control evidencing communications including, but not limited to, all letters, emails, and correspondence, from, to, or relating in any material way to Westport.

Bartle 000403

RESPONSE:

To the extent this Request addresses WestPort Holdings, Valley has no documents in its possession, custody, or control in response to this request.

**28. Please produce all Documents in Your possession, custody, or control evidencing communications including, but not limited to, all letters, emails, and correspondence, from, to, or relating in any material way to Westport II.**

RESPONSE:

To the extent this Request addresses WestPort Holdings, Valley has no documents in its possession, custody, or control in response to this request.

**29. Please produce all Documents in Your possession, custody, or control evidencing communications including, but not limited to, all letters, emails, and correspondence, from, to, or relating in any material way to OIR.**

RESPONSE:

Subject to the foregoing general objections, Valley agrees to produce those Documents which it may have in its possession, custody, or control at a mutually agreeable time, place, and manner to be determined.

**30. Please produce all Documents in Your possession, custody, or control evidencing agreements relating in any way to the Transaction that are not one of the Transaction Agreements.**

RESPONSE:

Subject to the foregoing general objections, Valley agrees to produce those Documents which it may have in its possession, custody, or control at a mutually agreeable time, place, and manner to be determined.

**31. Please produce all Documents in Your possession, custody, or control evidencing communications including, but not limited to, all letters, emails, and correspondence, relating in any material way to one or more Defaults.**

Bartle 000404

RESPONSE:

Subject to the foregoing general objections, Valley agrees to produce those Documents which it may have in its possession, custody, or control at a mutually agreeable time, place, and manner to be determined.

32.     Please produce all Documents in Your possession, custody, or control evidencing communications including, but not limited to, all letters, emails, and correspondence, relating in any material way to one or more Events of Default.

RESPONSE:

Subject to the foregoing general objections, Valley agrees to produce those Documents which it may have in its possession, custody, or control at a mutually agreeable time, place, and manner to be determined.

33.     Please produce all Documents in Your possession, custody, or control relating in any material way to the transfer of the $3,000,000 from the Westport MLR Account to the USAmeriBank Account.

RESPONSE:

Valley has no documents in its possession, custody, or control in response to this request.

34.     Please produce all Documents in Your possession, custody, or control which You identify in Your interrogatory responses.

RESPONSE:

Subject to the foregoing general objections, Valley agrees to produce those Documents which it may have in its possession, custody, or control at a mutually agreeable time, place, and manner to be determined.

Bartle 000405

/s/ Edmund S. Whitson, III
**Edmund S. Whitson, III**
Florida Bar No. 897272
Primary: edmund.whitson@arlaw.com
Secondary: madeline.algarin@arlaw.com

**Chantal M. Pillay, Esq.**
Florida Bar No.: 108369
Primary: chantal.pillay@arlaw.com
Secondary: lisa.stallard@arlaw.com

ADAMS AND REESE LLP
100 N. Tampa Street, Suite 4000
Tampa, FL 33602
Telephone: 813-402-2880
Facsimile: 813-402-2887
*Counsel for Defendant*

Bartle 000406

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 29, 2022, I served the foregoing Defendant's Responses and Objections to Plaintiff's First Request for Production of Documents to the following via electronic mail to:

Robert M.D. Mercer, Esq.
Mercer Law LLC
1230 Peachtree Street, N.E.
Promenade, Suite 1900
Atlanta, Georgia 30309
r.mercer@mercerlawllc.com
t.fulcher@.mercerlawllc.com
***Counsel for Plaintiff***

/s/ *Edmund S. Whitson, III*
Edmund S. Whitson, III

Bartle 000407

# Exhibit C

Bartle 000408



**MERCER LAW** LLC

A FOSS ON TO MT.

Writer's Direct Dial: (404) 942-2299
Writer's Email: r.mercer@mercerlawllc.com

May 18, 2022

***Via Electronic Mail & Federal Express***

Edmund S. Whitson, Esq.
Adams and Reese LLP
100 N. Tampa Street
Suite 4000
Tampa, Florida 33602

        Re:   *Jeffrey W. Warren, Liquidating Trustee vs. Valley National Bank*, Case Number: 8:20-ap-00007-MGW, Bankr. M.D. Fla. (Tampa Div.)

Dear Ed:

As I previously noted, I intend to send you a more comprehensive meet and confer letter. But in the meantime, I wanted to address an issue that pervades the discovery responses of Valley National Bank ("Valley").

As you know, pursuant to the parties' Rule 29 stipulation, Valley agreed "*not* to raise *any* objections or otherwise avoid responding to the Liquidating Trustee's Discovery Requests to the extent that such objections or the like can be consensually resolved through *communication*." Doc. 133 at ¶ 2 (emphasis added). In this context, "communicate" means "to speak to each other in person or by telephone, in a good faith attempt to resolve disputed issues." *Lippy v. Metropolitan Cas. Ins. Co.*, No. 3:10-cv-727, 2010 WL 4007035, *1 (M.D. Fla. Oct. 13, 2010) (M.J., Richardson).

It goes without saying that Rule 29 stipulations are enforceable according to their terms. FED. R. CIV. P. 29(b) ("Unless the court orders otherwise, the parties may stipulate that other procedures governing . . . discovery be modified . . .."); *Hernandez v. Starbucks Coffee Co.*, No. 09-60073, 2011 WL 13173810, **1-3 (S.D. Fla. Apr. 14, 2011) (enforcing Rule 29 stipulation): *Elvis Presley Enter., Inc., v. City of Memphis, Tenn.*, No. 18-CV-02718, 2020 WL 4283276, *1 (W.D. Ten. Mar. 6, 2020) (Rule 29 stipulation will be "enforced according to its terms.").

Bartle 000409

Edmund S. Whitson, Esq.
Adams and Reese LLP
Page 2

As you know, you have had no "communication"—*i.e.*, you have not spoken "in person or by telephone, in a good faith attempt to resolve disputed issues," 2010 WL 4007035, *1—with me about any of the Liquidating Trustee's discovery requests.

Yet, in direct violation of the parties' Rule 29 stipulation, Valley has nonetheless asserted objections—that could be "consensually resolved through communication"—to numerous requests for admission[1], interrogatories[2], and requests for production of documents.[3, 4, 5]

Please advise by **4:00 pm** on **May 20, 2022** when you will amend Valley's discovery responses to be with consistent with the parties' stipulation.

If you would like to talk about any of the discovery requests, please let me know when you would like to talk.

Very truly yours,

/s/ Robert Mercer

Robert Mercer

RM/tf

cc:    Chantal Pillay, Esq. (via electronic mail)

---

[1] Please see Appendix "A" for some of the relevant requests for admission and the objections Valley raised.

[2] Please see Appendix "B" for some of the relevant interrogatories and the objections Valley raised.

[3] Please see Appendix "C" for some of the relevant requests for production of documents and the objections Valley raised.

[4] General objections are, of course, insufficient as a matter of law. *Polycarpe v. Serius, Inc.*, No. 6:16-cv-1606, 2017 WL 2257571, **1-2 (M.D. Fla. May 23, 2017) (overruling all "general objections"). This letter nonetheless addresses them but only those general objections that are expressly incorporated by reference. If Valley contends that it has raised general objections that are not expressly incorporated by reference, please amend such discovery responses too.

[5] This letter is without prejudice to the Liquidating Trustee's right to assert that the parties' stipulation applies to discovery responses not set forth in Appendices "A", "B", or "C."

Bartle 000410

# Appendix A

Bartle 000411

<u>Selected Requests for Admission and Valley National Bank's Objections</u>

1.    **Admit that Exhibit "A" is a true and correct copy of the Loan Agreement.**

<u>RESPONSE:</u>

Defendant admits that Exhibit "A" appears to be a true and correct copy of the Loan Agreement.

2.    **Admit that Exhibit "B" is a true and correct copy of the USAmeriBank Loan Closing Statement.**

<u>RESPONSE:</u>

Defendant admits that Exhibit "B" appears to be a true and correct copy of the USAmeriBank Loan Closing Statement.

3.    **Admit that Exhibit "C" is a true and correct copy of the CPIF Loan Closing Statement.**

<u>RESPONSE:</u>

Denied.  Exhibit "C is not Defendant's document and, after reasonable inquiry, Defendant has no knowledge as to whether Exhibit "C" is a true and correct copy of the CPIF Loan Closing Statement.  A copy of Exhibit "C" was not received by, and thus, not maintained by Defendant.

4.    **Admit that Exhibit "D" is a true and correct copy of the Note.**

<u>RESPONSE:</u>

Defendant admits that Exhibit "D" appears to be a true and correct copy of the Note.

5.    **Admit that Exhibit "E" is a true and correct copy of the Pledge Agreement.**

Bartle 000412

**RESPONSE:**

Defendant admits that Exhibit "E" appears to be a true and correct copy of the Pledge Agreement.

6.    **Admit that Exhibit "F" is a true and correct copy of Transcript Volume**

**RESPONSE:**

Defendant admits that Exhibit "F" purports to be a transcript of a recorded proceeding to which Defendant was not a party. Defendant has no knowledge of that transcript, after reasonable inquiry, to enable it to admit or deny this Request.

7.    **Admit that Exhibit "G" is a true and correct copy of Transcript Volume II.**

**RESPONSE:**

Defendant admits that Exhibit "G" purports to be a transcript of a recorded proceeding to which Defendant was not a party. Defendant has no knowledge of that transcript, after reasonable inquiry, to enable it to admit or deny this Request.

8.    **Admit that Exhibit "H" is a true and correct copy of the Annual Review Summary of the Loan.**

**RESPONSE:**

Defendant admits that Exhibit "H" appears to be a true and correct copy of the Annual Review Summary of the Loan.

9.    **Admit that Exhibit "I" is a true and correct copy of the Verification of Liquidity Form.**

**RESPONSE:**

Defendant admits that Exhibit "I" appears to be a true and correct copy of the Verification of Liquidity Form.

Bartle 000413

10.    Admit that Exhibit "J" is a true and correct copy of the Authorization Request for Modifications to Approved CARS.

RESPONSE:

Defendant admits that Exhibit "J" appears to be a true and correct copy of the Authorization Request for Modifications to Approved CARS.

11.    Please admit that Exhibit "K" is a true and correct copy of the 2011 Annual Report.

RESPONSE:

Exhibit "K" is not a document created by the Defendant and was not contained in the records kept by Defendant, therefore, Defendant is without knowledge, after reasonable inquiry, of the authenticity of the 2011 Annual Report, and therefore denies this Request.

12.    Please admit that Exhibit "L" is a true and correct copy of the 2012 Annual Report.

RESPONSE:

Exhibit "L" is not a document created by the Defendant and was not contained in the records kept by Defendant, therefore, Defendant is without knowledge, after reasonable inquiry, of the authenticity of the 2012 Annual Report, and therefore denies this Request.

13.    Please admit that Exhibit "M" is a true and correct copy of the 2013 Annual Report.

RESPONSE:

Exhibit "M" is not a document created by the Defendant and was not contained in the records kept by Defendant, therefore, Defendant is without knowledge, after reasonable inquiry, of the authenticity of the 2013 Annual Report, and therefore denies this Request.

14.    Admit that on or before March 31, 2014, VNB's counsel was aware of the Florida statute governing minimum liquid reserves.

Bartle 000414

RESPONSE:

Defendant admits that counsel for USAmeriBank (Defendant's predecessor) was aware of Fla. Stat. § 651.035(1)(b), otherwise denied.

