

## OFFICE OF INSURANCE REGULATION

FINANCIAL SERVICES
COMMISSION

RICK SCOTT
GOVERNOR

JEFF ATWATER
CHIEF FINANCIAL OFFICER

PAM BONDI
ATTORNEY GENERAL

ADAM PUTNAM
COMMISSIONER OF
AGRICULTURE

KEVIN M. MCCARTY
COMMISSIONER

March 27, 2015

Ms. Wendy Wiener
Gardner, Bist, Wiener, Bowden, Bush, Dee,
  LaVia & Wright, P.A.
1300 Thomaswood Drive
Tallahassee, Florida 32308

Re:    Denial of Acquisition Application

Dear Ms. Wiener:

The Office of Insurance Regulation ("Office") has reviewed the acquisition application originally submitted on February 9, 2015, and the subsequent information provided on March 2, 2015, for the acquisition of Westport Holdings Tampa, Limited Partnership d/b/a University Village ("University Village"). The original acquisition proposal received on February 9, 2015, was for Compliance Concepts, LLC, whose sole member is Rebecca Bartle, to be placed as the General Partner of University Village. On February 20, 2015, the Office issued two letters requesting additional information regarding deficiencies found during its review of the acquisition filing. The deficiencies outlined in the February 20, 2015, letters were material to the Office's review of the acquisition and is information required for an acquisition filing, pursuant to Section 628.4615, Florida Statutes.

The Office gave University Village until February 27, 2015, to respond to the February 20, 2015, letters. On February 26, 2015, and February 27, 2015, during multiple phone conversations with the Office, you relayed that "restructuring" of the original proposal was underway and an extension was needed until March 2, 2015, in order to provide the Office with the requested information. On February 27, 2015, the Office granted the extension until March 2, 2015.

According to your March 2, 2015, letter, "the structure of the ownership has been very recently changed to reflect IMH Healthcare, LLC as General Partner." The letter further explains, "Other aspects of the ownership structure remain unchanged from those previously disclosed with the application."



PLAINTIFF'S
EXHIBIT
12
3/6/23

• • •
CAROLYN M. MORGAN, DIRECTOR • LIFE & HEALTH FINANCIAL OVERSIGHT
200 EAST GAINES STREET • TALLAHASSEE, FLORIDA 32399-0329 • (850) 413-5233 • FAX (850) 488-7061
WEBSITE: WWW.FLOIR.COM • EMAIL: CAROLYN.MORGAN@FLOIR.COM

Affirmative Action / Equal Opportunity Employer

After a review of the amended acquisition proposal and documentation submitted on March 2, 2015, the Office has determined that the Office cannot make the following findings, which are required by Section 628.4615, Florida Statutes, in order to approve an acquisition:

(1)    The Office cannot make a finding that upon completion of the acquisition, University Village will be able to satisfy the requirements for the issuance of a license or certificate to write the line of insurance for which it is presently licensed or certificated, as required by Section 628.4615(8)(a), Florida Statutes. Specifically, University Village has not presented evidence to the Office to prove that the applicant and others involved with the ownership and management of University Village are reputable and of responsible character as required by Section 651.022, Florida Statutes.

(2)    The Office cannot make a finding that the financial condition of the person or persons acquiring University Village will not jeopardize the financial stability of University Village or prejudice the interest of its residents or the public, as required by Section 628.4615(8)(b), Florida Statutes. Specifically, sufficient documentation regarding the financial condition of the applicant and other parties with an ownership interest in University Village has not been submitted to the Office for review.

(3)    The Office cannot make a finding that the competence, experience, and integrity of those persons who will control directly or indirectly the operation of University Village indicate that the acquisition is in the best interest of the residents of University Village and in the public interest, as required by Section 628.4615(8)(d), Florida Statutes. Specifically, the applicant has not provided sufficient information and documentation regarding the applicant, the person or persons who directly or indirectly control operations, the directors, and the management of University Village.

(4)    The Office cannot make a finding that the natural persons for whom background information is required to be furnished pursuant to Section 628.4615, Florida Statutes, have such backgrounds as to indicate that it is in the best interests of the residents of University Village and in the public interest to permit such persons to exercise control over University Village, as required by Section 628.4615(8)(e), Florida Statutes. Specifically, the applicant has not provided sufficient information and documentation regarding the applicant, the person or persons who directly or indirectly control operations, the directors, and the management of University Village.

