EXHIBIT "C"

## IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT, IN AND FOR LEON COUNTY, FLORIDA

State of Florida, ex rel., the
Department of Financial Services of
the State of Florida,

     Relator,

v.                                       CASE NO: 2015-CA-0585

WESTPORT HOLDINGS TAMPA,
LIMITED PARTNERSHIP
d/b/a University Village,
a Delaware limited partnership
licensed as a continuing care retirement
community in the State of Florida,

     Respondent.

_____/

### ORDER TO SHOW CAUSE, INJUNCTION, AND NOTICE OF AUTOMATIC STAY FOR PURPOSES OF REHABILITATION

**THIS CAUSE** was considered on the Application of the State of Florida, Department of Financial Services (hereinafter the "Department") for an Order to Show Cause regarding the appointment of a Receiver of Westport Holdings Tampa,, Limited Partnership, d/b/a University Village (hereinafter the "Respondent" or "Company"), for purposes of rehabilitation. The Court, having considered the matter set forth in said Application and otherwise being fully informed in the premises, finds as follows:

1. The Department has made a prima facie showing that Respondent meets one or more of the following statutory grounds for the appointment of the Florida Department of Financial Services as Receiver by this Court:

    A. Respondent has taken over the effective control and operation of all aspects of the University Village Continuing Care Retirement Center (University Village)


PLAINTIFF'S
EXHIBIT
15
3/8/23

1

without the approval of the Office of Insurance Regulation, contrary to sections 628.4615 and 651.024, Florida Statutes.

B.      Respondent has been found by the Office of Insurance Regulation to be in such condition or is using or has been subject to such methods or practices in the conduct of its business, as to render its further transaction of business as a continuing care rehabilitation community hazardous to its residents, policyholders, creditors, or the public, contrary to section 631.051(3), Florida Statutes.

2.      Respondent shall appear before the Honorable Angela Dempsey, Circuit Judge, in Room 365A, Leon County Courthouse, Tallahassee, Florida, at 8:30a on April 29, 2015, to show good cause if any there may be, as to why the Florida Department of Financial Services should not be appointed Receiver of Respondent for the purposes of rehabilitation in accordance with Chapter 631, Part I, Florida Statutes. Respondent shall file its written response, along with any defenses it may have to the Department's allegations, no later than twenty (20) days after the service of this ORDER. Should the hearing date fall within thirty-five (35) days after the service of this ORDER, then Respondent's defenses are due fifteen (15) days prior to the hearing date set by this ORDER. Said response shall include a list of all witnesses, a summary of the testimony of each witness and dates when those witnesses will be available for deposition by the Department, and copies of all documents together with a detailed description of an non-documentary evidence to be presented on behalf of Respondent at the hearing.

3.      Pursuant to sections 631.041(3) and 631.041(4), Florida Statutes, all persons, firms, corporations, associations, and affiliates of Respondents as defined by

2

section 631.011, Florida Statutes, and all other persons or entities within the jurisdiction of this Court, including but not limited to Respondent and its officers, directors, stockholders, trustees, members, agents, and employees, shall be enjoined and restrained from removing, secreting, destroying, or otherwise disposing of any documents, books, records, or assets of or pertaining to Respondent; from doing, through acts of commission or omission, or permitting to be done any action which might waste or otherwise dispose of the books, records, and assets of, or directly or indirectly relating to, the Respondent; from in any manner interfering with the Department or the conduct of these proceedings; from the removal, concealment or other disposition of the property, books, records, and accounts of, or directly or indirectly relating to, the Respondent; and from the commencing or prosecuting of any actions against the Respondent, or the obtaining of preferences, judgments, writs of attachment or execution against Respondent or its property or assets. Respondents are further enjoined from making any distributions or dividend payments to members or shareholders of Respondent or any affiliate of Respondent as defined by section 631.011, Florida Statutes.   Any payments to affiliates should only be made in accordance with written agreements currently in place and in the normal course of business as necessary to provide services to the residents of Respondent.  However, regulatory actions against Respondent by any regulatory body, including but not limited to the Florida Office of Insurance Regulation and the Florida Agency for Health Care Regulation, shall not be stayed or enjoined.

