CONFIDENTIAL

CPIF ADVERESARY DOCUMENT

## ASSIGNMENT AND PLEDGE OF DEPOSIT ACCOUNT
### (Cash Collateral Account)

THIS ASSIGNMENT AND PLEDGE OF DEPOSIT ACCOUNT (Cash Collateral Account) (this "Assignment"), dated as of the 31st day of March, 2014, by **WESTPORT NURSING TAMPA, L.L.C.**, a Florida limited liability company ("Pledgor"), in favor of **USAMERIBANK**, a Florida banking corporation ("Lender").

### R E C I T A L S:

A.     Pledgor has requested a loan from Lender (the "Loan") evidenced by that certain Promissory Note of even date herewith by Pledgor, payable to Lender in the principal amount of $15,000,000.00 (including all amendments thereto and as the same may be hereafter amended, modified or extended, the "Note"). The Loan is also evidenced by a certain Loan Agreement between Pledgor and Lender of even date herewith (including all amendments thereto and as the same may be hereafter amended or modified, the "Loan Agreement") and by certain other Loan Documents (as defined in the Loan Agreement).

B.     Pursuant to the Loan Documents and as a condition to Lender making the Loan, Pledgor is required to deposit and maintain certain Cash Collateral (as defined in the Loan Documents) in an account established for such purpose and Pledgor is required to assign and pledge to Lender such account as additional collateral security for all payment and performance obligations with respect to the Loan (collectively, the "Loan Obligations"). This Assignment is therefore being provided by Pledgor for such purposes and as an inducement to Lender to make the Loan to Pledgor.

C.     The Cash Collateral Funds (as defined below) deposited by Pledgor hereunder shall be included in the Pledgor's reserve requirements as required under Section 651.035 of the Florida Statutes (the "MLR Statute"), as such Cash Collateral Funds meet the statutory uses allowed under Section 1(b) of the MLR Statute.

D.     The MLR Statute provides that the Office of Insurance Regulation of the State of Florida (the "Department") shall have information rights regarding the Cash Collateral Funds.

### AGREEMENT

NOW, THEREFORE, in consideration of the foregoing recitals and other good and valuable consideration, the parties agree as follows:

1.     **Recitals.** The recitals hereto are true and correct.

2.     **Establishment of Cash Collateral Account.** Pursuant to the Loan Documents, Pledgor is required to establish a Cash Collateral Account for purposes of holding deposits of required Cash Collateral. Pledgor has agreed to make the required deposits in connection with closing of the Loan (all funds so deposited, together with interest from time to time earned thereon and together with moneys thereafter deposited with Lender as Cash Collateral for the Loan, are referred to herein as the "Cash Collateral Funds"). All Cash Collateral Funds shall be maintained in one or more interest-bearing deposit accounts offered by Lender for such purpose (such deposits accounts, together with any additions, replacements or substitutions thereof, are

20394206 v4

Assignment Deposit Account (Cash Collateral)
19200-37

PLAINTIFF'S
EXHIBIT
23
Korhn

SUB_LANDRY_00018879

LIQ_TT_1636592

CONFIDENTIAL

herein collectively referenced as the "Deposit Collateral Account"). All interest which shall accrue on the Deposit Collateral Account shall remain in the Deposit Collateral Account and shall become a part of the Cash Collateral Funds. As of the date hereof, USAmeriBank Account No. 500106000 in the name of Pledgor has been set up to serve as the Deposit Collateral Account.

3.    **Control and Use of Cash Collateral Funds.** The Deposit Collateral Account shall at all times be under Lender's control. Pledgor shall have no access to, and shall not be permitted to make any withdrawals of, Cash Collateral Funds from the Deposit Collateral Account without Lender's prior consent.

4.    **Grant of Security Interest.** In order to secure the Loan Obligations, Pledgor hereby assigns, sells, transfers, pledges, sets over and delivers to the Lender and grants Lender a security interest in the Deposit Collateral Account and in the Cash Collateral Funds at any time held on deposit with the Lender in the Deposit Collateral Account, including all accrued interest thereon, together with all certificates or other writings now or hereafter issued by the Lender as evidence thereof.

