**From:** "Rabke, W. Wilhelm" <wrabke@williamsmullen.com>
**To:** "Price, Jay" <jprice@burr.com>
**Cc:** "Hungate-Noland, Beth" <BHungate-noland@williamsmullen.com>
**Subject:** RE: Westport MLR OIR Notice Letter
**Date:** Fri, 28 Mar 2014 16:11:52 +0000
**Importance:** Normal
**Inline-Images:** image001.jpg

---

Jay,

Correct on the operators under the lease, but I don't see where that comes in here.

The legal opinion effectively would kill the deal, because FL regulatory would need to get plugged in to deliver an opinion same-day, which we both know is impossible timing.

Our client is looking for alternative sources of the $3mm. Am I correct that this issue disappears if the $3mm stays where it is and USAB gets the $3mm under the original form of the Cash Collateral Account agreement?

Will

---

Will Rabke
Williams Mullen

804.420.6395

**From:** Price, Jay [mailto:jprice@burr.com]
**Sent:** Friday, March 28, 2014 11:12 AM
**To:** Rabke, W. Wilhelm
**Cc:** Hungate-Noland, Beth
**Subject:** RE: Westport MLR OIR Notice Letter

For this deal, aren't the operators and providers TALF, Inc. and TR & SNF, Inc. under the lease? Where does that come into play, if at all?

I do not know if it is possible, but the bank was asking for a legal opinion this morning that whatever is going on with the MLR escrow, that the cash collateral account is effectively unencumbered and upon a default can be completely liquidated by the lender and applied to the obligations per the documents. If the main point of the statute is for there to be operating reserves for a deteriorating situation for protection of residents, the concern by the bank is that there is some catch that would not allow them to utilize as cash collateral as opposed to some reserve for monthly application of debt service. Section 1(b) appears to refer to a debt service reserve that can include property taxes and insurance.

The other language concerning them is in (c) where it says that beginning 1/1/93 the reserves must be in an unencumbered account in escrow for the benefit of the residents, provided however if a facility had a mortgage in place prior to 1/1/93, then such an arrangement can be continued (an encumbered account) unless a refinancing or acquisition has occurred. Is that paragraph talking about an entirely separate reserve?



CONFIDENTIAL

VNB_070955

**From:** Rabke, W. Wilhelm [mailto:wrabke@williamsmullen.com]
**Sent:** Friday, March 28, 2014 10:00 AM
**To:** Price, Jay
**Cc:** Hungate-Noland, Beth
**Subject:** RE: Westport MLR OIR Notice Letter

Jay,

We have revised the OIR notice letter to better correlate with the overall transaction. The $3m will come into your client's account cleanly related to your Borrower. Please call me to discuss your further concerns.

Thanks,

Will



**Will Rabke**
**Williams Mullen**

**804.420.6395**

---

**From:** Rabke, W. Wilhelm
**Sent:** Thursday, March 27, 2014 1:00 PM
**To:** 'Price, Jay'
**Cc:** 'Kevin L. Angelis'; "Trey Korhn' (TKorhn@usameribank.com)'
**Subject:** RE: Westport MLR OIR Notice Letter

Jay,

Call me if there are concerns with this mark-up.

Thanks,

Will



**Will Rabke**
**Williams Mullen**

**804.420.6395**

---

**From:** Price, Jay [mailto:jprice@burr.com]
**Sent:** Thursday, March 27, 2014 12:31 PM
**To:** Rabke, W. Wilhelm; 'Trey Korhn' (TKorhn@usameribank.com)
**Cc:** Kevin L. Angelis
**Subject:** RE: Westport MLR OIR Notice Letter
**Importance:** High

I want to make sure we are on the same page. I thought this MLR account had something to do with funds other than the $3,000,000 that was being pledged by the borrower to the bank as cash collateral. As currently set up, based on prior conversations, I have the bank funding $15,000,000, but $3,000,000 coming into the cash collateral account. The

CONFIDENTIAL

VNB_070956

cash collateral account is to be a separate account in which only the bank has rights. I want to make sure this is not some joint account where the State has certain special requirements or any interest therein. It was my understanding that we were talking about using this MLR account for amounts above and beyond the $3,000,000, but this states that it applies only to the $3,000,000 with the remainder still being held at Regions. We need to discuss this in the call. I need to make sure the bank understands. The last emails talked about assuming the bank would want accounts above and beyond the cash collateral account and that is what the MLR issue related to.



Joel (Jay) A. Price, Jr. • *Partner*

Suite 3400 • 420 North 20th Street • Birmingham, Alabama 35203
direct 205-458-5147 • fax 205-244-5699 • main 205-251-3000
jprice@burr.com • www.burr.com

ALABAMA • FLORIDA • GEORGIA • MISSISSIPPI • TENNESSEE

The information contained in this email is intended for the individual or entity above. If you are not the intended recipient, please do not read, copy, use, forward or disclose this communication to others; also, please notify the sender by replying to this message, and then delete this message from your system. Thank you.

Circular 230 Notice - Regulations adopted by the Internal Revenue Service require us to inform you that any federal tax advice contained in this communication (including attachments) (I) is not intended or written by Burr & Forman LLP to be used, and cannot be used, by any taxpayer for the purpose of avoiding penalties that may be imposed on the taxpayer, and (II) is not written to support the promotion or marketing of any transaction(s) or matter(s) addressed in this communication.

**From:** Rabke, W. Wilhelm [mailto:wrabke@williamsmullen.com]
**Sent:** Thursday, March 27, 2014 11:23 AM
**To:** 'Trey Korhn' (TKorhn@usameribank.com); Price, Jay
**Cc:** Kevin L. Angelis
**Subject:** FW: Westport MLR OIR Notice Letter

Jay and Trey,

Attached is the first draft on the MLR Notice Letter. Jay, Trey and Kevin have discussed this.

I need an unlocked version of the account agreement, so I can add required language.

Thanks,

Will

CONFIDENTIAL

Will Rabke
Williams Mullen

804.420.6395

**From:** Rabke, W. Wilhelm
**Sent:** Thursday, March 27, 2014 12:20 PM
**To:** philip.notopoulos@hklaw.com; John Bartle (jbartle6081@yahoo.com); Dane Starbuck; Kevin L. Angelis
**Cc:** Hungate-Noland, Beth
**Subject:** Westport MLR OIR Notice Letter

All,

I am circulating this notice letter to all parties simultaneously, so please pass along questions. Separately I will forward it to Ameribank's counsel for their review.

Let me know any comments. The Note will be pulled out of the loan docs. We think it makes more sense to only attach the Note as opposed to the entire Loan Agreement. The new agreement with USAB is a work in progress, because I need a form that we can edit from the bank.

Thanks,

Will

W. Wilhelm Rabke (Will)
Williams Mullen
A Professional Corporation
200 South 10th Street
Richmond, Virginia 23219
Tel:  804.420.6395
Fax:  804.420.6507
Email:  wrabke@williamsmullen.com
www.williamsmullen.com

**CONFIDENTIALITY NOTICE:** Information contained in this transmission to the named addressee is proprietary information and is subject to attorney-client privilege and work product confidentiality. If the recipient of this transmission is not the named addressee, the recipient should immediately notify the sender and destroy the information transmitted without making any copy or distribution thereof.

**IRS CIRCULAR 230 DISCLOSURE:** To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

CONFIDENTIAL

VNB_070958