**BURR ∙∙∙ FORMAN** LLP

*results matter*

Joel A. Price, Jr.
jprice@burr.com
Direct Dial: (205) 458-5147
Direct Fax: (205) 244-5699

420 North 20th Street
Suite 3400
Birmingham, AL 35203-5206

*Office* (205) 251-3000
*Fax* (205) 458-5100

BURR.COM

March 28, 2014

**VIA EMAIL**

Alys Nagler Daniels, Esq.
Larry Smith, Esq.
Gary, Dytrych & Ryan, P.A.
701 Highway One
Suite 402
North Palm Beach, FL 33408

> *Re:*   *USAmeriBank (the "Lender") $15,000,000 Loan (the "Loan") to Westport Nursing Tampa, L.L.C. ("Borrower")*

Dear Alys and Larry:

On behalf of the Lender referenced above, this letter of closing instructions is written to you and your firm as agents for Old Republic National Title Insurance Company (the "Title Company") regarding closing of the Loan described above. Lender will deposit with you or cause to be deposited with you (pursuant to wire instructions provided by you) loan proceeds as more particularly set forth in Lender's Closing Statement dated on or about the date hereof (the "Closing Statement"). Such funds must be held in trust and are not to be released by you until you are able to simultaneously satisfy all conditions of this letter, as follows:

1.      You are to satisfy all requirements necessary to issue a lender's title policy in the form attached hereto as part of Exhibit A (including, all pro-forma endorsements thereto or any other endorsements noted in any mark-up thereof, the "Marked Title Commitment"), including, without limitation, receipt of your initial insurance premium and charges and receipt of all certificates, affidavits, and other items required by you to issue a final loan policy of title insurance in the form of the Marked Title Commitment.

2.      You will be receiving the following original documents from my office for closing (collectively, the "Recorded Documents"):

20608157 v1





CONFIDENTIAL

VNB_072033

Gary Dytrych & Ryan P.A.
March 28, 2014
Page 2

    (a)    Mortgage and Security Agreement by Borrower in favor of Lender to be recorded in the public records of Hillsborough County, Florida (the "Public Records");

    (b)    Assignment of Rents and Leases by Borrower in favor of Lender to be recorded in the Public Records;

    (c)    UCC-1 Financing Statement to be filed as a fixture filing naming Borrower as debtor and Lender as secured party to be recorded in the Public Records; and

    (d)    Subordination, Attornment and Non-Disturbance Agreement between Borrower, TALF, Inc., TR & SNF, Inc. and Lender to be recorded in the Public Records.

3.    You must receive any additional funds and/or documentation or due diligence from Borrower or any other persons as may be required to enable you to satisfy the requirements for issuance the final loan policy of title insurance in the form of the Marked Title Commitment and must also confirm with us prior to releasing any funds or Recorded Documents that we have received any such other outstanding items as Lender may require for closing.

4.    Prior to recording, you will confirm that all Recorded Documents have all legal descriptions attached thereto, that you have all necessary signatures, and that that all Recorded Documents have been dated consistent with the other closing documents. If you have any questions regarding these items, please contact me.

Once you are able to satisfy items 1, 2, 3 and 4 of this letter, you may release the Recorded Documents from escrow and use the loan proceeds deposited with you for recording of the same, title premiums and related charges, and all other disbursements to be handled by you as title agent pursuant to the Closing Statement.

The Recorded Documents in are to be recorded in the order set forth hereinabove.

Upon such release of the Recorded Documents and loan proceeds, you will immediately confirm in writing by e-mail at jprice@burr.com and kstricklin@burr.com that the title insurance coverage required by this letter is in effect (provided your failure to do so will not affect your obligations under this letter), and thereafter will cause the Lender's policy of title insurance to be issued in due course in exactly the form of the Marked Title Commitment (with recording dates and recording information completed) and will cause the final issued policy and Recorded Documents to be delivered to us c/o Kristen Stricklin, Burr & Forman LLP, Suite 3400, 420 North 20th Street, Birmingham, Alabama 35203.

20608157 v1

CONFIDENTIAL

VNB_072034

Gary Dytrych & Ryan P.A.
March 28, 2014
Page 3

In the event that you are unable to satisfy the conditions of numbered paragraphs 1, 2, 3 and 4 on or before the end of the business day on April 4, 2014, you agree to cause the Recorded Documents and all loan proceeds deposited with you by Lender to be returned to Lender upon request according to Lender's instructions (unless such date is extended in Lender's discretion).

