<u>**OFFICER'S CERTIFICATE**</u>

March 31, 2014

The undersigned, solely in his capacity as a duly appointed Chairman of BVM Management, Inc., an Indiana non-profit corporation (the "<u>Corporation</u>"), DOES HEREBY CERTIFY, in connection with that certain Loan Agreement by and among Westport Nursing Tampa, L.L.C., a Delaware limited liability company (the "<u>Company</u>"), and USAmeribank, a Florida state banking corporation (the "<u>Bank</u>") (the "<u>Loan Agreement</u>"), that:

1.     Attached hereto as <u>Exhibit A</u> is a true, correct and complete copy of the Corporation's Articles of Incorporation and any amendments thereto, as in effect on the date hereof, which were certified to by the Indiana Secretary of State, Business Services Division, as of the date indicated in such certification (collectively, the "<u>Certified Documents</u>"). There have been no amendments to the Certified Documents since the date of certification indicated on such Certified Documents. No action has been taken by the Corporation or its members to amend, modify or repeal the Certified Documents, the same being in full force and effect in the attached form on the date hereof.

2.     Attached hereto as <u>Exhibit B</u> is a true, correct and complete copy of the Corporation's Bylaws, including all amendments thereto, as in effect on the date hereof. No action has been taken by the Corporation or its members in contemplation of any amendment thereto.

3.     Attached hereto as <u>Exhibit C</u> is a true and correct copy of resolutions of the board of directors of the Corporation authorizing, approving and ratifying the execution, delivery and performance by the Corporation of each Loan Document to which the Corporation is a party. Such resolutions have not in any way been amended, rescinded or modified and have been in full force and effect since their adoption to and including the date hereof, and such resolutions are the only proceedings of the Corporation now in force relating to or affecting the matters referred to therein.

4.     Attached hereto as <u>Exhibit D</u> is a true, correct and complete copy the Corporation's Certificate of Existence demonstrating that the Corporation is duly organized, validly existing and in good standing under the laws of the State of Indiana on the date of such certification. As of the date hereof, the Corporation is in good standing in the State of Indiana and there are no proceedings for the dissolution or liquidation of the Corporation.

This certificate may, upon execution, be delivered by facsimile or electronic mail, which shall be deemed for all purposes to be an original signature.

Unless otherwise defined herein, capitalized terms defined in the Loan Agreement shall have the same meanings when used herein.

[SIGNATURE PAGE FOLLOWS]

25031421_2

25031421

CONFIDENTIAL





VNB_071960

*[Signature page to Officer's Certificate of BVM Management, Inc.]*

IN WITNESS WHEREOF, I have hereunto set my hand as of the day and year first above written.

By: _Robert L. Rynard_

Name: Robert L. Rynard, Sr.

Title: Chairman

**EXHIBIT A**

<u>Articles</u>

[Attached]

CONFIDENTIAL

### INDIANA SECRETARY OF STATE
### BUSINESS SERVICES DIVISION
### CORPORATIONS CERTIFIED COPIES

INDIANA SECRETARY OF STATE
BUSINESS SERVICES DIVISION
302 West Washington Street, Room E018
Indianapolis, IN 46204

http://www.sos.in.gov

March 18, 2014

Company Requested:   BVM MANAGEMENT, INC.
Control Number:         194177-118

| Date | Transaction | # Pages |
|---|---|---|
| 02/24/1950 | Articles of Incorporation | 7 |
| 01/22/1971 | Articles of Amendment | 6 |
| 01/06/1978 | Articles of Amendment | 4 |
| 07/25/1980 | Articles of Acceptance | 10 |
| 07/28/1988 | Articles of Amendment | 8 |
| 12/21/2000 | Articles of Amendment | 3 |
| 10/05/2009 | Articles of Amendment | 7 |



**State of Indiana**
**Office of the Secretary of State**

**I hereby certify that this is a true and complete copy of this 45 page document filed in this office.**

**Dated: March 18, 2014**
**Certification Number: 2014031804316**

**Connie Lawson**
**Secretary of State**

Page 1 of 46

Certification Number: 2014031804316

CONFIDENTIAL

VNB_071963

The Indiana Secretary of State filing office certifies that this copy is on file in this office.



Form A-6

### STATE OF INDIANA
### DEPARTMENT OF STATE

## CERTIFICATE OF INCORPORATION

CHARLES F. FLEMING
~~THOMAS E. BATH~~, Secretary of State

*4177-118*

### TO ALL TO WHOM THESE PRESENTS SHALL COME, GREETING:

WHEREAS, Articles of Incorporation, duly signed and acknowledged, showing no Capital Stock, having been filed in the office of the Secretary of State on the ........24th........

day of ....February, 1950........, for the organization of the........

THE EVANGELISTIC CENTER, INC.

under and in accordance with the provisions of "AN ACT" concerning domestic and foreign corporations not for profit, providing for fees, providing penalties for the violation thereof, and repealing certain laws." Approved March 7, 1935, as published at Page 557, Acts of 1935.

CHARLES F. FLEMING

Now THEREFORE, I, ~~THOMAS E. BATH~~, Secretary of State of the State of Indiana, by virtue of the powers and duties vested in me by law, do hereby certify that the said organization is a body politic and corporate, authorized and empowered by the laws of the State of Indiana to proceed to carry out the objects of its organization.



*In Witness Whereof, I have hereunto set my hand and affixed the seal of the state of Indiana, at the City of Indianapolis, this ........24th........day of ........February........, 19....50...*

Charles F. Fleming    Secretary of State.

By........................................................
Deputy.

Page 2 of 46

Certification Number: 2014031804316

CONFIDENTIAL

The Indiana Secretary of State filing office certifies that this copy is on file in this office.



A-1
(For use for Indiana Not for Profit Corporations.)
Form prescribed by the Secretary of State

—a—

ARTICLES OF INCORPORATION

of

**APPROVED**
AND
**FILED**

FEB 2 4 1950

*Charles F. Fleming*

SECRETARY OF STATE
OF INDIANA

THE EVANGELISTIC CENTER , INC.

The undersigned, being three or more natural persons of lawful age, at least a majority of whom are citizens of the United States, do hereby adopt the following Articles of Incorporation, representing beforehand to the Secretary of State of the State of Indiana and all persons whom it may concern, that a membership list or lists of the above named corporation for which certificate of incorporation is hereby applied for, have heretofore been opened in accordance with law and that at least three (3) persons have signed such membership list.

Be it further remembered that the following Articles of Incorporation and all matters heretofore done or hereafter to be done are in accordance with "An Act concerning domestic and foreign corporations not for profit, providing for fees, providing penalties for the violation thereof, and repealing certain laws," approved March 7, 1935, and all acts amendatory thereof and supplemental thereto.

1. The name of this corporation shall be THE EVANGELISTIC CENTER, INC.

-------------------------------------------------------------------------------
(Name must include the word "Corporation" or "Incorporated" or one of the abbreviations thereof.)

2. The purpose or purposes for which it is formed are as follows: To preach the Gospel of Jesus Christ; to engage in evangelistic campaigns; to establish evangelistic centers; to organize and maintain Sunday School organizations; to establish, operate and maintain courses in Bible study; to operate and maintain Bible Schools in connection with this corporation and as an incidental part thereof; to establish Homes for The Aged as an incidental part of the activities of this corporation; to engage in missionary activities; and to do all things necessary and incidental to carrying out evangelistic programs.

Certification Number: 2014031804316

CONFIDENTIAL

VNB_071965

The Indiana Secretary of State filing office certifies that this copy is on file in this office.

— b —

3. The period during which it is to continue as a corporation is......perpetual......................years.

4. The post office address of its principal office is.........3518 Shelby Street,..............Street,
Indianapolis ..........................(City) .........Marion......................(County) .........Indiana.........(State)

5. The name of its resident agent is......Elwood P. Qualls................................

6. The post office address of its resident agent is......3541 Shelby........................Street,
Indianapolis ..........................(City) .........Marion......................(County) .........Indiana.........(State)

7. If the memberships are to be divided into classes the designations of the different classes, and a statement of the relative rights, preferences, limitations and restrictions of each class, together with a statement as to the voting rights of any such class:

No classes of membership

Certification Number: 2014031804316

CONFIDENTIAL

VNB_071966

The Indiana Secretary of State filing office certifies that this copy is on file in this office.

— c —

8.  The number of directors of this corporation shall be................three................(This must be an exact number and cannot be stated in the alternative.)

9.  The names and addresses of the first board of directors are as follows:

Elwood P. Qualles   3541 Shelby Street, Indianapolis, Marion Co., Indiana
 Name                    Street              City           County         State

Lary Lou Qualles   3541 Shelby Street, Indianapolis, Marion Co., Indiam
 Name                    Street              City           County         State

~~XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX~~
 Name                    Street              City           County         State

Ferdinand Bender, 1057 N. Illinois Street, Indianapolis, Marion County, Indiana
 Name                    Street              City           County         State

 Name                    Street              City           County         State

 Name                    Street              City           County         State

 Name                    Street              City           County         State

 Name                    Street              City           County         State

 Name                    Street              City           County         State

10.  The names and post office addresses of the incorporators are as follows:

Elwood P. Qualles 3541 Shelby Street, Indianapolis, Marion Co., Indiana
 Name                    Street              City           County         State

Lary Lou Qualles 3541 Shelby Street, Indianapolis, Marion Co., Indiana
 Name                    Street              City           County         State

~~XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX~~
 Name                    Street              City           County         State

Ferdinand Bender, 1057 N. Illinois Street, Indianapolis, Marion Co., Indiana
 Name                    Street              City           County         State

 Name                    Street              City           County         State

 Name                    Street              City           County         State

3

Certification Number: 2014031804316

CONFIDENTIAL                                                        VNB_071967

The Indiana Secretary of State filing office certifies that this copy is on file in this office.



—d—

11. A statement of the property and an estimate of the value thereof, to be taken over by this corporation at or upon its incorporation:   Real estate consisting of tabernacle building and Home for the Aged with appurtenances thereto belonging commonly known as 3518 Shelby Street, Indianapolis, Indiana, valued at  fifty thousand dollars ( $50,000.00)

12.  Any other provisions, consistent with the laws of this state, for the regulation and conduct of the affairs of this corporation, and creating, defining, limiting or regulating the powers of this corporation, of the directors or of the members or any class or classes of members: None.

Certification Number: 2014031804316

CONFIDENTIAL

VNB_071968

The Indiana Secretary of State filing office certifies that this copy is on file in this office.

—e—

x *Elwood P. Qualls*                    3541 Shelby St Indianapolis
Elwood P. Qualles

x *Mary Lou Qualls*                     3541 Shelby st Indpls. Ind
Lary Lou Qualles

