# Exhibit K



PLAINTIFF'S
EXHIBIT



EXHIBIT
Pltf 90

PLAINTIFF'S
EXHIBIT
90

CONFIDENTIAL

Case 8:20-ap-00007-MGW   Doc 190   Filed 10/05/22   Page 200 of 266

9/16/2016 State of Florida  v. Westport Holdings

IN THE CIRCUIT COURT OF THE 2ND JUDICIAL CIRCUIT
IN AND FOR LEON COUNTY, FLORIDA

CASE NO: 2015 CA 000585

STATE OF FLORIDA, ex rel., THE
DEPARTMENT OF FINANCIAL SERVICES
OF THE STATE OF FLORIDA,

           Relator,

v.

WESTPORT HOLDINGS TAMPA, LIMITED
PARTNERSHIP d/b/a UNIVERSITY VILLAGE,
a Delaware limited partnership licensed
as a continuing care retirement
community in the State of Florida,

           Respondent.

_____/

Downtown Reporting
621 NW 53rd Street, Suite 240
Boca Raton, Florida 33487
September 16th, 2016
10:04 a.m.

DEPOSITION OF
ELIYAHU FREIDEN

     Taken before JESICA GUTIERREZ, Court Reporter
and Notary Public in and for Palm Beach County,
State of Florida at Large.

DOWNTOWN REPORTING, LLC.
(954) 522-3376

Electronically signed by Jesica Gutierrez (401-191-241-6271)
Electronically signed by Jesica Gutierrez (401-191-241-6271)

45c113d7-cd4f-4d4b-8425-6c3ac4d70de4
FOIR_069955

LIQ_TT_1612691

CONFIDENTIAL

9/16/2016 State of Florida v. Westport Holdings

2

                    A P P E A R A N C E S
THOMAS A. CRABB, ESQ.
MICHELLE GERRELL, PARALEGAL    (via telephone)
Radey Law Firm
301 South Bronough Street, Suite 200,
Tallahassee, Florida  32301
850-425-6654
On behalf of the Relator
SHAW P. STILLER, ESQ.      (via telephone)
Florida Office of Insurance Regulation
200 East Gaines Street, Suite 645,
Tallahassee, Florida 32399
850-413-4317
On behalf of the Florida Office of Insurance
Regulation
TIMOTHY L. NEWHALL, ESQ.     (via telephone)
Division of Rehabilitation and Liquidation
2020 Capital Circle Southeast, Suite 310
Tallahassee, Florida 32399
850-413-4528
On behalf of the Florida Department of Financial
Services
STEVEN H. PARTON, ESQ.     (via telephone)
Law Offices of Steven H. Parton
3736 Overlook Drive,
Tallahassee, Florida 32311
850-766-0273
On behalf of the Florida Department of Financial
Services
MATTHEW J. MUELLER, ESQ.     (via telephone)
Wiand Guerra King, P.A.
5505 West Gray Street,
Tampa, Florida 33609
813-347-5142
On behalf of Eliyahu Freiden

GINGER B. BOYD, ESQ.    (via telephone)
Broad and Cassell
215 South Monroe Street, Suite 400,
Tallahassee, Florida 32301
850-681-6810
On behalf of the Respondent

                DOWNTOWN REPORTING, LLC.
                   (954) 522-3376

Electronically signed by Jesica Gutierrez (401-191-241-6271)
Electronically signed by Jesica Gutierrez (401-191-241-6271)

LIQ_TT_1612692

45c113d7-cd4f-4d4b-8425-6c3ac4d70de4
FOIR_069956

CONFIDENTIAL

9/16/2016 State of Florida  v. Westport Holdings

3

INDEX

Direct by Mr. Crabb                                    Page      4


EXHIBITS

NO.                                                          PAGE

Relator's No. 4                                               13

Relator's No. 2                                               20

Relator's No. 28                                              31

Relator's No. 31                                              44


DOWNTOWN REPORTING, LLC.

(954) 522-3376

Downtown Reporting
production@downtownreporting.com

Electronically signed by Jesica Gutierrez (401-191-241-6271)
Electronically signed by Jesica Gutierrez (401-191-241-6271)

45c113d7-cd4f-4d4b-8425-6c3ac4d70de4
FOIR_069957

LIQ_TT_1612693

CONFIDENTIAL

9/16/2016 State of Florida  v. Westport Holdings

4

Thereupon,

ELIYAHU FREIDEN,

having been duly sworn to tell the truth, the whole truth, and nothing but the truth, was examined and testified as follows:

DIRECT EXAMINATION:

BY MR. CRABB:

Q    Good morning, Mr. Freiden.  My name is Tom Crabb and I'll be taking your deposition today.

Do you understand that this is a continuation of the deposition of Westport Holdings Tampa, Limited Partnership from August 31st, 2016 at which Mr. John Bartle appeared as the first designated representative of Westport; do you understand?

A    You've made it aware to me.  I just thought it was a new deposition.  Okay.

Q    That this is the continuation of a deposition of the Westport Holdings Tampa, Limited Partnership.  Mr. Bartle testified starting on August 31st and designated you on a number of deposition topics, so we're here this morning first as a continuation of that deposition.

A    I understand.

Q    Who are the current limited partners of

DOWNTOWN REPORTING, LLC.

(954) 522-3376

Downtown Reporting
production@downtownreporting.com

Electronically signed by Jesica Gutierrez (401-191-241-6271)
Electronically signed by Jesica Gutierrez (401-191-241-6271)

LIQ_TT_1612694

45c113d7-cd4f-4d4b-8425-6c3ac4d70de4
FOIR_069958

CONFIDENTIAL

9/16/2016 State of Florida v. Westport Holdings

Westport Holdings Tampa, Limited Partnership?

A    Well, I might as well get this started now. Well, I have something to read to you. It's: I've been advised by counsel that in the Ohio versus Reiner, the Supreme Court held that the Fifth Amendment to the U.S. Constitution is designed to protect the innocent as well as the guilty, and therefore I invoke the privilege afforded to me under the Fifth Amendment of the U.S. Constitution and Article 1, Section 9 of the Florida Constitution and refuse to answer the question. In response to further questions that I may refuse to answer on this basis, I will say that I invoke my Fifth Amendment privilege and refuse to answer the question. This limited response is intended to incorporate by reference the full response I have just given.

Q    Is that a preamble to your entire testimony or is that a response to the specific question that's asked?

A    It will be my response for this testimony.

Q    For every question that you are asked today?

A    Yes.

Q    Well, I've got several hours of questions

DOWNTOWN REPORTING, LLC.

(954) 522-3376

Electronically signed by Jesica Gutierrez (401-191-241-6271)
Electronically signed by Jesica Gutierrez (401-191-241-6271)

45c113d7-cd4f-4d4b-8426-6c3ac4d70de4
FOIR_069959

LIQ_TT_1612695

CONFIDENTIAL

9/16/2016 State of Florida v. Westport Holdings

6

planned and what you're telling is that you're going to plead the Fifth to every single question I ask without even knowing what that question is?

A    I have been advised by my counsel to do that, so, yes.

Q    Have you been subpoenaed to testify --

MR. MUELLER:  Tom, this is Matt Mueller. Do you think it would be helpful to go off the record to discuss this further?  You know, it's hard, you know, we're all here by phone and not in the same room.

MR. CRABB:  Well, I would --

MR. MUELLER:  -- out there if you think it would be helpful.

MR. CRABB:  I would just assume stay on the record, but is there something that you'd like to discuss on the record or would you like to go off?

MR. MUELLER:  I mean, I think it would be helpful to go off the record and then to the extent that anything, you know, needs to be placed on the record, it can and sort of -- because I think there's an impasse here maybe between you and the witness that we can easily clear up off the record.

DOWNTOWN REPORTING, LLC.

(954) 522-3376

Electronically signed by Jesica Gutierrez (401-191-241-6271)
Electronically signed by Jesica Gutierrez (401-191-241-6271)

UQ_TT_1612696

45c113d7-cd4f-4d4b-8425-6c3ac4d70de4
FOIR_069960

CONFIDENTIAL

9/16/2016 State of Florida  v. Westport Holdings

7

MR. CRABB:  Okay, that's fine.

(There was a brief discussion off the record after which the deposition continued as follows:)

MR. CRABB:  We're back on the record. And, you know, before we went off momentarily Mr. Freiden made a statement about taking the Fifth and that his intent was to do that regardless of the question that I asked.  I'm going to go through every question that I've got and he can make that -- make that assertion of the Fifth Amendment privilege in response to each question.  If you'd like, what we can do to make the transcript slightly shorter rather than have him read an entire prepared paragraph in response to every single question, if you all are agreeable to it, he can just make a statement along the lines of I plead the Fifth Amendment and then that will incorporate by reference the entire paragraph long statement; is that acceptable?

THE WITNESS:  Matt?

MR. MUELLER:  Yeah.  I mean, Ginger, do you have -- I mean, I'll sort of defer to you

DOWNTOWN REPORTING, LLC.

(954) 522-3376

Downtown Reporting
production@downtownreporting.com

Electronically signed by Jesica Gutierrez (401-191-241-6271)
Electronically signed by Jesica Gutierrez (401-191-241-6271)

45c113d7-cd4f-4d4b-8425-6c3ac4d70de4
FOIR_069961

LIQ_TT_1612697

CONFIDENTIAL

9/16/2016 State of Florida v. Westport Holdings

8

on the mechanics, if you have a preference?

MS. BOYD:  No, I think that's fine.  And since the understanding is that we're incorporating the whole answer by the shortened answer, I'm okay with that.

MR. CRABB:  Yeah, and let's go ahead and read that into the record right now so we've got exactly what Mr. Freiden means in response. So every time that Mr. Freiden states that he pleads the Fifth Amendment, then he will be referring to the following paragraph which he will give now.

THE WITNESS:  I have been advised by counsel that in Ohio versus Reiner, the Supreme Court held that the Fifth Amendment to the U.S. Constitution is designed to protect the innocent as well as the guilty and therefore I invoke the privilege afforded to me under the Fifth Amendment of the U.S. Constitution and Article 1, Section 9 of the Florida Constitution and refuse to answer the question. In response to further questions that I may refuse to answer on this basis I will say that I invoke my Fifth Amendment privilege and refuse to answer the question or I plead the

DOWNTOWN REPORTING, LLC.

