**** CASE NUMBER: 2015CA011987 DIVISION: AH ****
Filing # 33646060 E-Filed 10/26/2015 08:32:42 AM

IN THE CIRCUIT COURT OF THE 15TH
JUDICIAL CIRCUIT, IN AND FOR
PALM BEACH COUNTY, FLORIDA

CASE NO.:

DOUBLE L INVESTMENT, INC., as trustee
of the WESTPORT LIQUIDATION TRUST
a/a/o WESTPORT SENIOR LIVING
INVESTMENT FUND, L.P.,

    Plaintiff,

v.

BVM UNIVERSITY VILLAGE, LLC, a Florida
limited liability company,

    Defendant.

_____/

## COMPLAINT

Plaintiff, DOUBLE L INVESTMENT, INC., as trustee of the WESTPORT

LIQUIDATION TRUST a/a/o WESTPORT SENIOR LIVING INVESTMENT FUND, L.P.,

("Plaintiff"), by and through its undersigned attorneys, hereby files this Complaint against

Defendant, BVM UNIVERSITY VILLAGE, LLC, ("BVM University Village"), and as grounds

therefore alleges as follows:

### THE PARTIES

1. At all times material hereto, DOUBLE L INVESTMENT, INC., ("Trustee"), was

and is a Texas corporation with its principal place of business in Palm Beach County, Florida.

2. At all times material hereto, Trustee was and is trustee of the WESTPORT

LIQUIDATION TRUST, (the "Liquidation Trust").

3. At all times material hereto, the Liquidation Trust was and is a Florida trust.



Page 1 of 6



*** FILED: PALM BEACH COUNTY, FL  SHARON R BOCK, CLERK. 10/26/2015 8:32:42 AM ***

4.    At all times mentioned herein, WESTPORT SENIOR LIVING INVESTMENT FUND, L.P., ("Westport"), was and is a Delaware limited partnership with its principal place of business in Palm Beach County, Florida.

5.    On September 15, 2011, Westport terminated by the terms of its governing agreement, and by the terms of that governing agreement, Westport's general partner, Westport Advisors, Ltd., began managing Westport as its "Liquidator" pursuant to the governing agreement.

6.    On November 26, 2014, after Westport's "Liquidator" reduced Westport's assets to certain accounts receivable, the Liquidation Trust was created to handle collections of said accounts receivable, pay accounts payable that may be due from time to time, and distribute the net proceeds to the beneficial owners.

7.    On November 26, 2014, the "Liquidator" executed an Assent, Assignment and Indemnification in favor of the Liquidation Trust, which assigned all remaining assets owned by Westport to the Liquidation Trust. A true and correct copy of the Assent, Assignment and Indemnification is attached hereto as "Exhibit A."

8.    Upon information and belief, at all times material hereto, BVM University Village was and is a Florida limited liability company.

<strong><u>JURISDICTION AND VENUE</u></strong>

9.    Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 8, inclusive, as though set forth at length herein again.

10.    The Court has subject matter jurisdiction over this lawsuit in that it seeks money damages in excess of $15,000.00, exclusive of costs and interest.

NOT A CERTIFIED COPY

11.   This Court has personal jurisdiction over the parties because the parties operate, conduct, engage in, and carry on a business within the state of Florida and/or engage in substantial activity within the state of Florida.

12.   Venue is proper in this court because this action accrued in Palm Beach County, Florida, in which Plaintiff's principal place of business is located and where BVM University Village failed to pay Plaintiff monies due and payable.

## GENERAL ALLEGATIONS

13.   Plaintiff re-alleges and incorporates by reference the allegations of paragraphs 1 through 12, inclusive, as though set forth at length herein again.

14.   Plaintiff has retained the undersigned law firm to represent it in this matter and has agreed to pay a reasonable fee for its services rendered.

15.   On or about March 29, 2014, BVM University Village executed and delivered a Promissory Note, (the "Note"), to Westport in the principal amount of one million dollars ($1,000,000.00), with interest thereon, the entire balance of principal and interest to be paid no later than July 1, 2014, the maturity date of the Note. A true and correct copy of the Note is attached hereto as Exhibit "B."

