Filing # 38968378 E-Filed 03/18/2016 02:56:10 PM

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

CASE NO.  2015CA011987XXXXMB(AH)

DOUBLE L INVESTMENT, INC., as trustee,
of the WESTPORT LIQUIDATION TRUST
a/a/o WESTPORT SENIOR LIVING
INVESTMENT FUND, L.P.,

      Plaintiff/Counter-Defendant,

v.

BVM UNIVERSITY VILLAGE, LLC, a
Florida limited liability company,

      Defendant/Counter-Plaintiff.

_____/

BVM UNIVERSITY VILLAGE, LLC, a
Florida limited liability company,

      Third-Party Plaintiff,

v.

WESTPORT SENIOR LIVING INVESTMENT
FUND, L.P., WESTPORT ADVISORS, LTD,
WESTPORT ASSET MANAGEMENT, L.L.C., and
LAWRENCE L. LANDRY, individually,

      Third-Party Defendants.

_____/

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT, COUNTERCLAIM AND THIRD-PARTY COMPLAINT

Defendant, BVM UNIVERSITY VILLAGE, LLC, a Florida limited liability company

("Defendant" or "BVM University"), by and through undersigned counsel, files its Answer and

Affirmative Defenses to the Amended Complaint (the "Complaint") filed by Plaintiff, DOUBLE

**BROAD AND CASSEL**
One North Clematis Street, Suite 500, West Palm Beach, FL 33401
Telephone: 561-832-3300  Facsimile: 561-655-1109
www.broadandca

4829-5969-7196.1
51981/0001



*Double L Investment, Inc. v. BVM University of Village, LLC*
Case No.: 2015CA011987XXXXMB(AH)
Defendant's Answer and Affirmative Defenses, Counterclaim and Third-Party Complaint
Page 3

6.    Defendant is without knowledge and information sufficient to admit or deny the allegations of paragraph 6 of the Complaint, and demands strict proof thereof.

7.    Defendant is without knowledge and information sufficient to admit or deny the allegations of paragraph 7 of the Complaint, and demands strict proof thereof.

8.    In response to paragraph 8 of the Complaint, Defendant admits that BVM University, is a Florida limited liability company.

## JURISDICTION AND VENUE

9.    In response to paragraph 9 of the Complaint, Defendant repeats and reiterates the denials and averments in paragraphs 1 through 8 above, as if set forth at length herein.

10.   Defendant does not dispute the allegations set forth in paragraph 10 of the Complaint and that venue is appropriate in this Court.

11.   Defendant does not dispute the allegations set forth in paragraph 11 of the Complaint and that venue is appropriate in this Court.

12.   Defendant denies the allegations set forth in paragraph 12 of the Complaint and demands strict proof thereof, except to the extent that venue is appropriate in this Court.

## GENERAL ALLEGATIONS

13.   In response to paragraph 13 of the Complaint, Defendant repeats and reiterates the denials and averments in paragraphs 1 through 12 above, as if set forth at length herein.

14.   Defendant is without knowledge and information sufficient to admit or deny the allegations of paragraph 14 of the Complaint, and demands strict proof thereof.

15.   Defendant denies the allegations set forth in paragraph 15 of the Complaint and demand strict proof thereof and refers the Defendant to the referenced "Promissory Note" for the

**BROAD AND CASSEL**
One North Clematis Street, Suite 500, West Palm Beach, FL 33401
Telephone: 561-832-3300  Facsimile: 561-655-1109
www.broadandcassel.com

4829-5969-7196.1
51981/0001

*Double L Investment, Inc. v. BVM University of Village, LLC*
Case No.: 2015CA011987XXXXMB(AH)
Defendant's Answer and Affirmative Defenses, Counterclaim and Third-Party Complaint
Page 5

## COUNT I
## REFORMATION OF PROMISSORY NOTE

20.     In response to paragraph 20 of the Complaint, Defendant repeats and reiterates the denials and averments in paragraphs 1 through 19 above, as if set forth at length herein.

21.     The allegations in paragraph 21 constitute legal conclusions for which no responsive pleading is required.  To the extent that a responsive pleading is required, Defendant denies the allegations in paragraph 21 and demands strict proof thereof.

22.     Defendant is without knowledge and information sufficient to admit or deny the allegations of paragraph 22 of the Complaint, and demands strict proof thereof.

23.     Defendant is without knowledge and information sufficient to admit or deny the allegations of paragraph 23 of the Complaint, and demands strict proof thereof.

