Filing # 77629906 E-Filed 09/10/2018 09:10:37 AM

IN THE CIRCUIT COURT OF THE 15TH
JUDICIAL CIRCUIT, IN AND FOR
PALM BEACH COUNTY, FLORIDA

CASE NO.: 502015CA011987XXXXMB

DOUBLE L INVESTMENT, INC., as trustee
of the WESTPORT LIQUIDATION TRUST
a/a/o WESTPORT SENIOR LIVING
INVESTMENT FUND, L.P.,

      Plaintiff,

v.

BVM UNIVERSITY VILLAGE, LLC, a Florida
limited liability company,

      Defendant.
_____/

BVM UNIVERSITY VILLAGE, LLC, a Florida
limited liability company,

      Third-Party Plaintiff,

v.

WESTPORT SENIOR LIVING INVESTMENT
FUND, L.P., WESTPORT ADVISORS, LTD,
WESTPORT ASSET MANAGEMENT, L.L.C., and
LAWRENCE L. LANDRY, individually,

      Third-Party Defendants.
_____/

### ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIM AND THIRD-PARTY COMPLAINT

Plaintiff/Counter-Defendant, DOUBLE L INVESTMENT, INC., as trustee

of the WESTPORT LIQUIDATION TRUST a/a/o WESTPORT SENIOR LIVING

INVESTMENT FUND, L.P., and Third-Party Defendants, WESTPORT SENIOR LIVING

INVESTMENT FUND, L.P., WESTPORT ADVISORS, LTD, WESTPORT ASSET





MANAGEMENT, L.L.C., and LAWRENCE L. LANDRY, individually, (collectively "Respondents"), by and through their undersigned counsel, file this, their Answer and Affirmative Defenses to Defendant/Counter-Plaintiff/Third-Party Plaintiff, BVM UNIVERSITY VILLAGE, LLC's, ("BVM"), Counterclaim and Third-Party Complaint, and state as follows:

### ANSWER TO COUNTERCLAIM AND THIRD-PARTY COMPLAINT

1. Respondents admit the allegations in paragraph 1 for the purpose of jurisdiction but deny all allegations of damages.

2. Respondents admit the allegations in paragraph 2.

3. Respondents admit the allegations in paragraph 3.

4. Respondents deny the allegations in paragraph 4 as worded and demand strict proof thereof.

5. Respondents deny the allegations in paragraph 5 as worded and demand strict proof thereof.

6. Respondents deny the allegations in paragraph 6 as worded and demand strict proof thereof.

7. Respondents deny the allegations in paragraph 7 and demand strict proof thereof.

8. Respondents deny the allegations in paragraph 8 as worded and demand strict proof thereof.

9. Respondents are without sufficient knowledge as to the allegations in paragraph 9 and therefore deny same and demand strict proof thereof.

10. Respondents admit that venue is appropriate in Palm Beach County, Florida.

11. Respondents are without sufficient knowledge as to the allegations in paragraph 11 and therefore deny same and demand strict proof thereof.

12. Respondents are without sufficient knowledge as to the allegations in paragraph 12 and therefore deny same and demand strict proof thereof.

## FACTUAL BACKGROUND

13. Respondents admit the allegations in paragraph 13.

14. Respondents deny the allegations in paragraph 14 as worded and demand strict proof thereof.

15. Respondents deny the allegations in paragraph 15 as worded and demand strict proof thereof.

16. Respondents deny the allegations in paragraph 16 as worded and demand strict proof thereof.

17. Respondents admit the allegations in paragraph 17.

18. Respondents admit the allegations in paragraph 18.

19. Respondents admit the allegations in paragraph 19.

20. Respondents are without sufficient knowledge as to the allegations in paragraph 20 and therefore deny same and demand strict proof thereof.

21. Respondents are without sufficient knowledge as to the allegations in paragraph 21 and therefore deny same and demand strict proof thereof.