15.    Admit that on or before March 31, 2014, VNB's counsel "thoroughly reviewed" the Florida statue governing minimum liquid reserves.

RESPONSE:

Defendant objects to this Request because the characterization of "thoroughly reviewed" is from a narrative reference in an internal loan officer memo and is the opinion of that loan officer (Gobb). Defendant further objects on the grounds that there is no legal relevance to "thoroughly reviewed" versus "reviewed" and no standard by which to determine the same. Defendant's counsel was aware of § 651.035(1)(b), as referenced in the Assignment and Pledge of Deposit Account (Cash Collateral Account), dated March 31, 2014 (the "Assignment"), otherwise denied.

17.    Admit that VNB's counsel was aware of F.S.A. § 651.035 "prior to the closing" of the Loan in connection with the $3,000,000 that VNB received as reflected in the Verification of Liquidity Form.

RESPONSE:

Defendant admits that counsel for USAmeriBank (Defendant's predecessor) was aware of Fla. Stat. § 651.035, but Defendant denies that statute had any application to Defendant or any funds provided by Defendant's borrower at or prior to closing.

18.    Admit that as counsel to VNB, Burr & Forman LLP was aware of F.S.A. § 651.035 "prior to the closing" of the Loan.

Bartle 000415

**RESPONSE:**

Defendant admits that counsel for USAmeriBank (Defendant's predecessor) was aware of Fla. Stat. § 651.035, but Defendant denies that statute had any application to Defendant or any funds provided by Defendant's borrower at or prior to closing.

19.     **Admit that as counsel to VNB, Burr & Forman LLP was aware of F.S.A. § 651.035 "prior to the closing" of the Loan in connection with the $3,000,000 that VNB received as reflected in the Verification of Liquidity Form.**

**RESPONSE:**

Defendant admits that counsel for USAmeriBank (Defendant's predecessor) was aware of Fla. Stat. § 651.035, but Defendant denies that statute had any application to Defendant or any funds provided by Defendant's borrower at or prior to closing.

20.     **Admit that VNB's counsel reviewed F.S.A. § 651.035 "prior to the closing" of the Loan on or about March 31, 2014.**

**RESPONSE:**

Defendant admits that counsel for USAmeriBank (Defendant's predecessor) was aware of Fla. Stat. § 651.035, but Defendant denies that statute had any application to Defendant or any funds provided by Defendant's borrower at or prior to closing, otherwise, denied.

21.     **Admit that as counsel to VNB, Burr & Forman LLP reviewed F.S.A. § 651.035 "prior to the closing" of the Loan on or about March 31, 2014.**

**RESPONSE:**

Defendant admits that counsel for USAmeriBank (Defendant's predecessor) was aware of Fla. Stat. § 651.035, but Defendant denies that statute had any application to Defendant or any funds provided by Defendant's borrower at or prior to closing, otherwise, denied.

Bartle 000416

22.    Admit that VNB's counsel "thoroughly reviewed" F.S.A. § 651.035 "prior to the closing" of the Loan.

RESPONSE:

Defendant objects to this Request because the characterization of "thoroughly reviewed" is from a narrative reference in an internal loan officer memo and is the opinion of that loan officer (Gobb). Defendant further objects on the grounds that there is no legal relevance to "thoroughly reviewed" versus "reviewed" and no standard by which to determine the same. VNB's counsel was aware of § 651.035, as referenced in the Assignment, otherwise denied.

23.    Admit that as counsel to VNB, Burr & Forman LLP "thoroughly reviewed" F.S.A. §651.035 "prior to the closing" of the Loan.

RESPONSE:

Defendant objects to this Request because the characterization of "thoroughly reviewed" is from a narrative reference in an internal loan officer memo and is the opinion of that loan officer (Gobb). Defendant further objects on the grounds that there is no legal relevance to "thoroughly reviewed" versus "reviewed" and no standard by which to determine the same. VNB's counsel was aware of § 651.035, as referenced in the Assignment, otherwise denied.

33.    Admit that on or about August 29, 2016, Carolyn Morgan was employed by the OIR.

RESPONSE:

Based upon information provided by Plaintiff, Defendant admits that Carolyn Morgan appears to have been employed by the OIR on the date indicated, but Defendant is otherwise without knowledge of this Request, and denies it.

34.    Admit that on or about August 29, 2016, Carolyn Morgan was in charge of the section of the OIR overseeing continuing care retirement communities.

**RESPONSE:**

Based upon information provided by Plaintiff, Defendant admits that Carolyn Morgan appears to have been employed by the OIR on the date indicated, but Defendant is otherwise without knowledge of this Request, and denies it.

35.     **Admit that on or about August 29, 2016, Carolyn Morgan testified that Westport was a "licensed provider" in early 2014. Transcript Volume I, 47:1-3.**

**RESPONSE:**

Defendant objects to this Request as it appears to refer to a legal proceeding to which neither Defendant or its Borrower were parties. Based upon information provided by Plaintiff, Defendant admits that it appears that Ms. Morgan gave that testimony.

36.     **Admit that from January 2, 2014 through September 22, 2016, Westport was a "provider" within the meaning of F.S.A. § 651.011(23).**

**RESPONSE:**

Defendant objects to this Request as it relates to information concerning an entity that was not Defendant's borrower and for which Defendant has no information in its records. Based solely upon information provided by Plaintiff, Defendant admits that Westport appears to have held a certificate of authority during the referenced timeframe, otherwise Defendant denies this Request.

37.     **Admit that from January 1, 2014, through September 22, 2016, pursuant to F.S.A. § 651.035(1), Westport was required to maintain the Required MLR Escrow.**

**RESPONSE:**

Defendant objects to this Request as Defendant's borrower was Westport Nursing and not Westport, about which Defendant has no such information, after reasonable inquiry, and is therefore without knowledge and denies this Request.

Bartle 000418

38.     Admit that pursuant to FLA. ADMIN. CODE. R. 69O-193.023(1), the Westport MLR Escrow Agreement was required to be "filed and approved by" the OIR "prior to its use" in the State of Florida.

RESPONSE:

Defendant objects to this Request as Defendant's borrower was Westport Nursing and not Westport, about which Defendant has no such information, after reasonable inquiry, and is therefore without knowledge and denies this Request. Defendant also objects to this Request as it involves a pure question of law.

39.     Admit that FLA. ADMIN. CODE R. 69O-193.023(2) required that Westport and the escrow agent sign the Westport MLR Escrow Agreement.

RESPONSE:

Defendant objects to this Request as it presents a pure question of law, rather than a mixed question of law and fact, and relates to an entity that was not Defendant's borrower. Defendant also objects to this Request as it involves a pure question of law. Defendant also objects to this Request as it involves a pure question of law.

40.     Admit that F.S.A. § 651.033(1)(e) required that the Westport MLR Escrow Agreement must contain a "provision whereby the escrow agent agrees to abide by the duties imposed by" the following subsections of the statute: (i) F.S.A. § 651.033(1)(b); (ii) F.S.A. § 651.033(1)(e); (iii) F.S.A. § 651.033(3)(a); (iv) F.S.A. § 651.033(3)(b); (v) F.S.A. §651.033(5)(a); and (vi) F.S.A. § 651.033(6).

RESPONSE:

Defendant objects to this Request as it presents a pure question of law, rather than a mixed question of law and fact, and relates to an entity that was not Defendant's borrower.

Bartle 000419

41.     Admit that FLA. ADMIN. CODE. R. 69O-193.023(3)(c) required that the Westport MLR Escrow Agreement cite the "specific provision of Chapter 651" of Title XXXVII of the Florida Code "for which the escrow agreement is drawn and for which the escrow account is established."

**RESPONSE:**

Defendant objects to this Request as it presents a pure question of law, rather than a mixed question of law and fact, and relates to an entity that was not Defendant's borrower.

42.     Admit that F.S.A. § 651.035(1)(c) required that the Required MLR Escrow Account must be "unencumbered."

**RESPONSE:**

Defendant objects to this Request as it presents a pure question of law, rather than a mixed question of law and fact, and relates to an entity that was not Defendant's borrower.

43.     Admit that other than excess funds from the Required MLR Escrow Account (*i.e.*, to the extent that the funds held in escrow exceeded the required amount), as contemplated by F.S.A. § 651.035(7), Westport could only withdraw funds from the escrow with "written notice of approval" from the OIR.

**RESPONSE:**

Defendant objects to this Request as it presents a pure question of law, rather than a mixed question of law and fact, and relates to an entity that was not Defendant's borrower.

44.     Admit that pursuant to FLA. ADMIN. CODE. R. 69O-193.023(2)(b), the escrow agent for the Required MLR Escrow "was required to be a financial institution or trust acceptable to" the OIR.

Bartle 000420

**RESPONSE:**

Defendant objects to this Request as it presents a pure question of law, rather than a mixed question of law and fact, and relates to an entity that was not Defendant's borrower.

45.    **Admit that Westport had the Westport MLR Account as required by F.S.A. §651.035.**

**RESPONSE:**

Defendant objects to this Request as it presents a pure question of law, rather than a mixed question of law and fact, and relates to an entity that was not Defendant's borrower. Further, based upon information provided by Plaintiff, Defendant responds that no funds could have been received by Westport Holdings if such funds were subject to the escrow requirements set forth

under that statute.

46.    **Admit that Sections 2.2 and 4.20 of the Loan Agreement required Westport Nursing to fund $3,000,000, which served as additional security for Westport Nursing's obligations to VNB.**

**RESPONSE:**

Defendant admits that those sections of the Loan Agreement required borrower's equity of $3,000,000 to be pledged as cash collateral for the loan.

59.    **Admit that the OIR never gave "written notice of approval"—within the meaning of F.S.A. § 651.035(7)—for the transfer of the $3,000,000 from the Westport MLR Account to the USAmeriBank Account.**

**RESPONSE:**

Defendant states that Westport Nursing was the borrower and Defendant's customer and that Defendant has no knowledge of such communication, after reasonable inquiry, sufficient to enable

Bartle 000421

Defendant to admit or deny this Request. Defendant had no knowledge as to the source of the funds that were deposited by Westport Nursing, and therefore denies this Request.

62.     **Please admit that the Transaction Agreements are all of the agreements relating to the Transaction.**

**RESPONSE:**

Defendant objects to this Request as some of the Transaction Agreements were not created or executed by Defendant and Defendant is without sufficient knowledge of those Agreements, after reasonable inquiry, to enable it to admit or deny this Request, and therefore denies this Request.

64.     **Admit that the Annual Review Summary of the Loan states the following: "It appears that part of the issue from the OIR's perspective is that some of the assets formerly owned Westport Holding Tampa were transferred to Westport Nursing Tampa, LLC. These assets include the real estate lased and the cash securing the bank's loan."**

**RESPONSE:**

Defendant admits that this Request accurately quotes the subject document, but Defendant denies any specific knowledge belonging to the OIR, and therefore denies this Request.

67.     **Admit that according to the 2013 Annual Report, there was only $29,252 of "excess minimum liquid reserves" within the meaning of F.S.A. § 651.035(7).**

**RESPONSE:**

Defendant admits that, based solely upon information provided by Plaintiff, that is what the document contains, but Defendant denies that it has any independent information as to this Request, and therefore denies this Request.

68.     **Admit that according to the 2013 Annual Report, there was only $29,252 of "excess minimum liquid reserves."**

Bartle 000422

**RESPONSE:**

Defendant admits that, based solely upon information provided by Plaintiff, that is what the document contains, but Defendant denies that it has any independent information as to this Request, and therefore denies this Request.