(5)    The Office cannot make a finding that the trustees, partners, owners, managers, or joint venturers or other persons performing duties similar to those of persons in the aforementioned positions, to be employed after the acquisition have sufficient insurance experience and ability to assure reasonable promise of successful operation, as required by Section 628.4615(8)(f), Florida Statutes. Specifically, the applicant has not provided sufficient information and documentation regarding the applicant, the person or persons who directly or indirectly control operations, the directors, and the management of University Village.

(6)    The Office cannot make a finding that the management of University Village after the acquisition will be competent and trustworthy, and will possess sufficient managerial experience so as to make the proposed operation of University Village not hazardous to the insurance-buying public, as required by Section 628.4615(8)(g), Florida Statutes. Specifically, the applicant has not provided sufficient information and documentation regarding the applicant, the person or persons who directly or indirectly control operations, the directors, and the management of University Village.

(7)    The Office cannot make a finding that the management of University Village after the acquisition shall not include any person who has directly or indirectly through ownership, control, reinsurance transactions, or other insurance or business relations unlawfully manipulated the assets, accounts, finances, or books of any insurer or otherwise acted in bad faith with respect thereto, as required by Section 628.4615(8)(h), Florida Statutes. Specifically, the applicant has not provided sufficient information and documentation regarding the applicant, the person or persons who directly or indirectly control operations, the directors, and the management of University Village.

(8)    The Office cannot make a finding that the acquisition is not likely to be hazardous or prejudicial to the residents of University Village or to the public, as required by Section 628.4615(8)(i), Florida Statutes. Specifically, the applicant has not provided sufficient information and documentation regarding the applicant, the person or persons who directly or indirectly control operations, the directors, and the management of University Village.

Based on the foregoing, the Office finds that the application filed for the acquisition of University Village does not meet the requirements of Section 628.4615, Florida Statutes, and therefore, the acquisition of University Village as described in the application is hereby disapproved.

Sincerely,

*Carolyn M. Morgan*

Carolyn M. Morgan


Attachment

## NOTICE OF RIGHTS

Pursuant to Sections 120.569 and 120.57, Florida Statutes and Rule Chapter 28-106, Florida Administrative Code (F.A.C.), you have a right to request a proceeding to contest this action by the Office of Insurance Regulation (hereinafter the "Office"). You may request a proceeding by filing a Petition. Your Petition for a proceeding must be in writing and must be filed with the General Counsel acting as the Agency Clerk, Office of Insurance Regulation. If served by U.S. Mail the Petition should be addressed to the Florida Office of Insurance Regulation at 647 Larson Building, Tallahassee, Florida 32399-4206. If Express Mail or hand-delivery is utilized, the Petition should be delivered to 647 Larson Building, 200 East Gaines Street, Tallahassee, Florida 32399-0300. The written Petition must be received by, and filed in the Office no later than 5:00 p.m. on the twenty-first (21) day after your receipt of this notice. Unless your Petition challenging this action is received by the Office within twenty-one (21) days from the date of the receipt of this notice, the right to a proceeding shall be deemed waived. Mailing the response on the twenty-first day will not preserve your right to a hearing.

If a proceeding is requested and there is no dispute of material fact the provisions of Section 120.57(2), Florida Statutes would apply. In this regard you may submit oral or written evidence in opposition to the action taken by this agency or a written statement challenging the grounds upon which the agency has relied. While a hearing is normally not required in the absence of a dispute of fact, if you feel that a hearing is necessary one will be conducted in Tallahassee, Florida or by telephonic conference call upon your request.

If you dispute material facts which are the basis for this agency's action you may request a formal adversarial proceeding pursuant to Sections 120.569 and 120.57(1), Florida Statutes. If you request this type of proceeding, the request must comply with all of the requirements of Rule Chapter 28-106.201, F.A.C., must demonstrate that your substantial interests have been affected by this agency's action, and contain:

a)   A statement of all disputed issues of material fact. If there are none, the petition must so indicate;

b)   A concise statement of the ultimate facts alleged, including the specific facts the petitioner contends warrant reversal or modification of the agency's proposed action;

c)   A statement of the specific rules or statutes the petitioner contends require reversal or modification of the agency's proposed action; and

d)   A statement of the relief sought by the petitioner, stating precisely the action petitioner wishes the agency to take with respect to the agency's proposed action.

These proceedings are held before a State hearing officer of the Division of Administrative Hearings. Unless the majority of witnesses are located elsewhere the Office will request that the hearing be conducted in Tallahassee.

In some instances you may have additional statutory rights than the ones described herein.

Failure to follow the procedure outlined with regard to your response to this notice may result in the request being denied. Any request for administrative proceeding received prior to the date of this notice shall be deemed abandoned unless timely renewed in compliance with the guidelines as set out above.