4.    The Department is hereby authorized to conduct, at its discretion, an investigation authorized by section 631.391, Florida Statutes, of Respondent and its

affiliates to uncover and make fully available to the Court the true state of Respondent's financial and business affairs. In furtherance of this investigation, Respondent, its parent corporation(s) and/or partnership(s), its subsidiaries, and its affiliates shall make available all books, documents, accounts, records, and affairs, which either belong to or pertain to Respondent, wherever located, whether in physical form or electronic, for full, free and unhindered inspection and examination by the Department during normal business hours (8:00 a.m. to 5:00 p.m.), Monday through Friday, from the date of this Order.  This investigation shall include a full and complete examination of any and all reviews, compilations, audits or any other work of whatever nature performed by any accounting firm to include all work papers, on behalf of, related to, or in any way connected with Respondent, its affiliates and/or Respondent's corporate and/or partnership structure and affiliations.  Respondent and its affiliates are hereby ordered to cooperate with the Department to the fullest extent required by Section 631.391, Florida Statutes. Such cooperation shall include, but not be limited to, presenting upon the Department's request Respondent's officers, directors, managers, trustees, agents, adjusters, employees, consultants, or independent contractors of Respondent, its affiliates, and any other person who possesses any executive authority over, or who exercises any control over, any segment of the affairs of Respondent in their official, representative and individual capacities for the taking of sworn testimony, and the production of all documents that are calculated to disclose the true state of Respondent's affairs pursuant to sections 361.156 and 361.391, Florida Statutes .

5.    Any officer, director, manager, trustee, agent, accountant, adjuster, employee, or independent contractor of Respondent, and any other person who

4

possesses any executive authority over, or who exercises any control over any segment of the affairs of Respondent, shall fully cooperate with the Department as required by section 631.391, Florida Statutes, and as set out in the preceding paragraphs.

7.    The failure of Respondent, its affiliates or any other persons or entities within the jurisdiction of this Court to cooperate with the Department's investigation(s) as required by section 631.391, Florida Statutes, or the failure to comply with this Order to Show Cause, shall result in the immediate entry of an order of rehabilitation.

8.    Notice is hereby given that, pursuant to section 631.041(1), Florida Statutes, the filing of the Department's initial Application for Order to Show Cause herein operates as an automatic stay applicable to all persons and entities, other than the Receiver, which shall be permanent and survive the entry of the order, and which prohibits:

a.    The commencement or continuation of judicial, administrative or other action proceeding against Respondent or against its assets or any part thereof, excepting only regulatory actions against Respondent by any regulatory body;

b.    The enforcement of a judgment against Respondent or an affiliate, provided that such affiliate is owned by or constitutes an asset of Respondent, obtained either before or after the commencement of this delinquency proceeding;

c.    Any act to obtain possession of property of Respondent;

d.    Any act to create, perfect, or enforce a lien against property of Respondent, except a secured claim as defined in section 631.011(21), Florida Statutes.

5

e.    Any action to collect, assess, or recover a claim against Respondent, except claims as provided for under chapter 631; and

f.    The set-off or offset of any debt owing to Respondent, except offsets as provided in section 631.281, Florida Statutes.

9.    All Sheriffs and all law enforcement officials of this state shall cooperate with and assist the Receiver in the implementation of this Order.

10.    The Officers and Directors of Respondent shall comply with the provisions of section 626.9541(1)(w), Florida Statutes.

**DONE and ORDERED** in Chambers at the Leon County Courthouse in Tallahassee, Leon County, Florida this ___13___ day of March, 2015.

_____
ANGELA DEMPSEY
CIRCUIT JUDGE