5.    **Payment Upon Certain Defaults.** Upon the occurrence of any Event of Default under any of the Loan Documents, the Lender may, and is hereby authorized, in Lender's sole discretion, to apply all or any portion of the Cash Collateral Funds (including any interest which has accrued thereon) in full or partial payment of the Loan Obligations in such order and manner as Lender shall deem appropriate in its sole discretion.

6.    **Representations and Warranties.** Pledgor hereby represents and warrants that Pledgor has full power and authority to pledge the Deposit Collateral Account and the Cash Collateral Funds to the Lender, and that the Deposit Collateral Account is free and clear of all liens and encumbrances of any nature whatsoever (other than the assignment, pledge and security interest created hereby), and Pledgor will not further encumber the Deposit Collateral Account without Lender's prior written consent.

7.    **Termination of Assignment.** This is a continuing pledge and assignment, and this Assignment shall remain in full force and effect until such time as Pledgor pays in full all Loan Obligations, at which time this Assignment shall become null and void; otherwise, it shall remain in full force and effect until proper release thereof is made in writing by the Lender.

8.    **No Waivers or Releases by Lender to Affect Assignment.** The Lender may take or release any other security and may release any party primarily or secondarily liable for any obligations hereby secured, and may grant extensions, renewals, or indulgences of such obligations, or any of them, all without releasing or in any way affecting this Assignment. Lender may proceed under this Assignment without first resorting to any other collateral or making demand on any other party liable on the obligations hereby secured.

9.    **Severability.** The provisions of this Assignment are severable; inapplicability or unenforceability of any provision shall not limit or impair the operation or validity of any other provisions of this Assignment.

20394206 v4                                              2                               Assignment Deposit Account (Cash Collateral)
                                                                                                           19200-37

SUB_LANDRY_00018880

LIQ_TT_1636593

CONFIDENTIAL

10.     **Successors and Assigns.**   This Assignment and all representations and warranties, powers, and rights contained herein shall bind the successors and assigns of Pledgor and shall inure to the benefit of the Lender and its successors and assigns.

11.     **Notices.**  All notices and other communications provided for hereunder shall be given at the address of Pledgor and Lender as set forth in the Loan Agreement and shall be deemed received in accordance with the provisions set forth in the Loan Agreement.  When requested in writing by Pledgor, Lender shall provide account information on the Deposit Collateral Account to the Pledgor or the Department.

12.     **Tax Identification Number.**  Interest accruing from time to time on the Deposit Collateral Account will be reported under the tax identification number of Pledgor to the Internal Revenue Service, and any disbursements to Pledgor will be subject to any applicable withholding requirements, notwithstanding anything to the contrary herein.

13.     **Further Assurances.**  Pledgor will, at its expense, at any time and from time to time, promptly execute and deliver all further instruments and documents and take all further action that may be necessary or desirable or that the Lender may reasonably request in order (i) to perfect and protect the security interest created or purported to be created hereby; (ii) to enable the Lender to exercise and enforce its rights and remedies hereunder in respect of the Cash Collateral Funds.

14.     **Controlling   Law.**   THE   VALIDITY,   INTERPRETATION, ENFORCEMENT AND EFFECT OF THIS ASSIGNMENT SHALL BE GOVERNED BY, AND CONSTRUED IN ACCORDANCE WITH, THE LAWS OF THE STATE OF FLORIDA.