Please sign and return one copy of this letter by email to acknowledge your receipt of these closing instructions.

Very truly yours,

Jay Price
As Attorney for USAmeriBank

We acknowledge receipt of the foregoing letter of instructions and confirm that the Title Company has agreed to be liable for any loss suffered due to failure to follow such instructions.

**GARY, DYTRYCH & RYAN, P.A.,**
as agent for Old Republic National Title Insurance Company

By: _____ for the Firm
Print Name: _Laurence W. Smith_
Its: _Attorney_

Dated: March 30, 2014

20608157 v1

CONFIDENTIAL

VNB_072035

## EXHIBIT A

### Marked Title Commitment

[See Attached]

20608157 v1

CONFIDENTIAL

*(American Land Title Association Commitment Form - Adopted (6/17/06) (With Florida Modifications)*

## COMMITMENT FOR TITLE INSURANCE

## OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY

OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY, a Minnesota corporation (the "Company"), for a valuable consideration, commits to issue its policy or policies of title insurance, as identified in Schedule A, in favor of the proposed Insured named in Schedule A, as owner or mortgagee of the estate or interest in the Land described or referred to in Schedule A, upon payment of the premiums and charges and compliance with the Requirements; all subject to the provisions of Schedules A and B and to the Conditions of this Commitment.

This Commitment shall be effective only when the identity of the proposed Insured and the amount of the policy or policies committed for have been inserted in Schedule A by the Company.

All liability and obligation under this Commitment shall cease and terminate six (6) months after the Effective Date or when the policy or policies committed for shall issue, whichever first occurs, provided that the failure to issue the policy or policies is not the fault of the Company.

The Company will provide a sample of the policy form upon request.

This Commitment shall not be be valid or binding until countersigned by an authorized officer of the Company or an agent of the Company.

*In Witness Whereof*, OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY has caused its corporate name and seal to be affixed by its duly authorized officers on the Effective Date shown in Schedule A.

OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY
A Stock Company
400 Second Avenue South, Minneapolis, Minnesota 55401
(612) 371-1111

By _____ President

Attest _____ Secretary

FORM CF6 (rev. 12/10) (With Florida Modifications)
File Number: 2667.47

CONFIDENTIAL

VNB_072037

# Old Republic National Title Insurance Company



*COMMITMENT*
### Schedule A

Date a time of
recording of insured
mortgage
Effective Date:
March 6, 2014 @ 11:00 PM

Agent's File Reference:
2667.47

Premium
$ TBD

1. Policy or Policies to be issued:

    Proposed Amount of Insurance:

OWNER'S: ALTA Owner's Policy (6/17/06). (With Florida Modifications)    $16,390,000.00

Proposed Insured:    Westport Nursing Tampa, L.L.C., a Florida limited liability company

MORTGAGEE: ALTA Loan Policy (6/17/06). (With Florida Modifications)    $15,000,000.00

Proposed Insured:    USAmeriBank, its successors and/or assigns as their interests may appear

2. The estate or interest in the land described or referred to in this Commitment is FEE SIMPLE.

3. Title to the FEE SIMPLE estate or interest in the land is at the Effective Date vested in:

    Westport Nursing Tampa, L.L.C., a Florida limited liability company

4. The land referred to in this Commitment is described as follows:

    A parcel consisting of part of the Southeast 1/4 of Section 7, Township 28 South, Range 19 East, Hillsborough County, Florida, described as follows:

    From the Southeast corner of said Section 7, run North 00°08'00" East, along the East boundary of said Southeast 1/4 of Section 7, a distance of 61.28 feet to a point on the North right-of-way line of Fowler Avenue (S.R. No. 582);

    Thence South 89°47'00" East, along said North line a distance of 1331.61 feet to a point of intersect with the East line of the Southwest 1/4 of the Southwest 1/4 of Section 8;

### OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY

*400 Second Avenue South, Minneapolis, Minnesota 55401, (612) 371-1111*

Agent No.: 5335

Issuing Agent:

**Gary, Dytrych & Ryan, P.A.**
**701 U. S. Highway One**
**Suite 402**
**North Palm Beach, FL 33408**

Agent's Signature
**Alys Nagler Daniels**
**Attorney at Law**

*Form CF6 SCH.-A (rev. 12/10)(With Florida Modifications)*

Page 1 of 8
DoubleTime® 6.0.2

CONFIDENTIAL

VNB_072038

## Old Republic National Title Insurance Company
### *COMMITMENT*
### Schedule A (Continued)

Agent's File Reference:
2667.47

Thence North 00°08'05" East, (North 00°07'54" East), along said East line a distance of 1274.92 (1274.70) feet to a point, said point also being the Northeast corner of Southwest 1/4 of the Southwest 1/4 of said Section 8;

Thence North 00°07'13" East, (North 00°07'13" East), along the East line of the Northwest 1/4 of the Southwest 1/4 of said Section a distance of 1330.63 (1330.58) feet to a point;

Thence North 89°56'41" West (North 89°58'41" West), along the North line of the Northwest 1/4 of the Southwest 1/4 of Section 8, a distance of 1331.73 (1332.11) feet to the Northeast corner of the Northeast 1/4 of the Southeast 1/4 of Section 7;

Thence North 89°41'16" West (North 89°36'57" West), along the North line of said Section 7, a distance of 30.00 (30.00) feet to the principal point and PLACE OF BEGINNING of the following description:

Thence South 00°07'35" West (South 00°12'25" West), a distance of 473.74 (473.97) feet to a point;

Thence North 89°46'02" West (North 89°37'05" West), a distance of 100.00 (100.03) feet to a point;

Thence South 45°13'58" West (South 45°08'11" West), a distance of 28.28 (28.23) feet to a point;

Thence North 89°46'02" West (North 89°42'02" West), a distance of 219.97 (220.16) feet to a point;

Thence North 00°07'35" East (North 00°13'21" East), a distance of 494.40 (494.35) feet to a point on the North line of the Northeast 1/4 of the Southeast 1/4 of Section 7;

Thence South 89°41'16" East (South 89°36'57" East), along said North line a distance of 340.00 (340.00) feet to the POINT OF BEGINNING.

LESS AND EXCEPTING THEREFROM the East 6 feet thereof conveyed to Hillsborough County in instrument recorded in Official Records Book 5068, Page 1265 of the Public Records of Hillsborough County, Florida.

NOTE: Bearings and distances in parenthesis are measured bearings and distances, per Special Warranty Deed recorded in Official Records Book 4486, Page 248, of the Public Records of Hillsborough County, Florida.

EASEMENT PARCEL:

TOGETHER WITH non-exclusive Easement rights as set forth in the Amended and Restated Declaration of Easements, Covenants and Conditions, as recorded in Official Records Book 5832, Page 1191; as affected by First Amendment to Amended and Restated Declaration of Easements, Covenants and Conditions, as recorded in Official Records Book 6129, Page 1653, Public Records of Hillsborough County, Florida.

CONFIDENTIAL

VNB_072039

# Old Republic National Title Insurance Company

### *COMMITMENT*
### Schedule B-I

Agent's File Reference:
2667.47

*All B-1 Requirements
Satisfied or Deleted*

I.    The following are the requirements to be complied with:

1.  Payment of the full consideration to, or for the account of, the grantors or mortgagors.

2.  Instruments creating the estate or interest to be insured which must be executed, delivered and filed for record:

    A.  Mortgage from Westport Nursing Tampa, L.L.C., a Florida limited liability company to the proposed insured mortgagee(s).

3.  If closing does not occur within six weeks of the effective date of this product, the member must confirm the continued good standing of any buyer, seller, or mortgagor which is not a natural person.

4.  Review certified copy of Articles of Organization and amendments thereto, if any, to verify who may sign for the company as well as procedures to authorize such signatory. Further requirements may be necessary upon review thereof. (As to Westport Nursing Tampa, L.L.C.)

5.  Review of a true and correct copy of regulations or operating agreement to verify who may sign for the company as well as procedures to authorize such signatory. Further requirements may be necessary upon review thereof. If the regulations or operating agreement is not produced, then all of the members of the limited liability company, or a majority of the members if the number of members is substantial, must execute an affidavit consenting to the transaction. The affidavit shall establish the names of all the current members of the limited liability company. (As to Westport Tampa Nursing, L.L.C.)

6.  A determination should be made that the limited liability company is not one of a family or group of entities. If it is, then it should be determined that none of the other entities in this family or group of entities is a debtor in bankruptcy. The determination may be made by an affidavit of the manager or managing member of the limited liability company. In the event that one or more of the other entities is a debtor in bankruptcy, Fund underwriting counsel must approve the transaction before title is insured. (As to Westport Tampa Nursing, L.L.C.)