*Ferdinand Bender*                      1637 h Ill St
~~~~~~~~ Ferdinand Bender

---

A minimum of three of the incorporators designated in Article 10 on page —c— should sign above.

STATE OF INDIANA        } ss:
COUNTY OF ___Larion___

Before me, ___Ernest E. Owens___, a Notary Public in and for said County and State, personally appeared ___Elwood P. Qualles, Lary Lou Qualles and Ben Huddle,___

x *Elwood P. Qualls*
Elwood P. Qualles

x *Mary Lou Qualls.*
Lary Lou Qualles                                Ferdinand Bender

x *Ferdinand Bender*
and severally acknowledged the execution of the foregoing articles of incorporation.

(SEAL)

WITNESS my hand and notarial seal this __11th__

eleventh ___day of__ October ___, 19.49.

*Ernest E. Owens*
~~Ernest E. Owens~~                          Notary Public.

My commission expires___29th April 1951.___

(Articles of incorporation must be prepared in triplicate on the form prescribed by the Secretary of State, by the incorporators and signed and acknowledged by at least three of them before a Notary Public, and shall be presented in triplicate to the Secretary of State at his office accompanied by the fees prescribed by law.)

5

CONFIDENTIAL                              VNB_071969

The Indiana Secretary of State filing office certifies that this copy is on file in this office.



APPROVED
AND
FILED
FEB 2 4 1950

SECRETARY OF STATE
OF INDIANA

Certification Number: 2014031804316

CONFIDENTIAL

VNB_071970

The Indiana Secretary of State filing office certifies that this copy is on file in this office.

Form 172

## STATE OF INDIANA
## DEPARTMENT OF STATE

### CERTIFICATE OF AMENDMENT

Secretary of State

To All To Whom These Presents Shall Come, Greeting:

I,  LARRY A. CONRAD  , Secretary of State of the State of Indiana, hereby certify that the  ARTICLES OF AMENDMENT OF THE ARTICLES OF INCORPORATION

THE EVANGELISTIC CENTER, INC. 4/17? - ///,

a corporation duly organized and existing under the laws of the State of Indiana, has this day filed in the office of the Secretary of State, a certificate in triplicate, showing an amendment to the articles of incorporation of said company, in accordance with an Act entitled, "AN ACT concerning domestic and foreign corporations not for profit, providing for fees, providing penalties for the violation thereof, and repealing certain laws." Approved March 7, 1935, as published at Page 557, Acts of 1935, as amended.

And I further certify that said certificate is now of record and on file in this office.



*In Witness Whereof, I have hereunto set my hand and affixed the seal of the State of Indiana, at the City of Indianapolis, this* 22nd *day of* January *,* 1971 *.*

LARRY A. CON RAD,        Secretary of State.

By_____

Deputy.

Certification Number: 2014031804316

CONFIDENTIAL

VNB_071971

The Indiana Secretary of State filing office certifies that this copy is on file in this office.

'APPROVED PPROVED
AND AND
FILED FILED
JAN 2 1971 JAN 2 1971

A-2-4M--6--
For Use by a Domestic Non For Profit
Corporation Incorporated or Reorganized Under The Indiana General Not For Profit Corporation Act, Approved March 7, 1935

File In Triplicate
Filing Fee $13.00
File One Copy With County
Recorder When Returned
From Secretary of State

A
ARTICLES Of AMENDMENT
OF THE
ARTICLES OF INCORPORATION
OF

THE EVANGELISTIC CENTER, INC.

Elwood P. Qualls            and   Inez Henderson
(President or Vice President)       (Secretary or Asst. Secretary)

of the above named corporation respectfully show that:

1. The above named corporation was organized or reorganized under The Indiana General Not For Profit Corporation Act, approved March 7, 1935 on February 24, 1950                .
(Date)

2. The above named corporation upon the proposal of its board of directors by resolution duly adopted by said board of directors setting forth the proposed amendment--and directing that the same be submitted to a vote of the members entitled to vote in respect thereof at a designated meeting of such members and upon the adoption thereof by said members at said meeting as provided by law and as hereinafter more specifically set out, does hereby by

Elwood P. Qualls        its   President            and   Inez
                              (Pres. or V. Pres.)              (Secv.)
            tary
Henderson, Secre/ execute and acknowledge the following,
(Asst. Secy.)
        Articles of Amendment of its Articles of Incorporation
                        Section 7 shall read as follows:
Exact Text     3.   (A) "Membership in subject Not For Profit Corporation
    of          shall, commencing with the unanimous vote of the entire
Amendment       membership of this Corporation, consist of two (2)

6

Certification Number: 2014031804316

CONFIDENTIAL

VNB_071972

The Indiana Secretary of State filing office certifies that this copy is on file in this office.

Exact Text of Amendment    3. (A)
         Section 7 cont.

classifications as follows:

1.  Each and every member of the Class A members shall
be entitled to one vote on all matters submitted to the
membership for vote, including the election of the
Board of Directors of said Corporation.

2. Each and every member of Class B shall be entitled
to three votes on all matters submitted to the membership,
including the election of the Board of Directors of this
Corporation.

No resolution of the Board of Directors approving a
new member for admittance to Class B of this corporation
shall be approved unless said vote of approval in favor
of such proposed new member to Class B shall receive
a unanimous vote of the Board of Directors of this
Corporation.  Any resolution of the Board of Directors
concerning the admittance of a member to Class A
membership shall only require a resolution approved by
the majority vote of the Board of Directors of this
Corporation.  All members shall be Class A members until
and unless they are approved for Class B membership.


Section 12 shall now read:

"In the event that this Corporation shall cease to operate,
its officers and directors shall cause it to be reorganized
or merged with the Bethany Children's Home, Inc., Bethany,
Kentucky if said corporation shall qualify to do business
in Indiana as a foreign not-for-profit corporation."

7

Page 11 of 46                                    Certification Number: 2014031804316

CONFIDENTIAL                                                VNB_071973

The Indiana Secretary of State filing office certifies that this copy is on file in this office.

"B"

ARTICLES OF AMENDMENT
(continued)

THE MANNER AND
VOTE BY WHICH IT
WAS ADOPTED

The above amendment was adopted in the following manner and by the following vote, that is to say:

The Board of Directors of said corporation, at a duly called (SPECIAL ~~irregular~~ Meeting)

of said Board held on ___September 17, 1970___
(Date)

at ___1100 Circle Tower,___  Indianapolis, Ind.
(Place)                        adopted the

Following resolution of articles of amendment of the Articles of Incorporation of said corporation:

TEXT OF RESOLUTION
OF DIRECTORS

"Resolved, That  Section 7 as amended on December 22, 1968 shall be further amended to correct a mistake made at that time and shall read as follows:

Resolved, That membership in subject Not for Profit Corporation, namely The Evangelistic Center, Inc. shall, commencing with the unanimous vote of the entire membership of this Corporation, consist of two (2) classifications as follows:

1. Each and every member of the Class A members shall be entitled to one vote on all matters submitted to the membership for vote, including the election of the Board of Directors of said Corporation.

2. Each and every member of Class B shall be entitled to three votes on all matters submitted to the membership, including the election of the Board of Directors of this Corporation.

No resolution of the Board of Directors approving a new member for admittance to Class B of this corporation shall be approved unless said vote of approval in favor of such proposed new member to Class B shall receive a unanimous vote of the Board of Directors of this Corporation. Any resolution of the Board of Directors concerning the admittance of a member to Class A membership shall only require a resolution approved by the majority vote of the Board of Directors of this Corporation. All members shall be Class A members until and unless they are approved for Class B membership.

(continued)

Certification Number: 2014031804316

CONFIDENTIAL

VNB_071974

The Indiana Secretary of State filing office certifies that this copy is on file in this office.

2. Section 12 shall now read:

"In the event that this Corporation shall cease to operate, its officers and directors shall cause it to be reorganized or merged with the Bethany Children's Home, Inc., Bethany, Kentucky if said corporation shall qualify to do business in Indiana as a foreign not-for-profit corporation."

Page 13 of 46                                                                 Certification Number: 2014031804316

CONFIDENTIAL                                                                 VNB_071975

The Indiana Secretary of State filing office certifies that this copy is on file in this office.

"C"

### ARTICLES OF AMENDMENT
### (Continued)

"Be it further resolved, that this proposed amendment be submitted to a vote of the members entitled to vote thereon at (an) ___Special___

(special or annual)

meeting, to be held on the __17th__ day of __Sept.__ , 19__70__ , at __1100 Circle__ Tower, Indianapolis, Ind. and the secretary is hereby directed to give Notice thereof as required by law. or obtain waiver thereof by absent members.

(B) At the members' meeting, the members entitled to vote in respect of said amendment to the Articles of Incorporation, upon the call and notice required by law, did adopt the above amendment(s) by the affirmative vote of the holders of at least a majority of the members entitled to vote thereon.

In witness whereof the undersigned ___Elwood P. Qualls___ and

(President or Vice-President)

___Inez Henderson___ , respectively, of said corporation have unto

(Secretary or Asst. Secretary)
set their hand and seal this __31st__ day of __October__ , 19__70__ .

(President~~or Vice-President~~)

(Secretary ~~or Asst. Secretary~~)

State of ___INDIANA___ )
) SS:
County of ___MARION___ )

Before me, ___Martha H. Burnett___ , a notary public in and for said county and state, personally appeared __Elwood P. Qualls__ and __Inez Henderson__ well known to me to be the ___President___ and ___Secretary___

(Pres. ~~or Vice-Pres.~~)   (Secretary ~~or Asst. Sec~~)

respectively, of the above named corporation and severally acknowledge the execution of the foregoing Articles of Amendment.

Notary Public

(SEAL)
My commission expires __12-31-72__ .

Certification Number: 2014031804316

CONFIDENTIAL

VNB_071976

The Indiana Secretary of State filing office certifies that this copy is on file in this office.

SS-C 35

## STATE OF INDIANA
## OFFICE OF THE SECRETARY OF STATE

### CERTIFICATE OF AMENDMENT

*477-118 of*

*To Whom These Presents Come, Greeting:*

I, LARRY A CONRAD, *Secretary of State of the State of Indiana, hereby certify that*

### THE EVANGELISTIC CENTER, INC.

*a corporation duly organized and existing under the laws of the State of Indiana, has this day filed in the office of the Secretary of State, Articles of Amendment showing an amendment to the articles of incorporation of said company, in accordance with the Indiana General Not-For-Profit Corporation Act (approved March 7, 1935)* XXXXXXXXXXXX XXXXXXXXXXXXXXXXXXXXX XXXXXXXXXXXXXXXXX XXXXXXXXX XXXXXXXX

*WHEREAS, upon due examination, I find that they conform to law:*

*NOW, THEREFORE, I, LARRY A. CONRAD, Secretary of State, hereby certify that I have this endorsed my approval upon all copies of Articles so presented, and, having received the fees required by law, in the sum of $26.00, have filed one copy of the Articles in this office and returned the remaining copies bearing the endorsement of my approval to the Corporation.*



*In Witness Whereof, I have hereunto set my hand and affixed the seal of the State of Indiana, at the City of Indianapolis, this* .......6th....... *day of*
.......January......., *19*....78

LARRY A. CONRAD, *Secretary of State*

*By* ............................................................
................................................... *Deputy*

Certification Number: 2014031804316

CONFIDENTIAL

VNB_071977

The Indiana Secretary of State filing office certifies that this copy is on file in this office.

A-2-WM--6--47
For Use by a Domestic Not For Profit
Corporation Incorporated or Reorganized
Under 'The Indiana General Not For
Profit Corporation Act", Approved
March 7, 1935

File in Triplicate
Filing Fee $13.00
File One Copy with
County Recorder
When Returned from
Secretary of State

APPROVED
AND
FILED

JAN 2  1979

SECRETARY OF
STATE OF INDIANA

A

ARTICLES OF AMENDMENT

OF THE

ARTICLES OF INCORPORATION

OF

THE EVANGELISTIC CENTER, INC.

LEWIS THOMAS                  and    J. PHILLIP BLAKE
  (President or Vice-President)      (Secretary or Assistant Secretary)
of the above named corporation respectfully show that:

1.  The above named corporation was organized or reorganized

under "The Indiana General Not For Profit Corporation Act",

approved March 7, 1935, on   February 24, 1950
                                        (Date)

2.  The above named corporation upon the proposal of its
board of directors by resolution duly adopted by said board of
directors setting forth the proposed amendment - and directing
that the same be submitted to a vote of the members entitled
to vote in respect thereof at a designated meeting of such
members and upon the adoption thereof by said members at said
meeting as provided by law and as hereinafter more specifically
set out, does hereby, by

Lewis Thomas                 its  President        and  J. Phillip Blake
                                   (Vice-Pres. or Pres.)    (Secy.)
_____         execute and acknowledge the following,
  (Asst. Secy.)
Articles of Amendment of its Articles of Incorporation

Exact Text   3.  (A)
  of
Amendment

Certification Number: 2014031804316

CONFIDENTIAL

The Indiana Secretary of State filing office certifies that this copy is on file in this office.

Section 12 shall now read:  In the event this Corporation shall cease to operate, its officers and directors shall cause it to be reorganized or merged with the Indiana Assembly of the Church of God.

"B"

### ARTICLES OF AMENDMENT
### (continued)

**THE MANNER AND VOTE BY WHICH IT WAS ADOPTED**

The above amendments was/were adopted in the following manner and by the following vote, that is to say:

The Board of Directors of said corporation, at a duly called (re regular meeting)

of said Board held on __October 26, 1977__
                              (Date)

at __3518 Shelby St., Indianapolis__ adopted the
          (place)

Following resolution of articles of amendment of the Articles of Incorporation of said corporation:

**TEXT of RESOLUTION OF DIRECTORS**

"Resolved, That Section 7 of the Articles be amended to read that the members of this Corporation shall consist of the duly elected and qualified Board of Directors of the Indiana Assembly of the Church of God.

RESOLVED, That Section 12 be amended to read that in the event this Corporation shall cease to operate, its officers and directors shall cause it to be reorganized or merged with the Indiana Assembly of the Church of God.