(954) 522-3376

Downtown Reporting
production@downtownreporting.com

Electronically signed by Jesica Gutierrez (401-191-241-6271)
Electronically signed by Jesica Gutierrez (401-191-241-6271)

45c113d7-cd4f-4d4b-8425-6c3ac4d70de4
FOIR_069962

LIQ_TT_1612698

CONFIDENTIAL

9/16/2016 State of Florida  v. Westport Holdings

9

Fifth.  The limited response is intended to incorporate by reference the full response I have just given.

BY MR. CRABB:

Q   Okay.  Thank you.

What are the ownership interests of the current partners in Westport?

A   I plead the Fifth.

Q   How many limited partners are there currently in Westport?

A   I plead the Fifth.

Q   What is the maximum liability limitation of the limited partners?

A   I plead the Fifth.

Q   How are the limited partners compensated?

A   I plead the Fifth.

Q   Is there a maximum payout or a profit share?

A   I plead the Fifth.

Q   Who is the general partner of Westport?

A   I plead the Fifth.

Q   How is the general partner compensated?

A   I plead the Fifth.

Q   What are the general partner's obligations to the partnership?

DOWNTOWN REPORTING, LLC.

(954) 522-3376

Downtown Reporting
production@downtownreporting.com

Electronically signed by Jesica Gutierrez (401-181-241-6271)
Electronically signed by Jesica Gutierrez (401-191-241-6271)

45c113d7-cd4f-4d4b-8425-6c3ac4d70de4
FOIR_069963

LIQ_TT_1612699

CONFIDENTIAL

9/16/2016 State of Florida  v. Westport Holdings

10

A   I plead the Fifth.

Q   Is the general partner compensated for services rendered?

A   I plead the Fifth.

Q   What are the terms of that arrangement?

A   I plead the Fifth.

Q   In the last 12 months, what services have been rendered by the general partner to Westport?

A   I plead the Fifth.

Q   How much is the general partner currently owed by Westport?

A   I plead the Fifth.

Q   In the last 12 months, what monies have been transferred or paid by Westport to any limited partner?

A   I plead the Fifth.

Q   In the last 12 months, what monies have been transferred or paid to each limited Partner?

A   I plead the Fifth.

Q   As the general partner, what level of ultimate liability does IMH Healthcare, LLC have for partnership debts?

A   I plead the Fifth.

Q   Mr. Freiden, what did you do to prepare for today's deposition?

DOWNTOWN REPORTING, LLC.

(954) 522-3376

Electronically signed by Jesica Gutierrez (401-191-241-6271)
Electronically signed by Jesica Gutierrez (401-191-241-6271)

45c113d7-cd4f-4d4b-8425-6c3ac4d70de4
FOIR_069964

LIQ_TT_1612700

CONFIDENTIAL

9/16/2016 State of Florida v. Westport Holdings

11

A    I plead the Fifth.

Q    Who communicated to you that you would be serving as the corporate representative of Westport for today's deposition?

A    I plead the Fifth.

Q    Is Westport going to be designating additional witnesses in response to the Department of Financial Services deposition to Westport Holdings Tampa, Limited Partnership?

A    I plead the Fifth.

Q    In Mr. Bartle's testimony on August 31st on behalf of Westport Holdings Tampa, Limited Partnership he designated you as the representative of Westport for the following numbered topics which I'll read by number to correspond with the numbers in the deposition Notice to Westport number 5, 6, 8, 9, 15, 16, 20, 21, 25, 26, 27, 30, and 34; is Westport going to be designating a different representative to testify as to those topics?

A    I plead the Fifth.

Q    On August 31st in his testimony Mr. Bartle said that Christie Perez would be serving as an additional corporate representative of Westport Holdings Tampa, Limited Partnership on specific topics noted by Mr. Bartle in his deposition on

DOWNTOWN REPORTING, LLC.

(954) 522-3376

Downtown Reporting
production@downtownreporting.com

Electronically signed by Jesica Gutierrez (401-191-241-6271)
Electronically signed by Jesica Gutierrez (401-191-241-6271)

45c113d7-cd4f-4d4b-8425-6c3ac4d70de4
FOIR_069965

LIQ_TT_1612701

CONFIDENTIAL

9/16/2016 State of Florida v. Westport Holdings

12

August 31st.  Is Ms. Perez still going to be made available for deposition?

A    I plead the Fifth.

Q    Is Westport currently indebted to CPIF?

A    I plead the Fifth.

Q    What is the principle balance on that loan?

A    I plead the Fifth.

Q    Does Westport have any periodic disclosure or reporting requirements to CPIF under that loan?

A    I plead the Fifth.

Q    What are those particular requirements?

A    I plead the Fifth.

Q    Is Westport current on its reporting and disclosure obligations to CPIF?

A    I plead the Fifth.

Q    To date Westport has provided them?

A    I plead the Fifth.

Q    What exactly has been provided to CPIF by Westport in the last 12 months?

A    I plead the Fifth.

MR. CRABB:  I'm going to refer to a document that's previously been marked as Exhibit No. 4 to this deposition.

DOWNTOWN REPORTING, LLC.

(954) 522-3376

Electronically signed by Jesica Gutierrez (401-191-241-6271)
Electronically signed by Jesica Gutierrez (401-191-241-6271)

LIQ_TT_1612702

45c113d7-cd4f-4d4b-8425-6c3ac4d70de4
FOIR_069966

CONFIDENTIAL

9/16/2016 State of Florida  v. Westport Holdings

13

(Whereupon, Previous Realtor's Exhibit No. 4 previously marked is referred to in the current deposition.)

BY MR. CRABB:

Q    Mr. Freiden, I'm handing you a document that's previously been marked as Exhibit No. 4 in this deposition and I've opened it to page that is Bates Numbered 5583 in the lower right; do you see that number?

A    I plead the Fifth.

Q    Do you agree that this constitutes reporting requirements imposed on the borrower --

A    I plead the Fifth.

Q    I hadn't quite finished my question. Sorry.

A    Sorry.

Q    Exhibit B imposes reporting requirements on the borrower Westport Holdings Tampa, Limited Partnership and Westport Holdings Tampa II, Limited Partnership, would you agree?

A    I plead the Fifth.

Q    The first reporting requirement on Page Bates 5583 Exhibit B, reporting requirements: Company prepared financial statements and bank

DOWNTOWN REPORTING, LLC.

(954) 522-3376

Electronically signed by Jesica Gutierrez (401-191-241-6271)
Electronically signed by Jesica Gutierrez (401-191-241-6271)

45c113d7-cd4f-4d4b-8426-8c3ac4d70de4
FOIR_069967

LIQ_TT_1612703

CONFIDENTIAL

9/16/2016 State of Florida v. Westport Holdings

14

statements for the prior month within 20 days of the end of such prior month.  Within the last 12 months, has Westport provided any information to the lender CPIF lending LLC pursuant to this reporting requirement?

A    I plead the Fifth.

Q    At any time has Westport provided information to CPIF pursuant to this first reporting requirement?

A    I plead the Fifth.

Q    The second reporting requirement is an annual signed tax return together with all schedules within 30 days after filing, copies of any extensions filed must be provided within 30 days after filing; has Westport ever provided to CPIF information pursuant to this reporting requirement?

A    I plead the Fifth.

Q    The next requirement is to the extent a CPA prepares a written audit or review of borrowers financials, copies of such audit or review within 30 days following borrowers receipt of such audit or review; has Westport ever provided information pursuant to this reporting requirement?

A    I plead the Fifth.

Q    The next reporting requirement on Exhibit

DOWNTOWN REPORTING, LLC.

(954) 522-3376

Electronically signed by Jesica Gutierrez (401-191-241-6271)
Electronically signed by Jesica Gutierrez (401-191-241-6271)

45c113d7-cd4f-4d4b-8425-6c3ac4d70de4
FOIR_069968

LIQ_TT_1612704

CONFIDENTIAL

9/16/2016 State of Florida v. Westport Holdings

15

B is a current rent roll and occupancy reports including such information as lender may require including each tenant's name, lease expiration date, monthly rent, description of any rent concessions or allowances, and the amount of any deposits or pre-paid borrower is holding within 30 days following the end of such prior month; has Westport ever provided information to CPIF pursuant to this reporting requirement?

A    I plead the Fifth.

Q    The next reporting requirement is monthly detailed written reports on the progress towards stabilization and re-finance for the property including but not limited to any term sheets and commitment letters from other lenders for re-financing; has Westport ever provided information to CPIF pursuant to this reporting requirement?

A    I plead the Fifth.

Q    The next reporting requirement is company prepared financial statements for the prior quarter within 30 days of the prior quarter end; has Westport ever provided information to CPIF pursuant to this reporting requirement?

A    I plead the Fifth.

Q    The next reporting requirement is annual

DOWNTOWN REPORTING, LLC.

(954) 522-3376

Downtown Reporting
production@downtownreporting.com

Electronically signed by Jesica Gutierrez (401-191-241-6271)
Electronically signed by Jesica Gutierrez (401-191-241-6271)

45c113d7-cd4f-4d4b-8425-6c3ac4d70de4
FOIR_069969

LIQ_TT_1612705

CONFIDENTIAL

9/16/2016 State of Florida  v. Westport Holdings

16

signed tax return together with all schedules within 30 days after filing, copies of any extensions filed must be provided within 30 days after filing; has Westport ever provided information to CPIF pursuant to this reporting requirement?

A    I plead the Fifth.

Q    The next reporting requirement is that to the extent a CPA prepares a written audit or review of guarantors financials, copies of such audit or review within 30 days following guarantors receipt of such audit or review; has Westport ever provided information to CPIF pursuant to this reporting requirement?

A    I plead the Fifth.

Q    Has CPIF waived any of the reporting requirements on Exhibit B to Exhibit No. 4 to the Westport deposition?

A    I plead the Fifth.

Q    Has the lender given Westport notice of its failure to satisfy the reporting requirements?

A    I plead the Fifth.

Q    Does Westport currently have a retained accounting firm?

A    I plead the Fifth.

Q    Does that firm prepare financial

DOWNTOWN REPORTING, LLC.

(954) 522-3376

Downtown Reporting
production@downtownreporting.com

Electronically signed by Jesica Gutierrez (401-191-241-6271)
Electronically signed by Jesica Gutierrez (401-191-241-6271)

45c113d7-cd4f-4d4b-8425-6c3ac4d70de4
FOIR_069970

LIQ_TT_1612706

CONFIDENTIAL

9/16/2016 State of Florida  v. Westport Holdings

17

statements?