16.   On or about December 22, 2014, the parties executed an Amendment to Promissory Note, (the "Amendment"), which amended the Note in part. A true and correct copy of the Amendment is attached hereto as Exhibit "C."

17.   The Amendment amended the following terms of the original Note:

The entire balance of principal and interest [of $1,000,000.00] shall be due on or before the earlier of (a) that date whereby the Borrower delivers, or causes to be delivered, the Second 2014 Amendments to the Limited Partnership Agreements of Westport Holdings Tampa, Limited Partnership, a Delaware limited partnership or (b) July 1, 2014, the Maturity Date of this Note. No interest shall accrue until default hereunder; after default, interest shall accrue and be paid at the rate of 5 per cent

NOT A CERTIFIED COPY

(5%) per annum. All payments shall be applied first to interest and penalties, and then to principal. The Borrower may prepay this Note in whole or in part without penalty.

18.    The Amendment, *inter alia*, amended the original Note terms listed in paragraph 17 of this Complaint, as follows:

(1) Interest of five percent (5%) on the unpaid balance shall begin to accrue as of July 1, 2014. Any accrued but unpaid interest shall be paid monthly, starting as of January 2015. Said payment shall be paid on or before the tenth (10th) day of the month, with credit being given for any interest payments made to date. As of November 7, 2014, the date of the last payment, the amount of interest paid on the note was $16,849.33. Interest from November 1 to December 25, 2014, shall be paid at the time of closing, said amount being $7,534.45.

(2) A principal payment shall be made of Two Hundred Fifty Thousand and 00/00 Dollars ($250,000.00) on or before December 26, 2014 and applied against the outstanding principal;

(3) On or before May 31, 2015, the outstanding principal and unpaid accrued interest shall be repaid in full. Any balance due and owing that is not paid by May 31, 2015, shall incur a default rate of interest of ten percent (10%). If the full payment is not made in a single payment, partial payments shall be applied first to accrued interest and then to the outstanding principal. The Borrower may prepay this Promissory Note in whole or in part without penalty; . . .

(8) If any of the for mentioned amendments are not fulfilled in a timely manner, Westport Senior Investment Fund, Limited Partnership reserves the right to declare a default on the note; however, BVM University Village, LLC has five (5) business days to cure any claim of default.

19.    All conditions precedent necessary to bring this action either have been performed, been waived, or have occurred.

## COUNT I – BREACH OF PROMISSORY NOTE

20.    Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 19, inclusive, as though set forth at length herein again.

21.    Plaintiff owns and holds the original Note.

22.    Pursuant to the Amendment, BVM University Village has made a principal

payment in the amount of $250,000.00 on the Note. However, BVM University Village has failed to make any other of the principal payments due and owing to Plaintiff pursuant to the Note.

23.     BVM University Village has also failed to make payments for accrued interest pursuant to the terms of the Note and Amendment.

24.     Westport and/or Plaintiff paid all applicable documentary stamp taxes in connection with the Note.

25.     BVM University Village has defaulted under the Note by failing to pay the entire balance of the principal and interest due under the Note.

26.     Plaintiff has declared a default on the Note. A true and correct copy of Plaintiff's June 17, 2015 letter demanding payment in full is attached hereto as Exhibit "D."

27.     BVM University Village failed to cure its default within five (5) business days of Westport declaring a default on the Note.

28.     BVM University Village owes Plaintiff $750,000.00 in principal on the Note, plus accrued interest.

29.     Plaintiff has suffered many damages as a direct and proximate result of BVM University Village's breach of the Note.

30.     Plaintiff is obligated to pay the undersigned law firm reasonable fees for its services rendered. Further, pursuant to the terms of the Note, Plaintiff is entitled to be reimbursed for reasonable attorneys' fees and costs incurred in the collection of the amounts due under the Note.