24.     The allegations in paragraph 24 constitute legal conclusions for which no responsive pleading is required.  To the extent that a responsive pleading is required, Defendant denies the allegations in paragraph 24 and demands strict proof thereof.

25.     Defendant is without knowledge and information sufficient to admit or deny the allegations of paragraph 25 of the Complaint, and demands strict proof thereof.

26.     Defendant denies the allegations set forth in paragraph 26 of the Complaint and demands strict proof thereof.

27.     Defendant denies the allegations set forth in paragraph 27 of the Complaint and demands strict proof thereof.

4829-5969-7196.1
51981/0001

*Double L Investment, Inc. v. BVM University of Village, LLC*
Case No.: 2015CA011987XXXXMB(AH)
Defendant's Answer and Affirmative Defenses, Counterclaim and Third-Party Complaint
Page 7

37.    Defendant denies the allegations set forth in paragraph 37 the Complaint and demands strict proof thereof.

38.    Defendant denies the allegations set forth in paragraph 38 the Complaint and demands strict proof thereof.

### COUNT III
### REFORMATION OF PROMISSORY NOTE

39.    In response to paragraph 39 of the Complaint, Defendant repeats and reiterates the denials and averments in paragraphs 1 through 19 above, as if set forth at length herein.

40.    The allegations in paragraph 40 constitute legal conclusions for which no responsive pleading is required.  To the extent that a responsive pleading is required, Defendant denies the allegations in paragraph 40 and demands strict proof thereof.

41.    Defendant is without knowledge and information sufficient to admit or deny the allegations of paragraph 41 of the Complaint, and demands strict proof thereof.

42.    Defendant denies the allegations of paragraph 42 of the Complaint, and demands strict proof thereof, except refers to the referenced document for the terms and conditions thereof.

43.    Defendant is without knowledge and information sufficient to admit or deny the allegations of paragraph 43 of the Complaint, and demands strict proof thereof.

44.    Defendant is without knowledge and information sufficient to admit or deny the allegations of paragraph 44 of the Complaint, and demands strict proof thereof.

45.    Defendant is without knowledge and information sufficient to admit or deny the allegations of paragraph 45 of the Complaint, and demands strict proof thereof.

NOT A CERTIFIED COPY

**BROAD AND CASSEL**
One North Clematis Street, Suite 500, West Palm Beach, FL 33401
Telephone: 561-832-3300  Facsimile: 561-655-1109
www.broadandcassel.com

4829-5969-7196.1
51981/0001

*Double L Investment, Inc. v. BVM University of Village, LLC*
Case No.:  2015CA011987XXXXMB(AH)
Defendant's Answer and Affirmative Defenses, Counterclaim and Third-Party Complaint
Page 9

Landry that all liabilities "were disclosed."  Had Defendant BVM University known there was $750,000 liability (for funds borrowed from the Minimum Liquidity Reserve that would need to be replaced in the future), BVM University would have asked for a set-off of the purchase price to recover the $750,000, or would have refused to close the transaction.

<u>**Third Affirmative Defense**</u>

52.    As for a third affirmative defense, BVM University relied on WSLIF, Double L, Westport Advisors, Westport Asset Management, and Landry to research, document and file the necessary forms with the Office of Insurance Regulation and all other applicable local, state and federal agencies to document that the transfer/purchase by BVM University of the 99% interest in Westport Holdings Tampa Limited Partnership ("WHT")  and Westport Holdings Tampa II Limited Partnership ("WHTII") was in accordance with Florida law.  This duty was that of WSLIF, its general partner and Landry, both as a manager, partner, and individually.  BVM University relied on WSLIF, Double L, Westport Advisors, Westport Asset Management, and Landry to have accomplished this obligation for which compensation for such services was paid. Landry, individually and as the manager and officer of the general partner of WSLIF, either directly or acting through a related controlled entity, specifically through Double L, Westport Advisors and/or Westport Asset Management, failed to document to the Office of Insurance Regulation the proper disclosures, in accordance with Florida law, which it misrepresented to BVM University as an inducement to the closing.  The failure of WSLIF and its general partner acting through Landry, either directly or through a related controlled entity,  to properly disclose the transaction to the Office of Insurance Regulation has caused significant financial damage to

**BROAD AND CASSEL**
One North Clematis Street, Suite 500, West Palm Beach, FL 33401
Telephone: 561-832-3300  Facsimile: 561-655-1109
www.broadandcassel.com

4829-5969-7196.1
51981/0001

*Double L Investment, Inc. v. BVM University of Village, LLC*
Case No.: 2015CA011987XXXXMB(AH)
Defendant's Answer and Affirmative Defenses, Counterclaim and Third-Party Complaint
Page 11

deducted for other accounting purposes), causing actual and potential damages to Defendant BVM University, both directly and indirectly.