22. Respondents admit the allegations in paragraph 22.

23. Respondents admit the allegations in paragraph 23.

24. Respondents admit the allegations in paragraph 24.

25. Respondents deny the allegations in paragraph 25 as worded and demand strict proof thereof.

26. Respondents admit the allegations in paragraph 26.

27.     Respondents admit the allegations in paragraph 27.

28.     Respondents admit the allegations in paragraph 28.

29.     Respondents admit the allegations in paragraph 29.

30.     Respondents deny the allegations in paragraph 30 as worded and demand strict proof thereof.

31.     Respondents deny the allegations in paragraph 31 as worded and demand strict proof thereof.

32.     Respondents deny the allegations in paragraph 32 and demand strict proof thereof.

33.     Respondents are without sufficient knowledge as to the allegations in paragraph 33 and therefore deny same and demand strict proof thereof.

### COUNT I – FRAUDULENT MISREPRESENTATION

34.     With regard to BVM re-alleging and re-adopting the allegations set forth in paragraphs 1 through 33 above, Respondents' answers are the same as set forth in response to paragraphs 1 through 33.

35.     Respondents deny the allegations in paragraph 35 and demand strict proof thereof.

36.     Respondents deny the allegations in paragraph 36 and demand strict proof thereof.

37.     Respondents deny the allegations in paragraph 37 and demand strict proof thereof.

38.     Respondents deny the allegations in paragraph 38 and demand strict proof thereof.

39.     Respondents deny the allegations in paragraph 39 and demand strict proof thereof.

40.     Respondents deny the allegations in paragraph 40 and demand strict proof thereof.

41.     Respondents deny the allegations in paragraph 41 and demand strict proof thereof.

42.     Respondents deny the allegations in paragraph 42 and demand strict proof thereof.

43.     Respondents deny the allegations in paragraph 43 and demand strict proof thereof.

44.     Respondents deny the allegations in paragraph 44 and demand strict proof thereof.

## PRAYER FOR RELIEF

Respondents deny that BVM is entitled to the relief set forth on page 24 of the Counterclaim and Third-Party Complaint, and further deny that BVM is entitled to any relief whatsoever for the actions complained of in the Counterclaim and Third-Party Complaint, or otherwise, and demand strict proof thereof.

## COUNT II – NEGLIGENT MISREPRESENTATION

45 - 50.     This count has been dismissed by the Court pursuant to the Order on Counter-Defendant's and Third-Party Defendants' Motion to Dismiss Amended Counterclaim and Third-Party Complaint. Accordingly, no response to paragraphs 45 through 50 of the Counterclaim and Third-Party Complaint is required.

## COUNT III – UNJUST ENRICHMENT (Against Double L Investment, Inc. and Westport Senior Living Investment Fund, L.P.)

51.     With regard to BVM re-alleging and re-adopting the allegations set forth in paragraphs 1 through 33 above, Respondents' answers are the same as set forth in response to paragraphs 1 through 33.

52.     Respondents deny the allegations in paragraph 52 and demand strict proof thereof.

53.     Respondents deny the allegations in paragraph 53 and demand strict proof thereof.

54.     Respondents deny the allegations in paragraph 54 and demand strict proof thereof.

55.     Respondents deny the allegations in paragraph 55 and demand strict proof thereof.

56.     Respondents deny the allegations in paragraph 56 and demand strict proof thereof.

57.     Respondents deny the allegations in paragraph 57 and demand strict proof thereof.

## PRAYER FOR RELIEF

Respondents deny that BVM is entitled to the relief set forth on page 27 of the Counterclaim and Third-Party Complaint, and further deny that BVM is entitled to any relief whatsoever for the actions complained of in the Counterclaim and Third-Party Complaint, or otherwise, and demand strict proof thereof.

## COUNT IV – BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING (Against Westport Senior Living Investment Fund, L.P.)

58.     With regard to BVM re-alleging and re-adopting the allegations set forth in paragraphs 1 through 33 above, Respondent's answers are the same as set forth in response to paragraphs 1 through 33.

59.     Respondent admits that this is an action for damages for an alleged breach of the implied covenant of good faith and fair dealing, but Respondent specifically denies that there was such a breach and specifically denies all allegations of damages.