69.    **Admit that immediately before the $3,000,000 was transferred from the Westport MLR Account to the USAmeriBank Account, the amount of the excess minimum liquid reserves pursuant to F.S.A. § 651.035(7), if any, was less than $3,000,000.**

**RESPONSE:**

Defendant objects to this Request as it is compound and does not comply with Fed. R. Bank. P. 36. Defendant denies that it has any knowledge that any funds were transferred from the Westport MLR Account to the USAmeriBank account or that there were any increases or decreases in the amount of the referenced reserves, and therefore denies this Request.

71.    **Admit that immediately before the $3,000,000 was transferred from the Westport MLR Account to the USAmeriBank Account, the amount of the excess minimum liquid reserves pursuant to F.S.A. § 651.035(7), if any, was materially less than $3,000,000.**

**RESPONSE:**

Defendant objects to this Request as it is compound and does not comply with Fed. R. Bank. P. 36. Defendant denies that it has any knowledge that any funds were transferred from the Westport MLR Account to the USAmeriBank account or that there were any increases or decreases in the amount of the referenced reserves, and therefore denies this Request.

72.    **Admit that Westport never entered into an escrow agreement for the USAmeriBank Account.**

Bartle 000423

**RESPONSE:**

Defendant answers that it has no relationship with Westport as Westport was not Defendant's borrower under the subject loan. Defendant admits that it has not entered into any escrow agreement with Westport associated with the subject loan, and therefore denies this Request.

73. **Please admit that the Transaction Authorizations are all of the Authorizations to enter into the Transaction.**

**RESPONSE:**

Defendant objects to this Request as some of the Transaction Agreements were not created or executed by Defendant and Defendant is without sufficient knowledge of those Agreements, after reasonable inquiry, to enable it to admit or deny this Request, and therefore denies this Request.

76. **Admit that there was no escrow agreement for the USAmeriBank Account.**

**RESPONSE:**

Defendant admits this Request.

79. **Admit that the OIR never gave its "approval" within the meaning of F.S.A. § 651.033(1)(c) for any purported escrow agreement for the USAmeriBank Account.**

**RESPONSE:**

Defendant objects to this Request as it is compound and does not comply with Fed. R. Bankr. P. 36. Defendant denies that there was any such escrow agreement and Defendant is without knowledge, after reasonable inquiry, as to OIR's "approval", and therefore denies this Request.

83. **Admit that according to the Annual Review Summary of the Loan, after the closing of the Loan, Westport Nursing had "no rights or access to these funds."**

Bartle 000424

**RESPONSE:**

Defendant denies this Request as Westport Nursing had certain rights to information and other matters as set forth under the Loan Documents concerning any funds on deposit at USAmeriBank.

84.   **Admit that after the closing of the Loan, even Westport Nursing had "no rights or access to these funds."**

**RESPONSE:**

Defendant denies this Request as Westport Nursing had certain rights to information and other matters as set forth under the Loan Documents concerning any funds on deposit at USAmeriBank.

85.   **Admit that pledging the USAmeriBank Account as collateral to VNB violated F.S.A. § 651.035(1)(c).**

**RESPONSE:**

Defendant objects to this Request as it involves a pure question of law.   Defendant otherwise denies this Request.

86.   **Admit that on or about March 31, 2014, Westport "was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction" as contemplated by F.S.A. §726.105(1)(b)(1).**

**RESPONSE:**

Defendant objects to this Request as it is compound and does not comply with Fed. R. Bankr. P. 36. Defendant otherwise denies this Request.

87.   **Admit that on or about March 31, 2014, Westport "intended to incur, or believed or reasonably should have believed that "it" would incur, debts beyond his or her ability to pay as they became due" as contemplated by F.S.A. § 726.105(1)(b)(2).**

Bartle 000425

**RESPONSE:**

Defendant objects to this Request as it is compound and does not comply with Fed. R. Bankr. P. 36. Defendant otherwise denies this Request.

88. **Admit that after the closing of the Loan, Westport's "financial condition . . . if not modified or corrected" would cause its "continued operation" to "result in insolvency" within the meaning of F.S.A. § 651.114(4).**

**RESPONSE:**

Defendant objects to this Request as it is compound and does not comply with Fed. R. Bankr. P. 36. Defendant otherwise denies this Request.

89. **Admit that as a result of such financial condition, pursuant to F.S.A. § 651.114(4), Westport was subject to the OIR directing it to "formulate and file with" with the OIR "a corrective action plan."**

**RESPONSE:**

Defendant objects to this Request as it is compound and does not comply with Fed. R. Bankr. P. 36. Defendant otherwise denies this Request.

90. **Admit that if Westport had "fail[ed] to submit a plan within 30 days after" the Office's "directive or submits a plan that is insufficient to correct the condition," pursuant to F.S.A. § 651.114(4), the OIR "may specify a plan and direct the provider to implement the plan."**

**RESPONSE:**

Defendant objects to this Request as it is compound and does not comply with Fed. R. Bankr. P. 36. Defendant otherwise denies this Request. Further, Defendant objects to this Request as it addresses Westport and Westport was not Defendant's borrower and Defendant has no knowledge, after reasonable inquiry, of the legal requirements of Westport.

91.     Admit that for the year 2014, Westport was required to file an annual report pursuant to F.S.A. § 651.026(1).

**RESPONSE:**

Defendant objects to this Request as it is compound and does not comply with Fed. R. Bankr. P. 36.   Defendant otherwise denies this Request. Further, Defendant objects to this Request as it addresses Westport and Westport was not Defendant's borrower and Defendant has no knowledge, after reasonable inquiry, of the legal requirements of Westport.

92.     Admit that for the year 2015, Westport was required to file an annual report pursuant to F.S.A. § 651.026(1).

**RESPONSE:**

Defendant objects to this Request as it is compound and does not comply with Fed. R. Bankr. P. 36.   Defendant otherwise denies this Request. Further, Defendant objects to this Request as it addresses Westport and Westport was not Defendant's borrower and Defendant has no knowledge, after reasonable inquiry, of the legal requirements of Westport.

93.     Admit that pursuant to F.S.A. § 651.026(2)(b), Westport's annual report must include, among other things, a "financial report audited by an independent certificate public accountant."

**RESPONSE:**

Defendant objects to this Request as it is compound and does not comply with Fed. R. Bankr. P. 36. Defendant otherwise denies this Request. Further, Defendant objects to this Request as it addresses Westport and Westport was not Defendant's borrower and Defendant has no knowledge, after reasonable inquiry, of the legal requirements of Westport.

Bartle 000427

94.      Admit that Westport never obtained a "financial report audited by an independent certified public accountant" as contemplated by F.S.A. § 651.026(2)(b) for its fiscal year ending on December 31, 2014.

**RESPONSE:**

Defendant objects to this Request as it is compound and does not comply with Fed. R. Bankr. P. 36. Defendant otherwise denies this Request. Further, Defendant objects to this Request as it addresses Westport and Westport was not Defendant's borrower and Defendant has no knowledge, after reasonable inquiry, of the legal requirements of Westport.

95.      Admit that Westport never obtained a "financial report audited by an independent certified public accountant" as contemplated by F.S.A. § 651.026(2)(b) for its fiscal year ending on December 31, 2015.

**RESPONSE:**

Defendant objects to this Request as it is compound and does not comply with Fed. R. Bankr. P. 36. Defendant otherwise denies this Request. Further, Defendant objects to this Request as it addresses Westport and Westport was not Defendant's borrower and Defendant has no knowledge, after reasonable inquiry, of the legal requirements of Westport.

96.      Admit that Westport was the only "provider" within the meaning of F.S.A. § 651.011(23) in the State of Florida that failed to file audited financial statements with its annual reports for 2014.

**RESPONSE:**

Defendant objects to this Request as it is compound and does not comply with Fed. R. Bankr.

Bartle 000428

P. 36. Defendant otherwise denies this Request. Further, Defendant objects to this Request as it addresses Westport and Westport was not Defendant's borrower and Defendant has no knowledge, after reasonable inquiry, of the legal requirements of Westport.

97.    **Admit that Westport was the only "provider" within the meaning of F.S.A. § 651.011(23) in the State of Florida that failed to file audited financial statements with its annual reports for 2015.**

**RESPONSE:**

Defendant objects to this Request as it is compound and does not comply with Fed. R. Bankr. P. 36. Defendant otherwise denies this Request. Further, Defendant objects to this Request as it addresses Westport and Westport was not Defendant's borrower and Defendant has no knowledge, after reasonable inquiry, of the legal requirements of Westport.

98.    **Admit that as a result of the $3,000,000 being transferred from the Westport MLR Account to the USAmeriBank Account, Westport was "not in compliance with" chapter 651 of the F.S.A. within the meaning of F.S.A. § 651.114(1).**

**RESPONSE:**

Defendant objects to this Request as it is compound and does not otherwise comply with Fed. R. Bankr. P. 36 and involves a pure question of law. Defendant otherwise denies this Request.

99.    **Admit that given that Westport was "not in compliance with" chapter 651 of the F.S.A. within the meaning of F.S.A. § 651.114(1), as a result of the $3,000,000 being transferred from the Westport MLR Account to the USAmeriBank Account, Westport was subject to regulatory enforcement.**

**RESPONSE:**

Defendant objects to this Request as it is compound and does not otherwise comply with Fed. R. Bankr. P. 36 and involves a pure question of law. Defendant otherwise denies this Request.

Bartle 000429

# Appendix B

Bartle 000430

<u>Selected Interrogatories and Valley National Bank's Objections</u>

1.      Please provide a reasonable summary of the knowledge and anticipated testimony for each of the witnesses identified in VNB's initial disclosures as well as in response to these interrogatories.

<u>ANSWER:</u>

Defendant objects to this request as overbroad, unduly burdensome, and Defendant requests that Plaintiff provide more specificity and detail as to the information it requests.

10.      Please identify any agreements relating in any way to the Transaction that are not one of the Transaction Agreements.

<u>ANSWER:</u>

Defendant objects to this Interrogatory as it is vague and ambiguous to the point where Defendant cannot frame a response.

13.      Please identify all Authorizations to enter into the Transaction to the extent that they are not one of the Transaction Authorizations.

<u>ANSWER</u>:

Defendant objects to this Interrogatory as it is argumentative, conjectural, and vague to the point where Defendant cannot frame a response.

14.      VNB "agrees that the 2013 Annual Report reflects" that there was only $29,252 of excess minimum liquid reserves within the meaning of F.S.A. § 651.035(7)(b), "but does not agree that such amount is undisputed." Doc. 105 ¶ 22. What do You contend that the actual excess minimum liquid reserves within the meaning of F.S.A. § 651.035(7)(b) reported in the Annual Report of Westport Holdings, LP (for the Calendar Year Ended December 31, 2013) should have

Bartle 000431

been? Please provide a reasonable summary of the factual bases supporting such contention and identify all documents and all witnesses upon which you rely.

ANSWER:

Defendant objects to this Interrogatory as it is vague, conjectural, and unintelligible in its form to the point where Defendant cannot frame a response.

15.    What do you contend the excess minimum liquid reserves within the meaning of F.S.A. § 651.035(7)(b) was as of March 31, 2014? Please provide a reasonable summary of the factual bases supporting such contention and identify all documents and all witnesses upon which you rely.

ANSWER:

Defendant objects to this Interrogatory as it is a contention Interrogatory.