15.     **Waiver of Jury Trial.**  PLEDGOR AND LENDER HEREBY WAIVE ANY RIGHT THAT EITHER OF THEM MAY HAVE TO A TRIAL BY JURY ON ANY CLAIM, COUNTERCLAIM, SETOFF, DEMAND, ACTION OR CAUSE OF ACTION (A) ARISING OUT OF OR IN ANY WAY RELATED TO THIS ASSIGNMENT OR THE LOAN, OR (B) IN ANY WAY CONNECTED WITH OR PERTAINING OR RELATED TO OR INCIDENTAL TO ANY DEALINGS OF LENDER AND/OR PLEDGOR WITH RESPECT TO THE LOAN DOCUMENTS OR IN CONNECTION WITH THIS ASSIGNMENT OR THE EXERCISE OF ANY PARTY'S RIGHTS AND REMEDIES UNDER THIS ASSIGNMENT OR OTHERWISE, OR THE CONDUCT OR THE RELATIONSHIP OF THE PARTIES HERETO, IN ALL OF THE FOREGOING CASES WHETHER NOW EXISTING AND HEREAFTER ARISING AND WHETHER SOUNDING IN CONTRACT, TORT OR OTHERWISE.  PLEDGOR AND LENDER AGREE THAT ANY OF THEM MAY FILE A COPY OF THIS ASSIGNMENT WITH ANY COURT AS WRITTEN EVIDENCE OF THE KNOWING, VOLUNTARY, AND BARGAINED-FOR AGREEMENT OF PLEDGOR AND LENDER IRREVOCABLY TO WAIVE THEIR RIGHTS TO TRIAL BY JURY AS AN INDUCEMENT OF LENDER TO CONTINUE TO MAKE THE LOAN AVAILABLE TO PLEDGOR AND TO MODIFY CERTAIN TERMS OF THE LOAN DOCUMENTS, AND THAT, TO THE EXTENT PERMITTED BY APPLICABLE LAW, ANY DISPUTE OR CONTROVERSY WHATSOEVER BETWEEN PLEDGOR AND LENDER SHALL INSTEAD BE TRIED IN A COURT OF COMPETENT JURISDICTION BY A JUDGE SITTING WITHOUT A JURY.

Assignment Deposit Account (Cash Collateral)
19200-37

SUB_LANDRY_00018881

LIQ_TT_1636594

· CONFIDENTIAL

IN WITNESS WHEREOF, the parties have caused this Assignment to be executed and delivered as of the day and year first above written.

PLEDGOR:

WESTPORT NURSING TAMPA, L.L.C.,
a Florida limited liability company

By:   BHMSUNI, LLC
a Delaware limited liability company,
Its managing member

        By:   BHMS Investments, LP
a Delaware limited partnership
Its managing member

            By: _____
Kevin L. Angelis
Managing Partner

STATE OF _NEW YORK_ )

COUNTY OF _NEW YORK_ )

The foregoing instrument was acknowledged before me this _28th_ day of _MARCH_, 2014, by _KEVIN ANGELIS_ as the Managing Partner of BHMS Investments, LP, a Delaware limited partnership, as managing member of BHMSUNI, LLC, a Delaware limited liability company, as managing member of Westport Nursing Tampa, L.L.C., a Florida limited liability company. He is personally known to me or has produced a driver's license as identification.

_____
Notary Public

[SEAL]

My Commission Expires:_____

DEANNE P. GORMAN
Notary Public, State of New York
No. (illegible)
Qualified in (illegible) County
Certificate filed in New York County
Commission Expires August 20, 2015

20394206 v4

4

Assignment Deposit Account (Cash Collateral)
19200-37

SUB_LANDRY_00018882

LIQ_TT_1636595

: CONFIDENTIAL

**LENDER:**

**USAMERIBANK,**
a Florida state banking corporation

By: _____
Trey Korhn
Its Vice President

STATE OF __FL__ )
COUNTY OF __Hillsborough__

    The foregoing instrument was acknowledged before me this __27__ day of __March__, 2014, by Trey Korhn as Vice President of USAmeriBank, a Florida banking corporation. He is personally known to me or has produced a driver's license as identification.

SHARI D. SMITH
MY COMMISSION # FF 086156
EXPIRES: March 24, 2018
Bonded Thru Notary Public Underwriters

[SEAL]

_____
Notary Public

My Commission Expires:_____

20394206 v4          5          Assignment Deposit Account (Cash Collateral)
19200-37

SUB_LANDRY_00018883

LIQ_TT_1636596