7.  A determination should be made that the member executing the Mortgage is not a debtor in bankruptcy and has not been a debtor in bankruptcy since becoming a member of the limited liability company. If the LLC is a sole member LLC, then a determination should be made there are no creditors who have acquired or are attempting to acquire control of the LLC by executing on or attaching or seizing the member's interest in the LLC. These determinations may be made by an affidavit of the member executing the instruments to be insured. (As to Westport Nursing Tampa, L.L.C.)

8.  Release subject property from that Mortgage and Security Agreement in favor of The Prudential Insurance Company of America, a New Jersey corporation as recorded in Official Records Book 7031, Page 1342; said Mortgage having been assigned to GMAC Commercial Mortgage Corporation, a California corporation by Assignment of Mortgage and Financing Statements recorded in Official Records Book 9773, Page 469; as affected by Note and Loan Document Modification and Assumption Agreement recorded in Official Records Book 9773, Page 472; said Mortgage having been amended and restated by Amended and Restated Mortgage and Security Agreement recorded in Official Records Book 9773, Page 477; as further affected by Release of Liability Under Loan Documents recorded in Official Records Book 9785, Page 1336; as further affected by Notice of Future Advance; Note and Mortgage Modification Agreement recorded in Official Records Book 12808, Page 900; said Mortgage having been partially released by Partial Release of Mortgage recorded in Official Records Book 16643, Page 1552; Amended and Restated Mortgage and Security Agreement in favor of Capmark Finance Inc. recorded in Official Records Book 17274, Page 1662; as modified by Spreader Agreement executed by Westport Nursing Tampa, L.L.C., a Florida limited liability company and Westport Holdings Tampa II, Limited Partnership, a Delaware limited partnership in favor of Capmark Finance, Inc., a California corporation recorded in Official Records Book 17274, Page 1701; and as further modified by Second Amended and Restated Mortgage and Security Agreement from Westport Nursing Tampa, L.L.C., a Florida limited liability company and Westport Holdings Tampa II, Limited Partnership, a Delaware limited partnership to Capmark Finance, Inc., a California corporation recorded in Official Records Book 17274, Page 1710; as affected by Cross Collateralization and Cross-Default Mortgage and Loan Documents Modification Agreement by and between Westport Nursing Tampa, L.L.C., a Florida limited liability company and

Form CF6 SCH.-B-I (rev. 12/10)(With Florida Modifications)

Page 3 of 8
DoubleTime® 6.0.2

CONFIDENTIAL

VNB_072040

**Old Republic National Title Insurance Company**
*COMMITMENT FORM*
**Schedule B-I (Continued)**

Agent's File Reference:
2667.47

Westport Holdings Tampa II, Limited Partnership, a Delaware limited partnership and Capmark Finance, Inc., a California corporation recorded in Official Records Book 17274, Page 1796; Mortgage assigned to Capmark Bank, a Utah industrial bank by Assignment of Second Amended and Restated Mortgage and Security Agreement, Assignment of Assignment of Leases and Rents and Assignment of Other Security Instruments recorded in Official Records Book 17274, Page 1861; First Amendment to the Second Amended and Restated Mortgage and Security Agreement recorded in Official Records Book 19811, Page 896; Mortgage assigned to Horizon LP UV Lender, LLC, a Delaware limited liability company by Assignment of Mortgage recorded in Official Records Book 21598, Page 547, all of the Public Records of Hillsborough County, Florida.

9. Release subject property from that Assignment of Leases and Rents in favor of Capmark Finance Inc. recorded in Official Records Book 17274, Page 1751, Public Records of Hillsborough County, Florida. Assigned to Capmark Bank, a Utah industrial bank by Assignment of Second Amended and Restated Mortgage and Security Agreement, Assignment of Assignment of Leases and Rents and Assignment of Other Security Instruments recorded in Official Records Book 17274, Page 1861; Amendment to the Assignment of Leases and Rents recorded in Official Records Book 19811, Page 928; Assigned to Horizon LP UV Lender, LLC by Assignment of Leases and Rents recorded in Official Records Book 21598, Page 569, Public Records of Hillsborough County, Florida.

10. Record termination (or release as to the subject property) of the Financing Statement recorded July 10, 2012, in O.R. Book 21232, Page 1301, Public Records of Hillsborough County, Florida.