Certification Number: 2014031804316

CONFIDENTIAL

VNB_071979

The Indiana Secretary of State filing office certifies that this copy is on file in this office.

"C"

ARTICLES OF AMENDMENT
(continued)

"Be it further resolved, that this proposed amendment be submitted to a vote of the members entitled to vote thereon at (an)_____quarterly_____
(special or annual)

meeting, to be held on the __1st_ day of _November_, 19_77_, at 1100 W. 42nd St.,

___Indianapolis_____, and the secretary is hereby directed to give
Notice thereof as required by law."

(B) At the members' meeting the members entitled to vote in respect of said amendment to the articles of incorporation, upon the call and notice required by law, did adopt the above amendment (s) by the affirmative vote of the holders of at least a majority of the members entitled to vote thereon.

In witness whereof the undersigned _____Lewis Thomas_____and
                                    (President or Vice-President)

___J. Phillip Blake_____, respectively, of said corporation have unto set
   (Secretary or Assistant Secy)
their hand and seal this __26d_ day of _October_____, 19_77_.

                                    x _____Lewis Thomas_____
                                      (President or Vice President)

                                      _____J. Phillip Blake_____
                                      (Secretary or Assistant Secretary)

State of ___Indiana_____)
                            ) SS:
County of __Marion_____)

Before me, ___Imogene Bredeway___ a notary public in and for said county and

state, personally appeared __Lewis Thomas_____ and _J. Phillip Blake_____

well known to me to be the __Vice-President____ and __Secretary_____
                            Pres. or Vice-Pres.        (Secretary or

_____, respectively, of the above-named corporation and severally
Asst. Secy.)

acknowledged the execution of the foregoing Articles of Amendment.

                                      ____Imogene Bredeway_____
                                      Notary Public

(SEAL)
My commission expires. _December 7, 1977_

Certification Number: 2014031804316

CONFIDENTIAL                                            VNB_071980

The Indiana Secretary of State filing office certifies that this copy is on file in this office.

Form No. 26

## STATE OF INDIANA

### OFFICE OF THE SECRETARY OF STATE

#### SECRETARY OF STATE

AUG 4 1980

MICROFILMED

*To Whom These Presents Come, Greeting:*

WHEREAS, there has been presented to me at this office Articles of

Acceptance in triplicate of

__THE EVANGELISTIC CENTER, INC.__            4177-118 04

under the reorganized corporate name of                    2/24/80

__BETHANY VILLAGE COMMUNITY, INC.__

and said Articles of Acceptance having been prepared and signed in
accordance with

"An Act concerning the provisions of the Indiana Not for
Profit Corporation Act", of 1971.

Whereas, upon due examination, I find that they conform to law:

NOW, THEREFORE, I hereby certify that I have this day endorsed my

approval upon the triplicate copies of Articles so presented, and

having received the fees required by law, in the sum of $ 26.00 ,

have filed one copy of the Articles in this office and returned two

copies bearing the endorsement of my approval to the Corporation.



*In Witness Whereof, I have hereunto set my hand and affixed*

*the seal of the State of Indiana, at the City of Indianapolis,*

this_____25th_____day of

_____July_____, 19__80__

_____
*Secretary of State,*

By_____
*Deputy*

Certification Number: 2014031804316

CONFIDENTIAL

VNB_071981

The Indiana Secretary of State filing office certifies that this copy is on file in this office.

APPROVED
AND
FILED
JUL 25 1980

SECRETARY OF STATE OF IND.

Corporate Form No. 364-3 (November, 1979)
Page One
ARTICLES OF ACCEPTANCE
(Not for Profit)
Prescribed by Edwin J. Simcox
Secretary of State of Indiana
INSTRUCTIONS:
   Use Size 8½ × 11 White Paper for Inserts
   FILING FEE is $26.00
   Filing Requirements — Present 2
   Executed Copies to Secretary of State
   General Requirements — "Not-for-Profit"
   means that the corporation shall not
   engage in any activities for the pecuniary
   gain of its members.

## ARTICLES OF ACCEPTANCE
## OF

### THE EVANGELISTIC CENTER, INC.

The undersigned officers of .The Evangelistic Center, Inc.
(hereinafter referred to as the "Corporation"), desiring to give Notice of corporate action effectuating acceptance by the Corporation of the provisions of the Indiana Not-For-Profit Corporation Act of 1971 (hereinafter referred to as the "Act"), certify the following facts:

### ARTICLE A
### Name

The name of the Corporation prior to the filing of these Articles is: . . . . . . . . . . . . . . .

. . . . . . . The Evangelistic Center, Inc. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### ARTICLE B
### Principal Office and Resident Agent

The post office address of the principal office of the Corporation is

| 3554 Shelby Street | Indianapolis | Indiana | 46227 |
|---|---|---|---|
| (Number and Street or Building) | (City) | (State) | (Zip Code) |

and the name and post office address of its Resident Agent is

| Francis E. Jolliff | 3554 Shelby Street | Indianapolis | 46227 |
|---|---|---|---|
| (Name) | (Number and Street or Building) | (City) Indiana | (Zip Code) |

State Form 39072

Certification Number: 2014031804316

CONFIDENTIAL

VNB_071982

The Indiana Secretary of State filing office certifies that this copy is on file in this office.

Corporate Form No. 364-3  Page Two

### ARTICLE C
#### Date of Incorporation

The date of the incorporation of the Corporation was  . . February 24, 1950 . . . . . . . . . .

### ARTICLE D
#### Statute Under Which Organized

The Statute under which the Corporation was organized is  . Acts of 1935, Ch, 157 . . . . .

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

approved by the General Assembly of the State of Indiana ᵒⁿ  in 1935, . . . . . . . . . . . . . . .

. . . . . . . . . . . . , x̶ɵ̶x̶ . . . . , and various statutes amendatory thereof and supplementary thereto.

### ARTICLE E
#### Acceptance of Act

The Corporation hereby accepts all of the terms and provisions of THE ACT.

### ARTICLE F
#### Restatement of Articles

(Articles of Incorporation must be COMPLETELY restated. The name of the Corporation must include the word "incorporated" or "corporation" or an abbreviation thereof.)

The Corporation hereby restates the provisions of its Articles of Incorporation as follows:

See attached Articles of Incorporation of Bethany Village Community, Inc.

(Attach "Riders" to provide adequate space)

Certification Number: 2014031804316

CONFIDENTIAL

VNB_071983

The Indiana Secretary of State filing office certifies that this copy is on file in this office.

ARTICLES OF INCORPORATION OF

"BETHANY VILLAGE COMMUNITY, INC."

The undersigned officers of the Corporation hereby restate the provisions of its Articles of Incorporation and concurrently herewith amend the Articles in respects which are authorized under the Indiana Not-For-Profit Corporation Act of 1971, (hereinafter referred to as the "Act").

ARTICLE I

Name

The name of the Corporation is "BETHANY VILLAGE COMMUNITY, INC."

ARTICLE II

Purposes

The purposes for which the Corporation is formed are:

2.1  This Corporation is organized and is to be operated exclusively for religious and charitable purposes, in accordance with Section 501(c)(3) of the Internal Revenue Code of 1954, or similar provisions in any subsequent Internal Revenue Code as an agency of the Indiana Assembly of the Church of God.

2.2  This corporation is organized and is to be operated exclusively to carry out the reconciling ministry of the Indiana Assembly of the Church of God by performing certain of its functions and purposes in establishing, supporting, maintaining and operating a nursing home for the care of the aging and infirm persons in comfort and security in their declining years, and to do such other things as may be necessary and convenient in carrying out this ministry of the Church, the members of the Church congregation, the beneficiaries of such ministry to be retired, superannuated and disabled ministers and missionaries, their widows and such other persons in the community, without discrimination as to sect, race or color, as the Board of Directors may consider to be in the need of its services, it being recognized that in providing and operating a home for the worthy aged and infirmed persons in and of itself constitutes a charitable purpose as an exempt organization under Section 501(c)(3) of the Internal Revenue Code of 1954.

Page 22 of 46                                          Certification Number: 2014031804316

CONFIDENTIAL                                          VNB_071984

The Indiana Secretary of State filing office certifies that this copy is on file in this office.

2.3   To demonstrate and manifest God's love for His children, and their love for each other, in the human community where He called them to serve as agents of His reconciliation.

2.4   None of the net earnings of the corporation shall inure to the benefit or profit of any of its members, Board of Directors or officers, nor shall it engage in any activities for the purpose of or resulting in a pecuniary profit or benefit to its members, but this provision shall not be deemed to prevent reasonable compensation to members, directors or officers for services actually rendered; and the corporation shall not engage in, nor shall any of its funds or property be used in carrying on propaganda or otherwise attempting to influence legislation, nor shall the corporation participate in or intervene in any political campaign on behalf of any candidate for public office.

2.5   No substantial part of the activities of the corporation shall be the carrying on of propaganda or otherwise attempting to influence legis-lation.  The corporation shall not participate in or intervene in (including the publishing or distribution of statements) any political campaign on behalf of any candidate for public office.  Notwithstanding any of the provisions of these Articles of Incorporation, the corporation shall not carry on any activities not otherwise permitted to be carried on by a corporation exempt from federal income tax under Section 501(c)(3) of the Internal Revenue Code of 1954 or the corresponding provisions of any future United States Internal Revenue law, nor by a corporation, contributions to which are deductible under Section 170(c)(2) of the Internal Revenue Code of 1954 or the corresponding provisions of any future United States Internal Revenue law.

ARTICLE III

Period of Existence

The period during which the Corporation shall continue is perpetual.

ARTICLE IV

Resident Agent and Principal Office

4.1   Resident Agent.  The name and address of the resident agent in charge of the Corporation's principal office is Francis E. Jolliff, 3554 Shelby Street, Indianapolis, Indiana  46227.

4.2   Principal Office.  The post office address of the principal office of the Corporation is 3554 Shelby Street, Indianapolis, Indiana  46227.

2.

Certification Number: 2014031804316

CONFIDENTIAL     VNB_071985

The Indiana Secretary of State filing office certifies that this copy is on file in this office.

## ARTICLE V

### Membership

5.1 <u>Classes</u>. There shall be one (1) class of membership, namely: the members of this Corporation shall be the duly elected Directors of the Indiana Assembly of the Church of God whose principal office is now located at 3554 Shelby Street, Indianapolis, Indiana 46227.

5.2 <u>Voting Rights</u>. Each member entitled to vote shall be entitled to one (1) vote upon each matter submitted to a vote at a meeting of the members.

## ARTICLE VI

### Directors

6.1 <u>Number of Directors</u>. The initial Board of Directors is composed of seven (7) members. If the exact number of Directors is not stated, the minimum number shall be three (3) and the maximum number shall be sixteen (16), the exact number of Directors to be as prescribed from time to time in the By-Laws of the Corporation: AND PROVIDED FURTHER THAT UNDER NO CIRCUMSTANCES SHALL THE MINIMUM NUMBER BE LESS THAN THREE (3).

6.2 <u>Names and Post Office Addresses of the Directors</u>. The name and post office addresses of the initial Board of Directors are:

Francis E. Jolliff
3554 Shelby Street
Indianapolis, Indiana 46227

Dennis Cole
254 Citizens Bank Building
Anderson, Indiana 46016

Juanita Leonard
2815 East 62nd Street
Indianapolis, Indiana 46220

Larry Metz
8134 Topaz
Indianapolis, Indiana 46227

Dr. Guy Perry, Jr.
825 Tipton Lane
Columbus, Indiana 47201

Maurice Stout
1220 Waterway Boulevard
Indianapolis, Indiana 46202

3.

Certification Number: 2014031804316

CONFIDENTIAL

VNB_071986

The Indiana Secretary of State filing office certifies that this copy is on file in this office.

Emmitt Whalen
18 North Lansdown Way
Anderson, Indiana  46012

## ARTICLE VII

### Incorporator

(Not applicable since these are amendments to the original Articles of Incorporation of the Corporation.)

## ARTICLE VIII

### Statement of Property

(Not applicable since these are amendments to the original Articles of Incorporation of the Corporation.)

## ARTICLE IX

### Provisions for Regulation and Conduct of the Affairs of the Corporation

9.1  Admission to the Nursing Home.  The Board of Directors may from time to time adopt and may amend rules governing admission to residency in the nursing home.  Admission requirements shall be without discrimination as to race, creed, sect, color or sex.

9.2  Annual Meeting of Members.  The annual meeting of the members of the Corporation shall be held during the month of November in each year.

9.3  Meetings of Board of Directors.  The Board of Directors of the Corporation shall hold an annual meeting immediately after termination of the Membership meeting, and may hold such other regular or special meetings as set forth in the By-Laws of the Corporation.

9.4  Seal.  This Corporation shall have no seal unless determined otherwise by the Board of Directors.

9.5  Dissolution.  In the event of dissolution of the Corporation, the funds remaining after paying or making provision for payment of all liabilities of the Corporation and provision for the performance of contracts with the persons still residing in the nursing home, shall be paid over and distributed to the Indiana Assembly of the Church of God or in the discretion of the Board of Directors and with the approval of the aforesaid Indiana Assembly of the Church of God, or its successors, disposed of and paid over exclusively for the purposes of the Corporation to such organization or oganizations organized and operated exclusively for charitable,

4.

Certification Number: 2014031804316

CONFIDENTIAL

VNB_071987

The Indiana Secretary of State filing office certifies that this copy is on file in this office.

educational, religious or scientific purposes as shall at the time qualify as an exempt organization or organizations under Section 501(c)(3) of the Internal Revenue Code of 1954, or the corresponding provisions of any future United States Internal Revenue law, or in the absence of any such disposition, paid over and escheat to the State of Indiana.