A    I plead the Fifth.

Q    Since March 31st, 2014, has anyone prepared financial statements for Westport?

A    I plead the Fifth.

Q    What specific financial statements have been prepared for Westport since March 31st, 2014?

A    I plead the Fifth.

Q    Within Westport, who is responsible for the preparation of financial statements?

A    I plead the Fifth.

Q    Who at Westport is responsible for ordering that financial statements be prepared?

A    I plead the Fifth.

Q    Does Westport currently have a retained auditing firm?

A    I plead the Fifth.

Q    Has Westport ever had a retained auditing firm?

A    I plead the Fifth.

Q    Specifically since March 31st, 2014, has Westport had a retained auditing firm?

A    I plead the Fifth.

Q    Has any audited financial statement been finalized since March 31st, 2014?

DOWNTOWN REPORTING, LLC.

(954) 522-3376

Downtown Reporting
production@downtownreporting.com

Electronically signed by Jesica Gutierrez (401-191-241-6271)
Electronically signed by Jesica Gutierrez (401-191-241-6271)

46c113d7-cd4f-4d4b-8426-6c3ac4d70de4
FOIR_069971

LIQ_TT_1612707

CONFIDENTIAL

9/16/2016 State of Florida  v. Westport Holdings

18

A    I plead the Fifth.

Q    Have any financial statements been prepared for Westport either on a quarterly, annually, or monthly basis since March 31st, 2014?

A    I plead the Fifth.

Q    Is there any reason why any annual audited financial statement has not been prepared?

A    I plead the Fifth.

Q    Is there currently an annual financial statement in draft form that has not been finalized?

A    I plead the Fifth.

Q    Does Westport currently owe money to any auditing firm?

A    I plead the Fifth.

Q    Are there any issues regarding draft notes to a 2014 annual statement draft?

A    I plead the Fifth.

Q    Have you, Eli Freiden, had any discussions with John Bartle regarding a draft 2014 financial statement?

A    I plead the Fifth.

Q    Has Mr. Bartle given you any direction relating to the finalization of a 2014 annual financial statement?

A    I plead the Fifth.

                DOWNTOWN REPORTING, LLC.
                    (954) 522-3376

Downtown Reporting
production@downtownreporting.com

Electronically signed by Jesica Gutierrez (401-191-241-6271)
Electronically signed by Jesica Gutierrez (401-191-241-6271)

LIQ_TT_1612708

45c113d7-cd4f-4d4b-8425-6c3ac4d70de4
FOIR_069972

CONFIDENTIAL

9/16/2016 State of Florida  v. Westport Holdings

19

Q    Does Westport use a fiscal year?

A    I plead the Fifth.

Q    What is that fiscal year?

A    I plead the Fifth.

Q    Does Westport currently have a budget for 2016?

A    I plead the Fifth.

Q    Since March 31st, 2014, has Westport ever prepared a budget?

A    I plead the Fifth.

Q    Who has the authority to spend Westport's money?

A    I plead the Fifth.

Q    How many bank accounts does Westport have?

A    I plead the Fifth.

Q    Who are the authorized signers on those accounts?

A    I plead the Fifth.

Q    Who has the authority to incur expenses on behalf of Westport?

A    I plead the Fifth.

Q    What are Westport's current reporting obligations to the Florida Office of Insurance Regulation?

A    I plead the Fifth.

DOWNTOWN REPORTING, LLC.

(954) 522-3376

Downtown Reporting
production@downtownreporting.com

Electronically signed by Jesica Gutierrez (401-191-241-6271)
Electronically signed by Jesica Gutierrez (401-191-241-6271)

LIQ_TT_1612709

45c113d7-cd4f-4d4b-8425-6c3ac4d70de4
FOIR_069973

CONFIDENTIAL

9/16/2016 State of Florida v. Westport Holdings

20

Q    Are you aware that Westport has annual, quarterly, and monthly reporting obligations to the Florida Office of Insurance Regulation?

A    I plead the Fifth.

Q    Since March 31st, 2014, what reports have Westport made to the Office of Insurance Regulation?

A    I plead the Fifth.

Q    Who at Westport is responsible for preparing reports to be submitted to the Office of Insurance Regulation?

A    I plead the Fifth.

Q    Who at Westport has the authority to order reports to be prepared and submitted to the Office of Insurance Regulation?

A    I plead the Fifth.

                    (Whereupon, Previous Realtor's
                    Exhibit No. 2 previously marked
                    is referred to in the current
                    deposition.)

BY MR. CRABB:

Q    I've handed you a document previously marked as Composite Exhibit No. 2 entitled Periodic Financial Report for Westport Holdings Tampa, Limited Partnership Continuing Care Provider marked as Office of Insurance Regulation Specialty Product

DOWNTOWN REPORTING, LLC.

(954) 522-3376

Electronically signed by Jesica Gutierrez (401-191-241-6271)
Electronically signed by Jesica Gutierrez (401-191-241-6271)

LIQ_TT_1612710

45c113d7-cd4f-4d4b-8425-8c3ac4d70de4
FOIR_069974

CONFIDENTIAL

9/16/2016 State of Florida  v. Westport Holdings

21

Administration Periodic Financial Report to the Office of Insurance Regulation of the State of Florida; do you acknowledge that I've handed you this document?

A    I plead the Fifth.

Q    When was this document filed with the Office of Insurance Regulation?

A    I plead the Fifth.

Q    What reporting period does it encompass?

A    I plead the Fifth.

Q    This document is not signed by any representative of Westport; is that correct?

A    I plead the Fifth.

Q    Is there any reason that no representative of Westport signed or attested to the accuracy of this document?

A    I plead the Fifth.

Q    To your knowledge, is all the information contained in this report to the Office of Insurance Regulation truthful and complete as of the day that it was submitted?

A    I plead the Fifth.

Q    Section three, unit analysis, was left blank in its entirety by Westport; is there a reason this report was not completed to the Office of

DOWNTOWN REPORTING, LLC.

(954) 522-3376

Electronically signed by Jesica Gutierrez (401-191-241-6271)
Electronically signed by Jesica Gutierrez (401-191-241-6271)

45c113d7-cd4f-4d4b-8426-6c3ac4d70de4
FOIR_069975

LIQ_TT_1612711

CONFIDENTIAL

9/16/2016 State of Florida v. Westport Holdings

22

Insurance Regulation?

A    I plead the Fifth.

Q    On the page marked 15963 current assets refers to cash as negative $235,044, please list all bank statements of Westport --

A    Oh, is that a question?  I plead the Fifth.  Sorry.

Q    How is it possible that Westport shows net negative cash as a current asset?

A    I plead the Fifth.

Q    Line 3 on the same page is accounts receivable; who is responsible at Westport for accounting for accounts receivable?

A    I plead the Fifth.

Q    Who within Westport would have accurate information regarding the current accounts receivable owed to Westport?

A    I plead the Fifth.

Q    Line 4 shows prepaid expenses as a current asset of $163,150; what does this prepaid expenses include?

A    I plead the Fifth.

Q    Line 6, other, shows an unspecified current asset claimed of $1,506,507; what does this represent?

DOWNTOWN REPORTING, LLC.

(954) 522-3376

Electronically signed by Jesica Gutierrez (401-191-241-6271)
Electronically signed by Jesica Gutierrez (401-191-241-6271)

LIQ_TT_1612712

45c113d7-cd4f-4d4b-8425-6c3ac4d70de4
FOIR_069976

CONFIDENTIAL

9/16/2016 State of Florida v. Westport Holdings

23

A    I plead the Fifth.

Q    Item 9 says:  Property plant and equipment, $59,928,035; is that correct?

A    I plead the Fifth.

Q    Has any professional appraisal or assessment been done of any Westport property plant or equipment since March 31st, 2014?

A    I plead the Fifth.

Q    Has any appraisal or assessment of the real estate or buildings at University Village been performed since March 31st, 2014?

A    I plead the Fifth.

Q    Or to your knowledge, has such appraisal or assessment been performed before March 31st, 2014?

A    I plead the Fifth.

Q    The following page marked Bates 15964 shows accounts payable as $1,625,349; is this number correct as of today?

A    I plead the Fifth.

Q    Does this represent all vendor accounts payable regardless of the number of days that they are owed?

A    I plead the Fifth.

Q    Line 17 says refunds payable is

DOWNTOWN REPORTING, LLC.

(954) 522-3376

Downtown Reporting
production@downtownreporting.com

Electronically signed by Jesica Gutierrez (401-191-241-6271)
Electronically signed by Jesica Gutierrez (401-191-241-6271)

45c113d7-cd4f-4d4b-8425-6c3ac4d70de4
FOIR_069977

LIQ_TT_1612713

CONFIDENTIAL

9/16/2016 State of Florida v. Westport Holdings

24

$3,926,571; what is that refunds of?

A    I plead the Fifth.

Q    Those refunds relating to lifecare contracts?

A    I plead the Fifth.

Q    Are those refunds relating to PIP program money?

A    I plead the Fifth.

Q    Line 18a refers to the current portion of long term debt on the facility of $10,078,043; what specific debt does that refer to?

A    I plead the Fifth.

Q    Line 22 refers to unearned entrance fees and has a number of $16,548,335; how is that number calculated?

A    I plead the Fifth.

Q    Line 23 refers to long term debt on facility, $13,948,815, and for other, $31,804,242; what comprises the long term debt on the facility?

A    I plead the Fifth.

Q    What's included in the "other" long term debt of over $31 million?

A    I plead the Fifth.

Q    Page 15965 within the same report refers to rental revenues of $1,349,963; to what are these

DOWNTOWN REPORTING, LLC.

(954) 522-3376

Downtown Reporting
production@downtownreporting.com

Electronically signed by Jesica Gutierrez (401-191-241-6271)
Electronically signed by Jesica Gutierrez (401-191-241-6271)

45c113d7-cd4f-4d4b-8425-6c3ac4d70de4
FOIR_069978

LIQ_TT_1612714

CONFIDENTIAL

9/16/2016 State of Florida  v. Westport Holdings

25

rental revenues attributed?

A    I plead the Fifth.

Q    How many maintenance employees does Westport currently have?