**WHEREFORE**, Plaintiff, DOUBLE L INVESTMENT, INC., as trustee of the WESTPORT LIQUIDATION TRUST a/a/o WESTPORT SENIOR LIVING INVESTMENT

NOT A CERTIFIED COPY

FUND, L.P., prays that this Court enter judgment in its favor and against Defendant, BVM

UNIVERSITY VILLAGE, LLC, in the amount of the principal sum of $750,000.00, plus

interest, attorneys' fees, costs, and any other relief that this Court deems just and proper.

Dated: October 26, 2015

Law Offices of Marshall E. Rosenbach
11430 U.S. Highway 1
North Palm Beach, Florida 33408
(561) 627-8990 Telephone
(561) 694-1359 Facsimile
Attorney for Plaintiff

/s/ Dean J. Rosenbach
Dean J. Rosenbach
Florida Bar No. 152486
Marshall E. Rosenbach
Florida Bar No. 698032
E-mail 1: djrl@bellsouth.net
E-mail 2: marshall@marshallrosenbach.com
E-mail 3: service@marshallrosenbach.com



# EXHIBIT "A"

NOT A CERTIFIED COPY

## ASSENT, ASSIGNMENT AND INDEMNIFICATION

The undersigned being either a limited partner, general partner or special limited partner of WESTPORT SENIOR LIVING INVESTMENT FUND, L.P. (the "Limited Partnership") does hereby:

(1) Assent to the assignment of all remaining assets owned by the Limited Partnership to the Westport Liquidation Trust to facilitate the winding up of the affairs of the Limited Partnership; and

(2) Assign the percentage of beneficial ownership attributable to the undersigned and shown on Exhibit A as attached to the Westport Liquidation Trust to accomplish such purposes; and

(3) Indemnify Double L Investment, Inc. and its officers ("Double L") in its capacity as Trustee of the Westport Liquidation Trust against any claim, liability or other damages of every kind and nature arising out of the activities of Double L in collecting such accounts receivable.

IN WITNESS WHEREOF the undersigned limited partner, general partner or special limited partner does set its hand and seal this _26 7th_ day of _November_, 2014.

By: _Lawrence L. Landry_
Authorized Officer
_Westport Advisors, Ltd._

{Client Files/38527/0001/01622590.DOCX }                    1

STATE OF _Florida_

County of _Palm Beach_ ss

On this _26_ day of _November_, 2014, before me, the undersigned notary public, personally appeared _Lawrence L. Landry_, proved to me through satisfactory evidence of identification, which was ☐ photographic identification with signature issued by a federal or state governmental agency, ☐ oath or affirmation of a credible witness, ☑ personal knowledge of the undersigned, to be the person whose name is signed on the preceding or attached document, and acknowledged to me that he/she signed it voluntarily for its stated purpose.

Notary Public
My commission expires: _April 13, 2015_

ROBIN F. MULLIGAN
MY COMMISSION # EE 048608
EXPIRES: April 13, 2015
Bonded Thru Notary Public Underwriters

NOT A CERTIFIED COPY

{Client Files/38527/0001/01622590.DOCX }        2

### EXHIBIT A
### BENEFICIAL OWNERS

Names of Current Limited Partners, General Partners and Special Limited Partners, Addresses and Percentage of Beneficial Ownership

| Name of Limited General or Special Partner | Address |
|---|---|
| State of Connecticut Retirement Plans and Trust Fund 06-6000798 | Office of the Treasurer<br>55 Elm Street<br>Hartford, CT 06106 |
| The Trustees of the Estate of Bernice Pauahi Bishop d/b/a Kamehameha Schools 99-0073480 | 567 South King Street, Suite 200<br>Honolulu, HI 96813 |
| S.E.I.U. Pension Plan 52-0812348 | c/o Congress Asset Management Company<br>2 Seaport Lane, 5th Floor<br>Boston, MA 02110 |
| Madison International Liquidity Services, LLC 45-0476309 | 410 Park Avenue, 10th Floor<br>New York, NY 10022<br>Ronald Dickerman |
| Exchange Fund II Illiquid Asset Holding & Distribution LP 20-3537861 | W. Edward Massey<br>80 Field Point Road<br>Greenwich, CT 06830 |
| Mahalo Limited 75-2679948 | 11420 US Highway One, #133<br>North Palm Beach, FL 33408 |