### Sixth Affirmative Defense

55.   As for a sixth affirmative defense, BVM University states that the Promissory Note is the result of intentional misrepresentation, fraud, duress, economic coercion and/or bad faith on the part of WSLIF, Double L and/or its agents, predecessors, and/or related entitles, including but not limited to Westport Advisors, Westport Asset Management and/or Landry.

### Seventh Affirmative Defense

56.   As for a seventh affirmative defense, Defendant asserts that Plaintiff is barred from claiming any recovery from the Defendant on the basis of the doctrine of unclean hands on the part of WSLIF, Double L and/or its agents, predecessors, and/or related entitles, including but not limited to Westport Advisors, Westport Asset Management and/or Landry.

### Eighth Affirmative Defense

57.   As for an eighth affirmative defense, Defendant state that Plaintiff has forfeited any right to any claim against Defendant based upon its wrongful acts, fraud and/or misrepresentation, including, but not limited to, those acts set forth in the Counterclaim and Third-party Complaint below, which are incorporated herein by reference.

### Ninth Affirmative Defense

58.   As for a ninth affirmative defense, the Defendant state that the Plaintiff's own conduct, and/or that of its related individuals and entities, renders the claims set forth in the Complaint either waived, excused, satisfied, or otherwise extinguished.

**BROAD AND CASSEL**
One North Clematis Street, Suite 500, West Palm Beach, FL 33401
Telephone: 561-832-3300  Facsimile: 561-655-1109
www.broadandcassel.com

4829-5969-7196.1
51981/0001

*Double L Investment, Inc. v. BVM University of Village, LLC*
Case No.: 2015CA011987XXXXMB(AH)
Defendant's Answer and Affirmative Defenses, Counterclaim and Third-Party Complaint
Page 13

Plaintiff DOUBLE L INVESTMENT, INC., as trustee of the WESTPORT LIQUIDATION TRUST a/a/o WESTPORT SENIOR LIVING INVESTMENT FUND, L.P. (Counter-Defendant or "Double L"), and Third-Party Complaint against WESTPORT SENIOR LIVING INVESTMENT FUND, L.P. ("WSLIF"), WESTPORT ADVISORS, LTD ("Westport Advisors"), WESTPORT ASSET MANAGEMENT, L.L.C. ("Westport Asset Management"), and LAWRENCE L. LANDRY, individually ("Landry") ( collectively "Third-Party Defendants"), and as grounds therefore alleges:

1.    This is a Counterclaim and Third-Party action wherein the amount in controversy exceeds Fifteen Thousand Dollars ($15,000.00), exclusive of interest, court costs and attorney's fees.

2.    Counter-Plaintiff/Third-Party Plaintiff, BVM University is a Florida limited liability company.

3.    Double L is the Plaintiff in this action and claims to be a Texas corporation acting as the trustee of the WSLIF Liquidation Trust, a Florida trust. According to Double L, Third-Party Defendant, Westport Advisors, as WSLIF's liquidator, assigned the assets of WSLIF to the WSLIF Liquidation Trust, for which Double L acts as the trustee.

4.    Third-Party Defendant, WSLIF is a Delaware limited partnership.

5.    Third-Party Defendant, Westport Advisors is the general partner of WSLIF.

6.    Third-Party Defendant, Westport Asset Management, a Florida limited liability company, is the general partner of Westport Advisors, for which Double L serves as Westport Asset Management's manager, acting through Landry as Double L's President.

7.    Third-Party Defendant, Landry is a resident of the State of Texas.

**BROAD AND CASSEL**
One North Clematis Street, Suite 500, West Palm Beach, FL 33401
Telephone: 561-832-3300  Facsimile: 561-655-1109
www.broadandcassel.com

4829-5969-7196.1
51981/0001

*Double L Investment, Inc. v. BVM University of Village, LLC*
Case No.: 2015CA011987XXXXMB(AH)
Defendant's Answer and Affirmative Defenses, Counterclaim and Third-Party Complaint
Page 15

and some of the Third-Party Defendants provided that any legal controversy was to be brought in Palm Beach County, Florida. Further, the causes of action in the Third-Party Complaint and arise out of Complaint filed in the instant action.