60.     Respondent admits the allegations in paragraph 60.

61.     Respondent denies the allegations in paragraph 61 and demands strict proof thereof.

62.     Respondent denies the allegations in paragraph 62 and demands strict proof thereof.

63.     Respondent denies the allegations in paragraph 63 and demands strict proof thereof.

## PRAYER FOR RELIEF

Respondents deny that BVM is entitled to the relief set forth on page 28 of the Counterclaim and Third-Party Complaint, and further deny that BVM is entitled to any relief

whatsoever for the actions complained of in the Counterclaim and Third-Party Complaint, or otherwise, and demand strict proof thereof.

## AFFIRMATIVE DEFENSES

1. For and as their first affirmative defense, Respondents state that BVM is barred from claiming any recovery from the Respondents based upon the doctrine of unclean hands on the part of BVM, and/or its agents, predecessors, and/or related entities, including but not limited to BVM Management/Westport Holdings, L.P.

2. For and as their second affirmative defense, Respondents state that BVM has forfeited any right to any claim against Respondents based upon its wrongful acts, including, but not limited to, those set forth in Plaintiff's Amended Complaint, which are incorporated herein by reference.

3. For and as their third affirmative defense, Respondents state that BVM's own conduct, and/or that of its related individuals or entities, renders the claims set forth in the Counterclaim and Third-Party Complaint either waived, excused, satisfied, or otherwise extinguished.

4. For and as their fourth affirmative defense, Respondents state that BVM's claims fail for lack of consideration.

5. For and as their fifth affirmative defense, Respondents state that Respondents are entitled to a setoff and/or recoupment for the value and benefits received and accepted by BVM for the transaction.

6. For and as their sixth affirmative defense, Respondents state that BVM is estopped from asserting its claims based upon its own wrongful conduct, its material breaches of

the closing documents, and its acceptance and retention of the value and benefits from the transaction.

7. For and as their seventh affirmative defense, Respondents state that BVM and/or its related entities or individuals entered into the transaction with fraudulent and predetermined motives not disclosed to Respondents, and contrary to the understanding and good faith requirements, both explicit and implied by law, including, but not limited to, the intention not to furnish the consideration provided for by the closing and transaction documents. Accordingly, BVM's claims are barred by mistake, misrepresentation, unclean hands, or any other legal theory upon which BVM's bad acts and motivations and imputation thereof from the wrongful conduct of BVM, and/or its agents, bar such conduct as a matter of law.

8. For and as their eighth affirmative defense, Respondents state that BVM's breach of covenant claim is barred by the doctrines of frustration of purpose and hindering performance.

9. For and as their ninth affirmative defense, Respondents state that Respondents are entitled to a setoff and/or recoupment of any amounts allegedly due to BVM because of BVM's material breaches of contract and other unlawful acts, either conducted directly and/or indirectly through related persons and entities.

10. For and as their tenth affirmative defense, Respondents state that the Complaint fails to state a claim upon which relief can be granted.

Respondents reserve the right to add additional affirmative defenses in the event discovery discloses other affirmative defenses not pled herein or as otherwise allowed by law.

### DEMAND FOR ATTORNEY'S FEES AND COSTS

Respondents have been compelled to obtain representation by the undersigned law firm and demand payment of their attorneys' fees and costs from BVM for their defense in this action.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 10, 2018 I sent the foregoing via electronic mail to the following addresses: Mark R. Osherow, Esq., Osherow PLLC, 2101 NW Corporate Boulevard, Suite 410, Boca Raton, FL 33431, mark@osherowpllc.com, eservice@osherowpllc.com, amy@osherowpllc.com.

Law Offices of Marshall E. Rosenbach
Attorney for Plaintiff/Counter-
Defendant/Third-Party Defendants
11430 U.S. Highway 1
North Palm Beach, Florida 33408
(561) 627-8990 Telephone
(561) 694-1359 Facsimile

By:   /s/ Dean J. Rosenbach
      Dean J. Rosenbach, Esq.
      Florida Bar No. 152486
      Marshall Rosenbach, Esq.
      Florida Bar: 698032
      E-mail 1: djr1@bellsouth.net
      E-mail 2: marshall@marshallrosenbach.com
      E-mail 3: service@marshallrosenbach.com