Bartle 000432

# Appendix C

Bartle 000433

**Selected Requests for Production of Documents and Valley Nation Bank's Objections**

1.    Please produce all Documents in Your possession, custody, or control evidencing account statements for any checking, savings, or other account Westport Nursing had with VNB.

**RESPONSE:**

Subject to the foregoing general objections, Valley agrees to produce those Documents which it may have in its possession, custody, or control at a mutually agreeable time, place, and manner to be determined, relating in any material way to the Loan.

**RESPONSE:**

Valley objects to this Request as it is vague, overly broad and ambiguous.

12.    Please produce all Documents in Your possession, custody, or control relating in any material way to the Loan.

**RESPONSE:**

Valley objects to this Request as it is vague, overly broad and ambiguous.

13.    Please produce all Documents in Your possession, custody, or control of drafts of the Loan Agreement.

**RESPONSE:**

Subject to the foregoing general objections, Valley agrees to produce those Documents which it may have in its possession, custody, or control at a mutually agreeable time, place, and manner to be determined.

14.    Please produce all Documents in Your possession, custody, or control evidencing communications including, but not limited to, all letters, emails, and correspondence, relating in any material way to one or more of the drafts of the

Bartle 000434

**Loan Agreement.**

**RESPONSE:**

Subject to the foregoing general objections, Valley agrees to produce those Documents which it may have in its possession, custody, or control at a mutually agreeable time, place, and manner to be determined.

15.    **Please produce all Documents in Your possession, custody, or control of drafts of the Note.**

**RESPONSE:**

Subject to the foregoing general objections, Valley agrees to produce those Documents which it may have in its possession, custody, or control at a mutually agreeable time, place, and manner to be determined.

16.    **Please produce all Documents in Your possession, custody, or control evidencing communications including, but not limited to, all letters, emails, and correspondence, relating in any material way to one or more of the drafts of the Note.**

**RESPONSE:**

Subject to the foregoing general objections, Valley agrees to produce those Documents which it may have in its possession, custody, or control at a mutually agreeable time, place, and manner to be determined.

17.    **Please produce all Documents in Your possession, custody, or control of the drafts of the USAmeriBank Loan Closing Statement.**

**RESPONSE:**

Subject to the foregoing general objections, Valley agrees to produce those Documents which it may have in its possession, custody, or control at a mutually agreeable time, place, and manner to be determined.

19.    **Please produce all Documents in Your possession, custody, or control evidencing communications including, but not limited to, all letters, emails, and correspondence, relating in any material way to the USAmeriBank Loan Closing Statement.**

**RESPONSE:**

Valley objects to this request because as framed, the request is overly broad, harassing, and unduly burdensome in seeking "all documents," as it is unnecessarily overbroad, lacks the required calculation, and threatens to invade the attorney-client and/or attorney work product privileges.

20.    **Please produce all Documents in Your possession, custody, or control evidencing communications including, but not limited to, all letters, emails, and correspondence, relating in any material way to the transfers and transactions set forth in the USAmeriBank Loan Closing Statement.**

**RESPONSE:**

Valley objects to this request because as framed, the request is overly broad, harassing, and unduly burdensome in seeking "all documents," as it is unnecessarily overbroad, lacks the required calculation, and threatens to invade the attorney-client and/or attorney work product privileges.

23.    **To the extent not already produced, please produce all Documents in Your possession, custody, or control of the drafts of the Loan Documents.**

Bartle 000436

RESPONSE:

Subject to the foregoing general objections, Valley agrees to produce those Documents which it may have in its possession, custody, or control at a mutually agreeable time, place, and manner to be determined.

24.    **To the extent not already produced, please produce all Documents in Your possession, custody, or control evidencing communications including, but not limited to, all letters, emails, and correspondence, relating in any material way to one or more of the Loan Documents.**

RESPONSE:

Valley objects to this request because as framed, the request is overly broad, harassing, and unduly burdensome in seeking "all documents," as it is unnecessarily overbroad, lacks the required calculation, and threatens to invade the attorney-client and/or attorney work product privileges.

26.    **Please produce all Documents in Your possession, custody, or control evidencing communications including, but not limited to, all letters, emails, and correspondence, relating in any material way to Minimum Liquid Reserves.**

RESPONSE:

Subject to the foregoing general objections, Valley agrees to produce those Documents which it may have in its possession, custody, or control at a mutually agreeable time, place, and manner to be determined.

27.    **Please produce all Documents in Your possession, custody, or control evidencing communications including, but not limited to, all letters, emails, and correspondence, from, to, or relating in any material way to Westport.**

RESPONSE:

To the extent this Request addresses WestPort Holdings, Valley has no documents in its possession, custody, or control in response to this request.

28.     Please produce all Documents in Your possession, custody, or control evidencing communications including, but not limited to, all letters, emails, and correspondence, from, to, or relating in any material way to Westport II.

RESPONSE:

To the extent this Request addresses WestPort Holdings, Valley has no documents in its possession, custody, or control in response to this request.

29.     Please produce all Documents in Your possession, custody, or control evidencing communications including, but not limited to, all letters, emails, and correspondence, from, to, or relating in any material way to OIR.

RESPONSE:

Subject to the foregoing general objections, Valley agrees to produce those Documents which it may have in its possession, custody, or control at a mutually agreeable time, place, and manner to be determined.

30.     Please produce all Documents in Your possession, custody, or control evidencing agreements relating in any way to the Transaction that are not one of the Transaction Agreements.

RESPONSE:

Subject to the foregoing general objections, Valley agrees to produce those Documents which it may have in its possession, custody, or control at a mutually agreeable time, place, and manner to be determined.

Bartle 000438

31.    Please produce all Documents in Your possession, custody, or control evidencing communications including, but not limited to, all letters, emails, and correspondence, relating in any material way to one or more Defaults.

RESPONSE:

Subject to the foregoing general objections, Valley agrees to produce those Documents which it may have in its possession, custody, or control at a mutually agreeable time, place, and manner to be determined.

32.    Please produce all Documents in Your possession, custody, or control evidencing communications including, but not limited to, all letters, emails, and correspondence, relating in any material way to one or more Events of Default.

RESPONSE:

Subject to the foregoing general objections, Valley agrees to produce those Documents which it may have in its possession, custody, or control at a mutually agreeable time, place, and manner to be determined.

34.    Please produce all Documents in Your possession, custody, or control which You identify in Your interrogatory responses.

RESPONSE:

Subject to the foregoing general objections, Valley agrees to produce those Documents which it may have in its possession, custody, or control at a mutually agreeable time, place, and manner to be determined.

Bartle 000439

# Exhibit D

Bartle 000440

| From: | Robert Mercer |
|---|---|
| To: | Edmund S. Whitson III |
| Cc: | Chantal Pillay; Madeline Algarin, CP, FRP; Tasheba Fulcher |
| Subject: | Warren v. VNB |
| Date: | Tuesday, May 24, 2022 3:51:00 PM |
| Attachments: | image001.png |

Ed, this email is a follow on to our call today. We scheduled a follow up call tomorrow at 1:30 to discuss additional discovery issues.

On a related note, today I pointed out to you that your client had only produced 369 pages of documents as part of its initial production. You indicated that such production included some—but not all—of the requested account statements. You further stated that the other account statements were undergoing review to remove account numbers. You indicated that you were in the process of reviewing the other documents for production.

I requested that you produce the remaining documents on or before a week from today, May 31, 2022. You stated that you thought a week from Friday, June 3, 2022, would be reasonable.

As you know, the requests for production were served on February 25, 2022. That means what you have proposed gives Valley over 3 months to produce its documents.

As a result, if Valley doesn't finish its production and provide a privilege log on or before **June 3, 2022**, the Liquidation Trustee will file a motion to compel. Regards, Robert

Robert Mercer

# MERCER LAW LLC

A PASS ON TO WIN

1230 Peachtree Street, N.E.
Promenade, Suite 1900
Atlanta, Georgia 30309
404-942-2299 (d)
678-628-7439 (c)
Bio: https://www.mercerlawllc.com/bio
Website: https://www.mercerlawllc.com

Bartle 000441

# Exhibit E

Bartle 000442

| | |
|---|---|
| **From:** | Robert Mercer |
| **To:** | Edmund S. Whitson III |
| **Cc:** | Chantal Pillay; Madeline Algarin, CP, FRP; Tasheba Fulcher |
| **Subject:** | RE: Warren v. VNB |
| **Date:** | Friday, June 3, 2022 5:16:00 PM |
| **Attachments:** | image001.png |
| | image002.png |

Ed, thanks for the email.

You had indicated that Valley would produce all of the documents contemplated by its current objections and responses to the LT's RFPs by today.

By June 8, 2022, you were then supposed to amend Valley's discovery responses (RFAs, RFPs, and ROGs) and finish Valley's document production based on Valley's amended responses to the RFPs.

From your email, I understand you to say that Valley will amend such discovery responses by June 7, 2022.

I can't tell what documents, however, you are indicating that Valley will produce on June 7, 2022.

Assuming that it is not all non-privileged documents responsive to the LT's RFPs, when do you propose to produce them?

Given that we served the discovery requests well over three months ago, please advise as soon as possible.  Regards, Robert

Robert Mercer

# MERCER LAW LLC
A PASSION TO WIN

1230 Peachtree Street, N.E.
Promenade, Suite 1900
Atlanta, Georgia  30309
404-942-2299 (d)
678-628-7439 (c)
Bio: https://www.mercerlawllc.com/bio
Website: https://www.mercerlawllc.com

**From:** Edmund S. Whitson III <edmund.whitson@arlaw.com>
**Sent:** Friday, June 3, 2022 2:47 PM
**To:** Robert Mercer <r.mercer@mercerlawllc.com>
**Cc:** Chantal Pillay <Chantal.Pillay@arlaw.com>; Madeline Algarin, CP, FRP <madeline.algarin@arlaw.com>; Tasheba Fulcher <t.fulcher@mercerlawllc.com>
**Subject:** RE: Warren v. VNB

Robert,

I spoke with our e-discovery team today and they will again reproduce the documents as you requested. Given their schedule, they cannot do that, along with the other documents we are producing as part of the continued rolling production, until next Tuesday. I will also serve the amended discovery responses along with that.

**Edmund S. Whitson III** | ADAMS AND REESE

Partner

Admitted in Florida and District of Columbia

100 N. Tampa Street, Suite 4000 | Tampa, FL 33602

P: 813.227.5542 | M: 813.391.4111

edmund.whitson@arlaw.com | Bio | vCard | Twitter | LinkedIn

**From:** Robert Mercer <r.mercer@mercerlawllc.com>
**Sent:** Friday, June 3, 2022 8:36 AM
**To:** Edmund S. Whitson III <edmund.whitson@arlaw.com>
**Cc:** Chantal Pillay <Chantal.Pillay@arlaw.com>; Madeline Algarin, CP, FRP <madeline.algarin@arlaw.com>; Tasheba Fulcher <t.fulcher@mercerlawllc.com>
**Subject:** Re: Warren v. VNB

Ed, you proposed to produce documents today. It appears that from your cryptic email that you are saying that you now don't intend to do so. Yet, you have not identified any bona fide reason for failing to do so. Nor have you explained when you intend to produce such documents. Unless I receive an email from you today explaining a good faith reason for the delay and a reasonable date certain by which you will produce the documents you previously proposed that you would produce today, I intend to file a motion to compel.    Robert

Robert Mercer

Mercer Law LLC

404.942.2299 (d)

678.628.7439 (c)

Sent from my iPhone - Please excuse typos.