11. Record termination (or release as to the subject property) of the Financing Statement recorded July 10, 2012, in O.R. Book 21233, Page 1198, Public Records of Hillsborough County, Florida.

12. Release subject property from that Mortgage and Security Agreement executed by Westport Housing Tampa, L.L.C. a Florida limited liability company in favor of GMAC Commercial Mortgage Corporation recorded in O.R. Book 9773, Page 603 and O.R. Book 9773, Page 687, Public Records of Hillsborough County, Florida. As affected by Notice of Future Advance, Note and Mortgage Modification Agreement recorded in O.R. Book 12808, Page 907; as affected by Partial Release of Mortgage recorded in O.R. Book 16643, Page 1554; Amended and Restated Mortgage and Security Agreement recorded in O.R. Book 17274, Page 1533; As affected by Spreader Agreement by and between Westport Holdings Tampa, Limited Partnership and Westport Holdings Tampa II, Limited Partnership and Capmark Finance Inc. recorded in O.R. Book 17274, Page 1574; Second Amended and Restated Mortgage and Security Agreement recorded in O.R. Book 17274, Page 1583; as affected by Cross-Collateralization, Cross-Default and Mortgage and Loan Document Modification Agreement by and between Westport Holdings Tampa, Limited Partnership and Westport Holdings Tampa II, Limited Partnership and Capmark Finance Inc. recorded in O.R. Book 17274, Page 1777; Mortgage assigned to Capmark Bank, a Utah industrial bank by Assignment of Second Amended and Restated Mortgage and Security Agreement, Assignment of Assignment of Leases and Rents and Assignment of Other Security Instruments recorded in Official Records Book 17274, Page 1851; First Amendment to the Second Amended and Restated Mortgage and Security Agreement recorded in Official Records Book 19811, Page 913; Mortgage assigned to Horizon LP UV Lender, LLC, a Delaware limited liability company by Assignment of Mortgage recorded in Official Records Book 21598, Page 538, all of the Public Records of Hillsborough County, Florida.

13. Release subject property from that Assignment of Leases and Rents in favor of Capmark Finance Inc. recorded in Official Records Book 17274, Page 1626, Public Records of Hillsborough County, Florida. Assigned to Capmark Bank, a Utah industrial bank by Assignment of Second Amended and Restated Mortgage and Security Agreement, Assignment of Assignment of Leases and Rents and Assignment of Other Security Instruments recorded in Official Records Book 17274, Page 1851; Amendment to the Assignment of Leases and Rents recorded in Official Records Book 19811, Page 940; Assigned to Horizon LP UV Lender, LLC by Assignment of Leases and Rents recorded in Official Records Book 21598, Page 554, Public Records of Hillsborough County, Florida.

14. Release subject property from that Assignment of Leases and Rents in favor of Capmark Finance Inc. recorded in Official Records Book 17274, Page 1764, Public Records of Hillsborough County, Florida. Assigned to Capmark Bank, a Utah industrial bank by Assignment of Second Amended and Restated Mortgage and Security Agreement, Assignment of Assignment of Leases and Rents and Assignment of Other Security Instruments recorded in Official Records Book 17274, Page 1851; Assigned to Horizon LP UV Lender, LLC by Assignment of Leases and Rents recorded in Official Records Book 21598, Page 563, Public Records of Hillsborough County, Florida.

CONFIDENTIAL

VNB_072041

**Old Republic National Title Insurance Company**
*COMMITMENT FORM*
**Schedule B-I (Continued)**

Agent's File Reference:
2667.47

15. Record termination (or release as to the subject property) of the Financing Statement recorded December 22, 2006, in O.R. Book 17274, Page 1640, Public Records of Hillsborough County, Florida. Continuation recorded in O.R. Book 20638, Page 1175, Public Records of Hillsborough County, Florida.

16. Record termination (or release as to the subject property) of the Financing Statement recorded December 22, 2006, in O.R. Book 17274, Page 1648, Public Records of Hillsborough County, Florida. Continuation recorded in O.R. Book 20638, Page 1170 and Release recorded in O.R. Book 21350, Page 1296, Public Records of Hillsborough County, Florida.

17. A search commencing with the effective date of this commitment must be performed at or shortly prior to the closing of this transaction. If this search reveals a title defect or other objectionable matters, an endorsement will be issued requiring that this defect or objection be cleared on or before closing.