The undersigned, being one or more officers of the Corporation, do hereby adopt these Articles of Incorporation as the amended and restated Articles of Bethany Village Community, Inc., representing to the Secretary of State of the State of Indiana and all persons whom it may concern that a membership list or lists of the above named Corporation for which a Certificate of Acceptance is hereby applied for, have heretofore been opened in accordance with the law and that at least three (3) persons have signed such membership list.

IN WITNESS WHEREOF, We, the undersigned, do hereby execute these amended and restated Articles of Incorporation and certify the truth of the facts herein stated this ___//___ day of June, 1980.

_____
(Written Signature)

Francis E. Jolliff, President
(Printed Signature and Title)

_____
(Written Signature)

Juanita Leonard, Secretary
(Printed Signature and Title)

STATE OF INDIANA )
                 ) SS:
COUNTY OF MARION )

Before me, ___Lucille B. Smith_____, a Notary Public in and for said County and State, personally appeared FRANCIS E. JOLLIFF, President, and JUANITA LEONARD, Secretary, of Bethany Village Community, Inc. and acknowledged the execution of the foregoing Articles of Incorporation as the amended and restated Articles of Incorporation.

WITNESS my hand and Notarial Seal this ___//___ day of June, 1980.

My Commission Expires:
___9/28/83___                                        Notary Public

County of Residence:                          Lucille B. Smith
___Marion___                                  (Printed Signature)

This instrument was prepared by Rex P. Killian, HALL, RENDER & KILLIAN, 3921 North Meridian Street, Suite 200, Indianapolis, Indiana 46208.

5.

Certification Number: 2014031804316

CONFIDENTIAL                                                    VNB_071988

The Indiana Secretary of State filing office certifies that this copy is on file in this office.

Corporate Form No. 364-3 Page Three

## ARTICLE G
### Membership Vote Upon Resolution of the Board of Directors

Section 1. Action by Members

(a) The Members of the Corporation entitled to vote in respect of such Articles of Acceptance, at a meeting thereof, duly called, constituted and held on ....... November 6, ..................... 19 79..., at which a quorum of such members was present in person adopted such Articles of Acceptance.

(b) The number of members entitled to vote in respect of such Articles of Acceptance, the Members voting in favor of the adoption of such Articles of Acceptance, and the Members voting against such adoption, are as follows:

#### TOTAL

Members entitled to vote: . . . 16 . . . . . . . .

Members voted in favor: . . . 16 . . . . . . . .

Members voted against: . . . . 0 . . . . . . . .

Section 2. Compliance with Legal Requirements.

The manner of the adoption of such Articles of Acceptance, and the vote by which they were adopted, constitute full legal compliance with the provisions of the Act, the Articles of Incorporation, and the By-Laws of the Corporation.

IN WITNESS WHEREOF, the undersigned officers execute these Articles of Acceptance, and certify to the truth of the facts herein stated, this ... 11 .... day of .. July ....... , 19 80 ..

_Francis E. Jolliff_
(Written Signature)

Francis E. Jolliff
PRESIDENT ~~XXXXXXXXXX~~
(Printed Signature)

_Juanita Leonard_
(Written Signature)

Juanita Leonard
SECRETARY ~~XXXXXXXXXXXXXX~~
(Printed Signature)

Certification Number: 2014031804316

CONFIDENTIAL

VNB_071989

The Indiana Secretary of State filing office certifies that this copy is on file in this office.

Corporate Form No. 364-3  Page Four

## NOTARY ACKNOWLEDGEMENT

STATE OF INDIANA

SS:

COUNTY OF  . MARION . . . . ,

I, the undersigned, a Notary Public duly commissioned to take acknowledgements and administer oaths in the State of Indiana. certify that

. . . . . . . . . . . . . . . . Francis E. Jolliff . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . the _____ President

and . . . . . . . . . . . . Juanita Leonard . . . . . . . . . . . . . . . . . . . . . . . . . . . . . the _____ Secretary

of  . . . . . . The Evangelistic Center, Inc. . . . . . . . . . . . . . . . . . . . . . . . . . . .

the officers executing the foregoing Articles of Acceptance, personally appeared before me; acknowledged the execution thereof; and swore to the truth of the facts therein stated.

Witness my hand and Notarial Seal this  . . . . . . . 11. . . day of  . July . . . . ., 19 80 . .

Notary Seal
Required

Lucille A. Smith, Notary Public  (Written Signature)
My Commission Expires Sept. 23, 1983  Lucille B. Smith . . . . .
County of Residence  Marion  (Printed Signature)

Notary Public . , .

My county of residence is:

. Marion . . . . . . . . .

My Commission Expires:

. . 9/28/83 . . . . . . . . .

This instrument was prepared by  . Rex P. Killian, HALL, RENDER & KILLIAN . . . . . . . . . . ,
                                                          (Name)

3921 North Meridian St, #200 . . . Indianapolis . . . . . Indiana . . . . . . . . . 46208 . . .
(Number and Street or Building)        (City)              (State)              (Zip Code)

Certification Number: 2014031804316

CONFIDENTIAL

VNB_071990

The Indiana Secretary of State filing office certifies that this copy is on file in this office.

*4177 - 118*

STATE OF INDIANA
OFFICE OF THE SECRETARY OF STATE

ARTICLES OF AMENDMENT

To Whom These Presents Come, Greeting:

WHEREAS, there has been presented to me at this office, Articles of Amendment for:

BETHANY VILLAGE COMMUNITY INC

and said Articles of Amendment have been prepared and signed in accordance with the provisions of the

laws of Indiana,

as amended.

The name of the corporation is amended as follows:

BETHANY VILLAGE MINISTRIES, INC.

NOW, THEREFORE, I, EVAN BAYH, Secretary of State of Indiana, hereby certify that I have this day filed said articles in this office.

The effective date of these Articles of Amendment is July     28, 1988.

In Witness Whereof, I have hereunto set my hand and affixed the seal of the State of Indiana, at the City of Indianapolis, this Twenty-eighth day of July     , 1988

_____
EVAN BAYH, Secretary of State

By_____
                                    Deputy

Certification Number: 2014031804316

CONFIDENTIAL

VNB_071991

The Indiana Secretary of State filing office certifies that this copy is on file in this office.



**ARTICLES OF AMENDMENT TO THE ARTICLES OF INCORPORATION**
State Form 4151R3/Corporate Form No. 384-2 (August 1984)
Articles of Amendment (Amending Individual Articles Only) NOT-FOR-PROFIT
Prescribed by Edwin J. Simcox, Secretary of State of Indiana

$4177-118$

Instructions: Present 2 Executed Copies to:

SECRETARY OF STATE
Room 155, State House
Indianapolis, Indiana 46204

FILED

FILING FEE IS $26.00

ARTICLES OF AMENDMENT
TO THE
ARTICLES OF INCORPORATION
OF

SECRETARY OF   STATE OF INDIANA

BETHANY VILLAGE COMMUNITY, INC.

The undersigned officers of

BETHANY VILLAGE COMMUNITY, INC.

(hereinafter referred to as the "Corporation") existing pursuant to the provisions of:
(check appropriate box)

☒ The Indiana Not-For-Profit Corporation      ☐ Indiana General Not-For-Profit Corporation Act (approved March 7, 1935)
Act of 1971 (I.C. 23-7-1.1), as amended

(hereinafter referred to as the "Act") desiring to give notice of corporate action effectuating amendment to its Articles of Incorporation
certify the following facts:

| ARTICLE I Amendment(s) |
| --- |

SECTION 1 The date of incorporation of the corporation is:
July 25, 1980

SECTION 2 The name of the corporation following this amendment to the Articles of Incorporation is:
Bethany Village Ministries, Inc.

SECTION 3

The exact text of Article(s)   1, 2.2, 9   of the Articles of Incorporation is now as follows.

~See Addendum~

Certification Number: 2014031804316

CONFIDENTIAL

VNB_071992

The Indiana Secretary of State filing office certifies that this copy is on file in this office.

---

**ARTICLE II Manner of Adoption and Vote**

**SECTION 1 Action by Directors**

The Board of Directors of the Corporation duly adopted a resolution proposing to amend the terms and provisions of

Article(s) __1, 2.2, 9__ of the Articles of Incorporation and directing a meeting of the members,

to be held on __February 2, 1988__ , allowing such members to vote on the proposed amendment.

The resolution was adopted by: *(select appropriate paragraph)*
(a) Vote of the Board of Directors at a meeting held on __January 15__ ,19 __88__ ,
at which a quorum of such Board was present.

(b) Written consent executed on _____ ,19 _____ , and signed by all members of the
Board of Directors.

**SECTION 2 Action by Members**

The members of the corporation entitled to vote in respect to the Articles of Amendment adopted the proposed Amendment.

The proposed Amendment was adopted by: *(select appropriate paragraph)*

(a) Vote of such members during the meeting as called by the Board of Directors. The result of such vote is as follows:

|  | TOTAL |
|---|---|
| MEMBERS ENTITLED TO VOTE: | 17 |
| MEMBERS VOTED IN FAVOR: | 17 |
| MEMBERS VOTED AGAINST: | 0 |

(b) Written consent executed on _____ , 19 _____ , and signed by all such members.

**SECTION 3 Compliance with legal requirements**

The manner of the adoption of the Articles of Amendment and the vote by which they were adopted constitute full legal compliance with the provisions of the Act, the Articles of Incorporation, and the By-Laws of the Corporation.

I hereby verify subject to penalties or perjury that the facts contained herein are true.

| Current Officer's Signature | Officer's Name Printed |
|---|---|
| *O. W. Dickinson* | O. W. Dickinson |
| **Officer's Title** | |
| Executive Vice-President | |

---

Certification Number: 2014031804316

CONFIDENTIAL

VNB_071993

The Indiana Secretary of State filing office certifies that this copy is on file in this office.

ARTICLES OF INCORPORATION OF

"BETHANY VILLAGE MINISTRIES, INC."

FILED

SECRETARY OF STATE OF INDIANA

The undersigned officers of the Corporation hereby restate the provisions of its Articles of Incorporation and concurrently herewith amend the Articles in respects which are authorized under the Indiana Not-For-Profit Corporation Act of 1971, (hereinafter referred to as the "Act").

## ARTICLE I

### Name

The name of the Corporation is "Bethany Village Ministries, Inc."

## ARTICLE II

### Purposes

The purposes for which the Corporation is formed are:

2.1 This corporation is organized and is to be operated exclusively for religious and charitable purposes, in accordance with Section 501(c)(3) of the Internal Revenue Code of 1954, or similar provisions in any subsequent Internal Revenue Code as an agency of the Indiana Association of the Church of God.

2.2 This corporation is organized and is to be operated exclusively to carry out the reconciling ministry of the Indiana Association of the Church of God by performing certain of its functions and purposes in establishing, supporting, maintaining and operating ministries for the care of the aging and infirm persons in comfort and security in their declining years, and to do such other things as may be necessary and convenient in carrying out this ministry of the Church. The beneficiaries of such ministry are to be retired, superannuated and disabled ministers and missionaries, their widows and such other persons in the community, without discrimination as to sect, race or color, as the Board of Directors may consider to be in the need of its services, it being recognized that in providing and operating a home for the worthy aged and infirm persons in and of itself constitutes a charitable purpose as an exempt organization under Section 501 (c)(3) of the Internal Revenue Code of 1954.

Certification Number: 2014031804316

CONFIDENTIAL

VNB_071994

The Indiana Secretary of State filing office certifies that this copy is on file in this office.

2.3  To demonstrate and manifest God's love for His children, and their love for each other, in the human community where He called them to serve as agents of His reconciliation.

2.4  None of the net earnings of the corporation shall inure to the benefit or profit of any of its members, Board of Directors or officers, nor shall it engage in any activities for the purpose of or resulting in a pecuniary profit or benefit to its members, but this provision shall not be deemed to prevent reasonable compensation to members, directors or officers for services actually rendered; and the corporation shall not engage in, nor shall any of its funds or property be used in carrying on propaganda or otherwise attempting to influence legislation, nor shall the corporation participate in or intervene in any political campaign on behalf of any candidate for public office.

2.5  No substantial part of the activities of the corporation shall be the carrying on of propaganda or otherwise attempting to influence legis- lation.  The corporation shall not participate in or intervene in (including the publishing or distribution of statements) any political campaign on behalf of any candidate for public office.  Notwithstanding any of the provisions of these Articles of Incorporation, the corporation shall not carry on any activities not otherwise permitted to be carried on by a corporation exempt from federal income tax under Section 501 (c)(3) of the Internal Revenue Code of 1954 or the corresponding provisions of any future United States Internal Revenue law, nor by a corporation, contributions to which are deductible under Section 170 (c)(2) of the Internal Revenue Code of 1954 or the corresponding provisions of any future United States Internal Revenue law.

### ARTICLE III

#### Period of Existence

The period during which the Corporation shall continue is perpetual.

### ARTICLE IV

#### Resident Agent and Principal Office

4.1  Resident Agent.  The name and address of the resident agent in charge of the Corporation's principal office is Francis E. Jolliff, 3554 Shelby Street, Indianapolis, Indiana 46227.

4.2  Principal Office.  The post office address of the principal office of the Corporation is 3554 Shelby Street, Indianapolis, Indiana 46227.

-2-

Page 33 of 46                                                    Certification Number: 2014031804316

CONFIDENTIAL                                                          VNB_071995

The Indiana Secretary of State filing office certifies that this copy is on file in this office.

## ARTICLE V

### Membership

5.1 **Classes.** There shall be one (1) class of membership, namely: the members of this Corporation shall be the duly elected Directors of the Indiana Association of the Church of God whose principal office is now located at 3554 Shelby Street, Indianapolis, Indiana 46227.

5.2 **Voting Rights.** Each member entitled to vote shall be entitled to one (1) vote upon each matter submitted to a vote at a meeting of the members.

## ARTICLE VI

### Directors

6.1 **Number of Directors.** The initial Board of Directors is composed of seven (7) members. If the exact number of Directors is not stated, the minimum number shall be three (3) and the maximum number shall be sixteen (16), the exact number of Directors to be as prescribed from time to time in the By-Laws of the Corporation: AND PROVIDED FURTHER THAT UNDER NO CIRCUMSTANCES SHALL THE MINIMUM NUMBER BE LESS THAN THREE (3).

6.2 **Names and Post Office Addresses of the Directors.** The name and post office addresses of the initial Board of Directors are:

Francis E. Jolliff
3554 Shelby Street
Indianapolis, Indiana 46227

Dennis Cole
254 Citizens Bank Building
Anderson, Indiana 46016

Juanita Leonard
2815 East 62nd Street