A    I plead the Fifth.

Q    Line 13 on the same Page 15965 refers to maintenance expense of $1,853,582; what exactly went into this maintenance expense?

A    I plead the Fifth.

Q    Line 14 refers to management fees of $304,021; to whom were these management fees paid?

A    I plead the Fifth.

Q    Were these management fees paid to Novum, LLC?

A    I plead the Fifth.

Q    Were they paid to Novum Management Group, LLC?

A    I plead the Fifth.

Q    Were they paid to any other management entity?

A    I plead the Fifth.

Q    Page 15966 refers to refunds paid on line 2B of a $3,212,532 as an adjustment to reconcile net income to net cash provided by operations; what did these refunds paid refer to?

DOWNTOWN REPORTING, LLC.

(954) 522-3376

Downtown Reporting
production@downtownreporting.com

Electronically signed by Jesica Gutierrez (401-191-241-6271)
Electronically signed by Jesica Gutierrez (401-191-241-6271)

45c113d7-cd4f-4d4b-8425-6c3ac4d70de4
FOIR_069979

LIQ_TT_1612715

CONFIDENTIAL

Case 8:20-ap-00007-MGW    Doc 190    Filed 10/05/22    Page 225 of 266

9/16/2016 State of Florida v. Westport Holdings

26

A    I plead the Fifth.

Q    As of today, would you admit that Westport owes money to current and former residents of University Village under lifecare contracts?

A    I plead the Fifth.

Q    As of today, would you admit that Westport owes current and former residents of University Village refunds under the PIP program?

A    I plead the Fifth.

Q    As of today, how much is owed in refunds by Westport to current and former residents of University Village or their estates under lifecare contracts?

A    I plead the Fifth.

Q    Under the PIP program?

A    I plead the Fifth.

Q    Are you aware that Westport is required to have a minimum loss reserve account -- a minimum liability reserve account --

A    Minimum liquidity reserve?

Q    Minimum liquidity.  Thank you, a little tongue tied.

A    I plead the Fifth.

Q    Are you aware that Westport has a minimum liquidity reserve account?

DOWNTOWN REPORTING, LLC.

(954) 522-3376

Downtown Reporting
production@downtownreporting.com

Electronically signed by Jesica Gutierrez (401-191-241-6271)
Electronically signed by Jesica Gutierrez (401-191-241-6271)

45c113d7-cd4f-4d4b-8425-6c3ac4d70de4
FOIR_069980

LIQ_TT_1612716

CONFIDENTIAL

9/16/2016 State of Florida  v. Westport Holdings

27

A    I plead the Fifth.

Q    Are you aware of any changes in that account in the last 18 months?

A    I plead the Fifth.

Q    Page 15924 within the same report has a balance sheet; who prepared this balance sheet?

A    I plead the Fifth.

Q    Line number 6 refers to an accounts receivable due from BVM $1,091,215; who are the owners and managers of BVM?

A    I plead the Fifth.

Q    What is this money owed to Westport for?

A    I plead the Fifth.

Q    Does John Bartle have any association with BVM?

A    I plead the Fifth.

Q    Next line refers to an accounts receivable due from BVM UV, LLC; what specific entity does that refer to?

A    I plead the Fifth.

Q    Does that refer to BVM University Village, LLC?

A    I plead the Fifth.

Q    The note under line 11 refers to an, quote, L/R Westport Holdings Tampa II, followed by a

DOWNTOWN REPORTING, LLC.

(954) 522-3376

Downtown Reporting
production@downtownreporting.com

Electronically signed by Jesica Gutierrez (401-191-241-6271)
Electronically signed by Jesica Gutierrez (401-191-241-6271)

45c113d7-cd4f-4d4b-8425-6c3ac4d70de4
FOIR_069981

LIQ_TT_1612717

CONFIDENTIAL

9/16/2016 State of Florida v. Westport Holdings

28

non-current asset number of $7,129,374; what does this asset relate to?

A    I plead the Fifth.

Q    Line 17 refers to refunds payable of $3,926,571; what specifically does this relate to?

A    I plead the Fifth.

Q    Is this the liability under lifecare contracts?

A    I plead the Fifth.

Q    Is this number accurate as of the date this report was filed?

A    I plead the Fifth.

Q    Page 15925 of the same report to the Office of Insurance Regulation under statement of operations refers to an accrued lease payment for Healthcare Center of $2,500,000; who provided this revenue?

A    I plead the Fifth.

Q    Do you admit that the amount owed under lifecare contracts and PIP program refunds cannot currently be paid by Westport?

A    I plead the Fifth.

Q    Do you admit that Westport is currently insolvent?

A    I plead the Fifth.

DOWNTOWN REPORTING, LLC.
(954) 522-3376

Electronically signed by Jesica Gutierrez (401-191-241-6271)
Electronically signed by Jesica Gutierrez (401-191-241-6271)

LIQ_TT_1612718

45c113d7-cd4f-4d4b-8425-6c3ac4d70de4
FOIR_069982

CONFIDENTIAL

9/16/2016 State of Florida  v. Westport Holdings

29

Q     Do you admit that Westport cannot currently pay all its obligations as they come due?

A     I plead the Fifth.

Q     Since March 31st, 2014, when was the PIP program open to new investment?

A     I plead the Fifth.

Q     How has the PIP program been marketed since March 31st, 2014?

A     I plead the Fifth.

Q     Who was responsible for marketing PIP?

A     I plead the Fifth.

Q     Is Christie Perez involved in marketing the PIP program?

A     I plead the Fifth.

Q     Was Christie Perez paid a cash bonus of over $20,000 for marketing the PIP program to residents over a two week period?

A     I plead the Fifth.

Q     Do you know whether Christie Perez made fraudulent or false statements to residents in order to induce them to invest money in the PIP program?

A     I plead the Fifth.

Q     Do you know whether Christie Perez was ever given any instruction on how to market the PIP program to residents of University Village?

DOWNTOWN REPORTING, LLC.

(954) 522-3376

Electronically signed by Jesica Gutierrez (401-191-241-6271)
Electronically signed by Jesica Gutierrez (401-191-241-6271)

45c113d7-cd4f-4d4b-8425-5c3ac4d70de4
FOIR_069983

LIQ_TT_1612719

CONFIDENTIAL

9/16/2016 State of Florida v. Westport Holdings

30

A    I plead the Fifth.

Q    In the second quarter of 2014 CPIF allowed $1 million to be withdrawn from the $1.75 million escrow reserve account by BVM University Village to invest in two other non-related assisted living facilities in Florida which $1 million was not repaid until late 2015, and in January 2016 was moved to a capitol improvement fund for University Village; is that correct?

A    I plead the Fifth.

Q    How much money did Westport pay in interest on the $1 million during the time in which it had been withdrawn?

A    I plead the Fifth.

Q    To date, has that interest been repaid by anyone?

A    I plead the Fifth.

Q    Whose decision was it to authorize the withdrawal of the $1 million?

A    I plead the Fifth.

Q    Was there a written resolution by Westport Holdings memorializing the authorization to make that withdrawal?

A    I plead the Fifth.

MR. CRABB:   We're going to take about a

DOWNTOWN REPORTING, LLC.

(954) 522-3376

Electronically signed by Jesica Gutierrez (401-191-241-6271)
Electronically signed by Jesica Gutierrez (401-191-241-6271)

LIQ_TT_1612720

45c113d7-cd4f-4d4b-8425-6c3ac4d70de4
FOIR_069984

CONFIDENTIAL

9/16/2016 State of Florida  v. Westport Holdings

31

five minute break.

(Thereupon there was a brief recess and the deposition continued as follows:)

BY MR. CRABB:

Q    Mr. Freiden, before we go any further with any questions I want to hand you this document which is a subpoena for your testimony at the final hearing in this case; do you acknowledge receipt of this subpoena?

A    Am I supposed to say I plead the Fifth or yes?

Q    Well, I will be filing an affidavit that you did receive service of process --

A    That's fine.  Yes.

Q    -- on that subpoena.

A    Oh, wow, $67.

Q    You can't blame me for the rate on the check.  That's the statutory rate that's made available.  Don't spend it all in one place.

A    Okay.

MR. CRABB:  I'm going to show you a document that's been previously marked as Exhibit No. 28.

(Whereupon, Previous Realtor's

DOWNTOWN REPORTING, LLC.

(954) 522-3376

Downtown Reporting
production@downtownreporting.com

Electronically signed by Jesica Gutierrez (401-191-241-6271)
Electronically signed by Jesica Gutierrez (401-191-241-6271)

45c113d7-cd4f-4d4b-8425-6c3ac4d70de4
FOIR_069985

LIQ_TT_1612721

CONFIDENTIAL

9/16/2016 State of Florida v. Westport Holdings

32

(Exhibit No. 28 previously marked is referred to in the current deposition.)

BY MR. CRABB:

Q    This is a letter from Tim Parker to Mr. Walter Hood. In part it says: We have always encouraged you to become informed and get involved. There were many avenues to voice concerns and express displeasure including myself, Becky Bartle and your resident board. However, public statements intended solely to insight panic, discord, and unrest is not acceptable and can be considered detrimental to the community, the staff, and the residents; do you recognize this letter?

A    I plead the Fifth.

Q    Did you have any involvement in its drafting?

A    I plead the Fifth.

Q    Do you know who directed this letter to be prepared and sent to Mr. Hood?

A    I plead the Fifth.

Q    Did Rebecca Bartle direct it to be sent?

A    I plead the Fifth.

Q    What authority does Rebecca Bartle relating to University Village?

DOWNTOWN REPORTING, LLC.

(954) 522-3376

Electronically signed by Jesica Gutierrez (401-191-241-6271)
Electronically signed by Jesica Gutierrez (401-191-241-6271)

45c113d7-cd4f-4d4b-8425-6c3ac4d70de4
FOIR_069986

LIQ_TT_1612722

CONFIDENTIAL

9/16/2016 State of Florida v. Westport Holdings

33

A    I plead the Fifth.

Q    Do you know why it was sent?

A    I plead the Fifth.

Q    Do you know whether any other University Village resident was ever sent this type of letter?

A    I plead the Fifth.

Q    Was this created from a form letter that had already been prepared or was this created solely for Mr. Hood?

A    I plead the Fifth.

Q    What were Mr. Hood's public statements intended solely to insight panic, discord, and unrest?

A    I plead the Fifth.