| | | | |
|---|---|---|---|
| State of Connecticut | Police & Fire | $90,000 | 0.055% |
| State of Connecticut | State Attorney | $306,000 | 0.185% |
| State of Connecticut | Judges | $560,000 | 0.339% |
| State of Connecticut | Probate | $34,000 | 0.021% |
| State of Connecticut | Municipal | $6,030,000 | 3.652% |
| State of Connecticut | State Employees | $38,490,000 | 23.313% |
| State of Connecticut | Teachers | $54,490,000 | 33.004% |
| | | | |
| **Sub-Total State of Connecticut** | | **$100,000,000** | **60.569%** |
| Bernice Pauahi Bishop Estate | | $25,000,000 | 15.142% |
| SEIU | | $25,000,000 | 15.142% |
| Madison Liquidity Services, LLC | | $10,000,000 | 6.057% |
| Exchange Fund II Illiquid Asset Holding and Distribution, L.P. | | $5,000,000 | 3.03% |
| Mahalo Limited (General & Special Limited Partners) | | $102,000 | 0.062% |
| | | | |
| | | **$165,102,000.00** | **100.00%** |

# EXHIBIT "B"



Exhibit B

## Promissory Note

$1,000,000.00

Tampa, Florida
March 29, 2014

For value received, BVM University Village, LLC, a Florida limited liability company with a usual place of business at 9114 Technology Lane, Fishers IN 46038 ("Borrower"), hereby promises to pay to the order of Westport Senior Investment Fund, Limited Partnership, a Delaware limited partnership with a usual place of business at 11360 North Jog Road, Suite 102, Palm Beach Gardens, Florida 33418, attention Lawrence L. Landry (together with any subsequent Lender of this Note being hereinafter termed the "Lender"), at the office of the Lender at the address hereinbefore set forth, the principal sum of One Million Dollars ($1,000,000.00) with interest thereon.

The entire balance of principal and interest shall be due on or before the earlier of (a) that date whereby the Borrower delivers, or causes to be delivered, the Second 2014 Amendments to the Limited Partnership Agreements of Westport Holdings Tampa, Limited Partnership, a Delaware limited partnership, and Westport Holdings Tampa II, Limited Partnership, a Delaware limited partnership or (b) July 1, 2014, the Maturity Date of this Note. No interest shall accrue until default hereunder; after default, interest shall accrue and be paid at the rate of five per cent (5%) per annum. All payments shall be applied first to interest and penalties, and then to principal. The Borrower may prepay this Note in whole or in part without penalty.

The Borrower hereby agrees to pay all reasonable costs of collection, including reasonable fees of attorneys, upon any default in payment of the principal or interest of this Note. The Borrower and all endorsers and guarantors of this Note hereby waive presentment for payment, protest and demand, notice of protest, demand of dishonor and non-payment of this Note, and the Borrower's and any endorser's or guarantor's joint and several liability shall remain unimpaired notwithstanding any extension of time of payment or other indulgence granted by the Lender.

Whenever notice, demand or request may be properly sent to Borrower hereof under this Note, the same shall be sufficient if in writing and deposited in the United States mails by registered or certified mail, postage pre-paid addressed to the Borrower at the notice address set forth above (or at any other notice address as to which Borrower shall have notified Lender in writing), and any such notice, demand or request shall be treated as having been given upon deposit in the United States mails.

At the option of the Lender, the indebtedness evidenced hereby shall also become immediately due and payable without notice or demand upon any default in the payment of any principal or interest due hereunder or upon default under the Mortgage, Security Agreement and Financing Statement of even date given by Borrower to CPIF Lending, LLC, to be recorded with the Hillsborough County (Florida Recorder) (the "Mortgage"), which default continues beyond the applicable grace period (if any) provided in said Mortgage.

The Borrower hereby represents to the Lender that the indebtedness represented by this Note was incurred by the Borrower for business purposes.

#28609507 v4

This Note shall be governed by and construed in accordance with the laws of the State of Florida.

The Borrower hereby submits to the jurisdiction and venue of state and federal courts located within the State of Florida.