11.    Third-Party Plaintiff has retained the services of undersigned counsel to present it in this cause, and have agreed to pay counsel reasonable attorney's fees.

12.    All conditions precedent to the subject action have occurred, been waived or been excused.

## FACTUAL BACKGROUND

13.    As of August 7, 2013, WSLIP owned a 99% interest in Westport Holdings Tampa, L.P. ("WHT") and Westport Holdings Tampa, II, L.P. ("WHTII"), both Delaware limited partnerships owning or leasing to third parties certain assisted living facilities and nursing home facilities, including a nursing facility operating under the designation of "shelter care beds," which carry a specific designation under Chapter 651, Florida Statutes governing Continuing Care Retirement Communities (CCRCs).

14.    At the time of the agreements which are the subject of this action, WHT was 99% owned by WSLIF, while its general partner (owning 1% of WHT) was Westport Holdings University Village, whose sole manager was Westport Advisors, LTD, whose sole general partner was Westport Asset Management, whose manager was Plaintiff/Third-Party Defendant Double L, which is owned and controlled, either directly or indirectly by Third-Party Defendant, Landry, its President.

15.    At the time of the agreements which are the subject of this action, WHTII was 99% owned by WSLIF, while the general partner (owning 1% of WHTII) was Westport

4829-5969-7196.1
51981/0001

*Double L Investment, Inc. v. BVM University of Village, LLC*
Case No.: 2015CA011987XXXXMB(AH)
Defendant's Answer and Affirmative Defenses, Counterclaim and Third-Party Complaint
Page 17

19.     Pursuant to the LPPA the closing of the transaction was to occur on the first day of the first month following the approval of the Agency for Health Care Administration (AHCA), and to the extent necessary, the Office of Insurance Regulation (OIR).

20.     As the general partner of WSLIF, Landry individually, as the manager and agent of the general partner Westport Advisors, was required to act in good faith, and in accordance with the LPPA in obtaining AHCA and OIR approvals prior to the closing.

21.     In consideration of this agreement BVM Westport agreed that the general partners of WHT and WHTII, owned and controlled directly and indirectly by Landry, would share equally in management fees associated with "The Villas at University Village," subsequent to the current mortgage indebtedness being paid in full. Further, BVM Westport agreed that "each general partner" (presumably of WHT and WHTII) shall remain the legal representative for each limited partnership (WHT and WHTII), as set forth in the Limited Partnership Agreements. But the general partners of WHT and WHTII also agreed, through Landry, that the Limited Partnership Agreements could be modified, subsequent to the payment of the existing mortgage indebtedness, and as a condition of the Purchase Price, subject to some exceptions, "with the consent of the Majority-In-Interest of the Partners." (LPPA ¶4).

22.     Subsequently, WSLIF declared a default under the LPPA, after BVM Westport paid an additional $250,000 earnest money deposit.

23.     In addition to its ownership of 99% interests in WHT and WHTII, WSLIF was the sole member of Westport Nursing Tampa, LLC ("Westport Nursing") which together with WHT and WHTII, collectively own the continuing care retirement community in Tampa, Florida, known as "University Village."

**BROAD AND CASSEL**
One North Clematis Street, Suite 500, West Palm Beach, FL 33401
Telephone: 561-832-3300  Facsimile: 561-655-1109
www.broadandcassel.com

4829-5969-7196.1
51981/0001

*Double L Investment, Inc. v. BVM University of Village, LLC*
Case No.: 2015CA011987XXXXMB(AH)
Defendant's Answer and Affirmative Defenses, Counterclaim and Third-Party Complaint
Page 19

University and BVM Management concerning the subject matter of the DIL Agreement. Those litigation matters have been resolved.

28.    In order to reinstate the LPPA, the RRA provided that the LPPA would be reinstated, with a  closing date extended to March 31, 2014, payment of $1,500,000 would be made at closing (less the prior deposits), with the balance of $1,000,000 to be paid within 90 days of closing, but in no event later than July 1, 2014. At WSLIF's option, the $500,000 deposit could be applied to the balance of the first mortgage, in which event $1,500,000 would be due at closing since the purchaser would receive the benefit of a lower first mortgage payoff.