On Jun 3, 2022, at 2:54 AM, Robert Mercer <r.mercer@mercerlawllc.com> wrote:

Ed, what are you saying?    Robert

Sent from my iPad

On Jun 3, 2022, at 1:18 AM, Edmund S. Whitson III <edmund.whitson@arlaw.com> wrote:

Bartle 000444

A motion to compel is not necessary or warranted. Given our prior correspondence, additional time will be required but Valley will amend and produce.

**Edmund S. Whitson III |**   <image001b8.PNG>

Partner

Admitted in Florida and District of Columbia

100 N. Tampa Street, Suite 4000 | Tampa, FL 33602

P: 813.227.5542 | **M:** 813.391.4111

edmund.whitson@arlaw.com | Bio | vCard | Twitter | LinkedIn

**From:** Robert Mercer <r.mercer@mercerlawllc.com>
**Sent:** Saturday, May 28, 2022 1:45 PM
**To:** Edmund S. Whitson III <edmund.whitson@arlaw.com>
**Cc:** Chantal Pillay <Chantal.Pillay@arlaw.com>; Madeline Algarin, CP, FRP <madeline.algarin@arlaw.com>; Tasheba Fulcher <t.fulcher@mercerlawllc.com>
**Subject:** RE: Warren v. VNB

Ed, good afternoon. As a follow on to our call yesterday, you proposed that Valley would amend its discovery responses on or before June 8, 2022. As a result, if Valley doesn't amend its discovery responses and make any necessary supplemental document production on or before **June 8, 2022**, the Liquidation Trustee will file a motion to compel. I hope you have a nice holiday weekend. Regards, Robert

Robert Mercer
**<image002.png>**
1230 Peachtree Street, N.E.
Promenade, Suite 1900
Atlanta, Georgia  30309
404-942-2299 (d)
678-628-7439 (c)
Bio: https://www.mercerlawllc.com/bio
Website: https://www.mercerlawllc.com

**From:** Robert Mercer
**Sent:** Tuesday, May 24, 2022 3:51 PM
**To:** Edmund S. Whitson III <edmund.whitson@arlaw.com>
**Cc:** Chantal Pillay <Chantal.Pillay@arlaw.com>; Madeline Algarin, CP, FRP

Bartle 000445

<madeline.algarin@arlaw.com>; Tasheba Fulcher
<t.fulcher@mercerlawllc.com>
**Subject:** Warren v. VNB

Ed, this email is a follow on to our call today. We scheduled a follow up call tomorrow at 1:30 to discuss additional discovery issues.

On a related note, today I pointed out to you that your client had only produced 369 pages of documents as part of its initial production. You indicated that such production included some ——but not all——of the requested account statements. You further stated that the other account statements were undergoing review to remove account numbers. You indicated that you were in the process of reviewing the other documents for production.

I requested that you produce the remaining documents on or before a week from today, May 31, 2022. You stated that you thought a week from Friday, June 3, 2022, would be reasonable.

As you know, the requests for production were served on February 25, 2022. That means what you have proposed gives Valley over 3 months to produce its documents.

As a result, if Valley doesn't finish its production and provide a privilege log on or before **June 3, 2022**, the Liquidation Trustee will file a motion to compel. Regards, Robert

Robert Mercer
**<image003.png>**
1230 Peachtree Street, N.E.
Promenade, Suite 1900
Atlanta, Georgia 30309
404-943-2299 (d)
678-528-7439 (c)
Bio https://www.mercerlawllc.com/bio
Website: https://www.mercerlawllc.com

Bartle 000446

# Exhibit F

Bartle 000447

| | |
|---|---|
| **From:** | Robert Mercer |
| **To:** | Edmund S. Whitson III |
| **Cc:** | Jeff Warren (jwarren@bushross.com); Madeline Aigarin, CP, FRP; Tasheba Fulcher |
| **Subject:** | FW: Notice of Withdrawal of Motion to Compel |
| **Date:** | Thursday, June 9, 2022 4:57:00 PM |
| **Attachments:** | image001.png<br>image002.png<br>Warren v. VNB Rule 29 Stipulationv.1.pdf |

Ed, thanks for your email. I hope you are enjoying your retreat.

It goes without saying that parties document discovery agreements. It is not something that needs to be discussed. And it also goes without saying that there is no firm-retreat exception to the duty to resolve discovery disputes. (In fact, you were at a retreat when you promised me that you would talk to me later in the day about resolving discovery issues and then filed Valley's motion to compel less than 30 minutes later.) Last, it goes without saying that a party should not have to wait (until two days before an agreed-upon deadline) for opposing counsel to get around to confirming the terms of a discovery agreement the essence of which is timely compliance.

For your convenience, I have cut and pasted the stipulation below and have attached a .pdf (it should be much easier to open and read than a word document) of it. It will take you less than 5 minutes to read it. We need to agree on a final version of the discovery stipulation by *6:30 pm tonight*. If we don't, I intend to file a motion to compel the production of documents that seeks sanctions. If you need a little bit more time tonight, please let me know.

I am very confident that——when the Court reads the emails that we have sent each other (which I reviewed yesterday)——it will see that I have acted reasonably.

Don't forget——this is *not* our first rodeo with these discovery responses. Indeed, Valley is already in default of the first timeline you proposed. In fact, after numerous well-documented delays and attempts to get in touch with you, you finally proposed that Valley would produce all non-privileged documents contemplated by Valley's responses and objections to such requests for production by *last Friday* (June 3, 2022) and all remaining non-privileged responsive documents by *yesterday* (June 8, 2022). You further proposed that by *yesterday* (June 8, 2022) Valley would amend its responses and objections to the LT's interrogatory, requests for admissions, and requests for production of documents. Not one single one of those things has occurred. And the fact that we had to ask Valley twice to produce documents in compliance with the agreed-upon, court-ordered ESI protocol is not a reason for Valley's failure to comply with its own proposed timetable.

As always, please give me a call if you would like to discuss any of these matters.
Robert

———————————————

Plaintiff, Jeffrey W. Warren, as Liquidating Trustee for Westport Holdings

Tampa, Limited Partnership and Westport Holdings Tampa II, Limited Partnership (the "Liquidating Trustee") and Valley National Bank ("Valley") file this stipulation pursuant to Rule 29 of the Federal Rules of Civil Procedure as incorporated by Rule 7029 of the Federal Rules of Bankruptcy Procedure. Counsel for the Liquidating Trustee has conferred in good faith on several occasions with counsel for Valley regarding issues associated with Valley's objections and responses to the Liquidating Trustee's requests for admissions, interrogatories, and requests for production of documents. As a result of the correspondence and discussions between counsel for the parties, they hereby agree to the following:

1. On or before June 15, 2022, Valley shall produce all non-privileged documents that are responsive to the Liquidating Trustee's requests for production of documents.

2. Shortly thereafter, Valley shall provide a privilege log.

3. On or before June 17, 2022, Valley shall amend its objections and responses to the Liquidating Trustee's requests for admissions, interrogatories, and requests for production of documents to address the issues raised by the Liquidating Trustee.

Robert Mercer

**MERCER LAW**LLC

A PASSION TO WIN

1230 Peachtree Street, N.E.
Promenade, Suite 1900
Atlanta, Georgia 30309
404-942-2299 (d)
678-628-7439 (c)
Bio: https://www.mercerlawllc.com/bio
Website: https://www.mercerlawllc.com

**From:** Edmund S. Whitson III <edmund.whitson@arlaw.com>
**Sent:** Thursday, June 9, 2022 4:04 PM
**To:** Robert Mercer <r.mercer@mercerlawllc.com>
**Cc:** Madeline Algarin, CP, FRP <madeline.algarin@arlaw.com>; Tasheba Fulcher <t.fulcher@mercerlawllc.com>; Jeffrey W. Warren <jwarren@bushross.com>
**Subject:** Re: Notice of Withdrawal of Motion to Compel

Robert ,
Once again I am at a loss to understand your behavior. Valley has been producing documents , we agreed to a rolling production , we have been cooperating and it is in that spirit that I agreed to withdraw Valleys motion to compel.
Now , today at 4 pm you are demanding that I sign a stipulation today - that was never discussed - or else you will file a motion to compel. I can see no consistency or reasonable basis for your behavior . I informed you last night that I would be out of the office at our firm retreat . I am in meetings and not available to address your latest demand fir signature "today"

Bartle 000449

If you file a motion to compel , Valley will seek sanctions
I am happy to discuss on Monday

Sent from my iPhone

On Jun 9, 2022, at 3:53 PM, Robert Mercer <r.mercer@mercerlawllc.com> wrote:

Ed, good afternoon. I just got the bounce back email below. If you want me to hold off on filing the motion to compel, we need to finalize the stipulation and notice of withdrawal *today*. My concern is that, as we approach the deadlines, if you do not believe that you will comply, you may decide not to agree to sign the stipulation or the notice.   Regards, Robert

Robert Mercer
# MERCER LAW LLC
A PASSION TO WIN
1230 Peachtree Street, N.E.
Promenade, Suite 1900
Atlanta, Georgia 30309
404-942-2299 (d)
678-628-7439 (c)
Bio: https://www.mercerlawllc.com/bio
Website: https://www.mercerlawllc.com

**From:** Edmund S. Whitson III <edmund.whitson@arlaw.com>
**Sent:** Thursday, June 9, 2022 3:40 PM
**To:** Robert Mercer <r.mercer@mercerlawllc.com>
**Subject:** Automatic reply: Notice of Withdrawal of Motion to Compel

I am currently out of the office

**Edmund S. Whitson III** | ADAMS AND REESE LLP
Partner
Admitted in Florida and District of Columbia
100 N. Tampa Street, Suite 4000 | Tampa, FL 33602
**P:** 813.227.5542 | **M:** 813.391.4111
edmund.whitson@arlaw.com | Bio | vCard | Twitter | LinkedIn

Bartle 000450

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Case No.:  8:16-bk-08167-MGW |
| WESTPORT HOLDINGS TAMPA, LIMITED PARTNERSHIP, | Chapter 11 |
| WESTPORT HOLDINGS TAMPA II, LIMITED PARTNERSHIP, | Case No.: 8:16-bk-08168-MGW |
| Debtors. | Jointly Administered Under Case No. 8:16-bk-08167-MGW |
| _____ / | |
| JEFFREY W. WARREN, LIQUIDATING TRUSTEE FOR WESTPORT HOLDINGS TAMPA, LIMITED PARTNERSHIP and WESTPORT HOLDINGS II, LIMITED PARTNERSHIP, | |
| Plaintiff, | |
| v. | Adv. Pro. No. 8:20-ap-00007-MGW |
| Valley NATIONAL BANK, principal subsidiary to Valley NATIONAL BANKCORP, a New Jersey domestic profit corporation, as successor by merger to USAMERIBANK, | |
| Defendant. | |
| _____ / | |

## RULE 29 STIPULATION

Plaintiff, Jeffrey W. Warren, as Liquidating Trustee for Westport Holdings Tampa, Limited Partnership and Westport Holdings Tampa II, Limited Partnership (the "Liquidating Trustee") and Valley National Bank ("Valley") file this stipulation pursuant to Rule 29 of the Federal Rules of Civil Procedure as incorporated by Rule 7029 of the Federal Rules of Bankruptcy Procedure. Counsel for the Liquidating Trustee has conferred in good faith on several occasions with counsel for Valley regarding issues associated with Valley's objections and responses to the Liquidating Trustee's requests for admissions, interrogatories, and

Bartle 000451

requests for production of documents. As a result of the correspondence and discussions between counsel for the parties, they hereby agree to the following:

1.    On or before June 15, 2022, Valley shall produce all non-privileged documents that are responsive to the Liquidating Trustee's requests for production of documents.