18. A determination must be made that there are no unrecorded special assessment liens or unrecorded liens arising by virtue of ordinances, unrecorded agreements as to impact or other development fees, unpaid waste fees payable to the county or municipality, or unpaid service charges under Ch. 159, F. S., or county ordinance.

19. A survey meeting The Fund Title Note requirements must be furnished. If such survey reveals any encroachments, overlaps, boundary line disputes, or other adverse matters, they will appear as exceptions in the policy to be issued based upon this commitment.

20. Recordation of a Subordination, Non-Disturbance and Attornment Agreement or a Termination of Lease in regards to that Unrecorded Lease dated August 13, 2002, by and between Westport Nursing Tampa, LLC, a Florida limited liability company, as Landlord, and TALF, Inc., a Florida not-for-profit corporation, and TR & SNF, Inc, a Florida not-for-profit corporation, as Tenants as evidenced by Subordination, Attornment and Non-Disturbance Agreement, Collateral Assignment of Management Agreements and Subordination of Management Agreements as recorded in Official Records Book 12808, Page 914, Public Records of Hillsborough County, Florida.

21. Recordation of a Subordination, Non-Disturbance and Attornment Agreement or a Termination of Management Agreement in regards to that Unrecorded Management Agreement, effective as of October 16, 2002, by and between TALF, Inc., a Florida not- for-profit corporation, and WEMAMM I, LLC, a Florida limited liability company, as Manager, for the day-to-day management of the assisted living portion of the Facility as evidenced by Subordination, Attornment and Non- Disturbance Agreement, Collateral Assignment of Management Agreements and Subordination of Management Agreements as recorded in Official Records Book 12808, Page 914, Public Records of Hillsborough County, Florida.

22. Recordation of a Subordination, Non-Disturbance and Attornment Agreement or a Termination of Management Agreement in regards to that Unrecorded Management Agreement, effective as of October 16, 2002, by and between TR & SNF, Inc, a Florida not-for-profit corporation, and WEMAMM I, LLC, a Florida limited liability company, as Manager, for the day-to-day management of the skilled nursing care portion of the Facility as evidenced by Subordination, Attornment and Non- Disturbance Agreement, Collateral Assignment of Management Agreements and Subordination of Management Agreements, as recorded in Official Records Book 12808, Page 914, Public Records of Hillsborough County, Florida.

23. Recordation of Notice of Voluntary Dismissal of Case With Prejudice and discharge of Lis Pendens, wherein BVM University, LLC, et al versus Horizon LP UV Lender, LLC, et al, recorded in O.R. Book 22417, Page 2000, in that certain Case No. 14-CA-1594, Circuit Court of Hillsborough County, Florida. NOTE: Title Insurer reserves the right to add additional requirements upon review of the Notice of Voluntary Dismissal of Case With Prejudice and discharge of Lis Pendens, wherein BVM University, LLC, et al versus Horizon LP UV Lender, LLC, et al, recorded in O.R. Book 22417, Page 2000, in that certain Case No. 14-CA-1594, Circuit Court of Hillsborough County, Florida.

24. Recordation of Notice of Voluntary Dismissal of Case With Prejudice and discharge of Lis Pendens, wherein Horizon LP UV Lender, LLC, as Plaintiff versus BVM University Village, LLC and BVM Management, Inc., in the United States District Court for the Middle District of Florida Tampa Division, Case 8:14-CV-00532-JDW-TBM. NOTE: Title Insurer reserves the right to add additional requirements upon review of the Notice of Voluntary Dismissal of Case With Prejudice and discharge of Lis Pendens, wherein Horizon LP UV Lender, LLC, as Plaintiff

CONFIDENTIAL

VNB_072042

## Old Republic National Title Insurance Company
### *COMMITMENT FORM*
### Schedule B-I (Continued)

Agent's File Reference:
2667.47

versus BVM University Village, LLC and BVM Management, Inc., in the United States District Court for the Middle District of Florida Tampa Division, Case 8:14-CV-00532-JDW-TBM.