Indianapolis, Indiana 46220

Larry Metz
8134 Topaz
Indianapolis, Indiana 46227

Dr. Guy Perry, Jr.
825 Tipton Lane
Columbus, Indiana 47201

Maurice Stout
1220 Waterway Boulevard
Indianapolis, Indiana 46202

-3-

Certification Number: 2014031804316

CONFIDENTIAL                                                    VNB_071996

The Indiana Secretary of State filing office certifies that this copy is on file in this office.

Emmitt Whalen
18 North Lansdown Way
Anderson, Indiana 46012

## ARTICLE VII

### Incorporator

(Not applicable since these are amendments to the original Articles of Incorporation of the Corporation.)

## ARTICLE VIII

### Statement of Property

(Not applicable since these are amendments to the original Articles of Incorporation of the Corporation.)

## ARTICLE IX

### Provisions for Regulation and Conduct of the Affairs of the Corporation

9.1 Annual Meeting of Members. The Annual Meeting of the members of the Corporation shall be held during the month of November in each year.

9.2 Meetings of the Board of Directors. The Board of Directors of the Corporation shall hold an Annual Meeting immediately after termination of the Membership Meeting, and may hold such other regular or special meetings as set forth in the By-Laws of the Corporation.

9.3 Seal. This Corporation shall have no seal unless determined otherwise by the Board of Directors.

9.4 Dissolution. In the event of dissolution of the Corporation, the funds remaining after paying or making provision for payment of all liabilities of the Corporation shall be paid over and distributed to the Indiana Association of the Church of God or in the discretion of the Board of Directors and with the approval of the aforesaid Indiana Association of the Church of God, or its successors, disposed of and paid over exclusively for the purposes of the Corporation to such organization or organizations organized and operated exclusively for charitable, educational, religious or scientific purposes as shall at the time qualify as an exempt organization or organizations under Section 501(c)(3) of the Internal Revenue Code of 1954, or the corresponding provisions of any future United States Internal Revenue law, or in the absence of any such disposition, paid over and escheat to the State of Indiana.

The undersigned, being one or more officers of the Corporation, do hereby adopt these Articles of Incorporation as the amended and restated Articles of Bethany Village Ministries, Inc., representing to the Secretary of State of the State of Indiana and all persons whom it may concern that a membership list or lists of the above named Corporation for which a Certificate of Acceptance is

-4-

Certification Number: 2014031804316

CONFIDENTIAL

VNB_071997

The Indiana Secretary of State filing office certifies that this copy is on file in this office.

hereby applied for, have heretofore been opened in accordance with the law and that at least three (3) persons have signed such membership list.

IN WITNESS WHEREOF, We, the undersigned, do hereby execute these amended and restated Articles of Incorporation and certify the truth of the facts herein stated this __26__ day of __July__, 1988.

*Maurice Stout*
(Written Signature)

____MAURICE STOUT, PRESIDENT____,
(Printed Signature and Title)

*Sterling Carr*
(Written Signature)

____STERLING CARR, SECRETARY____.
(Printed Signature and Title)

STATE OF INDIANA )
                 ) SS:
COUNTY OF MARION )

Before me, __Donald K Smith__, a Notary Public in and for said County and State, personally appeared Maurice Stout, President and Sterling Carr, Secretary, of Bethany Village Ministries, Inc. and acknowledged the execution of the foregoing Articles of Incorporation as the amended and restated Articles of Incorporation.

WITNESS my hand and Notarial Seal this __26__ day of __July__, 1988.

My Commission Expires:

__11-15-91__

*Donald K. Smith*
Notary Public

County of Residence:

__Madison__

*Donald K. Smith*
(Printed Signature)

(This instrument was prepared by O. W. Dickinson.)

Certification Number: 2014031804316

CONFIDENTIAL

VNB_071998

The Indiana Secretary of State filing office certifies that this copy is on file in this office.

### State of Indiana
### Office of the Secretary of State

ARTICLES OF AMENDMENT

of

**BETHANY VILLAGE MINISTRIES, INC.**

I, SUE ANNE GILROY, Secretary of State of Indiana, hereby certify that Articles of Amendment of the above  Non-Profit Domestic Corporation have been presented to me at my office, accompanied by the fees prescribed by law and that the documentation presented conforms to law as prescribed by the provisions of the Indiana Nonprofit Corporation Act of 1991.

The name following said transaction will be:

**BVM MANAGEMENT, INC.**

NOW, THEREFORE, with this document I certify that said transaction will become effective Thursday, December 21, 2000.



In Witness Whereof, I have caused to be affixed my signature and the seal of the State of Indiana, at the City of Indianapolis, December 21, 2000.

*Sue Anne Gilroy*

SUE ANNE GILROY,
SECRETARY OF STATE

194177-118 / 2000122268892

Certification Number: 2014031804316

CONFIDENTIAL

VNB_071999

The Indiana Secretary of State filing office certifies that this copy is on file in this office.

## ARTICLES OF AMENDMENT TO THE ARTICLES OF INCORPORATION (NONPROFIT)

State Form 4161 (R9 / 11-88) / Corporate Form No. 384-2 (May 1988)
Approved by State Board of Accounts 1995

194177-118

**INSTRUCTIONS:** Use 8 1/2" x 11" white paper for inserts.
Present original and two (2) copies to address in upper right corner of this form.
Please TYPE or PRINT.
Upon completion of filing the Secretary of State will issue a receipt.

SUE ANNE GILROY
SECRETARY OF STATE
CORPORATIONS DIVISION
302 W. Washington St., Rm. E018
Indianapolis, IN 46204
Telephone: (317) 232-6576

Indiana Code 23-17-17-1 et seq.
FILING FEE: $30.00

RECEIVED
DEC 21  12  19
SUE ANNE GILROY

### ARTICLES OF AMENDMENT
### TO THE
### ARTICLES OF INCORPORATION

APPROVED
AND
FILED
IND. SECRETARY OF STATE

The undersigned officer of the Nonprofit Corporation named in Article I below (hereinafter referred to as the "Corporation") desiring to give notice of corporate action effectuating Amendment(s) to the Articles of Incorporation, certifies the following facts:

This Corporation exists pursuant to: (check appropriate box)

☐ The Indiana Not-For-Profit Corporation Act of 1971 (IC 23-7-1.1) as amended.

☒ Indiana General Not-For-Profit Corporation Act (approved March 7, 1935)

☐ Indiana Nonprofit Corporation Act of 1991 (IC 23-17-1) as amended

### ARTICLE 1 - Amendment(s)

**SECTION 1:** The name of the Corporation is:
Bethany Village Ministries, Inc.

**SECTION 2:** The date of incorporation of the Corporation is:
February 24, 1950

**SECTION 3:** The name of the Corporation following this amendment to the Articles of Incorporation is:
BVM Management, Inc.

**SECTION 4**

The exact text of Article(s) _____1_____ of the Articles of Incorporation is now as follows.

The Name of the Corporation is BVM Management, Inc.

**SECTION 5**

The date of adoption of the amendment to the Article(s) _____ was ___December 20___, 20_00_

Page 38 of 46

Certification Number: 2014031804316

CONFIDENTIAL

The Indiana Secretary of State filing office certifies that this copy is on file in this office.

| ARTICLE II - Manner of Adoption and Vote |
|---|
| **SECTION 1: Action by Board of Directors** |

The Board of Directors duly adopted a resolution proposing to amend the Article(s) of Incorporation: (*select one*)

☐ At a meeting held on _____, 20 _____, at which a quorum of such Board was present.

☐ By written consent executed on _____, 20 _____, and signed by all members of such Board.

**SECTION 2: Action by members**

**IF APPROVAL OF MEMBERS WAS NOT REQUIRED:**

The Amendment(s) were approved by a sufficient vote of the Board of Directors or Incorporators and approval of members was not required.
☒ Yes   ☐ No

The Amendment(s) were approved by a person other than the members, and that approval pursuant to Indiana Code 23-17-17-1 was obtained.
☐ Yes   ☐ No

| IF APPROVAL OF MEMBERS WAS REQUIRED: | TOTAL | MEMBERS OR DELEGATES ENTITLED TO VOTE AS A CLASS | | |
|---|---|---|---|---|
| | | 1 | 2 | 3 |
| MEMBERS OR DELEGATES ENTITLED TO VOTE | | | | |
| MEMBERS OR DELEGATES VOTED IN FAVOR | | | | |
| MEMBERS OR DELEGATES VOTED AGAINST | | | | |

☒ The manner of the adoption of the Articles of Amendment and the vote by which they were adopted constitute full legal compliance with the provisions of the Act, the Articles of Incorporation, and the By-Laws of the Corporation.

I hereby verify, subject to penalties of perjury, that the facts contained herein are true.

| Signature of current Officer | Printed name of Officer |
|---|---|
| *[signature]* | Dwight Hargett |
| Title of Officer | |
| President | |

Certification Number: 2014031804316

CONFIDENTIAL                                             VNB_072001

The Indiana Secretary of State filing office certifies that this copy is on file in this office.



**ARTICLES OF AMENDMENT TO THE ARTICLES OF INCORPORATION (NONPROFIT)**
State Form 4161 (R10 / 1-03) / Corporate Form No. 364-2 (May 1988)
Approved by State Board of Accounts 1995

**INSTRUCTIONS:** Use 8 1/2" x 11" white paper for attachments.
Present original and one copy to address in upper right corner of this form.
Please TYPE or PRINT.
Please visit our office on the web at www.sos.in.gov.

INDIANA SECRETARY OF STATE
RECEIVED
2009 OCT -5 PM 3: 49

TODD ROKITA
SECRETARY OF STATE
CORPORATIONS DIVISION
302 W. Washington St., Rm. E018
Indianapolis, IN 46204
Telephone: (317) 232-6576
Indiana Code 23-17-17-1 et seq.
FILING FEE: $30.00

**ARTICLES OF AMENDMENT
TO THE
ARTICLES OF INCORPORATION**

Indiana Secretary of State
Packet: 194177-118
Filing Date: 10/05/2009
Effective Date: 10/05/2009

The undersigned officer of the Nonprofit Corporation named in Article I below (hereinafter referred to as the "Corporation") desiring to give notice of corporate action effectuating Amendment(s) to the Articles of Incorporation, certifies the following facts:

This Corporation exists pursuant to: (check appropriate box)

☐ The Indiana Not-For-Profit Corporation Act of 1971 (IC 23-7-1.1) as amended.

☒ Indiana General Not-For-Profit Corporation Act (approved March 7, 1935)

☐ Indiana Nonprofit Corporation Act of 1991 (IC 23-17-1) as amended

APPROVED
AND
FILED

*Todd Rokita*

SECRETARY OF STATE

**ARTICLE I – Amendment(s)**

SECTION 1: The name of the Corporation is:
BVM Management, Inc.

SECTION 2: The date of incorporation of the Corporation is:
2/24/50

SECTION 3: The name of the Corporation following this amendment to the Articles of Incorporation is:
BVM Management, Inc.

**SECTION 4**

The exact text of Article(s) _____ of the Articles of Incorporation is now as follows:

SEE EXHIBIT "A," ATTACHED HERETO, INCORPORATED HEREIN AND MADE A PART HEREOF.

**SECTION 5**

The date of adoption of the amendment to the Article(s) _____ was ___8/31/_____ , 20 09

CONFIDENTIAL                                                                              VNB_072002

The Indiana Secretary of State filing office certifies that this copy is on file in this office.

| ARTICLE II - Manner of Adoption and Vote | | | | |
|---|---|---|---|---|
| **SECTION 1: Action by Board of Directors** | | | | |

The Board of Directors duly adopted a resolution proposing to amend the Article(s) of Incorporation: (select one)

☐ At a meeting held on _____, 20 _____, at which a quorum of such Board was present.

☒ By written consent executed on _____ **August 31** _____, 20 **09**___, and signed by all members of such Board.

**SECTION 2: Action by members**

**IF APPROVAL OF MEMBERS WAS NOT REQUIRED:**

The Amendment(s) were approved by a sufficient vote of the Board of Directors or incorporators and approval of members was not required.
☒ Yes   ☐ No

The Amendment(s) were approved by a person other than the members, and that approval pursuant to Indiana Code 23-17-17-1 was obtained.
☐ Yes   ☐ No

**Indiana Secretary of State**
Packet: 194177-118
Filing Date: 10/05/2009
Effective Date: 10/05/2009

| IF APPROVAL OF MEMBERS WAS REQUIRED: | TOTAL | MEMBERS OR DELEGATES ENTITLED TO VOTE AS A CLASS | | |
|---|---|---|---|---|
| | | 1 | 2 | 3 |
| MEMBERS OR DELEGATES ENTITLED TO VOTE | 7 | | | |
| MEMBERS OR DELEGATES VOTED IN FAVOR | 7 | | | |
| MEMBERS OR DELEGATES VOTED AGAINST | | | | |

☒ The manner of the adoption of the Articles of Amendment and the vote by which they were adopted constitute full legal compliance with the provisions of the Act, the Articles of Incorporation, and the By-Laws of the Corporation.

I hereby verify, subject to penalties of perjury, that the facts contained herein are true.

| Signature of current Officer | Printed name of Officer |
|---|---|
| W. Allen Hancock | W. Allen Hancock |
| Title of Officer | |
| Assistant Asset Restructure Officer and Secretary | |

Certification Number: 2014031804316

CONFIDENTIAL

VNB_072003

The Indiana Secretary of State filing office certifies that this copy is on file in this office.

Indiana Secretary of State
Packet: 194177-118
Filing Date: 10/05/2009
Effective Date: 10/05/2009

## AMENDED AND RESTATED
## ARTICLES OF INCORPORATION

The Corporation hereby restates the provisions of the Articles of Incorporation and concurrently herewith amend the Articles in respects which are authorized under the Indiana General Not-For-Profit Corporation Act approved March 7, 1935, as amended (hereinafter referred to as the "Act").

## ARTICLE I

### Name

The name of the "Corporation" is "**BVM MANAGEMENT, INC.**"

## ARTICLE II

### Purpose

The purposes for which the Corporation is formed are as follows:

2.1     Public Benefit Corporation   The Corporation is a public benefit corporation and is organized exclusively for charitable purposes within the meaning of Section 501(c)(3) and 170(c)(3) of the Internal Revenue Code of 1986, as amended (the "Code").

2.2     Engage in Any Lawful Act   To engage in any lawful act or activity for which not-for-profit corporations may be formed.

2.3     Housing for Elderly   To establish, support and/or manage housing facilities for elderly persons and handicapped persons with services specially designed to meet their physical, social and psychological needs, and to promote their health, security, happiness and usefulness in longer living, the charges for such facilities and services to be predicated upon the provision, maintenance and operation thereof on a not-for-profit basis.

## ARTICLE III

### Period of Existence

The period during which the Corporation shall continue is perpetual.

1

EXHIBIT "A" TO

Articles of Amendment
to the
Articles of incorporation

Certification Number: 2014031804316

CONFIDENTIAL                                                  VNB_072004

The Indiana Secretary of State filing office certifies that this copy is on file in this office.

Indiana Secretary of State
Packet: 194177-118
Filing Date: 10/05/2009
Effective Date: 10/05/2009

## ARTICLE IV

### Resident Agent and Principal Office

4.1    Resident Agent   The name and address of the resident agent in charge of the Corporation's principal office is Allen Hancock, 1201 East 5$^{th}$ Street, Suite 1000, Anderson, Indiana 46012.

4.2    Principal Office   The post office address of the principal office of the Corporation is 1201 East 5$^{th}$ Street, Suite 1000, Anderson, Indiana 46012.

## ARTICLE V

### Membership

Pursuant to I.C. 12-17-7-3, the Corporation is organized without members.