Q    How are sales leads generated for University Village?

A    I plead the Fifth.

Q    Who are the current sales people?

A    I plead the Fifth.

Q    What products or services does University Village currently offer?

A    I plead the Fifth.

Q    Do you allege that sales efforts have been impacted by the Office of Insurance Regulation's on site examination of Westport?

DOWNTOWN REPORTING, LLC.

(954) 522-3376

Downtown Reporting
production@downtownreporting.com

Electronically signed by Jesica Gutierrez (401-191-241-6271)
Electronically signed by Jesica Gutierrez (401-191-241-6271)

45c113d7-cd4f-4d4b-8425-6c3ac4d70de4
FOIR_069987

LIQ_TT_1612723

CONFIDENTIAL

9/16/2016 State of Florida v. Westport Holdings

34

A    I plead the Fifth.

Q    Exactly how have sales efforts been impacted by the Office of Insurance Regulation's on site examination of Westport?

A    I plead the Fifth.

Q    To your knowledge, has any OIR representative ever communicated with a University Village sales prospect?

A    I plead the Fifth.

Q    What are the management level positions at University Village?

A    I plead the Fifth.

Q    Who at University Village has the authority to hire and fire management level personnel?

A    I plead the Fifth.

Q    Does Novum have the authority to hire and fire management level personnel?

A    I plead the Fifth.

Q    Since March 31st, 2015, what management level personnel have been terminated or left the employment of University Village?

A    I plead the Fifth.

Q    Did you have any involvement in the termination of Tim Parker?

DOWNTOWN REPORTING, LLC.
(954) 522-3376

Downtown Reporting
production@downtownreporting.com

Electronically signed by Jesica Gutierrez (401-191-241-6271)
Electronically signed by Jesica Gutierrez (401-191-241-6271)

45c113d7-cd4f-4d4b-8425-6c3ac4d70de4
FOIR_069988

LIQ_TT_1612724

CONFIDENTIAL

9/16/2016 State of Florida  v. Westport Holdings

35

A    I plead the Fifth.

Q    Did you have any involvement in the termination of Carolyn Bachonski?

A    I plead the Fifth.

Q    Did you have any involvement in the termination of Mark Flores?

A    I plead the Fifth.

Q    Did you have any involvement in the termination of Larry Prescott?

A    I plead the Fifth.

Q    Cathy Burkholder?

A    I plead the Fifth.  Oh, wait, is the phone on mute?  Can you guys hear us?

MR. MUELLER:  Yes.

MS. BOYD:  We can hear you.

THE WITNESS:  Sorry.

MR. NEWHALL:  This is Tim and I can hear you.

BY MR. CRABB:

Q    Veronica Rogers?

A    I plead the Fifth.

Q    Maria Sarver?

A    I plead the Fifth.

Q    What items at University Village Retirement Center are currently due or past due to

DOWNTOWN REPORTING, LLC.

(954) 522-3376

Downtown Reporting
production@downtownreporting.com

Electronically signed by Jesica Gutierrez (401-191-241-6271)
Electronically signed by Jesica Gutierrez (401-191-241-6271)

45c113d7-cd4f-4d4b-8426-6c3ac4d70de4
FOIR_069989

LIQ_TT_1612725

CONFIDENTIAL

9/16/2016 State of Florida  v. Westport Holdings

36

be replaced?

A    I plead the Fifth.

Q    Has Westport ever commissioned the physical needs assessment of the property?

A    I plead the Fifth.

Q    Has Westport created a list of pending maintenance items?

A    I plead the Fifth.

Q    How much money has Westport reserved for replacements since March 31st, 2015?

A    I plead the Fifth.

Q    Are you aware of mold issues at University Village?

A    I plead the Fifth.

Q    Have you ever had University Village inspected and tested for mold or air quality?

A    I plead the Fifth.

THE COURT REPORTER:  Tom, we're saying 2015 now right, March 31st, 2015?

MR. CRABB:  Uh-huh.

THE WITNESS:  Yes, he said 2015.

MR. CRABB:  2015, yes.

THE COURT REPORTER:  I just -- before we were saying 2014, so I just wanted to make sure.

DOWNTOWN REPORTING, LLC.

(954) 522-3376

Electronically signed by Jesica Gutierrez (401-191-241-6271)
Electronically signed by Jesica Gutierrez (401-191-241-6271)

45c113d7-cd4f-4d4b-8425-6c3ac4d70de4
FOIR_069990

LIQ_TT_1612726

CONFIDENTIAL

9/16/2016 State of Florida v. Westport Holdings

37

MR. CRABB: And that was my error earlier that I intended to say March 31st, 2015 rather than 2014.

BY MR. CRABB:

Q Mr. Freiden, would the answers to any of the questions that I used the date March 31st, 2014 be different with the date given March 31st, 2015?

A I plead the Fifth. Oh, you're asking me if -- I thought you were just putting it for the statement. I'm sorry.

Q No, I was asking you that earlier in my questions I referred to March 31st, 2014. I can go back and repeat all of those questions with the date March 31st, 2015, but would your answers to any of those questions be different between March 31st, 2014 and March 31st, 2015 --

THE WITNESS: Ginger, so that we don't have to go back and ask those -- all those questions, is it okay to say that I acknowledge that he meant to say 2015 and not 2014?

MS. BOYD: As long as your answers would not change, yes.

THE WITNESS: Okay, that's fine.

BY MR. CRABB:

Q Are Westport's attorneys in this case

DOWNTOWN REPORTING, LLC.

(954) 522-3376

Electronically signed by Jesica Gutierrez (401-191-241-6271)
Electronically signed by Jesica Gutierrez (401-191-241-6271)

45c113d7-cd4f-4d4b-8425-6c3ac4d70de4
FOIR_069991

LIQ_TT_1612727

CONFIDENTIAL

9/16/2016 State of Florida  v. Westport Holdings

38

being compensated out of Westport funds from University Village?

A    I plead the Fifth.

Q    How much has been paid for attorney's fees in 2016 by University Village?

A    I plead the Fifth.

Q    In 2015?

A    I plead the Fifth.

Q    Have you ever communicated to a University Village resident that Westport may declare bankruptcy?

A    I plead the Fifth.

Q    Are you aware of anyone else from Westport communicating to a University Village resident that Westport may declare bankruptcy?

A    I plead the Fifth.

Q    When did Westport hire Novum to manage operations at University Village?

A    I plead the Fifth.

Q    What exactly was Novum contracted to manage?

A    I plead the Fifth.

Q    What is Novum's current scope of authority at University Village?

A    I plead the Fifth.

DOWNTOWN REPORTING, LLC.

(954) 522-3376

Electronically signed by Jesica Gutierrez (401-191-241-6271)
Electronically signed by Jesica Gutierrez (401-191-241-6271)

45c113d7-cd4f-4d4b-8426-6c3ac4d70de4
FOIR_069992

LIQ_TT_1612728

CONFIDENTIAL

9/16/2016 State of Florida  v. Westport Holdings

39

Q    Has that changed since it was first hired?

A    I plead the Fifth.

Q    How did Westport come to hire Novum?

A    I plead the Fifth.

Q    What was Novum's experience in managing retirement centers or otherwise that led you to hire it?

A    I plead the Fifth.

Q    Do you have knowledge of monies paid by Westport to Westport Nursing Tampa before March 31st, 2015?

A    Can you repeat that?

Q    Do you have knowledge of any money paid by Westport, so Westport Holdings Tampa, Limited Partnership --

A    To?

Q    -- to Westport Nursing before March 31st, 2015?

A    I plead the Fifth.

Q    Do you have knowledge of money paid by Westport to TALF or TR and SNF at any time?

A    I plead the Fifth.

Q    What is Westport's current reoccurring obligations to TALF?

A    I plead the Fifth.

DOWNTOWN REPORTING, LLC.

(954) 522-3376

Downtown Reporting
production@downtownreporting.com

Electronically signed by Jesica Gutierrez (401-191-241-6271)
Electronically signed by Jesica Gutierrez (401-191-241-6271)

45c113d7-cd4f-4d4b-8425-6c3ac4d70de4
FOIR_069993

LIQ_TT_1612729

CONFIDENTIAL

9/16/2016 State of Florida v. Westport Holdings

40

Q    What is Westport's reoccurring obligations to TR and SNF?

A    I plead the Fifth.

Q    What is received by Westport in return for monies paid to TALF and TR and SNF?

A    I plead the Fifth.

Q    Does the amount paid by Westport to TALF and TR and SNF vary depending on the services provided for that month?

A    I plead the Fifth.

Q    Do TALF and TR and SNF pay rent to Westport Nursing?

A    I plead the Fifth.

Q    How much?

A    I plead the Fifth.

Q    Does that rent amount vary month to month or is it fixed?

A    I plead the Fifth.

Q    How much money does TALF currently owe to Westport Nursing in rent?

A    I plead the Fifth.

Q    How much money does TR and SNF currently owe in rent to Westport Nursing?

A    I plead the Fifth.

Q    Since March 31st, 2015, has any money gone

DOWNTOWN REPORTING, LLC.

(954) 522-3376

Downtown Reporting
production@downtownreporting.com

Electronically signed by Jesica Gutierrez (401-191-241-6271)
Electronically signed by Jesica Gutierrez (401-191-241-6271)

45c113d7-cd4f-4d4b-8425-6c3ac4d70de4
FOIR_069994

LIQ_TT_1612730

CONFIDENTIAL

9/16/2016 State of Florida  v. Westport Holdings

41

from Westport Nursing to Westport Holdings?

A    I plead the Fifth.

Q    Do you need to stop to take a phone call?

A    Oh, sorry.  No, I'm good.

Q    How much is the amount of the monthly rental obligation from TALF and TR and SNF per month?

A    I plead the Fifth.

Q    Is the health center at University Village currently encumbered by a mortgage?

A    I plead the Fifth.

Q    Do you know what the principle balance of that mortgage is?

A    I plead the Fifth.

Q    Do you know what the monthly mortgage payment on that mortgage loan is?

A    I plead the Fifth.

Q    Do you know whether that loan is current?

A    I plead the Fifth.

Q    What other expenses does Westport Nursing have other than a mortgage payment?

A    I plead the Fifth.

Q    The agreement between Westport Nursing and TALF and TR and SNF, is Westport Nursing obligated for any expenses relating to the health center?