Any failure by the Lender to exercise any right hereunder shall not be construed as a waiver of the right to exercise the same or any other rights at any time.

[signature page to follow]

NOT A CERTIFIED COPY

Executed under seal as of this _____ day of March, 2014.

Witness _____

BVM University Village, LLC
By its Manager, Compliance Concepts, LLC

By: _____
Name: Rebecca J. Bartle
Title: Managing Member

#28609507 v4

NOT A CERTIFIED COPY

#28609507 v4                                 - 4 -



# EXHIBIT "C"

Exhibit C

## AMENDMENT TO PROMISSORY NOTE

Comes now the parties, BVM University Village, LLC, Westport Senior Investment Fund, Limited Partnership, AgeWell Senior Living, LLC, Westport Holdings Tampa LP and Westport Holdings Tampa II, and hereby agree to the following amendment of a Promissory Note executed by BVM University Village on the 29th day of March, 2014.

Presently, the Promissory Note states in part, as follows:

*The entire balance of principal and interest [of $1,000,000.00] shall be due on or before the earlier of (a) that date whereby the Borrower delivers, or causes to be delivered, the Second 2014 Amendments to the Limited Partnership Agreements of Westport Holdings Tampa, Limited Partnership, a Delaware limited partnership or (b) July 1, 2014, the Maturity Date of this Note. No interest shall accrue until default hereunder; after default, interest shall accrue and be paid at the rate of five per cent (5%) per annum. All payments shall be applied first to interest and penalties, and then to principal. The Borrower may prepay this Note in whole or in part without penalty.*

The parties agree that the above referenced terms to said agreement shall be amended, as follows:

*The entire balance of principal and interest [of $1,000,000.00] shall be paid in the following manner:*

(1) *Interest of five percent (5%) on the unpaid balance shall begin to accrue as of July 1, 2014. Any accrued but unpaid interest shall be paid monthly, starting as of January 2015. Said payment shall be paid on or before the tenth (10th) day of the month, with credit being given for any interest payments made to date. As of November 7, 2014, the date of the last payment, the amount of interest paid on the note was $16,849.33. Interest from November 1 to December 25, 2014, shall be paid at the time of closing, said amount being $7,534.45.*

(2) *A principal payment shall be made of Two Hundred Fifty Thousand and 00/00 Dollars ($250,000.00) on or before December 26, 2014 and applied against the outstanding principal;*

(3) *On or before May 31, 2015, the outstanding principal and unpaid accrued interest shall be repaid in full. Any balance due and owing that is not paid by May 31, 2015, shall incur a default rate of interest of ten percent (10%). If the full payment is not made in a single payment, partial payments shall be applied first to accrued interest and then to the outstanding principal. The Borrower may prepay this Promissory Note in whole or in part without penalty;*

1

(4) A ten thousand and 00/00 dollars ($10,000.00) amendment extension fee shall be paid for the right to extend this agreement by December 26, 2014.

(5) The current manager of University Village is AgeWell Senior Living, LLC ("AgeWell"). BVM Management has given notice that the current management agreement with AgeWell shall not be renewed when it expires on January 31, 2015. University Village shall pay by wire transfer the December 2014 management fee by January 14, 2015, and the January 2015 management fee by February 13, 2015.

(6) In addition, the outstanding sum of $50,004, owed to AgeWell shall be paid in five equal installments beginning January 15, 2015, and the next four months thereafter, viz. February 15, 2015; March 15, 2015; April 15, 2015; and May 15, 2015;

(7) There will be no distributions made from Westport Holdings Tampa LP or from Westport Holdings Tampa LP II until the note, plus any interest, is paid in full;

(8) If any of the for mentioned amendments are not fulfilled in a timely manner, Westport Senior Investment Fund, Limited Partnership reserves the right to declare a default on the note; however, BVM University Village, LLC has five (5) business days to cure any claim of default.

All other terms and conditions of the Promissory Note executed by BVM University Village as of March 29, 2014, shall remain the same.

Agreed to this 22nd day of December, 2014.