29.    As further consideration for the RRA, BVM Westport also agreed that the RRA was subject to the DIL Agreement with Horizon and to the orders of any federal or state court issued in litigation to be filed by BVM Management related to the DIL Agreement or the LPPA in state court or litigation initiated by horizon against BVM University and BVM Management in federal court concerning the DIL Agreement.  Further, the terms of the RAA were to be subordinated to all of WSLIF's obligations under the DIL Agreement, and BVM Westport agreed that the mortgage indebtedness to Horizon would be paid in full at closing.  In addition, the $1,000,000 additional payment due subsequent to closing was to be evidenced by a promissory note in the form and substance satisfactory to seller, upon which Double L and WSLIF purport to base the Complaint which is the subject of this litigation.

30.    On March 31, 2014, WSLIF and BVM University, BVM Management ("d/b/a BVM Management/Westport Holdings, L.P."), and WHT, WHTII and Westport Nursing Tampa, LLC, entered into a Closing Agreement related to the transaction previously memorialized by the LPPA and RAA. (The Closing Agreement is attached hereto as **Exhibit "C"**).  Pursuant to the

4829-5969-7196.1
51981/0001

*Double L Investment, Inc. v. BVM University of Village, LLC*
Case No.: 2015CA011987XXXXMB(AH)
Defendant's Answer and Affirmative Defenses, Counterclaim and Third-Party Complaint
Page 21

## COUNT I
## FRAUDULENT MISREPRESENTATION
### (Against Counter-Defendant and all Third-Party Defendants)

34.     Counter-Plaintiff/Third-Party Plaintiff BVM University re-alleges and re-adopts the allegations set forth in paragraphs 1 through 33 above and incorporate the same as if fully set forth herein below.

35.     In connection with the transaction, WSLIF, and the Third-Party Defendants failed to disclose, and actively concealed a $750,000 loan that WHT had outstanding at closing as of March 31, 2014.  This loan was not disclosed on the facility financial statements and Defendant BVM University relied on WSLIF's representations and those made by and through Double L, Westport Advisors, Westport Asset Management, and Landry that all liabilities "were disclosed." Had Defendant BVM University known there was $750,000 liability (for funds borrowed from the Minimum Liquidity Reserve that would need to be replaced in the future), BVM University would have asked for a set-off of the purchase price to recover the $750,000, or would have refused to close the transaction.

36.     Further, in connection with the transaction, BVM University relied on WSLIF, Double L, Westport Advisors, Westport Asset Management, and Landry to research, document and file the necessary forms with the Office of Insurance Regulation and all other applicable local, state and federal agencies to document that the transfer/purchase by BVM University of the 99% interest in WHT and WHTII was in accordance with Florida law.  This duty was that of WSLIF, its general partner and Landry, both as a manager, partner, and individually.  BVM University relied on WSLIF, Double L, Westport Advisors, Westport Asset Management, and Landry to have accomplished this obligation for which compensation for such services was paid.

**BROAD AND CASSEL**
One North Clematis Street, Suite 500, West Palm Beach, FL 33401
Telephone: 561-832-3300  Facsimile: 561-655-1109
www.broadandcassel.com

4829-5969-7196.1
51981/0001

*Double L Investment, Inc. v. BVM University of Village, LLC*
Case No.: 2015CA011987XXXXMB(AH)
Defendant's Answer and Affirmative Defenses, Counterclaim and Third-Party Complaint
Page 23

38.    Further, in connection with the transaction, WSLIF acting through Double L, Westport Advisors and/or Westport Asset Management, through Landry, either directly or indirectly through another controlled entity, improperly and unjustifiably allowed the lessee of the nursing facility and assisted living facility to accrue past due rent in an amount averaging approximately fifty thousand dollars ($50,000) per month for a period of ten (10) years. It is unclear whether or not this rent was forgiven; since the lessee continued to carry approximately six million dollar ($6,000,000) of accrued rent payable on its balance sheet, while the tax returns reflected an offsetting entry, causing actual and potential damages to Defendant BVM University, both directly and indirectly.

39.    BVM University reasonably relied upon the representations of the Counter-Defendant and the Third-Party Defendants which caused BVM University to close the transaction and to sustain damages as a result of the misrepresentations and omissions set forth above.

40.    The Counter-Defendant and Third-Party Defendants knew that the representations were false when made, or that the omissions would cause material damages to BVM University.

41.    The Counter-Defendant and Third-Party Defendants intended that BVM University (as well as the additional limited partners) would rely on the representations and omissions and act upon them to their detriment.