2.    Shortly thereafter, Valley shall provide a privilege log.

3.    On or before June 17, 2022, Valley shall amend its objections and responses to the Liquidating Trustee's requests for admissions, interrogatories, and requests for production of documents to address the issues raised by the Liquidating Trustee.

Dated: June 9, 2022

/s/ Robert M.D Mercer
Robert M.D. Mercer
Georgia Bar No. 502317
r.mercer@mercerlawllc.com
MERCER LAW LLC
1230 Peachtree Street, N.E.
Promenade, Suite 1900
Atlanta, Georgia 30309
*Counsel for Plaintiff*

Dated: June 9, 2022

/s/ Edmund S. Whitson, III
Edmund S. Whitson, III, Esq.
Florida Bar No. 897272
Primary: edmund.whitson@arlaw.com
Secondary: madeline.algarin@arlaw.com

ADAMS AND REESE LLP
100 N. Tampa Street, Suite 4000
Tampa, FL 33602
Telephone: 813-402-2880
Facsimile: 813-402-2887
*Counsel for Defendant*

(Filer's Attestation: Pursuant to Local Rule 1001-2(g)(3) regarding signatures, Robert M.D. Mercer attests that concurrence in the filing of this paper has been obtained).

Bartle 000452

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 9, 2022, a true and correct copy of the foregoing has been furnished to all parties receiving CM/ECF notification via the Court's CM/ECF system.

_____
/s/ Robert M.D. Mercer
ATTORNEY

Bartle 000453

# Exhibit G

Bartle 000454

| | |
|---|---|
| **From:** | Edmund S. Whitson III |
| **To:** | Robert Mercer |
| **Cc:** | Madeline Algarin, CP, FRP; Tasheba Fulcher |
| **Subject:** | Valley National Bank - continued rolling production |
| **Date:** | Friday, June 10, 2022 7:30:25 AM |
| **Attachments:** | image6105F5.PNG |

Robert,

I noticed that you've sent several emails yesterday after I reminded you I was in meetings yesterday afternoon and all day today . I have not reviewed them and will respond Monday as I mentioned previously

In the meantime, I received the attached link from our ediscovery team and wanted to send that to you as part of the rolling production that was agreed

https://app.everlaw.com/26880/dl/9tdL90F8B5rCnGlcra_n50vPsIiVJP45uaeibN3guppy

Thank you

Sent from my iPhone

**Edmund S. Whitson III** | ADAMS AND REESE LLP

Partner

Admitted in Florida and District of Columbia

100 N. Tampa Street, Suite 4000 | Tampa, FL 33602

P: 813.227.5542 | M: 813.391.4111

edmund.whitson@arlaw.com | Bio | vCard | Twitter | LinkedIn

Bartle 000455

# Exhibit H

Bartle 000456

| | |
|---|---|
| **From:** | Edmund S. Whitson III |
| **To:** | Robert Mercer |
| **Cc:** | Jeff Warren (jwarren@bushross.com); Madeline Algarin, CP, FRP; Tasheba Fulcher |
| **Subject:** | RE: Notice of Withdrawal of Motion to Compel |
| **Date:** | Monday, June 13, 2022 3:15:49 PM |
| **Attachments:** | image003.png |
| | image004.png |
| | image005.png |

Robert,

I was not able to review your draft stipulation until today. For the record, you and I disagree about what has been discussed and agreed to, and there was never any discussion about a stipulation. We have endeavored to work through our differences in good faith, mindful that some of the timing of the production involves our e-discovery department over which I have no control. I will need to adjust some of the timing to minor degree but we intend to have the remaining documents, and discovery responses to you by this Friday, June 17. Valley has already made 4 productions to you and your client. I see no good faith basis to filing any motion to compel. Good lawyers litigate the case ; they don't litigate the litigation and I hope that you and I can put this discourse back on track.

I did speak to the lawyers who handled the OIR appeal at our retreat and they are responding to me this week.

Thank you

**From:** Robert Mercer <r.mercer@mercerlawllc.com>
**Sent:** Thursday, June 9, 2022 4:58 PM
**To:** Edmund S. Whitson III <edmund.whitson@arlaw.com>
**Cc:** Jeff Warren (jwarren@bushross.com) <jwarren@bushross.com>; Madeline Algarin, CP, FRP <madeline.algarin@arlaw.com>; Tasheba Fulcher <t.fulcher@mercerlawllc.com>
**Subject:** FW: Notice of Withdrawal of Motion to Compel

Ed, thanks for your email. I hope you are enjoying your retreat.

It goes without saying that parties document discovery agreements. It is not something that needs to be discussed. And it also goes without saying that there is no firm-retreat exception to the duty to resolve discovery disputes. (In fact, you were at a retreat when you promised me that you would talk to me later in the day about resolving discovery issues and then filed Valley's motion to compel less than 30 minutes later.) Last, it goes without saying that a party should not have to wait (until two days before an agreed-upon deadline) for opposing counsel to get around to confirming the terms of a discovery agreement the essence of which is timely compliance.

For your convenience, I have cut and pasted the stipulation below and have attached a .pdf (it should be much easier to open and read than a word document) of it. It will take you less than 5 minutes to read it. We need to agree on a final version of the discovery stipulation by **6:30 pm tonight**. If we don't, I intend to file a motion to compel the production of documents that seeks sanctions. If you need a little bit more

Bartle 000457

time tonight, please let me know.

I am very confident that——when the Court reads the emails that we have sent each other (which I reviewed yesterday)——it will see that I have acted reasonably.

Don't forget—this is *not* our first rodeo with these discovery responses. Indeed, Valley is already in default of the first timeline you proposed. In fact, after numerous well-documented delays and attempts to get in touch with you, you finally proposed that Valley would produce all non-privileged documents contemplated by Valley's responses and objections to such requests for production by *last Friday* (June 3, 2022) and all remaining non-privileged responsive documents by *yesterday* (June 8, 2022). You further proposed that by *yesterday* (June 8, 2022) Valley would amend its responses and objections to the LT's interrogatory, requests for admissions, and requests for production of documents. Not one single one of those things has occurred. And the fact that we had to ask Valley twice to produce documents in compliance with the agreed-upon, court-ordered ESI protocol is not a reason for Valley's failure to comply with its own proposed timetable.

As always, please give me a call if you would like to discuss any of these matters. Robert

---

Plaintiff, Jeffrey W. Warren, as Liquidating Trustee for Westport Holdings Tampa, Limited Partnership and Westport Holdings Tampa II, Limited Partnership (the "Liquidating Trustee") and Valley National Bank ("Valley") file this stipulation pursuant to Rule 29 of the Federal Rules of Civil Procedure as incorporated by Rule 7029 of the Federal Rules of Bankruptcy Procedure. Counsel for the Liquidating Trustee has conferred in good faith on several occasions with counsel for Valley regarding issues associated with Valley's objections and responses to the Liquidating Trustee's requests for admissions, interrogatories, and requests for production of documents. As a result of the correspondence and discussions between counsel for the parties, they hereby agree to the following:

1.  On or before June 15, 2022, Valley shall produce all non-privileged documents that are responsive to the Liquidating Trustee's requests for production of documents.

2.  Shortly thereafter, Valley shall provide a privilege log.

3.  On or before June 17, 2022, Valley shall amend its objections and responses to the Liquidating Trustee's requests for admissions, interrogatories, and requests for production of documents to address the issues raised by the Liquidating Trustee.

Robert Mercer


1230 Peachtree Street, N.E.
Promenade, Suite 1900
Atlanta, Georgia 30309
404-942-2299 (d)
678-628-7439 (c)
Bio: https://www.mercerlawllc.com/bio
Website: https://www.mercerlawllc.com

**From:** Edmund S. Whitson III <edmund.whitson@arlaw.com>
**Sent:** Thursday, June 9, 2022 4:04 PM
**To:** Robert Mercer <r.mercer@mercerlawllc.com>
**Cc:** Madeline Algarin, CP, FRP <madeline.algarin@arlaw.com>; Tasheba Fulcher
<t.fulcher@mercerlawllc.com>; Jeffrey W. Warren <jwarren@bushross.com>
**Subject:** Re: Notice of Withdrawal of Motion to Compel

Robert ,
Once again I am at a loss to understand your behavior.  Valley has been producing documents , we agreed to a rolling production , we have been cooperating and it is in that spirit that I agreed to withdraw Valleys motion to compel.
Now , today at 4 pm you are demanding that I sign a stipulation today - that was never discussed - or else you will file a motion to compel.  I can see no consistency or reasonable basis for your behavior . I informed you last night that I would be out of the office at our firm retreat .  I am in meetings and not available to address your latest demand fir signature "today"
If you file a motion to compel , Valley will seek sanctions
I am happy to discuss on Monday


Sent from my iPhone


On Jun 9, 2022, at 3:53 PM, Robert Mercer <r.mercer@mercerlawllc.com> wrote:


Ed, good afternoon.  I just got the bounce back email below.  If you want me to hold off on filing the motion to compel, we need to finalize the stipulation and notice of withdrawal *today*.  My concern is that, as we approach the deadlines, if you do not believe that you will comply, you may decide not to agree to sign the stipulation or the notice.   Regards, Robert

Robert Mercer
**MERCER LAW**LLC
A PASSION TO WIN
1230 Peachtree Street, N.E
Promenade, Suite 1900
Atlanta, Georgia 30309
404-942-2299 (d)
678-628-7439 (c)
Bio: https://www.mercerlawllc.com/bio

Bartle 000459

Website: https://www.mercerlawllc.com

**From:** Edmund S. Whitson III <edmund.whitson@arlaw.com>
**Sent:** Thursday, June 9, 2022 3:40 PM
**To:** Robert Mercer <r.mercer@mercerlawllc.com>
**Subject:** Automatic reply: Notice of Withdrawal of Motion to Compel

I am currently out of the office

**Edmund S. Whitson III** | ADAMS AND REESE LLP
Partner
Admitted in Florida and District of Columbia
100 N. Tampa Street, Suite 4000 | Tampa, FL 33602
P: 813.227.5542 | **M:** 813.391.4111
edmund.whitson@arlaw.com | Bio | vCard | Twitter | LinkedIn

Bartle 000460

# Exhibit I

Bartle 000461

| | |
|---|---|
| From: | Edmund S. Whitson III |
| To: | Robert Mercer; Tasheba Fulcher |
| Cc: | Madeline Algarin, CP, FRP |
| Subject: | Valley National Bank - Rolling Production |
| Date: | Friday, June 17, 2022 5:10:25 PM |
| Attachments: | image125429.PNG |

To the best of my knowledge, after reasonable and appropriate diligence, Valley has now produced all non-privileged documents (including the link pasted below) that are responsive to the Liquidating Trustee's requests for production of documents. Any responsive documents that have not been produced will appear in Valley's privilege log.

https://app.everlaw.com/26880/dl/Ro_Djo-Q6O7BHxU-GypRbTFfGzEcLpYMNE3VakIFjGxo

**Edmund S. Whitson III** | ADAMS AND REESE LLP
Partner
Admitted in Florida and District of Columbia
100 N. Tampa Street, Suite 4000 | Tampa, FL 33602
P: 813.227.5542 | M: 813.391.4111
edmund.whitson@arlaw.com | Bio | vCard | Twitter | LinkedIn

Bartle 000462

# Exhibit J

Bartle 000463

| From: | Robert Mercer |
|---|---|
| To: | Edmund S. Whitson III |
| Cc: | Madeline Algarin, CP, FRP; Tasheba Fulcher |
| Subject: | Warren v. VNB |
| Date: | Tuesday, June 21, 2022 3:03:00 PM |
| Attachments: | image001.png |

Ed, good afternoon. This email addresses the issue I raised yesterday on our call. There is a glaring hole in Valley's production: it has only produced *14 emails*.