All B-1 Requirements
satisfied or deleted

*Form CF6 SCH.-B-I (Continued)*
*(rev. 12/10)(With Florida Modifications)*

Page 6 of 8
DoubleTime® 6.0.2

CONFIDENTIAL

VNB_072043

# Old Republic National Title Insurance Company

## *COMMITMENT*
## Schedule B-II

Agent's File Reference:
2667.47

II. Schedule B of the policy or policies to be issued will contain exceptions to the following matters unless the same are disposed of to the satisfaction of the Company:

**Deleted**

1. ~~Defects, liens, encumbrances, adverse claims or other matters, if any, created, first appearing in the Public Records or attaching subsequent to the Effective Date hereof but prior to the date the Proposed Insured acquires for value of record the estate or interest or Mortgage thereon covered by this Commitment.~~

2. a. General or special taxes and assessments required to be paid in the year 2014 and subsequent years, *a lien not yet due and payable.*

**Deleted**
   b. ~~Rights or claims of parties in possession not recorded in the Public Records.~~

**Deleted**
   c. ~~Any encroachment, encumbrance, violation, variation, or adverse circumstance that would be disclosed by an inspection or an accurate and complete land survey of the Land and inspection of the Land.~~

**Deleted**
   d. ~~Easements, or claims of easements, not recorded in the Public Records.~~

**Deleted**
   e. ~~Any lien, or right to a lien, for services, labor, or material furnished, imposed by law and not recorded in the Public Records.~~

**N/A for Loan Policy**

3. ~~Any Owner's Policy issued pursuant hereto will contain under Schedule B the following exception: *Any adverse ownership claim by the State of Florida by right of sovereignty to any portion of the Land insured hereunder, including submerged, filled and artificially exposed lands, and lands accreted to such lands.*~~

4. Rights of tenants, as tenants only, under unrecorded leases. (As to Fee Simple Parcel and Easement Parcel)

5. Covenants, restrictions, conditions, reservations and maintenance obligations as set forth in restrictive covenants contained in Special Warranty Deed as recorded in Official Records Book 4486, at Page 248, Public Records of Hillsborough County, Florida. As affected by consents and approvals recorded in Official Records Book 5231, Page 489, Official Records Book 5231, Page 491, Official Records Book 5514, Page 564, Official Records Book 5832, Page 1214 and Official Records Book 5832, Page 1218, Public Records of Hillsborough County, Florida. (As to Fee Simple Parcel)

6. Covenants, restrictions, conditions, reservations, easements and maintenance obligations set forth in Declaration of Easements, Covenants and Conditions, as recorded in Official Records Book 5477, at Page 277; as affected by Amended and Restated Declaration of Easements, Covenants and Conditions, as recorded in Official Records Book 5832, Page 1191; and as amended in Official Records Book 6129, Page 1653, Public Records of Hillsborough County, Florida. (As to Fee Simple Parcel)

7. Terms, conditions and provisions contained in CATV Service Agreement in favor of Paragon Cable CATV Service Agreement, recorded in Official Records Book 5355, Page 1225, Public Records of Hillsborough County, Florida. (As to Fee Simple Parcel)

8. Terms, conditions and provisions of an Unrecorded Bulk Standard Service and Right of Entry Agreement with Paragon Communications, a Colorado general partnership d/b/a Time Warner Communications, a Memorandum of which is recorded in Official Records Book 9484, Page 923, Public Records of Hillsborough County, Florida. (As to Fee Simple Parcel)

9. Rights or claims of parties in possession pursuant to terms conditions and provisions of an unrecorded Nursing Center at University Village Admission Agreements entered into by the residents of The Nursing Center at University Village and an unrecorded Residency Agreements entered into by the residents of The Inn at University Village together with any supplements, replacements, modifications, restatements or amendments thereto. (As to Fee Simple Parcel)

10. Drainage Easement in favor of Hillsborough County recorded in O.R. Book 1619, Page 463, Public Records of Hillsborough County, Florida. (As to Fee Simple Parcel)

11. Easement in favor of Tampa Electric Company recorded in O.R. Book 5704, Page 827, Public Records of

*Form CF6 SCH B-II (rev. 12/10)(With Florida Modifications)*

CONFIDENTIAL

VNB_072044

**Old Republic National Title Insurance Company**
*COMMITMENT*
**Schedule B-II (Continued)**

Agent's File Reference:
2667.47

Hillsborough County, Florida. (As to Fee Simple Parcel)

12. Easement in favor of Tampa Electric Company recorded in O.R. Book 4789, Page 277, Public Records of Hillsborough County, Florida. (As to Easement Parcel)

13. Easement in favor of Tampa Electric Company recorded in O.R. Book 4880, Page 661, Public Records of Hillsborough County, Florida. (As to Easement Parcel)