## ARTICLE VI

### Directors

6.1    Business of Corporation   The business of the Corporation shall be conducted by a Board of Directors composed of a minimum of Three (3) and a maximum of Seven (7) Directors (hereinafter individually referred to as "Director" and collectively "Directors").

6.2    Wholly Owned Subsidiary   The Corporation is a wholly owned subsidiary of the Church of God Retirement Communities, Inc.("COGRC"). The Directors shall be elected by the Board of Directors of COGRC.

6.3    Independent Board of Directors   As long as the Corporation is a wholly owned subsidiary of COGRC, the Board of Directors may be composed of the same board members as the Board of Directors of COGRC, if COGRC so desires. The Corporation's Board of Directors shall, however, be an independent board, with separate minutes maintained, regardless of the composition of its members.

## ARTICLE VII

### Incorporator

(Not applicable since these are amendments to the original Articles of Incorporation of the Corporation).

2

Page 43 of 46                                    Certification Number: 2014031804316

CONFIDENTIAL

The Indiana Secretary of State filing office certifies that this copy is on file in this office.

**Indiana Secretary of State**
**Packet: 194177-118**
**Filing Date: 10/05/2009**
**Effective Date: 10/05/2009**

<u>**ARTICLE VIII**</u>

<u>Other Provisions</u>

The Corporation shall neither have nor exercise any power, nor shall it directly or Indirectly engage in any activity, that would (1) prevent It from obtaining an exemption from Federal income taxation as a corporation described in Section 501 (c)(3) of the Code, or (2) cause the Corporation to lose such exempt status.

8.1    <u>No Pecuniary Gain or Profit</u>  This Corporation is not organized, nor shall it be operated for pecuniary gain or profit, and it does not contemplate the distribution of gains, profits or dividends to any director or officer of the Corporation or any private individual and is organized solely for non-profit purposes. The property, assets, profits and net income of the Corporation are irrevocably dedicated to charitable and religious purposes, and no part of the profits or net income of the Corporation shall ever inure to the benefit of any director or officer of the Corporation or any private individual, except that reasonable compensation may be paid for services rendered on behalf of the Corporation.

8.2    <u>No Carrying on of Propaganda</u>  No substantial part of the activities of the Corporation shall be devoted to the carrying on of propaganda, or otherwise attempting to influence legislation, except as may be otherwise permitted in accordance within an election pursuant to Section6501 (h) of the Code; nor shall it in any manner or to any extent participate in or intervene in (including the publishing or distribution of statements) any political campaign on behalf of any candidate for public office; nor shall the Corporation engage in any activities that are unlawful under applicable Federal, state, or local laws.

8.3    <u>Excess Benefit Transaction</u>  The Corporation shall not engage in any activity which would be an excess benefit transactions as defined in Section 4958 of the Code.

8.4    <u>Private Foundation</u>  If for any period the Corporation is a private foundation as defined in Section 509 of the Code, then during such period, the Corporation shall be subject to the following restrictions and prohibitions:

    A.    The Corporation shall not engage in any act of self-dealing as defined in Section 4941(d) of the Code;

    B.    The Corporation shall distribute its income for each taxable year at such time and in such manner so as not to become subject to the tax on undistributed income imposed by Section 4942 of the Code;

    C.    The Corporation shall not retain any excess business holdings as

3

Certification Number: 2014031804316

CONFIDENTIAL

VNB_072006

The Indiana Secretary of State filing office certifies that this copy is on file in this office.

Indiana Secretary of State
Packet: 194177-118
Filing Date: 10/05/2009
Effective Date: 10/05/2009

defined in Section 4943(c) of the Code;

D.    The Corporation shall not make any investments in such manner as to subject it to tax under Section 4944 of the Code; and

E.    The Corporation shall not make any taxable expenditures as defined in Section 4945(d) of the Code.

8.5    Amendment of Articles  The Articles of Incorporation may be amended, altered or changed by a two thirds vote of the Board of Directors of the Corporation at any regular or special meeting; *provided, however,* that every amendment to the Articles of Incorporation shall first be proposed in writing. A copy of the proposed amendment, alteration or change, and notice that action will be taken thereon, shall be mailed or otherwise transmitted to each Director with the notice of such regular or special meeting.

## ARTICLE IX

### Final Determination of Assets

9.1    Dissolution  Upon the dissolution of the Corporation, the Board of Directors shall, after paying or making provision for the payment of all the liabilities of the Corporation, dispose all of the remaining assets of the Corporation to the Church Extension of the Church of God, Inc.(the "Church Extension"), or any other qualified tax-exempt charitable organization designated by the Church Extension.

9.2    Church Extension Does Not Exist  If the Church Extension does not exist (or is not a qualified tax-exempt charitable organization under Section 501 of the Code), and no other qualified charitable organization has been designated, the Directors shall dispose of the remaining assets of the Corporation, by either expending such assets, or by transferring such assets to a qualified charitable organization or organizations which is organized and operated exclusively for charitable, educational, religious or scientific purposes as shall at the time qualify under Section 501 (c)(3) of the Code, as the Board of Directors shall determine.

9.3    Assets Not so Disposed  Any such assets not so disposed of shall be disposed of by the Judge of the Circuit Court of Madison County, Indiana, exclusively for such purposes or to such organization or organizations, as said court shall determine, which are organized and operated exclusively for such purposes.

4

Page 45 of 46

Certification Number: 2014031804316

CONFIDENTIAL

VNB_072007

The Indiana Secretary of State filing office certifies that this copy is on file in this office.

## State of Indiana
## Office of the Secretary of State

CERTIFICATE OF AMENDMENT

of

## BVM MANAGEMENT, INC.

I, TODD ROKITA, Secretary of State of Indiana, hereby certify that Articles of Amendment of the above Non-Profit Domestic Corporation have been presented to me at my office, accompanied by the fees prescribed by law and that the documentation presented conforms to law as prescribed by the provisions of the Indiana Nonprofit Corporation Act of 1991.

Indiana Secretary of State
Packet: 194177-118
Filing Date: 10/05/2009
Effective Date: 10/05/2009

NOW, THEREFORE, with this document I certify that said transaction will become effective Monday, October 05, 2009.



In Witness Whereof, I have caused to be affixed my signature and the seal of the State of Indiana, at the City of Indianapolis, October 5, 2009.

TODD ROKITA,
SECRETARY OF STATE

194177-118 / 200910 0642334

Page 46 of 46

Certification Number: 2014031804316

CONFIDENTIAL

**EXHIBIT B**

**Bylaws**

[Attached]

CONFIDENTIAL

VNB_072009

## AMENDED AND RESTATED
## BY-LAWS
## OF
## BVM MANAGEMENT, INC.

### ARTICLE I
### IDENTIFICATION

1.1   NAME

The name of this Organization is BVM Management, Inc..(hereinafter sometimes referred to as the "Corporation").

1.2   ORGANIZATION

The Corporation is organized as an Indiana Non-profit Religious Corporation.

1.3   PRINCIPAL OFFICE

The principal office of this Corporation shall be located at 1812 University Boulevard, Anderson, Indiana 46012.

1.4   PARENT CORPORATION

The Corporation is a wholly owned subsidiary of Church of God Retirement Communities, Inc.("COGRC").

1.5   CHANGE OF ADDRESS

The designation of the state of the Corporation's principal office may be changed by amendment of these By-Laws. The Board of Directors may change the principal office from one location to another within the State of Indiana by noting the changed address and affective date below, and such changes of address shall not be deemed, nor require, an amendment of these By-Laws:

_____ Dated:_____,20___

_____ Dated:_____,20___

_____ Dated:_____,20___

1.6   OTHER OFFICES

The Corporation may also have offices at such other places, within or without its state of incorporation, where it is qualified to do business, as its business and activities may require, and as the Board of Directors may, from time to time, designate.

1

CONFIDENTIAL

1.7    FISCAL YEAR

Each fiscal year of the Corporation shall end on the 31$^{st}$ day of December.

## ARTICLE II
## NONPROFIT PURPOSES

2.1    THE PURPOSES FOR WHICH THE CORPORATION IS FORMED

The purposes for which the Corporation is formed are as follows:

A.    Public Benefit Corporation

This Corporation is a public benefit corporation and is organized exclusively for charitable purposes within the meaning of Section 501(c)(3) and 170(c)(2) of the Internal Revenue Code of 1986, as amended (the "Code").

B.    Engage in Any Lawful Act for Non-Profit Corporations

To engage in any lawful act or activity for which non-profit corporations may be formed.

C.    Rental Housing for Elderly or Handicapped

To provide elderly persons and handicapped persons with housing facilities and services specially designed to meet their phyysical, social and psychological needs, and to promote their health, security, happiness and usefulness in longer living, the charges for such facilities and services to be predicated upon the provision, maintenance and operation thereof on a non-profit basis.

2.2    NO PRIVATE INUREMENT

No part of the net earnings of the Corporation shall inure to the benefit of any director, officer, employee or member of the Corporation, or of any private individual (except that reasonable compensation may be paid for services rendered to enable the Corporation to further its charitable purposes for which it has been organized or otherwise effecting one or more of its purposes), and no director, officer, employee of the Corporation, or any private individual shall be entitled to share in the distribution of any of the corporate assets on dissolution of the 'Corporation.

2.3    LIMITATIONS ON ACTIVITIES

Notwithstanding any other provisions of these By-Laws:

A.    Carrying on of Propaganda

No substantial part of the activities of this Corporation shall be the carrying on of propaganda, or otherwise attempting to influence legislation, except as otherwise provided by Section 501(c)(3) of the Internal Revenue Code and this Corporation shall not participate in, or intervene in (including the publishing or

2

distribution of statements) any political campaign on behalf of, or in opposition to, any candidate for public office.

B.  Internal Revenue Code Limitation on Activities
    This Corporation shall not carry on any activities not permitted to be carried on by:

    1)  Exempt Corporation.  A corporation exempt from Federal income tax under Section 501(c)(3) of the Internal Revenue Code; and/or

    2)  Deductible Contribution.  By a corporation, contributions to which are deductible under Section 170(c)(2) of the Internal Revenue Code; and/or

    3)  IRC Section 501(c)(25)  A corporation exempt from Federal income tax under Section 501(c)(25) of the Internal Revenue Code.

2.4  DISSOLUTION OF THE CORPORATION
    In the event of the dissolution of the Corporation, the Board of Directors shall cause the assets of the Corporation to be applied and distributed as follows:

A.  Satisfy Liabilities and Obligations
    All liabilities and obligations of the Corporation shall be paid, satisfied and discharged, or adequate provisions shall be made therefor; .

B.  Conditional Assets
    All assets held by the Corporation upon a condition which occurs by reason of the dissolution, shall be returned, transferred or conveyed in accordance with such requirements;

C.  Remaining Assets
    All of te remaining assets of the Corporation shall be transferred or conveyed to some other organization or organizations qualified as an exempt organization or organizations under Section 501(c)(3) of the Code, as amended.

2.5  AUTHORITY TO COMPLY
    Anything in these Amended and Restated By-Laws to the contrary notwithstanding, the Corporation is given the authority to and directed to comply with the requirements set forth in this Article and the Internal Revenue Code Sections applicable thereto, as amended from time to time, in order to maintain the Corporations status as an tax-exempt organization.

3

VNB_072012

## ARTICLE III
## MEMBERSHIP

3.1     ORGANIZED WITHOUT MEMBERS
        Pursuant to I. C. 12-17-7-3, this Corporation is organized without members.

## ARTICLE IV
## THE BOARD OF DIRECTORS

4.1     CORPORATION BUSINESS CONDUCTED BY BOARD OF DIRECTORS
        The business of the Corporation shall be conducted by a Board of Directors
composed of a maximum of Seven (7) Directors (hereinafter individually referred to as
"Director" and collectively as "Directors").

4.2     DIRECTORS ELECTED BY
        The Directors shall be elected by COGRC, shall be elected for the terms set forth
herein and shall hold office until their respective successors are chosen and qualified. As
long as the Corporation is a wholly owned subsidiary of COGRC, the following shall
apply with respect to Directors and the election of Directors:

   A.   Time and Place of Election
        Since COGRC does not have Members, the Corporations Directors shall
        be elected at the annual Board of Directors Meeting of COGRC or at a Special
        Meeting of the Board of Directors of COGRC called for that purpose; and

   B.   Directors My be Same as COGRC Board
        As long as COGRC is a wholly owned subsidiary of COGRC, the Board
        of Directors may be composed of the same board members as the Board of
        Directors of COGRC, if COGRC so desires. The Corporation's Board of
        Directors shall, however, be an independent board, with separate minutes
        maintained, regardless of the composition of its members.

4.3     ELECTION OF INITIAL BOARD OF DIRECTORS
        The initial Board of Directors shall be so elected so that the terms of the initial
Directors (hereinafter sometimes referred to as the "Initial Board") expire as follows:

   A.   Year One
        The term of one (1) Directors shall expire at the end of year one; and

   B.   Year Two
        The term of three (3) Directors shall expire at the end of year two; and

4

C.   Year Three

The term of three (3) Directors shall expire at the end of year three.

4.4   TERMS OF DIRECTORS AFTER INITIAL BOARD

With the exception of the Initial Board, all Directors shall be elected for a term of three (3) years.

4.5   LIMITATION ON NUMBER OF TERMS

No Director may serve for more than three (3) consecutive three-year terms. After serving as such, that person may not be reelected to the Board of Directors for at least one (1) year.

4.6   VACANCIES