DOWNTOWN REPORTING, LLC.

(954) 522-3376

Downtown Reporting
production@downtownreporting.com

Electronically signed by Jesica Gutierrez (401-191-241-6271)
Electronically signed by Jesica Gutierrez (401-191-241-6271)

45c113d7-cd4f-4d4b-8425-6c3ac4d70de4
FOIR_069995

LIQ_TT_1612731

CONFIDENTIAL

9/16/2016 State of Florida v. Westport Holdings

42

A    I plead the Fifth.

MR. CRABB:  Take a short break of about five minutes.

(Thereupon there was a brief recess and the deposition continued as follows:)

MR. CRABB:  Matt, this is Tom.  You said your name is Matt Mueller?

MR. MUELLER:  That is correct.

MR. CRABB:  What firm are you with, Matt?

MR. MUELLER:  Wiand Guerra King in Tampa, W-I-A-N-D, Guerra, G-U-E-R-R-A, King.

MR. CRABB:  And who exactly do you represent?

MR. MUELLER:  I represent Mr. Freiden.

MR. CRABB:  You represent him personally?

MR. MUELLER:  Yes.

MR. CRABB:  Do you also represent Westport Holdings Tampa, Limited Partnership?

MR. MUELLER:  No.

MR. CRABB:  Do you represent anyone else besides Mr. Freiden for purposes of this case?

MR. MUELLER:  No.

MR. CRABB:  Have you filed a Notice of Appearance yet?

DOWNTOWN REPORTING, LLC.
(954) 522-3376

Electronically signed by Jesica Gutierrez (401-191-241-6271)
Electronically signed by Jesica Gutierrez (401-191-241-6271)

45c113d7-cd4f-4d4b-8425-6c3ac4d70de4
FOIR_069996

LIQ_TT_1612732

CONFIDENTIAL

Case 8:20-ap-00007-MGW   Doc 190   Filed 10/05/22   Page 242 of 266

9/16/2016 State of Florida v. Westport Holdings

43

MR. MUELLER:  I do not and I do not intend to in this case.

MR. CRABB:  Okay.  I just wanted to make sure.  I hadn't heard your name before, Matt, and I just wanted to make sure I understood exactly what your role was.

MR. MUELLER:  No, no problem.  That's my role.

BY MR. CRABB:

Q    Mr. Freiden, what's Westport's balance as of today in its MLR account?

A    I plead the Fifth.

Q    Where is Westport's MLR account currently maintained?

A    I plead the Fifth.

Q    Who at Westport has the authority to transfer funds out of Westport's MLR account?

A    I plead the Fifth.

Q    Do you have that authority?

A    I plead the Fifth.

Q    Does Mr. Bartle have that authority?

A    I plead the Fifth.

Q    Has any money been taken out of the MLR account in the last 90 days?

A    I plead the Fifth.

DOWNTOWN REPORTING, LLC.

(954) 522-3376

Electronically signed by Jesica Gutierrez (401-191-241-6271)
Electronically signed by Jesica Gutierrez (401-191-241-6271)

45c113d7-cd4f-4d4b-8425-6c3ac4d70de4
FOIR_069997

LIQ_TT_1612733

CONFIDENTIAL

9/16/2016 State of Florida v. Westport Holdings

44

Q   Would you admit that as of today the MLR account has a zero balance in it?

A   I plead the Fifth.

(Whereupon, Previous Realtor's Exhibit No. 31 previously marked is referred to in the current deposition.)

BY MR. CRABB:

Q   Show you a document previously marked in this deposition as Exhibit No. 31; do you recognize this document?

A   I plead the Fifth.

Q   You're pleading the Fifth even as to acknowledging the document?

A   Oh, okay. I don't know. Okay. I acknowledge it. Yes, I see it. I don't know. I've never done this before.

Q   Is this a true and correct copy of an access agreement between Westport Holdings Tampa, Limited Partnership, TALF, and TR and SNF?

A   I plead the Fifth.

Q   The document that I handed you is not signed; is that correct?

A   Correct.

Q   Do you know whether this document ever was

DOWNTOWN REPORTING, LLC.

(954) 522-3376

Downtown Reporting
production@downtownreporting.com

Electronically signed by Jesica Gutierrez (401-191-241-6271)
Electronically signed by Jesica Gutierrez (401-191-241-6271)

45c113d7-cd4f-4d4b-8425-6c3ac4d70de4
FOIR_069998

LIQ_TT_1612734

CONFIDENTIAL

9/16/2016 State of Florida  v. Westport Holdings

45

signed by Westport?

A    I plead the Fifth.

Q    Do you know whether this document was ever signed by TALF or TR and SNF?

A    I plead the Fifth.

Q    Was this agreement ever made effective?

A    I plead the Fifth.

Q    Was this agreement ever followed by Westport?

A    I plead the Fifth.

Q    What are Westport's payment obligations to TALF and TR and SNF under this agreement?

A    I plead the Fifth.

Q    What services, if any, do University Village residents receive pursuant to this access agreement?

A    I plead the Fifth.

Q    Are you aware that on August 31st, 2016 TR and SNF and TALF through John Bartle terminated the services of Novum at University Village Health Center?

A    I plead the Fifth.

Q    Do you have any knowledge regarding the facts relating to that termination?

A    I plead the Fifth.

DOWNTOWN REPORTING, LLC.

(954) 522-3376

Downtown Reporting
production@downtownreporting.com

Electronically signed by Jesica Gutierrez (401-191-241-6271)
Electronically signed by Jesica Gutierrez (401-191-241-6271)

45c113d7-cd4f-4d4b-8425-6c3ac4d70de4
FOIR_069999

LIQ_TT_1612735

CONFIDENTIAL

9/16/2016 State of Florida v. Westport Holdings

46

Q    Is Novum Management Group, LLC as of today still authorized to perform services at the University Village Retirement Center?

A    I plead the Fifth.

Q    Did you have any discussions with Mr. Bartle regarding his termination of Novum Management Group, LLC from the health center?

A    I plead the Fifth.

MR. CRABB:  I have no more questions at this time for Westport Holdings Tampa, Limited Partnership subject to leaving this deposition open for appropriate motions.  Is there anything that you'd like to add Ginger?

MS. BOYD:  No, not at this time.  Thank you.

THE COURT REPORTER:  Are we going to conclude this one and make them all separate or is this all going it -- for like read or waive kind of thing?

MR. CRABB:  Well, we're going to leave this deposition open for now and then we currently have a deposition of Westport Nursing Tampa, LLC set for 1:00 o'clock this afternoon and that will go on as scheduled.

THE COURT REPORTER:  Okay.  I just want to

DOWNTOWN REPORTING, LLC.

(954) 522-3376

**Downtown Reporting**
production@downtownreporting.com

Electronically signed by Jesica Gutierrez (401-191-241-6271)
Electronically signed by Jesica Gutierrez (401-191-241-6271)

45c113d7-cd4f-4d4b-8425-6c3ac4d70de4
FOIR_070000

LIQ_TT_1612736

CONFIDENTIAL

9/16/2016 State of Florida v. Westport Holdings

47

make sure it's not going to be part of this deposition?

MR. CRABB:  Correct.

THE COURT REPORTER:  Okay.  So we're going to do read waive, was my question basically. Would you like to read or waive?

THE WITNESS:  Huh?  I'm sorry.

THE COURT REPORTER:  This -- go ahead.

MR. CRABB:  You're --

MS. BOYD:  Eli, you can waive.

THE WITNESS:  Waive.

THE COURT REPORTER:  Thank you, Ginger. Did you need to order this for now?

MR. CRABB:  Yes, we'll need to order it.

THE COURT REPORTER:  Is standard okay?

MR. CRABB:  We'll need it expedited.

THE COURT REPORTER:  Do you know when yet? You'll let me know?

MR. CRABB:  As soon as possible.

THE COURT REPORTER:  Like Monday?

MR. CRABB:  Like Monday.

THE COURT REPORTER:  Okay, Monday.  Ginger would you like a copy?

MS. BOYD:  No, thank you.

THE COURT REPORTER:  Mr. Mueller, did you

DOWNTOWN REPORTING, LLC.

(954) 522-3376

Downtown Reporting
production@downtownreporting.com

Electronically signed by Jesica Gutierrez (401-191-241-6271)
Electronically signed by Jesica Gutierrez (401-191-241-6271)

45c113d7-cd4f-4d4b-8425-8c3ac4d70de4
FOIR_070001

LIQ_TT_1612737

CONFIDENTIAL

9/16/2016 State of Florida  v. Westport Holdings

48

need a copy?

MR. MUELLER:  Why don't I think on that. I'll get in touch with you if I can get your contact info at the end.

THE COURT REPORTER:  Not a problem.  Okay. And I think everyone else should be covered under you, right?  Okay.  Thank you.  We're now off the record.

(Whereupon, the deposition was concluded at 12:04 p.m.).

- - -

DOWNTOWN REPORTING, LLC.

(954) 522-3376

Downtown Reporting
production@downtownreporting.com

Electronically signed by Jesica Gutierrez (401-191-241-6271)
Electronically signed by Jesica Gutierrez (401-191-241-6271)

45c113d7-cd4f-4d4b-8425-6c3ac4d70de4
FOIR_070002

LIQ_TT_1612738

CONFIDENTIAL

9/16/2016 State of Florida  v. Westport Holdings

49

CERTIFICATE OF OATH

THE STATE OF FLORIDA          )
COUNTY OF PALM BEACH          )

        I, the undersigned authority, certify that ELIYAHU FREIDEN, personally appeared before me and was duly sworn.

        WITNESS my hand and official seal this 16th day of September, 2016.

_____
        JESICA MARIA GARCIA GUTIERREZ, REPORTER

Notary Public - State of Florida
Commission No.:  FF972182
Expires:  March 16, 2020

DOWNTOWN REPORTING, LLC.
(954) 522-3376

Downtown Reporting
production@downtownreporting.com

Electronically signed by Jesica Gutierrez (401-191-241-6271)
Electronically signed by Jesica Gutierrez (401-191-241-6271)

45c113d7-cd4f-4d4b-8425-5c3ac4d70de4
FOIR_070003

LIQ_TT_1612739

CONFIDENTIAL

9/16/2016 State of Florida v. Westport Holdings

50

TRANSCRIPT CERTIFICATE

STATE OF FLORIDA        )

COUNTY OF PALM BEACH    )

I, JESICA GUTIERREZ, Reporter, certify that I was authorized to and did digitally report the foregoing proceedings and that the transcript is a true and complete record of my digital notes.