BVM University Village, LLC
By its Manager, Compliance Concepts, LLC

By: _____
    Name: Rebecca J. Bartle,
    Title: Managing Member

Agreed to this 22nd day of December, 2014.

Westport Senior Investment Fund, Limited Partnership

By: _____
    Name: Lawrence L. Landry
    Title: President of the General Partner

2

Agreed to this 22nd day of December, 2014.

AgeWell Senior Living, LLC

By: _____

    Name: ~~Lawrence L. Landry~~ *Mark C. Lichtenwalner*

    Title: President

Westport Holdings Tampa LP

Agreed to this 22nd day of December, 2014.

By: _____

    Name: Lawrence L. Landry

    Title: President of the General Partner

Agreed to this 22nd day of December, 2014.

Westport Holdings Tampa LP II

By: _____

    Name: Lawrence L. Landry

    Title: President of the General Partner

Prepared by:

Dane Starbuck
Attorney at Law
P.O. Box 501398
Indianapolis, IN 46250
317-806-6773

NOT A CERTIFIED COPY

3

# EXHIBIT "D"





# WESTPORT

June 17, 2015

BVM University Village, LLC
Manager, Compliance Concepts, LLC
Ms. Rebecca J. Bartle, Managing Member
c/o Mr. John Bartle
AmeriCare – BVM Management
PO Box 501188
Indianapolis, IN 46250

Dear John:

This letter is in reference to the *$1,000,000 Promissory Note* dated March 29, 2014 (attached hereto as Exhibit A) and the *Amendment to Promissory Note*, December 22, 2014 (attached hereto as Exhibit B) by and between BVM University Village, LLC, a Florida limited liability company with a usual place of business at 9114 Technology Lane, Fishers, IN 46038 ("Borrower"), and Westport Senior Living Investment Fund, LP, a Delaware limited partnership with a usual place of business at 11360 North Jog Road, Suite 102, Palm Beach Gardens, FL 33418 currently under the guardianship of a Liquidating Trust, the Westport Senior Living Investment Fund Liquidating Trust also with an address of 11360 North Jog Road, Suite 102, Palm Beach Gardens, FL with the sole Trustee being Double L Investments, Inc. and Lawrence L. Landry as President ("Lender") .

WHEREAS, the balance of the *Promissory Note* of $750,000 was due in full as of May 31, 2015 and is hereby demanded as of this date, June 17, 2015. In addition, the owed interest under the note for April 2015 of $3,082.19 and May 2015 of $3,184.93 is also demanded as of this date, June 17, 2015. In addition, beginning June 1, 2015 per the *Amendment to the Promissory Note*, interest on the $750,000 balance is calculated at ten percent (10%) until the balance on the *Promissory Note* is paid in full. The *Amendment to Promissory Note* further provides that a payment of $10,000 was due to AgeWell Living as of May 15, 2015 and is now demanded in full.

Regards,

WESTPORT SENIOR LIVING INVESTMENT FUND LIQUIDATION TRUST

By:   *Lawrence L. Landry*
       Lawrence L. Landry
       President of
       DOUBLE L INVESTMENTS, INC., TRUSTEE

11360 North Jog Road, Suite 102 ♦ Palm Beach Gardens, FL 33418 ♦ 561.624.1225

Cc:      Lou Jackson, eagleoneslj@aol.com

         Williams Mullen
         100 S. 10th Street, Suite 1600
         Richmond, VA 23219
         Attn:    Beth G. Hungate-Noland

Cc:      Dane Starbuck
         Attorney at Law
         P.O. Box 501398
         Indianapolis, IN 46250

         CPIF LENDING, LLC
         A Washington limited liability company
         By: Columbia Pacific Income Fund GP, LLC
         A Washington limited liability company, its general partner
         By: Columbia Pacific Advisors, LLC,
         a Washington limited liability company, its manager
         By:      Alex Washburn, its manager
         1910 Fairview Avenue East, Suite 200
         Seattle, WA 98102
         Attn: Brad Shain, brads@col-pac.com

         Ball Janik LLP
         101 SW Main Street, Suite 1100
         Portland, OR 97204
         Attn: Kyle D. Wuepper, Esq.