42.    The representations and omissions were of such significance and were a material inducement in the decision to close the transaction, and the damages sustained as a result of the misrepresentations, had they been disclosed, would have resulted in BVM University refusing to

4829-5969-7196.1
51981/0001

*Double L Investment, Inc. v. BVM University of Village, LLC*
Case No.: 2015CA011987XXXXMB(AH)
Defendant's Answer and Affirmative Defenses, Counterclaim and Third-Party Complaint
Page 25

47.    Counter-Defendant and Third -Party Defendants knew or should have known that the representations set forth above in paragraphs 35 through 38 were false, made without knowledge as to their truth or falsity, or made (or intentionally omitted) under circumstances in which they should have known of the falsity, and that BVM would rely upon these representations and omissions in closing the transaction.

48.    The Counter-Defendant and Third-Party Defendants intended that the representations and omissions would induce BVM University to act on upon them and close the transaction to its detriment.

49.    But for the false representations, and omissions, BVM University would not have invested time, money and effort to close the transaction and to have sustained the damages resulting from the conduct of the Counter-Defendant and Third-Party Defendant set forth herein.

50.    Third-Party Defendant suffered monetary and reputational injury and damages in justifiable reliance on the representations and omissions of the Counter-Defendant and Third-Party Defendants.

**WHEREFORE**, Counter-Plaintiff/Third-Party Plaintiff BVM UNIVERSITY VILLAGE, LLC demands judgment in its favor against the Counter-Defendant DOUBLE L INVESTMENT, INC., as Trustee of the Westport Liquidation TRUST a/a/o WESTPORT SENIOR LIVING INVESTMENT FUND, L.P and Third-Party Defendants WESTPORT SENIOR LIVING INVESTMENT FUND, L.P., WESTPORT ADVISORS, LTD, WESTPORT ASSET MANAGEMENT, L.L.C. and LAWRENCE L. LANDRY, individually, for damages, pre and post judgment interest, costs and such other and further relief that is just and proper.

**BROAD AND CASSEL**
One North Clematis Street, Suite 500, West Palm Beach, FL 33401
Telephone: 561-832-3300  Facsimile: 561-655-1109
www.broadandcassel.com

4829-5969-7196.1
51981/0001

*Double L Investment, Inc. v. BVM University of Village, LLC*
Case No.: 2015CA011987XXXXMB(AH)
Defendant's Answer and Affirmative Defenses, Counterclaim and Third-Party Complaint
Page 27

WHEREFORE, Third-Party Plaintiff demands that the Court fashion appropriate equitable relief, including but not limited to any applicable monetary damages, costs and pre and post judgment interest, against Counter-Defendant DOUBLE L INVESTMENT, INC., as trustee of the WESTPORT LIQUIDATION TRUST a/a/o WESTPORT SENIOR LIVING INVESTMENT FUND, L.P. and Third-Party Defendant WESTPORT SENIOR LIVING INVESTMENT FUND, L.P. for unjust enrichment and such other relief this Court deems just and proper.

## COUNT IV
## BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
### (Against Third-Party Defendant WSLIF)

58.    Counter-Plaintiff/Third-Party Plaintiff BVM University re-alleges and re-adopts the allegations set forth in paragraphs 1 through 33, and paragraphs 35 through 38 above and incorporate the same as if fully set forth herein below.

59.    This is an action for damages resulting from Third-Party Defendant's WSLIF's breach of the implied covenant of good faith and fair dealing.

60.    The Third-Party Plaintiff BVM University and the Third-Party Defendant WSLIF, are parties to the various agreements, and representations contained in various closing documents, executed in connection with the closing of the transaction, and which include additionally, and without limitation the documents referenced above herein.

61.    The Third-Party Defendant WSLIF consciously and deliberately failed or refused to disclose or omitted to disclose those matters set forth in paragraphs 35 through 38 above, which unfairly frustrates the purpose and disappoints the Third-Party Plaintiff BVM University's expectations in connection with the transaction.

BROAD AND CASSEL
One North Clematis Street, Suite 500, West Palm Beach, FL 33401
Telephone: 561-832-3300  Facsimile: 561-655-1109
www.broadandcassel.com

4829-5969-7196.1
51981/0001

## LIMITED PARTNERSHIP PURCHASE AGREEMENT

This Limited Partnership Purchase Agreement (LPPA) is entered into on this *7th* day of *Aug*, 2013 by and between BVM Management/Westport Holdings, L.P., a Florida Limited Partnership (BVM Westport) as Purchaser, Westport Senior Living Investment Fund, LP (WSLIF) as Seller.