We have reviewed the documents Valley has produced. Based on such review, Valley produced 2477 files, only 14 of which were collected from native emails (eml and msg files). In other words, Valley has only produced 14 emails. And not one of the emails was from counsel for Valley—*i.e.*, not one from you, Burr & Forman, or otherwise from counsel for Valley.

Yet, in your email Friday, pursuant to our stipulation, you unequivocally state that Valley has produced "*all* non-privileged documents . . . that are responsive to the Liquidating Trustee's requests for production of documents." (Emphasis added).

It is hard to understand such a dearth of emails. I will call you shortly to discuss the foregoing. Robert

Robert Mercer
**MERCER LAW** LLC
A PASSION TO WIN
1230 Peachtree Street, N.E.
Promenade, Suite 1900
Atlanta, Georgia 30309
404-942-2799 (d)
678-628-7439 (c)
Bio: https://www.mercerlawllc.com/bio
Website https://www.mercerlawllc.com

Bartle 000464

# Exhibit K

Bartle 000465

| From: | Robert Mercer |
|---|---|
| To: | Edmund S. Whitson |
| Cc: | Madeline Algarin, CP, FRP; Tasheba Fulcher |
| Subject: | Re: Warren v. VNB |
| Date: | Wednesday, June 22, 2022 8:51:33 AM |
| Attachments: | image001.png |

Ed, thanks for your call last night regarding Valley's document production. Based on what you told me, it sounds like Valley designated all of its emails as privileged other than the 14 emails that it produced. Although we didn't discuss it, the same would appear to apply to all other non-email documents. I say this because the vast majority of the documents that have been produced thus far are what you might call "bland" documents—e.g., pleadings and bank statements. In other words, they are documents that by their very nature do not require any review to know that they can be produced. My understanding from our call last night is that you are going to go back through all of Valley's designations to see if you can remove any privilege designations and then produce more documents. But as I see it, the problem with this situation is that it is inconsistent with the email (contemplated by the parties' stipulation) that you sent me last Friday. Your email is explicit and unambiguous that all non-privileged, responsive documents HAVE ALREADY BEEN produced. As we discussed last night, I am going to give to you until 4 pm today to respond. I am doing so in case you learn any additional information that provides a reasonable explanation for the situation that is consistent with the email you sent me last Friday. You weren't able to provide such an explanation last night. And for the reasons discussed above, however, I am very skeptical that such an explanation exists. Of course, please give me a call if you have any questions or would like to discuss anything. Thank you for your attention to these matters. Robert

Sent from my iPad

On Jun 21, 2022, at 6:20 PM, Robert Mercer <r.mercer@mercerlawllc.com> wrote:

Ed, good evening. I haven't heard from you in response to my email below or vmail from earlier today. Based on the facts set forth in my email below, it does not appear that there is any conceivable way that Valley has in fact produced "*all* non-privileged documents . . . that are responsive to the Liquidating Trustee's requests for production of documents." (Emphasis added). As you know, I would like to have all discovery issues heard by the Court at the hearing on June 30, 2022. Accordingly, I need to move to compel on an expedited basis as contemplated by the parties' stipulation. Doc. 143 at ¶ 5. Given the foregoing, I would appreciate it if you would give me a call at your earliest convenience. I would like to see if you or

Bartle 000466

Valley has any explanation for the dearth of emails. Unless I have a reasonable explanation by 4 pm tomorrow, given the exigency of timing, I will need to file a motion to compel. Thank you for your attention to these matters, and let me know if you have any questions. Regards, Robert

Robert Mercer

**<image001.png>**

1230 Peachtree Street, N.E.
Promenade, Suite 1900
Atlanta, Georgia 30309
404-942-2299 (d)
678-628-7439 (c)
Bio: https://www.mercerlawllc.com/bio
Website: https://www.mercerlawllc.com

**From:** Robert Mercer
**Sent:** Tuesday, June 21, 2022 4:37 PM
**To:** Edmund S. Whitson III <edmund.whitson@arlaw.com>
**Cc:** Madeline Algarin, CP, FRP <madeline.algarin@arlaw.com>; Tasheba Fulcher <t.fulcher@mercerlawllc.com>
**Subject:** RE: Warren v. VNB

Ed, as a follow on to my vmail, please give me a call. Robert

Robert Mercer

**<image001.png>**

1230 Peachtree Street, N.E.
Promenade, Suite 1900
Atlanta, Georgia 30309
404-942-2299 (d)
678-628-7439 (c)
Bio: https://www.mercerlawllc.com/bio
Website: https://www.mercerlawllc.com

**From:** Robert Mercer
**Sent:** Tuesday, June 21, 2022 3:03 PM

Bartle 000467

**To:** Edmund S. Whitson III <edmund.whitson@arlaw.com>
**Cc:** Madeline Algarin, CP, FRP <madeline.algarin@arlaw.com>; Tasheba Fulcher <t.fulcher@mercerlawllc.com>
**Subject:** Warren v. VNB

Ed, good afternoon.  This email addresses the issue I raised yesterday on our call.  There is a glaring hole in Valley's production: it has only produced *14 emails*.

We have reviewed the documents Valley has produced.  Based on such review, Valley produced 2477 files, only 14 of which were collected from native emails (eml and msg files).  In other words, Valley has only produced 14 emails.  And not one of the emails was from counsel for Valley—*i.e.*, not one from you, Burr & Forman, or otherwise from counsel for Valley.

Yet, in your email Friday, pursuant to our stipulation, you unequivocally state that Valley has produced "*all* non-privileged documents . . . that are responsive to the Liquidating Trustee's requests for production of documents."  (Emphasis added).

It is hard to understand such a dearth of emails.  I will call you shortly to discuss the foregoing.   Robert

Robert Mercer
<image001.png>

1230 Peachtree Street, N.E.
Promenade, Suite 1900
Atlanta, Georgia  30309
404-942-2299 (d)
678-628-7439 (c)
Bio: https://www.mercerlawllc.com/bio
Website: https://www.mercerlawllc.com

Bartle 000468

# Exhibit L

Bartle 000469

| From: | Robert Mercer |
|---|---|
| To: | Edmund S. Whitson III |
| Cc: | Madeline Algano, CP, FRP; Tasheba Fulcher |
| Subject: | Re: Warren v. VNB |
| Date: | Thursday, June 23, 2022 10:23:14 PM |
| Attachments: | image001.png |
| | image181788.PNG |

Ed, I seriously doubt that you are confused. But if you are, I would refer you to my email below that I sent you at 8:52 am on June 22, 2022. You have not provided any explanation in response to such email. Robert

Sent from my iPad

> On Jun 23, 2022, at 8:19 PM, Edmund S. Whitson III <edmund.whitson@arlaw.com> wrote:

Robert ,
I have given you an explanation. I don't understand specifically to what you are referring

Sent from my iPhone

**Edmund S. Whitson III** | <image181788.PNG>

Partner
Admitted in Florida and District of Columbia
100 N. Tampa Street, Suite 4000 | Tampa, FL 33602
P: 813.227.5542 | M: 813.391.4111
edmund.whitson@arlaw.com | Bio | vCard | Twitter | LinkedIn

> On Jun 23, 2022, at 5:08 PM, Robert Mercer <r.mercer@mercerlawllc.com> wrote:

Ed, good evening. As a follow on to my email below, this will confirm that I haven't received an explanation from you since sending you such email. Robert

Robert Mercer

**<image001.png>**

1230 Peachtree Street, N.E.
Promenade, Suite 1900
Atlanta, Georgia 30309
404-942-2299 (d)

Bartle 000470

678-628-7439 (c)
Bio: https://www.mercerlawllc.com/bio
Website: https://www.mercerlawllc.com

**From:** Robert Mercer
**Sent:** Thursday, June 23, 2022 7:52 AM
**To:** Edmund S. Whitson III <edmund.whitson@arlaw.com>
**Cc:** Madeline Algarin, CP, FRP <madeline.algarin@arlaw.com>; Tasheba
Fulcher <t.fulcher@mercerlawllc.com>
**Subject:** Re: Warren v. VNB

Ed, I don't recall such an explanation.  And of course, your ipse dixit is not
an explanation.  If you have an actual explanation, please send it.   I will
certainly review and consider it.    Robert

Sent from my iPad


> On Jun 23, 2022, at 7:39 AM, Edmund S. Whitson III
> <edmund.whitson@arlaw.com> wrote:
>
>  Robert,
>
> I have explained to you that my email was correct .  I also
> explained to you that our ediscovery lead is on vacation until
> June 30 .  We are continuing to work in good faith and
> produced amended discovery responses to you yesterday
> Always happy to discuss
>
> Sent from my iPhone


**Edmund S. Whitson III |**    <image32a703.PNG>

Partner
Admitted in Florida and District of Columbia
100 N. Tampa Street, Suite 4000 | Tampa, FL 33602
P: 813.227.5542 | **M:** 813.391.4111
edmund.whitson@arlaw.com | Bio | vCard | Twitter | LinkedIn

> On Jun 22, 2022, at 6:07 PM, Robert Mercer
> <r.mercer@mercerlawllc.com> wrote:

Bartle 000471

Ed, good evening. As a follow on to our call last night and my email below, it was my understanding that you were going to follow up with me regarding your explanation before 4 pm today. But I have not heard anything from you on that front. Absent an explanation, it appears that the email you sent last Friday contains one or more material misstatements. Under the circumstances, given timing issues, I plan to file a motion to compel the production of documents on an expedited basis as contemplated by the parties' stipulation. Doc. 143 at ¶ 5. Robert

Robert Mercer

<image001.png>

1230 Peachtree Street. N.E.
Promenade, Suite 1900
Atlanta, Georgia 30309
404-942-2299 (d)
678-628-7439 (c)
Bio: https://www.mercerlawllc.com/bio
Website: https://www.mercerlawllc.com

**From:** Robert Mercer
**Sent:** Wednesday, June 22, 2022 8:52 AM
**To:** Edmund S. Whitson
<edmund.whitson@arlaw.com>
**Cc:** Madeline Algarin, CP, FRP
<madeline.algarin@arlaw.com>; Tasheba
Fulcher <t.fulcher@mercerlawllc.com>
**Subject:** Re: Warren v. VNB

Bartle 000472

Ed, thanks for your call last night regarding Valley's document production. Based on what you told me, it sounds like Valley designated all of its emails as privileged other than the 14 emails that it produced. Although we didn't discuss it, the same would appear to apply to all other non-email documents. I say this because the vast majority of the documents that have been produced thus far are what you might call "bland" documents—e.g., pleadings and bank statements. In other words, they are documents that by their very nature do not require any review to know that they can be produced. My understanding from our call last night is that you are going to go back through all of Valley's designations to see if you can remove any privilege designations and then produce more documents. But as I see it, the problem with this situation is that it is inconsistent with the email (contemplated by the parties' stipulation) that you sent me last Friday. Your email is explicit and unambiguous that all non-privileged, responsive documents HAVE ALREADY BEEN produced. As we discussed last night, I am going to give to you until 4 pm today to respond. I am doing so in case you learn any additional information that provides a reasonable explanation for the situation that is consistent with the email you sent me last Friday. You weren't able to provide such an explanation last night. And for the reasons discussed above, however, I am very skeptical that such an explanation exists. Of course, please give me a call if you have any questions or would like to discuss anything. Thank you for your attention to these matters.
Robert