14. The following matters disclosed by Survey prepared by Phoenix Land Surveying & Engineering, LLC, under Project No. 99036.01-University Village Parcels 1, 4 and 5, last dated 09-28-2006: (a) Wood fence, parking spaces and concrete curbing located on 15' TECO Easement recorded in O.R. Book 5704, Page 827, Public Records of Hillsborough County, Florida. (b) Fence, concrete curbing, concrete sidewalk, asphalt pavement, parking spaces and reinforced concrete pipes located on Drainage Easement recorded in O.R. Book 1619, Page 463, Public Records of Hillsborough County, Florida. (c) Pads for DVC on the Southeast corner partially located on insured property and partially located on 22nd Street. (d) Wooden boardwalk and 5' sidewalk partially located on the insured property and partially located on 127th Avenue.

15. General or special taxes and assessments required to be paid in the year 2014 and subsequent years, which are due but not yet payable.

16. The following endorsements will be issued with the final Loan Policy upon compliance with all underwriting requirements: ALTA 8.1-06; Florida Form 9 and Survey Endorsement.

CONFIDENTIAL

VNB_072045

## Conditions

1. The term mortgage, when used herein, shall include deed of trust, trust deed, or other security instrument.

2. If the proposed Insured has or acquired actual knowledge of any defect, lien, encumbrance, adverse claim or other matter affecting the estate or interest or mortgage thereon covered by this Commitment other than those shown in Schedule B hereof, and shall fail to disclose such knowledge to the Company in writing, the Company shall be relieved from liability for any loss or damage resulting from any act of reliance hereon to the extent the Company is prejudiced by failure to disclose such knowledge. If the proposed Insured shall disclose such knowledge to the Company, or if the Company otherwise acquires actual knowledge of any such defect, lien, encumbrance, adverse claim or other matter, the Company, at its option, may amend Schedule B of this Commitment accordingly, but such amendment shall not relieve the Company from liability previously incurred pursuant to paragraph 3 of these Conditions.

3. Liability of the Company under this Commitment shall be only to the named proposed Insured and such parties included under the definition of Insured in the form of policy or policies committed for and only for actual loss incurred in reliance hereon in undertaking in good faith (a) to comply with the requirements hereof, or (b) to eliminate exceptions shown in Schedule B, or (c) to acquire or create the estate or interest or mortgage thereon covered by this Commitment. In no event shall such liability exceed the amount stated in Schedule A for the policy or policies committed for and such liability is subject to the insuring provisions and Conditions and the Exclusions from Coverage of the form of policy or policies committed for in favor of the proposed Insured which are hereby incorporated by reference and are made a part of this Commitment except as expressly modified herein.

4. This Commitment is a contract to issue one or more title insurance policies and is not an abstract of title or a report of the condition of title. Any action or actions or rights of action that the proposed Insured may have or may bring against the Company whether or not based on negligence arising out of the status of the title to the estate or interest or the status of the mortgage thereon covered by this Commitment must be based on and are subject to the provisions of this Commitment.

5. The policy to be issued will contain the following arbitration clause:

   Unless prohibited by applicable law, arbitration pursuant to the Title Insurance Arbitration Rules of the American Arbitration Association may be demanded if agreed to by both the Company and the Insured at the time of the controversy or claim. Arbitrable matters may include, but are not limited to, any controversy or claim between the Company and the Insured arising out of or relating to this policy, and service of the Company in connection with its issuance or the breach of a policy provision or other obligation. Arbitration pursuant to this policy and under the Rules in effect on the date the demand for arbitration is made or, at the option of the Insured, the Rules in effect at Date of Policy shall be binding upon the parties. The award may include attorneys' fees only if the laws of the state in which the Land is located permit a court to award attorneys' fees to a prevailing party. Judgment upon the award rendered by the Arbitrator(s) may be entered in any court having jurisdiction thereof.

   The law of the situs of the land shall apply to an arbitration under the Title Insurance Arbitration Rules.

   A copy of the Rules may be obtained from the Company upon request.

CONFIDENTIAL

VNB_072046

VNB_072047

CONFIDENTIAL

# Old Republic National
# Title Insurance Company

COMMITMENT
FOR
TITLE INSURANCE



For information about coverage or
assistance in resolving complaints,
call (612) 371-1111.

Offices at
400 Second Avenue South
Minneapolis, Minnesota 55401