Any vacancy in the Board of Directors occurring by reason of death, resignation, removal or increase in the number of Directors shall be temporarily filled by a majority vote of the remaining members of the Board of Directors, and any Director so elected shall serve until a permanent replacement is elected by the Board of Directors of COGRC.  If the vote of the remaining members of the Board of Directors results in a tie, such vacancy shalt be filled by the Board of Directors of COGRC.

4.7   QUALIFICATIONS

Director shall be of the age of majority in this State.  A minimum of five (5) out of the total seven (7) Directors shall be required to be affiliated with the Church of God, headquartered in Anderson, Indiana.

4.8   DUTIES

It shall be the duty of the Directors to:

A.   Duties Imposed.

Perform any and all, duties imposed on them collectively or individually by law, by the Articles of Incorporation, or by these By-Laws);

B.   Duties with Respect to Officers, Agents and Employees.

Appoint and remove, employ and discharge, and, except as otherwise provided in these By-Laws, prescribe the duties and fix the compensation, if any, of all officers, agents and employees of the Corporations;

C.   Supervision.

Supervise all. officers, agents and employees of the Corporation to assure that their duties are performed properly;

D.   Meeting.

Meet at such tines and places as required by these By-Laws; and

5

VNB_072014

E.    Registration of Addresses.
     Register their addresses with the Secretary of the Corporation. Notices of meetings mailed, sent by email or facsimile transmission to them at such addresses shall be valid notices thereof.

4.9    ANNUAL MEETING
     The Board of Directors shall meet each year for the purpose of election of Directors and Administrative Officers and for consideration of such other business as may properly come before the meeting. As long as the Corporation is a wholly owned subsidiary of COGRC, the annual meeting of the Corporations Board of Directors shall be held at the same place as the annual meeting of the Board of Directors of COGRC and shall be held immediately following the annual meeting of COGRC. The Corporations Board of Directors shall, however, be an independent board, with separate minutes maintained, regardless of the time and place of its meeting and the make up of its members.

4.10    REGULAR MEETINGS
     The Board of Directors may by resolution fix the time and place of regular meetings, including but not limited to the annual meeting, of the Board of Directors for which no notice need be given.

4.11    SPECIAL MEETINGS
     Special meetings of the Board of Directors shall be held on the request of either the Chair of the Board of Directors or the President of the Corporation, at any reasonable and convenient place within or without the State of Indiana. The Recording Secretary shall give ten (10) days notice of such meetings, specifying the time, place and general purpose of the meeting, in person or by mail, telephone, or telegraph, to enable the Directors so notified to attend such meetings. Notice of any meeting may be waived in writing or by telegram, and attendance at any meeting shall constitute a waiver of notice of such meeting.

4.12    MEETINGS MAY BE ATTENDED BY ELECTRONIC VOICE COMMUNICATION
     Any meeting of the Board of Directors may be attended by Directors by means of any form of electronic voice communication, provided that all Board of Directors can simultaneously hear the proceedings and be heard by all the other members in attendance a the meeting. A quorum for any meeting so held shall be computed on the basis of all personas in voice contact with each other. Any meeting so held shall be a formal meeting of the Board of Directors for all purposes, any business may be transacted at such meeting that could be transacted if the Directors were assembled in physical proximity to each other.

6

CONFIDENTIAL

4.13    QUORUM

At any meeting of the Board of Directors a majority of the Directors qualified and acting shall constitute a quorum for the transaction of any business except the filling of vacancies in the Board of Directors, and the act of a majority of the Directors present at a meeting at which a quorum is present shall be the act of the Board of Directors, unless the act of a greater number is required by the Indiana Not-For-Profit Act of 1991 (as amended) or the Articles of Incorporation or these By-Laws.

4.14    RESIGNATION

A Director may resign at any time by giving written notice to the Board of Directors or the Recording Secretary. Such resignation shall take effect at the time of its receipt by the Board of Directors or the Recording Secretary, as the case may be, and the acceptance of such resignation shall not be necessary to make it effective.

4.15    REMOVAL

Any Director may be removed with or without cause by the Board of Directors at a Regular Meeting or Special Meeting called for such purpose, by the affirmative vote of a minimum of seventy-five (75%) percent of the total Board of Directors.

4.16    ORGANIZATION

The Board of Directors shall elect a Chair, Vice-Chair and Recording Secretary to conduct the work of the Board of Directors. The term of such persons shall be one (1) year.

4.17    ELECTION OF ADMINISTRATIVE OFFICERS

The Board of Directors shall also elect Administrative Officers to direct the day to day business of the Corporation. The Administrative Officers of the Corporation shall consist of at least a President, Secretary and Treasurer. The term of such persons shall be one (1) year. The Board of Directors may remove any Administrative Officer at any time, with or without cause. Vacancies caused by any reason shall be filled by the Board of Directors. The Board of Directors may name as many Administrative Officers as it deems necessary, and any one person may hold two offices at the same time, except the offices of President and Secretary shall not be held by the same person.

4.18    ACTION BY CONSENT

Any, action required or permitted to be taken at any meeting of the Board of Directors or any committee thereof may be taken without a meeting if the action is taken by all members of the Board of Directors or such committee. The action must be evidenced by at least one (1) written consent describing the action taken signed by each member of the Board of Directors or of such committee, and included in the minutes or filed with the corporate records reflecting the action taken.

7

VNB_072016

## ARTICLE V
## DUTIES OF THE BOARD OFFICERS

5.1   CHAIR

A.   Presiding Officer.
The Chair shall serve as the presiding officer at all meetings of the Corporation and its Board of Directors. In this capacity he/she shall perform such duties as generally develop upon such an officer and such as shall be determined by the Corporation or by its Board of Directors.

B.   Reports and Recommendations.
The Chair at his/her discretion, may ask for such reports as he/she may think necessary for his/her information from the officers, administrators, or committees of the Corporation. He/she shall make recommendations to the Corporation and its Board of Directors as he/she may deem appropriate to the best interest of the Corporation's work.

C.   Financial Condition of Corporation.
The Chair, together with the President, shall present an annual report of the work and financial condition of the Corporation to the Board of Directors.

5.2   VICE-CHAIR
The Vice-Chair, in the absence of the Chair or his/her inability to act, shall perform all the duties and be subject to all the limitation of the Chair.

5.3   RECORDING SECRETARY
The Recording Secretary shall be expected to attend all meetings of the Corporation and its Board of Directors. He/she shall keep a true and full report of the proceedings of all meetings and shall be responsible for all records, documents and papers that properly belong to his/her office.

## ARTICLE VI
## DUTIES OF THE ADMINISTRATIVE OFFICERS

6.1   PRESIDENT

A.   Chief Administrative Officer.
The President shall be the chief administrative officer of the Corporation under whose authority and leadership the programs of the Corporation shall be unified and its activities directed. He/she shall attend meetings of the Corporation and the Board of Directors.

8

CONFIDENTIAL

VNB_072017

B.   Administration of Assignments.

Administrators of the work of the Corporation shall administer their respective assignments under his/her direction in harmony with policies and procedures of the Corporation.

C.   Execution of Legal Documents.

The President shall, have authority to sign all conveyances of real estate, releases of mortgages, powers of attorney, and all other legal documents when ordered by the Corporation or its Board of Directors. He/she shall have authority to sign checks and notes in the absence of the Treasurer or other person designated by the Corporation or its Board of Directors.

6.2   SECRETARY

The Secretary shall act in an administrative role and, with the President, have authority to sign conveyances of real estate, releases of mortgages, powers of attorney and other legal documents only when ordered by the Corporation or its Board of Directors. He/she shall perform any other assignments given to him/her by the President.

6.3   TREASURER

The Treasurer shall have custody of the Corporation's deeds, leases, policies of insurance, bonds, stocks, agreements and any and all legal documents and papers pertaining to the business of the Corporation, except his/her own bond which shall be in the custody of any other Administrative Officer. He/she shall have charge of the collection, receipt and custody of the funds of the Corporation, of all disbursement of money authorized generally or specifically by the Board of Directors. He/she shall keep full and accurate accounts and shall make a written report to the Corporation and its Board of Directors at their regular meetings.

6.4   COMPENSATION

Each Administrative Officer of the Corporation shall receive such compensation for his/her service in such office as may be fixed by action of the Board of Directors, duly recorded.

### ARTICLE VII
### EXECUTION OF INSTRUMENTS, DEPOSITS & FUNDS

7.1   EXECUTION OF INSTRUMENTS

The Board of Directors, except as otherwise provided in these By-Laws, may by resolution authorize any officer or agent of the Corporation to enter into any contract or execute and deliver any instrument in the name of and on behalf of the Corporation, and such authority may be general or confined to specific instances. Unless so authorized, no officer, agent and/or employee shall have any power or authority to bind the Corporation by any contract or engagement, or to pledge its credit or to impose any monetary liability upon it for any purpose or in any amount.

9

VNB_072018

**7.2 EXECUTION OF NEGOTIABLE INSTRUMENTS**

Except as otherwise specifically determined by resolution of the Board of Directors, or as otherwise required by law, checks, drafts, promissory notes, orders for the payment of money, and other evidence of indebtedness of the Corporation shall be executed in behalf of the Corporation by any one of the following officers:

President or Treasurer

**7.3 DEPOSITS**

All funds of the Corporation shall be deposited from time to time to the credit of the Corporation in such banks, trust companies, or other depositories as the Board of Directors may select.

**7.4 EXECUTION OF DEED, CONTRACTS, ETC.**

All deeds and mortgages made by the Corporation and all contracts to which the Corporation is a party shall, unless otherwise directed by the Board of Directors, or unless otherwise required by law, be executed in behalf of the Corporation by both of the following Officers:

President and Secretary

**7.5 ACQUISITION OR DISTRIBUTION OF REAL ESTATE**

All acquisitions or distributions of real estate must be approved by the Board of Directors.

<div align="center">

**ARTICLE VIII**
**AMENDMENT OF BY-LAWS**

</div>

**8.1 AMENDMENT**

Subject to the approval of the Board of Directors of COGRC, the power to make, alter, amend or repeal the By-Laws is vested in the Board of Directors, which power shall be exercised by affirmative vote of a two-thirds (2/3) majority of the Directors present at any meeting of the Board. Any proposed amendment shall be included in the notice of such meeting. If notice of a proposed amendment to the By-Laws is included in the notice of any meeting of the Board, it shall be in order to consider and adopt at that meeting any amendment to the By-Laws dealing with the subject matter with which the proposed amendment is concerned, subject to the approval of the Board of Directors of COGRC. The adoption of any such amendment by the Board of Directors shall clearly state that said amendment is subject to the approval of the Board of Directors of COGRC and that said amendment shall not become effective until said approval is given by the Board of Directors of COGRC and received in writing by Corporation.

<div align="center">

10

</div>

CONFIDENTIAL

VNB_072019

## ARTICLE IX
## INDEMNIFICATION

9.1    FORMER, PRESENT, OR FUTURE DIRECTOR, OR OFFICER

Any former, present or future Director or Officer who was or is a party or is threatened to be made a party to any threatened, pending, or completed action, suit or proceeding, whether civil, criminal, administrative or investigative (other than any action by or in the right of the Corporation) by reason of the fact that he/she is or was a Director or Officer, or is or was serving at the request of the Corporation as Director or Officer of another corporation shall be indemnified by the Corporation to the fullest extent legally permissible under laws of the State of Indiana against expenses (including attorney's fees), judgments, fines and amounts paid in settlement actually and reasonably incurred by him/her in connection with such action, suit or proceeding if he/she acted in good faith and the best interests of the Corporation, and with respect to any criminal action or proceeding, had no reasonable cause to believe his conduct was unlawful. The termination of any action, suit or proceeding by judgment, order, settlement, conviction or upon a plea of nolo contendere or its equivalent, shall not, of itself, create a presumption that the person did not act in good faith and in a manner which he/she reasonably believed to be in or not opposed to the best interests of the Corporation, and with respect to any criminal action or proceedings had reasonable cause to believe that his/her conduct was lawful.

9.2    NO INDEMNIFICATION - NEGLIGENCE OR MISCONDUCT

No indemnification shall be made in respect of any claim, issue or matter as to which a Director or Officer shall have been adjudged to be liable for negligence or misconduct in the performance of his/her duty to the Corporation unless and only to the extent that the court in which such action or suit was brought shall determine upon application that, despite the adjudication of liability but in view of all circumstances of the case, such person is fairly and reasonably entitled to indemnity for such expenses which such court shall deem proper.

9.3    COST OF DEFENSE

To the extent that a Director or Officer of the Corporation has been successful on the merits or otherwise in defense of any action, suit or proceeding referred to in Sections 9.1 or 9.2 of this Article, or in defense of any claim, issue or matter therein, he/she shall be indemnified against expenses (including attorney's fees) actually and reasonable incurred by him/her in connection therewith.