DATED this 18th day of September, 2016.

_____

JESICA MARIA GARCIA GUTIERREZ, REPORTER

Notary Public - State of Florida
Commission No.: FF972182
Expires: March 16, 2020

DOWNTOWN REPORTING, LLC.
(954) 522-3376

Downtown Reporting
production@downtownreporting.com

Electronically signed by Jesica Gutierrez (401-191-241-6271)
Electronically signed by Jesica Gutierrez (401-191-241-6271)

LIQ_TT_1612740

45c113d7-cd4f-4d4b-8425-6c3ac4d70de4
FOIR_070004

CONFIDENTIAL

9/16/2016 State of Florida v. Westport Holdings

IN THE CIRCUIT COURT OF THE 2ND JUDICIAL CIRCUIT
IN AND FOR LEON COUNTY, FLORIDA

CASE NO: 2015 CA 000585

STATE OF FLORIDA, ex rel., THE
DEPARTMENT OF FINANCIAL SERVICES
OF THE STATE OF FLORIDA,

     Relator,

v.

WESTPORT HOLDINGS TAMPA, LIMITED
PARTNERSHIP d/b/a UNIVERSITY VILLAGE,
a Delaware limited partnership licensed
as a continuing care retirement
community in the State of Florida,

     Respondent.

_____/

Downtown Reporting
621 NW 53rd Street, Suite 240
Boca Raton, Florida 33487
September 16th, 2016
2:00 p.m.

DEPOSITION OF
ELIYAHU FREIDEN

Taken before JESICA GUTIERREZ, Court Reporter
and Notary Public in and for Palm Beach County,
State of Florida at Large.

DOWNTOWN REPORTING, LLC.
(954) 522-3376

Downtown Reporting
production@downtownreporting.com

Electronically signed by Jesica Gutierrez (401-191-241-6271)
Electronically signed by Jesica Gutierrez (401-191-241-6271)

7eda8783-8249-43f3-9813-9063a570939c
FOIR_070006

LIQ_TT_1612742

CONFIDENTIAL

9/16/2016 State of Florida v. Westport Holdings

2

A P P E A R A N C E S

THOMAS A. CRABB, ESQ.
MICHELLE GERRELL, PARALEGAL   (via telephone)
Radey Law Firm
301 South Bronough Street, Suite 200,
Tallahassee, Florida  32301
850-425-6654
On behalf of the Relator

SHAW P. STILLER, ESQ.   (via telephone)
Florida Office of Insurance Regulation
200 East Gaines Street, Suite 645,
Tallahassee, Florida 32399
850-413-4317
On behalf of the Florida Office of Insurance
Regulation

TIMOTHY L. NEWHALL, ESQ.   (via telephone)
Division of Rehabilitation and Liquidation
2020 Capital Circle Southeast, Suite 310
Tallahassee, Florida 32399
850-413-4528
On behalf of the Florida Department of Financial
Services

STEVEN H. PARTON, ESQ.   (via telephone)
Law Offices of Steven H. Parton
3736 Overlook Drive,
Tallahassee, Florida 32311
850-766-0273
On behalf of the Florida Department of Financial
Services

MATTHEW J. MUELLER, ESQ.   (via telephone)
Wiand Guerra King, P.A.
5505 West Gray Street,
Tampa, Florida 33609
813-347-5142
On behalf of Eliyahu Freiden

GINGER B. BOYD, ESQ.   (via telephone)
Broad and Cassell
215 South Monroe Street, Suite 400,
Tallahassee, Florida 32301
850-681-6810
On behalf of the Respondent

DOWNTOWN REPORTING, LLC.
(954) 522-3376

Electronically signed by Jesica Gutierrez (401-191-241-6271)
Electronically signed by Jesica Gutierrez (401-191-241-6271)

LIQ_TT_1612743

7eda8783-8249-43f3-9813-9063a570939c
FOIR_070007

CONFIDENTIAL

9/16/2016 State of Florida v. Westport Holdings

3

I N D E X

Direct by Mr. Crabb                                    Page    4


E X H I B I T S

NO.                                                         PAGE

Relator's No. 1                                               4

Relator's No. 2                                               6

Relator's No. 3                                               7

Relator's No. 4                                               8

Relator's No. 5                                              10


DOWNTOWN REPORTING, LLC.

(954) 522-3376

Downtown Reporting
production@downtownreporting.com

Electronically signed by Jesica Gutierrez (401-191-241-6271)
Electronically signed by Jesica Gutierrez (401-191-241-6271)

7eda8783-8249-43f3-9813-9063a570939c
FOIR_070008

LIQ_TT_1612744

CONFIDENTIAL

9/16/2016 State of Florida v. Westport Holdings

4

Thereupon,

ELIYAHU FREIDEN,

having been duly sworn to tell the truth, the whole truth, and nothing but the truth, was examined and testified as follows:

DIRECT EXAMINATION:

BY MR. CRABB:

Q Good afternoon, Mr. Freiden. My name is Tom Crabb. I'll be taking your deposition today. I'm going to hand you a document we will be marking as Exhibit No. 1 --

(Thereupon, Relator's Exhibit No. 1 was marked for identification.)

THE COURT REPORTER: Go ahead.

BY MR. CRABB:

Q -- subpoena for deposition to IMH Healthcare, LLC; are you appearing today pursuant to this subpoena?

A Yes.

Q The subpoena designates 36 separate areas of inquiry. Will you be IMH Healthcare, LLC's designated corporate representative for all 36 topics listed in the subpoena?

A I have been advised by counsel that in the

DOWNTOWN REPORTING, LLC.

(954) 522-3376

Downtown Reporting
production@downtownreporting.com

Electronically signed by Jesica Gutierrez (401-191-241-6271)
Electronically signed by Jesica Gutierrez (401-191-241-6271)

7eda8783-8249-43f3-9813-9063a570939c
FOIR_070009

LIQ_TT_1612745

CONFIDENTIAL

9/16/2016 State of Florida v. Westport Holdings

Ohio versus Reiner, the Supreme Court held that the Fifth Amendment to the U.S. Constitution is designed to protect the innocent as well as the guilty, and therefore I invoke the privilege afforded to me under the Fifth Amendment of the U.S. Constitution and Article 1, Section 9 of the Florida Constitution and refuse to answer the question.  In response to further questions that I may refuse to answer on this basis, I will say that I invoke my Fifth Amendment privilege and refuse to answer that question or I plead the Fifth.  This limited response is intended to incorporate by reference the full response I have just given.  I plead the Fifth.

Q    So just to clarify, you're pleading the Fifth as to whether you, Mr. Freiden, are appearing as IMH Healthcare, LLC's representative for all 36 topics listed in the subpoena?

A    Yes.

Q    When was IMH Healthcare, LLC formed?

A    I plead the Fifth.

Q    Who are its LLC members?

A    I plead the Fifth.

Q    Who are its LLC managers?

A    I plead the Fifth.

Q    IMH Healthcare, LLC is the general partner

DOWNTOWN REPORTING, LLC.

(954) 522-3376

Electronically signed by Jesica Gutierrez (401-191-241-6271)
Electronically signed by Jesica Gutierrez (401-191-241-6271)

7edaB783-8249-43f3-9813-9063a570939c
FOIR_070010

LIQ_TT_1612746

CONFIDENTIAL

9/16/2016 State of Florida v. Westport Holdings

6

of Westport Holdings Tampa, Limited Partnership; is that correct?

A    I plead the Fifth.

Q    What is IMH Healthcare, LLC's current address?

A    I plead the Fifth.

Q    Who is IMH Healthcare, LLC's current registered agent?

A    I plead the Fifth.

(Thereupon, Relator's Exhibit No. 2 was marked for identification.)

BY MR. CRABB:

Q    I've just handed you a document marked as Exhibit No. 2, return of service where service was attempted on IMH Healthcare, LLC at 7000 West Camino Real, Suite 240, Boca Raton, 33433 on August 29th, 2016.  Would you take a moment and read the statement about the process server's attempt to serve you, Mr. Freiden, at that address?

A    Okay.

Q    Is 7000 West Camino Real, Suite 240, Boca Raton the current address of IMH Healthcare, LLC?

A    I see it.  Was that a question?  I plead the Fifth.

DOWNTOWN REPORTING, LLC.

(954) 522-3376

Downtown Reporting
production@downtownreporting.com

Electronically signed by Jesica Gutierrez (401-191-241-6271)
Electronically signed by Jesica Gutierrez (401-191-241-6271)

7eda8783-8249-43f3-9813-9063a570939c
FOIR_070011

LIQ_TT_1612747

CONFIDENTIAL

Case 8:20-ap-00007-MGW    Doc 190    Filed 10/05/22    Page 256 of 266

9/16/2016 State of Florida v. Westport Holdings

7

Q    Is 7000 West Camino Real, Suite 240, Boca Raton ever been the address of IMH Healthcare, LLC?

A    I plead the Fifth.

(Thereupon, Relator's Exhibit No. 3 was marked for identification.)

BY MR. CRABB:

Q    Mr. Freiden, I've just handed you a document that I've marked as Exhibit No. 3.  Would you take a moment and review this and let me know whether you recognize this document?

A    I'm sorry?

Q    Do you recognize this document?

A    I plead the Fifth.

Q    Is this a letter from you as sole member of IMH Healthcare, LLC and general partner to all residents at University Village on October 29th, 2015?

A    I plead the Fifth.

Q    The first sentence says:  As most of you are aware, Novum Living and its personnel are coaching us towards a consolidated management effort for the entire campus; what entity does Novum Living represent?

A    I plead the Fifth.

DOWNTOWN REPORTING, LLC.
(954) 522-3376

Electronically signed by Jesica Gutierrez (401-191-241-6271)
Electronically signed by Jesica Gutierrez (401-191-241-6271)

7eda8783-8249-43f3-9813-9063a570939c
FOIR_070012

LIQ_TT_1612748

CONFIDENTIAL

9/16/2016 State of Florida v. Westport Holdings

8

Q     Is that Novum, LLC?

A     I plead the Fifth.

Q     Is that Novum Management Group, LLC?

A     I plead the Fifth.