11360 North Jog Road, Suite 102 ♦ Palm Beach Gardens, FL 33418 ♦ 561.624.1225

Exhibit A

## Promissory Note

Tampa, Florida
March 29, 2014

$1,000,000.00

For value received, BVM University Village, LLC, a Florida limited liability company with a usual place of business at 9114 Technology Lane, Fishers IN 46038 ("Borrower"), hereby promises to pay to the order of Westport Senior Investment Fund, Limited Partnership, a Delaware limited partnership with a usual place of business at 11360 North Jog Road, Suite 102, Palm Beach Gardens, Florida 33418 attention Lawrence L. Landry (together with any subsequent Lender of this Note being hereinafter termed the "Lender"), at the office of the Lender at the address hereinbefore set forth, the principal sum of One Million Dollars ($1,000,000.00) with interest thereon.

The entire balance of principal and interest shall be due on or before the earlier of (a) that date whereby the Borrower delivers, or causes to be delivered, the Second 2014 Amendments to the Limited Partnership Agreements of Westport Holdings Tampa, Limited Partnership, a Delaware limited partnership, and Westport Holdings Tampa II, Limited Partnership, a Delaware limited partnership or (b) July 1, 2014, the Maturity Date of this Note. No interest shall accrue until default hereunder; after default, interest shall accrue and be paid at the rate of five per cent (5%) per annum. All payments shall be applied first to interest and penalties, and then to principal. The Borrower may prepay this Note in whole or in part without penalty.

The Borrower hereby agrees to pay all reasonable costs of collection, including reasonable fees of attorneys, upon any default in payment of the principal or interest of this Note. The Borrower and all endorsers and guarantors of this Note hereby waive presentment for payment, protest and demand, notice of protest, demand of dishonor and non-payment of this Note, and the Borrower's and any endorser's or guarantor's joint and several liability shall remain unimpaired notwithstanding any extension of time of payment or other indulgence granted by the Lender.

Whenever notice, demand or request may be properly sent to Borrower hereof under this Note, the same shall be sufficient if in writing and deposited in the United States mails by registered or certified mail, postage pre-paid addressed to the Borrower at the notice address set forth above (or at any other notice address as to which Borrower shall have notified Lender in writing), and any such notice, demand or request shall be treated as having been given upon deposit in the United States mails.

At the option of the Lender, the indebtedness evidenced hereby shall also become immediately due and payable without notice or demand upon any default in the payment of any principal or interest due hereunder or upon default under the Mortgage, Security Agreement and Financing Statement of even date given by Borrower to CPIF Lending, L.L.C. to be recorded with the Hillsborough County (Florida Recorder) (the "Mortgage"), which default continues beyond the applicable grace period (if any) provided in said Mortgage.

The Borrower hereby represents to the Lender that the indebtedness represented by this Note was incurred by the Borrower for business purposes.

#28609507_v4

This Note shall be governed by and construed in accordance with the laws of the State of Florida.

The Borrower hereby submits to the jurisdiction and venue of state and federal courts located within the State of Florida.

Any failure by the Lender to exercise any right hereunder shall not be construed as a waiver of the right to exercise the same or any other rights at any time.

[signature page to follow]

NOT A CERTIFIED COPY

#286609507 v4

- 3 -

Executed under seal as of this _____ day of March, 2014.

Witness _____
DANE SHADRICK

BVM University Village, LLC
By its Manager, Compliance Concepts, LLC

By: _____
Name: Rebecca J. Bartle
Title: Managing Member

#28609507 v4

NOT A CERTIFIED COPY

#28609507 v4

- 4 -

Exhibit B

## AMENDMENT TO PROMISSORY NOTE

Comes now the parties, BVM University Village, LLC, Westport Senior Investment Fund, Limited Partnership, AgeWell Senior Living, LLC, Westport Holdings Tampa LP and Westport Holdings Tampa II, and hereby agree to the following amendment of a Promissory Note executed by BVM University Village on the 29th day of March, 2014.