WHEREAS BVM Westport proposes to purchase the 99% interest in WSLIF, which owns the 99% interest in Westport Holdings Tampa, L.P. (WHT) and Westport Holdings Tampa II, L.P. (WHTII).

WHEREAS existing Limited Partnership Agreements exist for both limited partnerships, more specifically shown on Attachment I.

WHEREAS both partnerships, shown on Attachment I, are existing Delaware limited partnerships conducting business lawfully in the state of Florida.

NOW THEREFORE in consideration of funds delivered and other good and valuable consideration, the Parties agree hereto as follows:

1. The Purchase Price for the 99% limited partnership interest in WHT and WHTII is two million five hundred thousand dollars ($2,500,000), payable as follows:

   a) One million dollars ($1,000,000) to be paid at the time BVM Westport obtains "Bridge Loan Financing", then

   b) One million five hundred thousand dollars ($1,500,000) to be paid (minus the Earnest Money deposit) at the time of the permanent loan placement. In the event HJ Sims & Company provides bridge and permanent loan financing, the entire two million five hundred thousand dollars ($2,500,000) shall be paid at closing.

   Within forty-eight (48) hours of acceptance, BVM Westport shall tender two hundred and fifty thousand dollars ($250,000) to an account designated by the General Partner of the Seller, as an Earnest Money deposit to be applied to the Purchase Price at closing. BVM Westport understands and acknowledges that the 99% partnership interest is subject to such pledge, BVM Westport also acknowledges its intentions to refinance said current loan.

2. Closing shall occur on the first day of the first month following the approval of the Agency for Health Care Administration (AHCA), and to the extent necessary, the Office of Insurance Regulation (OIR).

NOT A CERTIFIED COPY

EXHIBIT
A

third-party. BVM Westport agrees to "bargain in good faith" under the terms as set forth in the CBA.

8. BVM Westport hereby agrees that each General Partner shall remain as the defined legal representative for each limited partnership as set forth in the Limited Partnership Agreements. Each General Partner shall share equally in the Management Fees associated with "The Villas at University Village", subsequent to the current mortgage indebtedness being paid in full. The Management Fees associated with the healthcare center and skilled nursing facility are the exclusive property of BVM Westport.

9. Subsequent to the current mortgage indebtedness being paid in full, each General Partner and Management Company shall have the option to remain as General Partner and Management Company subject to the terms set forth under Paragraph 8 above, regarding compensation.

10. Construction interpretation of this Purchase Agreement shall be deemed to be governed by the laws of the state of Florida.

11. It is the intention of BVM Westport that both Limited Partnership Agreements shall remain in full force and effect, and that the sole modification of Article 10 shall not be deemed to compromise the ability of each General Partner to perform its duties pursuant to the Limited Partnership Agreements.

[SIGNATURE PAGE TO FOLLOW]



NOT A CERTIFIED COPY

## *Reinstatement and Amendment Agreement*

This Agreement made as of March 11, 2014 by and between BVM Management/Westport Holdings L.P. ("Buyer"), BVM Management, Inc. ("BVM Management"), BVM University Village, LLC ("BVM University Village"), and Westport Senior Living Investment Fund, Limited Partnership ("Seller").

WHEREAS, Seller is the owner of the 99% limited partnership interests in Westport Holdings Tampa, Limited Partnership and Westport Holdings Tampa II, Limited Partnership and is the sole member of Westport Nursing Tampa, L.L.C., which are collectively hereinafter referred to as the "UV Owners" and who collectively own the continuing care retirement community in Tampa, Florida known as University Village;

WHEREAS, Buyer and Seller were parties to a Limited Partnership Purchase Agreement ("LPPA") dated September, 2013 with respect to the 99% limited partnership interests and the membership interest in the UV Owners; and

WHEREAS, the LPPA required a closing on or before December 15, 2013 and said closing has not occurred and Seller has retained the $500,000.00 deposit made by Buyer pursuant to the LPPA (the "Deposit"); and

WHEREAS, contemporaneous with the signing of the LPPA, Seller and its affiliates that own University Village entered into a Loan Extension Agreement (the "DIL Agreement") with Horizon LP UV Lender, LLC ("Horizon") with regard to the existing mortgage financing on University Village, which required, among other things, that the Seller and the UV Owners provide a deed in lieu of foreclosure to Horizon in the event the closing with BVM Management did not occur by December 15, 2013; and