Sent from my iPad

On Jun 21, 2022, at 6:20 PM,
Robert Mercer
<r.mercer@mercerlawllc.com>

Bartle 000473

wrote:

Ed, good evening. I haven't heard from you in response to my email below or vmail from earlier today. Based on the facts set forth in my email below, it does not appear that there is any conceivable way that Valley has in fact produced "*all* non-privileged documents . . . that are responsive to the Liquidating Trustee's requests for production of documents." (Emphasis added). As you know, I would like to have all discovery issues heard by the Court at the hearing on June 30, 2022. Accordingly, I need to move to compel on an expedited basis as contemplated by the parties' stipulation. Doc. 143 at ¶ 5. Given the foregoing, I would appreciate it if you would give me a call at your earliest convenience. I would like to see if you or

Bartle 000474

Valley has any explanation for the dearth of emails. Unless I have a reasonable explanation by 4 pm tomorrow, given the exigency of timing, I will need to file a motion to compel. Thank you for your attention to these matters, and let me know if you have any questions. Regards, Robert

Robert Mercer

<image001.png>

1230 Peachtree Street, N.E.
Promenade, Suite 1900
Atlanta, Georgia 30309
404-942-2299 (d)
678-628-7439 (c)
Bio: https://www.mercerlawllc.com/bio
Website: https://www.mercerlawllc.com

**From:** Robert Mercer
**Sent:** Tuesday, June 21, 2022 4:37 PM
**To:** Edmund S. Whitson III <edmund.whitson@arlaw.com>
**Cc:** Madeline Algarin, CP, FRP <madeline.algarin@arlaw.com>; Tasheba Fulcher <t.fulcher@mercerlawllc.com>
**Subject:** RE: Warren v. VNB

Ed, as a follow on to my vmail, please give

Bartle 000475

me a call.    Robert

Robert Mercer

&lt;image001.png&gt;

1230 Peachtree Street, N.E.
Promenade, Suite 1900
Atlanta, Georgia  30309
404-942-2299 (d)
678-628-7439 (c)
Bio: https://www.mercerlawllc.com/bio
Website: https://www.mercerlawllc.com

**From:** Robert Mercer
**Sent:** Tuesday, June 21, 2022 3:03
PM
**To:** Edmund S. Whitson III
&lt;edmund.whitson@arlaw.com&gt;
**Cc:** Madeline Algarin, CP, FRP
&lt;madeline.algarin@arlaw.com&gt;;
Tasheba Fulcher
&lt;t.fulcher@mercerlawllc.com&gt;
**Subject:** Warren v. VNB

Ed, good afternoon. This email addresses the issue I raised yesterday on our call. There is a glaring hole in Valley's production: it has only produced *14 emails*.

We have reviewed the documents Valley has produced.  Based on such review, Valley produced 2477 files, only 14 of which were collected from native emails (eml and msg

Bartle 000476

files). In other words, Valley has only produced 14 emails. And not one of the emails was from counsel for Valley—*i.e.*, not one from you, Burr & Forman, or otherwise from counsel for Valley.

Yet, in your email Friday, pursuant to our stipulation, you unequivocally state that Valley has produced "*all* non-privileged documents . . . that are responsive to the Liquidating Trustee's requests for production of documents." (Emphasis added).

It is hard to understand such a dearth of emails. I will call you shortly to discuss the foregoing. Robert

Robert Mercer

<image001.png>

1230 Peachtree Street, N.E.
Promenade, Suite 1900
Atlanta, Georgia 30309
404-942-2299 (d)
678-628-7439 (c)

Bartle 000477

Bio: https://www.mercerlawllc.com/bio
Website: https://www.mercerlawllc.com

Bartle 000478

# Exhibit M

Bartle 000479

| | |
|---|---|
| **From:** | Robert Mercer |
| **To:** | Edmund S. Whitson III |
| **Cc:** | Madeline Algarin, CP, FRP; Tasheba Fulcher |
| **Subject:** | FW: Warren v VNB |
| **Date:** | Friday, June 24, 2022 3:18:00 PM |
| **Attachments:** | image001.png |
| | image001.png |

Ed, good afternoon. As I noted in my email below, it appears that Valley's failure to produce responsive documents is not limited to emails and that it is far more pervasive. Take the 2 documents listed below as an example. I have identified them multiple ways for your convenience. These are documents that Valley clearly has in its possession given that it produced them to the LT in the CPIF adversary proceeding. But I have been unable to find these 2 documents among the documents that Valley has produced in this case. Of course, it is always possible that we simply overlooked such documents. If you believe that Valley produced these documents in this case, please send me Valley's bates numbers for such documents in this case. With such bates numbers, I will be able to quickly confirm their production. But if Valley has not produced them, it is a further example of Valley's failure to produce "*all* non-privileged documents . . . that are responsive to the Liquidating Trustee's requests for production of documents" contradicting the representation that you made last Friday in your email. (Emphasis added). Given the time pressure that I am under in terms of having the Court hear these issues at the hearing on June 30, 2022, please send me such bates numbers by noon on Monday, June 27, 2022. As always, please feel free to call me with any questions. Thank you. Robert

---

- **Authorization Request for Modifications to Approve CARS**
  Bates No. from Production in Previous Litigation: Valley National Bank/SDT Response-000097
  LT Bates No. for this Litigation: LIQ_TT_1645968
  Exhibit "J" as part of the LT's discovery requests

- **Annual Review Summary**
  Bates No. from Production in Previous Litigation: Valley National Bank/SDT Response-000145

Bartle 000480

LT Bates No. for this Litigation: LIQ_TT_1646016
Exhibit "H" as part of the LT's discovery requests

Robert Mercer

# MERCER LAW LLC

A PASSION TO WIN

1230 Peachtree Street, N.E.
Promenade, Suite 1900
Atlanta, Georgia 30309
404-942-2299 (d)
678-628-7439 (c)
Bio: https://www.mercerlawllc.com/bio
Website: https://www.mercerlawllc.com

**From:** Robert Mercer
**Sent:** Wednesday, June 22, 2022 8:52 AM
**To:** Edmund S. Whitson <edmund.whitson@arlaw.com>
**Cc:** Madeline Algarin, CP, FRP <madeline.algarin@arlaw.com>; Tasheba Fulcher <t.fulcher@mercerlawllc.com>
**Subject:** Re: Warren v. VNB

Ed, thanks for your call last night regarding Valley's document production.   Based on what you told me, it sounds like Valley designated all of its emails as privileged other than the 14 emails that it produced.   Although we didn't discuss it, the same would appear to apply to all other non-email documents. I say this because the vast majority of the documents that have been produced thus far are what you might call "bland" documents—e.g., pleadings and bank statements.   In other words, they are documents that by their very nature do not require any review to know that they can be produced.   My understanding from our call last night is that you are going to go back through all of Valley's designations to see if you can remove any privilege designations and then produce more documents.   But as I see it, the problem with this situation is that it is inconsistent with the email (contemplated by the parties' stipulation) that you sent me last Friday.   Your email is explicit and unambiguous that all non-privileged, responsive documents HAVE ALREADY BEEN produced.   As we discussed last night, I am going to give to you until 4 pm today to respond.   I am doing so in case you learn any additional information that provides a reasonable explanation for the situation that is consistent with the email you sent me last Friday.   You weren't able to provide such an explanation last night.   And for the reasons discussed above, however, I am very skeptical that such an explanation exists.   Of course, please give me a call if you have any questions or would like to discuss anything.   Thank you for your attention to these matters.   Robert

Sent from my iPad

On Jun 21, 2022, at 6:20 PM, Robert Mercer <r.mercer@mercerlawllc.com> wrote:

Bartle 000481

Ed, good evening. I haven't heard from you in response to my email below or vmail from earlier today. Based on the facts set forth in my email below, it does not appear that there is any conceivable way that Valley has in fact produced "*all* non-privileged documents . . . that are responsive to the Liquidating Trustee's requests for production of documents." (Emphasis added). As you know, I would like to have all discovery issues heard by the Court at the hearing on June 30, 2022. Accordingly, I need to move to compel on an expedited basis as contemplated by the parties' stipulation. Doc. 143 at ¶ 5. Given the foregoing, I would appreciate it if you would give me a call at your earliest convenience. I would like to see if you or Valley has any explanation for the dearth of emails. Unless I have a reasonable explanation by 4 pm tomorrow, given the exigency of timing, I will need to file a motion to compel. Thank you for your attention to these matters, and let me know if you have any questions. Regards, Robert

Robert Mercer

<image001.png>

1230 Peachtree Street, N.E.
Promenade, Suite 1900
Atlanta, Georgia 30309
404-942-2299 (d)
678-628-7439 (c)
Bio: https://www.mercerlawllc.com/bio
Website: https://www.mercerlawllc.com

**From:** Robert Mercer
**Sent:** Tuesday, June 21, 2022 4:37 PM
**To:** Edmund S. Whitson III <edmund.whitson@arlaw.com>
**Cc:** Madeline Algarin, CP, FRP <madeline.algarin@arlaw.com>; Tasheba Fulcher <t.fulcher@mercerlawllc.com>
**Subject:** RE: Warren v. VNB

Ed, as a follow on to my vmail, please give me a call.

Bartle 000482

Robert

Robert Mercer

<image001.png>

1230 Peachtree Street, N.E.
Promenade, Suite 1900
Atlanta, Georgia  30309
404-942-2299 (d)
678-628-7439 (c)
Bio: https://www.mercerlawllc.com/bio
Website: https://www.mercerlawllc.com

**From:** Robert Mercer
**Sent:** Tuesday, June 21, 2022 3:03 PM
**To:** Edmund S. Whitson III <edmund.whitson@arlaw.com>
**Cc:** Madeline Algarin, CP, FRP <madeline.algarin@arlaw.com>; Tasheba Fulcher <t.fulcher@mercerlawllc.com>
**Subject:** Warren v. VNB

Ed, good afternoon.  This email addresses the issue I raised yesterday on our call.  There is a glaring hole in Valley's production: it has only produced *14 emails*.

We have reviewed the documents Valley has produced. Based on such review, Valley produced 2477 files, only 14 of which were collected from native emails (eml and msg files).  In other words, Valley has only produced 14 emails. And not one of the emails was from counsel for Valley—*i.e.*, not one from you, Burr & Forman, or otherwise from counsel for Valley.

Yet, in your email Friday, pursuant to our stipulation, you unequivocally state that Valley has produced "*all* non-privileged documents . . . that are responsive to the Liquidating Trustee's requests for production of documents."  (Emphasis added).

It is hard to understand such a dearth of emails.  I will call you shortly to discuss the foregoing.   Robert

Bartle 000483

Robert Mercer

<image001.png>

1230 Peachtree Street, N.E.
Promenade, Suite 1900
Atlanta, Georgia  30309
404-942-2299 (d)
678-628-7439 (c)
Bio: https://www.mercerlawllc.com/bio
Website: http://www.mercerlawllc.com

Bartle 000484