9.4    INDEMNIFICATION ONLY UPON AUTHORIZATION BY BOARD OF DIRECTORS.

Any indemnification under Section 9.1 or 9.2 of this Article (unless ordered by the court) shall be made by the Corporation only as authorized in the specific case upon a determination by the Board of Directors by a majority vote of a quorum consisting of Directors who were not parties to such action, suit or proceeding that indemnification of

11

CONFIDENTIAL

VNB_072020

the Director or officer is proper in the circumstances because he has met the applicable standard of conduct set forth in Sections 9.1 and 9.2 of this Article. If such quorum is not obtainable or if such quorum is obtainable but so resolves, said determination shall be made instead of a written opinion by independent legal counsel retained by the Corporation.

9.5   PERMISSIBLE UNDER LAW.

Subject to the limitations herein imposed, it is intended by this By-Laws to grant indemnity to the full extent permissible under the law. Such indemnification continues as to a person who has ceased to be a Director or Officer and shall inure to the benefit of the heirs, executors and administrators of such person. The provisions of this By-Law shall be deemed to be a contract between the Corporation and each Director or officer who serves in such capacity at any time while such By-Law is in effect.

9.6   INSURANCE.

The Corporation may purchase and maintain insurance on behalf of any persons qualified by Section 1 of this Article against any liability asserted against him/her and incurred by him/her in any such capacity or arising out of his/her status as such, whether or not the Corporation would have power to indemnify him against such liability under Sections 9.1 to 9.4 of this Article.

ARTICLE X
COMMITTEES

10.1   EXECUTIVE COMMITTEE

The Board of Directors may, by a majority vote of its members, designate an Executive Committee consisting of Board members and may delegate to such committee the powers and authority of the Board in the management of the business and affairs of the Corporation, to the extent permitted, and except as may Otherwise be provided, by provisions of law.

10.2   REVOKE OR AMEND AUTHORITY OF THE EXECUTIVE COMMITTEE

By a majority vote of its members, the Board may at any time revoke or modify any or all of the Executive Committee authority so delegated, increase or decrease but not below two (2) the number of the members of the executive committee, and fill vacancies on the Executive Committee from the members of the Board. The Executive Committee shall keep regular minutes of its proceedings, cause them to be *filed* with the corporate records, and report the same to the Board from time to time as the Board may require.

10.3   OTHER COMMITTEES

The Corporation shall have such other committees as may from time to time be designated by resolution of the Board of Directors. These Committees may consist of persons who are not also members of Board and shall act in an advisory capacity to the Board.

12

CONFIDENTIAL

VNB_072021

10.4    MEETINGS AND ACTION OF COMMITTEES

Meetings and actions of committees shall be governed by, notice, held, and taken in accordance with the provisions of these By-Laws concerning meetings of the Board of Directors, with such changes in the context of such By-Law provisions as are necessary to substitute the committee and its members for the Board of Directors and its members, except that the time for regular and special meetings of committees may be fixed by resolution of the Board of Directors or by the committee. The Board of Directors may also adopt rules and regulations pertaining to the conduct of meetings of Committees to the extent that such rules and regulations are not inconsistent with the provisions of these By-Laws.

ARTICLE XI
CORPORATE RECORDS, REPORTS & SEAL

11.1    MAINTENANCE OF CORPORATE RECORD

The Corporation shall keep at its principal office:

A.    Minutes.

Minutes of all meetings of Directors, Committees of the Board and of the Members, indicating the time and place of holding such meetings, whether regular or special, how called, the notice given, and the names of those present and the proceedings thereof;

B.    Books & Records of Account.

Adequate and correct books and records of account, including accounts of its properties and business transactions and accounts of its assets, liabilities, receipts, disbursements, gains and losses; and

C.    Copies of Articles and By-Laws.

A copy of the Corporation's Articles of Incorporation and By-Laws as amended to date, which shall be open to inspection by this Corporations Members and the members of the Board of Directors at all reasonable times during office hours.

11.2    CORPORATE SEAL

The Board of Directors may, if it so desires, adopt, use, and at will alter a corporate seal. If adopted, such seal shall be kept at the principal office of the Corporation. Failure to affix the seal to Corporate instruments, however, shall not affect the validity of any such instrument.

11.3    MEMBER AND DIRECTOR - INSPECTION RIGHTS

Every Member and Director shall have the absolute right at any reasonable time to inspect and copy all books, records and documents of every kind to inspect the physical properties of the Corporation. Members and Directors shall have such other rights to

13

inspect the books, records and properties of this Corporation as may be required under the Articles of Incorporation, other provisions of these By-Laws, and other provisions of law.

### 11.4   RIGHT TO COPY AND MAKE EXTRACTS

Any inspection under the provisions of this Article may be made in person or by agent or attorney, and the right to inspection shall include the right to copy and make extracts.

### 11.5   PERIODIC REPORT

The Board shall cause any annual or periodic report required under law to be prepared and delivered to this State, and to be so prepared and delivered by the time limits set by law.

## ARTICLE XII
## INSTRUCTION AND TERMS

### 12.1   CONFLICT BETWEEN BY-LAWS AND ARTICLES

In the event there is any conflict between the provisions of these By-Laws and the Articles of Incorporation of this Corporation, the provisions of the Articles of Incorporation shall govern.

### 12.2   SEVERABILITY

Should any of the provisions or portions of these By-Laws be held unenforceable or invalid for any reason, the remaining provisions and portions of these By-Laws shall be unaffected by such holding.

### 12.3   REFERENCE TO ARTICLES OF INCORPORATION

All references in these By-Laws to the Articles of Incorporation shall be to the Articles of Incorporation, Articles of Organization, Certificate of Incorporation, Organizational Charter, Corporate Charter, or other founding document of this Corporation filed with an office of this State and used to establish the legal existence of this Corporation.

### 12.4   REFERENCES TO INTERNAL REVENUE CODE

All references in these By-Laws to a Section or Sections of the Internal Revenue Code shall be to such Sections of the Internal Revenue Code of 1986 as amended from time to time, or to corresponding provisions of any future Federal tax code.

14

CONFIDENTIAL

## ARTICLE XIII
### ADOPTION OF THESE AMENDED AND RESTATED BY-LAWS

13.1    ADOPTION OF AMENDED AND RESTATED BY-LAWS
These "Amended and Restated By-Laws" shall be adopted as follows:

A.    By Resolution of Corporations Board of Directors
The Corporations Board of Directors shall pass a resolution adopting these Amended and Restated By-Laws in accordance with the terms and conditions of these Amended and Restated By-Laws; and

B.    Approval and Acceptance by Board of Directors of COGRC
The approval and acceptance, by means of dully adopted resolution, of these Amended and Restated By-Laws by the Board of Directors of Church of God Retirement Communities, Inc.

13.2    COUNTERPARTS AND COPIES
This Amended and Restated By-Laws may be executed by the parties hereto in several counterparts which when taken together shall be deemed to be one original, and/or may be executed in multiple copies, each of which shall be deemed an original. All true and accurate copies of this fully executed Amended and Restated By-Laws shall be valid and binding evidence of the Amended and Restated By-Laws, whether the document and/or any or all of the signatures are reproductions of an original by photocopy, telecopied transmission, or other method commonly accepted as accurate. Executed copies of these Amended and Restated By-Laws may be exchanged by telecopy, with such delivery being effective upon confirmed receipt of such telecopied Amended and Restated By-Laws and may be introduced as evidence of the execution and delivery thereof.

Dated: March 2nd, 2007

15

CONFIDENTIAL

VNB_072024

**EXHIBIT C**

**Resolutions**

[Attached]

25031421

CONFIDENTIAL

VNB_072025

**WRITTEN CONSENT**
**OF**
**THE BOARD OF DIRECTORS**
**OF**
**BVM MANAGEMENT, INC.**

**March 31, 2014**

The undersigned, being all of the members of the board of directors (collectively, the "Board of Directors") of BVM Management, Inc., an Indiana non-profit corporation (the "Company"), do hereby consent without a meeting, pursuant to the Amended and Restated Bylaws of the Company dated March 2, 2007 and Section 23-17-30-4 of the Indiana Nonprofit Corporation Act of 1991, to the adoption of the following resolutions:

WHEREAS, it is proposed that Westport Nursing Tampa, L.L.C., a Florida limited liability company and an affiliate of the Company ("Borrower"), enter into a loan agreement in the principal amount of $15,000,000 (the "Loan") pursuant to that certain Loan Agreement by and among Borrower and USAmeribank, a Florida state banking corporation (the "Bank") (the "Loan Agreement", and collectively with each promissory note or other evidence of indebtedness and all mortgages, deeds of trust, deeds to secure debt and security agreement, assignments, financing statements, guarantees, pledges, environmental indemnity agreements, collateral security agreements and other documents or instruments required by the Bank and delivered in connection with the Loan, and any replacement, renewal, extension, substitution, addition, supplement, amendment or modification of any of the foregoing, the "Loan Documents"); and

WHEREAS, in order to, among other things, unconditionally guaranty certain obligations of Borrower under the Loan Agreement and indemnify the Bank against certain losses or damages, the Board of Directors, after due consideration, deems it to be advantageous for and in the best interest of the Company and its shareholders, for the Company to enter into any and all Loan Documents to which the Company is a party, including, without limitation, that certain Guaranty Agreement by the Company in favor of the Bank (the "Guaranty Agreement" ) and that certain Environmental Indemnity Agreement by Borrower and the Company in favor of the Bank (the "Environmental Indemnity Agreement").

NOW, THEREFORE, BE IT RESOLVED, that the Board of Directors has determined that the Loan Documents and the other transactions contemplated thereby are in the best interest and necessary and convenient to the conduct, promotion and attainment of the business and activities of the Company, and are hereby authorized and approved; and be it

FURTHER RESOLVED, that the Board of Managers hereby authorizes and approves the execution, delivery and performance by the Company, acting on its own behalf, of (i) the Loan Documents to which the Company is a party, including, without limitation, the Guaranty Agreement and the Environmental Indemnity Agreement, and (ii) any certificates, agreements or any other documents as may be necessary or appropriate to give effect to, or for the Company to perform its obligations under, such Loan Documents; and be it

CONFIDENTIAL

FURTHER RESOLVED, that the directors and officers of the Company (collectively, the "Authorized Officers") are authorized, empowered and directed to negotiate, execute, deliver and perform on behalf of the Company, any and all Loan Documents to which the Company is a party (in each case, with such changes thereto as the Authorized Officers (or any of them) deem necessary, desirable or appropriate) and any and all further documents relating to the transactions contemplated in such Loan Documents and to take such further actions on behalf of the Company as they deem necessary or appropriate in their discretion to carry out the purposes of the foregoing resolutions (such determination being evidenced conclusively, but not exclusively, by any such Authorized Officer's taking of such actions or execution and delivery of such documents); and be it

FURTHER RESOLVED, that the Company is authorized and directed to perform its obligations under the Loan Documents to which it is a party in accordance with their terms, and the Authorized Officers are authorized to take such actions as may be necessary or appropriate to cause the Company to perform its obligations under the Loan Documents to which it is a party; and it is further

FURTHER RESOLVED, that all actions heretofore taken by any Authorized Officer, in connection with the Loan Documents are hereby confirmed, ratified and approved in all respects as the valid and binding acts of the Company; and it is further

FURTHER RESOLVED, that this consent in writing (this "Consent in Writing") may be executed in any number of counterparts, and each such counterpart hereof shall be deemed to be an original instrument, but all such counterparts together shall constitute one Consent in Writing, and any signature delivered by facsimile transmission or by means of some other electronic transmission will be deemed to be an original signature to this Consent in Writing; and be it

FURTHER RESOLVED, that this Consent in Writing is effective as of the date first written above.

*[Signature page follows]*

24976535v1

There being no further action to be taken at this time, witness the following signatures, effective as of the date first written above:

BOARD OF DIRECTORS:

_____
Robert L. Rynard, Sr.

_____
Rebecca J. Bartle

_____
Dana Huth

_____
Bradley Jackson

_____
Edward Forbes

[Signature Page to Written Consent
of the Board of Directors of BVM Management, Inc.]

CONFIDENTIAL

VNB_072028

## EXHIBIT D

### Certificate of Existence

[Attached]

VNB_072029

STATE OF INDIANA
OFFICE OF THE SECRETARY OF STATE
CERTIFICATE OF EXISTENCE

To Whom These Presents Come, Greetings:

I, Connie Lawson, Secretary of State of Indiana, do hereby certify that I am, by virtue of the laws of the State of Indiana, the custodian of the corporate records, and proper official to execute this certificate.

I further certify that records of this office disclose that

**BVM MANAGEMENT, INC.**

duly filed the requisite documents to commence business activities under the laws of State of Indiana on February 24, 1950, and was in existence or authorized to transact business in the State of Indiana on March 18, 2014.

I further certify this Non-Profit Domestic Corporation has filed its most recent report required by Indiana law with the Secretary of State, or is not yet required to file such report, and that no notice of withdrawal, dissolution or expiration has been filed or taken place.



In Witness Whereof, I have hereunto set my hand and affixed the seal of the State of Indiana, at the city of Indianapolis, this Eighteenth Day of March, 2014.

Connie Lawson

Connie Lawson, Secretary of State

194177-118 / 2014031804317

CONFIDENTIAL

VNB_072030