Q     What was Novum Living doing to coach us towards a consolidated management effort for the entire campus?

A     I plead the Fifth.

Q     What does that mean, consolidated management effort?

A     I plead the Fifth.

Q     Was this letter entirely your creation or did you get input from others?

A     I plead the Fifth.

Q     Did John Bartle have any input into this letter?

A     I plead the Fifth.

                    (Thereupon, Relator's Exhibit
                    No. 4 was marked for
                    identification.)

BY MR. CRABB:

Q     Mr. Freiden, I've just handed you a document marked as Exhibit No. 4, amendment to loan agreement moment.  Take a moment and look at this document and see whether you recognize it?

DOWNTOWN REPORTING, LLC.
(954) 522-3376

Downtown Reporting
production@downtownreporting.com

Electronically signed by Jesica Gutierrez (401-191-241-6271)
Electronically signed by Jesica Gutierrez (401-191-241-6271)

LIQ_TT_1612749

7eda8783-8249-43f3-9813-9063a570939c
FOIR_070013

CONFIDENTIAL

9/16/2016 State of Florida v. Westport Holdings

9

A    I plead the Fifth.

Q    Turn to the third page of Exhibit No. 4. There's a signature two thirds of the way down the page with the text:  Eli Freiden, its sole and managing member, IMH Healthcare, LLC; is that your signature on this document?

A    I plead the Fifth.

Q    Would you admit this is an amendment to a loan agreement between Westport Nursing Tampa, LLC, BVM Management as guarantor, and USAmeriBank dated as of August 14, 2015?

A    I plead the Fifth.

Q    Would you admit that you have this document notarized on August 14, 2015 by notary public Nancy E. Smith?

A    I plead the Fifth.

Q    What amendment to the loan agreement does this document reflect?

A    I plead the Fifth.

Q    What were you told about this document by John Bartle or anyone else?

A    I plead the Fifth.

Q    Did John Bartle discuss this amendment document with you?

A    I plead the Fifth.

DOWNTOWN REPORTING, LLC.
(954) 522-3376

Downtown Reporting
production@downtownreporting.com

Electronically signed by Jesica Gutierrez (401-191-241-6271)
Electronically signed by Jesica Gutierrez (401-191-241-6271)

7eda8783-8249-43f3-9813-9063a570939c
FOIR_070014

LIQ_TT_1612750

CONFIDENTIAL

9/16/2016 State of Florida v. Westport Holdings

10

Q    Did anyone else involved with IMH Healthcare, LLC have any input as to this amendment to loan agreement?

A    I plead the Fifth.

Q    Is this document still in effect today?

A    I plead the Fifth.

(Thereupon, Relator's Exhibit No. 5 was marked for identification.)

BY MR. CRABB:

Q    Mr. Freiden, I've just handed you a document marked as Exhibit No. 5.  Take a moment and review this document and tell me whether you recognize this document.

A    I plead the Fifth.

Q    Is it a second amendment to a loan agreement by CPIF Lending as lender, Westport Holdings Tampa, Limited Partnership, Westport Holdings II, Limited Partnership --

A    I plead the Fifth.

Q    -- BVM Management, IMH Healthcare, LLC, are those all the parties to this agreement?

A    I plead the Fifth.

Q    On Page 5 of Exhibit No. 5 there's a signature above the text Eli Freiden, manager, IMH

DOWNTOWN REPORTING, LLC.

(954) 522-3376

Electronically signed by Jesica Gutierrez (401-191-241-6271)
Electronically signed by Jesica Gutierrez (401-191-241-6271)

7eda8783-8249-43f3-9813-9063a570939c
FOIR_070015

LIQ_TT_1612751

CONFIDENTIAL

9/16/2016 State of Florida v. Westport Holdings

11

Healthcare, LLC, general partner, Westport Advisors, Limited, manager, Westport Holdings Hidden Springs, LLC, general partner; is that your signature?

A    I plead the Fifth.

Q    Do you admit that you signed this document before a notary on August 31st, 2015?

A    I plead the Fifth.

Q    What was the second loan amendment -- loan amendment number two to loan agreement intended to accomplish?

A    I plead the Fifth.

Q    Do you know whether this document is still in effect today?

A    I plead the Fifth.

Q    Your signature was notarized by Christie Perez; were there any other witnesses to your signature?

A    I plead the Fifth.

Q    Was the intent of this amendment number two to benefit the residents of University Village?

A    I plead the Fifth.

Q    Did you consult with John Bartle or anyone else relating to the execution of amendment number two to the loan agreement, Exhibit No. 5?

(There was a brief discussion

DOWNTOWN REPORTING, LLC.

(954) 522-3376

Downtown Reporting
production@downtownreporting.com

Electronically signed by Jesica Gutierrez (401-191-241-6271)
Electronically signed by Jesica Gutierrez (401-191-241-6271)

7eda8783-8249-43f3-9813-9063a570939c
FOIR_070016

LIQ_TT_1612752

CONFIDENTIAL

9/16/2016 State of Florida v. Westport Holdings

12

off the record after which the deposition continued as follows:)

BY MR. CRABB:

Q    I want to go back briefly to Exhibit No. 4, if you could pull that document back up.

A    Uh-huh (affirmative).

Q    And if you go to your signature page, next to the last page. My question is: Did Westport Nursing Tampa, LLC specifically direct or authorize you to sign this agreement on its behalf or on behalf of IMH Healthcare, LLC?

A    I plead the Fifth.

Q    And for Exhibit No. 5, if you could go to Exhibit No. 5 for a moment. Page 5, your signature appears as a representative of Westport Holdings University Village, LLC as general partner, Westport Advisors, Limited as manager, IMH Healthcare as general partner, all of Westport Holdings Tampa, Limited Partnership; is that correct?

A    I plead the Fifth.

Q    Did Westport Holdings Tampa, Limited Partnership authorize or direct you to sign this document through IMH Healthcare on its behalf?

A    I plead the Fifth.

DOWNTOWN REPORTING, LLC.

(954) 522-3376

Electronically signed by Jesica Gutierrez (401-191-241-6271)
Electronically signed by Jesica Gutierrez (401-191-241-6271)

7eda8783-8249-43f3-9813-9063a670939c
FOIR_070017

LIQ_TT_1612753

CONFIDENTIAL

9/16/2016 State of Florida v. Westport Holdings

13

Q   Then you also signed the document by Westport Holdings Hidden Springs, LLC, general partner, Westport Advisors, Limited, manager, IMH Healthcare, LLC, general partner, all of Westport Holdings II, Limited Partnership; is that correct?

A   I plead the Fifth.

Q   Did Westport Holdings Tampa II, Limited Partnership authorize or direct you to sign this agreement on its behalf?

A   I plead the Fifth.

Q   What services does IMH currently provide for Westport Holdings Tampa, Limited Partnership?

A   I plead the Fifth.

Q   What compensation has IMH received since January 1st, 2014?

A   I plead the Fifth.

Q   Is IMH owed any compensation from any other entity that provides services at University Village?

A   I plead the Fifth.

Q   Has IMH received any compensation from any entity that provides services at University Village since April 1st, 2014?

A   I plead the Fifth.

MR. CRABB:   I have no further questions at
                DOWNTOWN REPORTING, LLC.
                     (954) 522-3376

Electronically signed by Jesica Gutierrez (401-191-241-6271)
Electronically signed by Jesica Gutierrez (401-191-241-6271)

7eda8783-8249-43f3-9813-9063a570939c
FOIR_070018

LIQ_TT_1612754

CONFIDENTIAL

9/16/2016 State of Florida v. Westport Holdings

14

this time.

THE COURT REPORTER:  No cross and we waive again?

MS. BOYD:  No cross.  We'll waive.

THE WITNESS:  Waive.

THE COURT REPORTER:  And we'll stick with the same copy, Matt and Ginger, so just let me know, okay?

MS. BOYD:  Will do.  Thank you.

MR. MUELLER:  Thank you.

(Whereupon, the deposition was concluded at 2:36 p.m.).

- - -

DOWNTOWN REPORTING, LLC.

(954) 522-3376

Downtown Reporting
production@downtownreporting.com

Electronically signed by Jesica Gutierrez (401-191-241-6271)
Electronically signed by Jesica Gutierrez (401-191-241-6271)

7eda8783-8249-43f3-9813-9063a570939c
FOIR_070019

LIQ_TT_1612755

CONFIDENTIAL

9/16/2016 State of Florida v. Westport Holdings

15

CERTIFICATE OF OATH

THE STATE OF FLORIDA          )

COUNTY OF PALM BEACH          )

I, the undersigned authority, certify that ELIYAHU FREIDEN, personally appeared before me and was duly sworn.

WITNESS my hand and official seal this 16th day of September, 2016.

_____

JESICA MARIA GARCIA GUTIERREZ, REPORTER

Notary Public - State of Florida
Commission No.: FF972182
Expires: March 16, 2020

DOWNTOWN REPORTING, LLC.
(954) 522-3376

Downtown Reporting
production@downtownreporting.com

Electronically signed by Jesica Gutierrez (401-191-241-6271)
Electronically signed by Jesica Gutierrez (401-191-241-6271)

7eda8783-8249-43f3-9813-9063a570939c
FOIR_070020

LIQ_TT_1612756

CONFIDENTIAL

9/16/2016 State of Florida v. Westport Holdings

16

TRANSCRIPT CERTIFICATE

STATE OF FLORIDA          )

COUNTY OF PALM BEACH      )

I, JESICA GUTIERREZ, Reporter, certify that I was authorized to and did digitally report the foregoing proceedings and that the transcript is a true and complete record of my digital notes.

DATED this 18th day of September, 2016.

_____

JESICA MARIA GARCIA GUTIERREZ, REPORTER

Notary Public - State of Florida
Commission No.:  FF972182
Expires:  March 16, 2020

DOWNTOWN REPORTING, LLC.
(954) 522-3376

Downtown Reporting
production@downtownreporting.com

Electronically signed by Jesica Gutierrez (401-191-241-6271)
Electronically signed by Jesica Gutierrez (401-191-241-6271)

LIQ_TT_1612757

7eda8763-8249-43f3-9813-9063a570939c
FOIR_070021

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 5, 2022, a true and correct copy of the foregoing has been furnished to all parties receiving CM/ECF notification via the Court's CM/ECF system.



/s/ Robert M.D. Mercer
ATTORNEY