Presently, the Promissory Note states in part, as follows:

*The entire balance of principal and interest [of $1,000,000.00] shall be due on or before the earlier of (a) that date whereby the Borrower delivers, or causes to be delivered, the Second 2014 Amendments to the Limited Partnership Agreements of Westport Holdings Tampa, Limited Partnership, a Delaware limited partnership or (b) July 1, 2014, the Maturity Date of this Note. No interest shall accrue until default hereunder; after default, interest shall accrue and be paid at the rate of five per cent (5%) per annum. All payments shall be applied first to interest and penalties, and then to principal. The Borrower may prepay this Note in whole or in part without penalty.*

The parties agree that the above referenced terms to said agreement shall be amended, as follows:

*The entire balance of principal and interest [of $1,000,000.00] shall be paid in the following manner:*

    (1) *Interest of five percent (5%) on the unpaid balance shall begin to accrue as of July 1, 2014. Any accrued but unpaid interest shall be paid monthly, starting as of January 2015. Said payment shall be paid on or before the tenth (10th) day of the month, with credit being given for any interest payments made to date. As of November 7, 2014, the date of the last payment, the amount of interest paid on the note was $16,849.33. Interest from November 1 to December 25, 2014, shall be paid at the time of closing, said amount being $7,534.45.*

    (2) *A principal payment shall be made of Two Hundred Fifty Thousand and 00/00 Dollars ($250,000.00) on or before December 26, 2014 and applied against the outstanding principal;*

    (3) *On or before May 31, 2015, the outstanding principal and unpaid accrued interest shall be repaid in full. Any balance due and owing that is not paid by May 31, 2015, shall incur a default rate of interest of ten percent (10%). If the full payment is not made in a single payment, partial payments shall be applied first to accrued interest and then to the outstanding principal. The Borrower may prepay this Promissory Note in whole or in part without penalty;*

NOT A CERTIFIED COPY

1

(4) A ten thousand and 00/00 dollars ($10,000.00) amendment extension fee shall be paid for the right to extend this agreement by December 26, 2014.

(5) The current manager of University Village is AgeWell Senior Living, LLC ("AgeWell"). BVM Management has given notice that the current management agreement with AgeWell shall not be renewed when it expires on January 31, 2015. University Village shall pay by wire transfer the December 2014 management fee by January 14, 2015, and the January 2015 management fee by February 13, 2015.

(6) In addition, the outstanding sum of $50,004, owed to AgeWell shall be paid in five equal installments beginning January 15, 2015, and the next four months thereafter, viz. February 15, 2015; March 15, 2015; April 15, 2015; and May 15, 2015;

(7) There will be no distributions made from Westport Holdings Tampa LP or from Westport Holdings Tampa LP II until the note, plus any interest, is paid in full;

(8) If any of the for mentioned amendments are not fulfilled in a timely manner, Westport Senior Investment Fund, Limited Partnership reserves the right to declare a default on the note; however, BVM University Village, LLC has five (5) business days to cure any claim of default.

All other terms and conditions of the Promissory Note executed by BVM University Village as of March 29, 2014, shall remain the same.

Agreed to this _22nd_ day of December, 2014.

BVM University Village, LLC
By its Manager, Compliance Concepts, LLC

By: _____
Name: Rebecca J. Bartle,
Title: Managing Member

Agreed to this _22nd_ day of December, 2014.

Westport Senior Investment Fund, Limited Partnership

By: _____
Name: Lawrence L. Landry
Title: President of the General Partner

2

Agreed to this _22nd_ day of December, 2014.

AgeWell Senior Living, LLC

By: _____

    Name: ~~Lawrence L. Landry~~ _Mark C. Lichtenwalner_
    Title: President

Westport Holdings Tampa LP

Agreed to this _22nd_ day of December, 2014.

By: _____

    Name: Lawrence L. Landry
    Title: President of the General Partner

Agreed to this _22nd_ day of December, 2014.

Westport Holdings Tampa LP II

By: _____

    Name: Lawrence L. Landry
    Title: President of the General Partner

Prepared by:

Dane Starbuck
Attorney at Law
P.O. Box 501398
Indianapolis, IN  46250
317-806-6773

NOT A CERTIFIED COPY

3