WHEREAS, BVM Management and Buyer's affiliate BVM University Village LLC (" BVM UV LLC"), plans to initiate litigation in Hillsborough County Circuit Court with regard to the subject matter of this LPPA and the DIL Agreement ("state court litigation"); and

WHEREAS, Horizon has initiated litigation against BVM University Village, LLC and BVM Management, Inc. in the United States District Court for the Middle District of Florida, Tampa Division, Case No. 8:14-cv-00532-T27-TBM, with regard to the subject matter of the DIL Agreement ("federal court litigation"); and

WHEREAS, the parties wish to reinstate and amend the LPPA Agreement;

NOW, THEREFORE, the parties agree as follows:

#28128163_v6

EXHIBIT

B

7.    Except as modified herein, the LPPA is reinstated in full force and effect.

[signature page to follow]

NOT A CERTIFIED COPY

3

SELLER:

WESTPORT SENIOR LIVING INVESTMENT
FUND, LIMITED PARTNERSHIP, a Delaware
limited partnership

By: Westport Advisors, LTD., its sole Manager

By: Westport Asset Management, L.L.C., its sole
General Partner

By:_____
     Lawrence L. Landry, President

5

#28128163_v6

provided no such transition in general partner status shall take place prior to payment of the $1,000,000 promissory note referred to in Section 4 below.

3.    Buyer and the BVM Parties hereby release and forever discharge Seller, the Westport UV Entities, the general partners and managers of the same, all officers, directors, members, partners and managers of the Seller and the Westport UV Entities, including without limitation, Lawrence L. Landry, from any and all claims, causes of action, suits, damages and liabilities of any kind or nature whatsoever, whether direct or indirect, known of unknown, suspected or unsuspected, claimed or concealed, contingent or non-contingent, arising in any way from or in any manner incidental to or connected with the partnership interests conveyed by Seller, the operations of the Westport UV Entities, and University Village.

4.    Seller and the Westport Entities hereby release and forever discharge the Buyer and the BVM Entities and the general partners and managers of the same, all officers, directors, members, partners and managers of the same from any and all claims, causes of action, suits, damages and liabilities of any kind or nature, whatsoever, whether direct or indirect, known or unknown, suspected or unsuspected, claimed or concealed, contingent or non-contingent, arising in any way from Buyer's purchase of said partnership interests, excluding, however, the obligations of Buyer pursuant to its $1,000,000 promissory note of even date in favor of Seller and Buyer and the BVM Parties from their obligations under the LPPA and this agreement that survive the closing of the sale of said partnership interests, which obligations are excluded from said release.

5.    Except to the extent modified hereby, all obligations of the parties to the LPPA to be performed after the closing of the sale of said partnership interests shall continue to apply from and after the closing date.  Buyer may transfer a portion of said partnership interests to one or more other entities, in which case any such transfer by Buyer must be made subject to the provisions of this agreement and the LPPA.

Executed under seal as of the date first set forth above.

[signature page to follow]

2

#28741918_v4

WESTPORT HOLDINGS TAMPA II, LIMITED
PARTNERSHIP, a Delaware limited partnership

By its General Partner

By:  Westport Holdings Hidden Springs, L.L.C., its
sole General Partner

By:  Westport Advisors, LTD., its sole Manager

By:  Westport Asset Management, LLC, its sole
General Partner

By:  Double L Investments, Inc., a Texas
Corporation, its Manager

By: _____
Lawrence L. Landry, President

NOT A CERTIFIED COPY

4

#28741918_v4

BVM University Village, LLC

By its Manager, Compliance Concepts, LLC

By: _Rebecca J. Bartle_
     Name: Rebecca J. Bartle
     Title: Managing Member

WESTPORT SENIOR LIVING INVESTMENT
FUND, LIMITED PARTNERSHIP, a Delaware
limited partnership

By: Westport Advisors, LTD., its sole Manager

By: Westport Asset Management, L.L.C., its sole
General Partner

By: _____
     Lawrence L. Landry, President

BVM Management, Inc., d/b/a BVM Management
Westport Holdings, L.P.

✗ By: _Robert L. Rynard_
     Robert L. Rynard, Sr.

NOT A CERTIFIED COPY

5

#28741918_v4