ORDERED.

**Dated: April 15, 2024**

Catherine Peek McEwen
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re: Case No.: 8:16-bk-08167-CPM

Westport Holdings, Tampa, Limited Partnership, Chapter 7

Debtor.
_______________________________/

Jeffrey W. Warren, Liquidating Trustee,

Plaintiff,

v. Adv. No.: 8:20-ap-00007-CPM

Valley National Bank,

Defendant.
_______________________________/

**ORDER DENYING SUMMARY JUDGMENT**
**ON THE DEFENDANT'S IN PARI DELICTO DEFENSE**

THIS PROCEEDING came on for hearing on November 28, 2023, for consideration of the Defendant's Motion for Summary Judgment (the "Motion") (Doc. No. 421, as supplemented regarding its Fifth Affirmative Defense at Doc. No. 491) and the Plaintiff's Response thereto (Doc. No. 488, as amended at Doc. No. 489). At the conclusion of the hearing, the Court took under

advisement the Defendant's Fifth Affirmative Defense asserting that claims for allegedly aiding and abetting a breach of fiduciary duty are barred by the doctrine of *in pari delicto*[1] and directed the parties to brief the issue.[2] Having reviewed the record and the parties' briefs, the Court finds that questions of material fact remain as to whether:

1) certain attributes of the sale transaction were calculated to benefit the General Partner, thereby triggering the adverse interest exception;
2) innocent management members with power to stop wrongdoing existed; and
3) if otherwise applicable, the *in pari delicto* doctrine should, nonetheless, be precluded based on public policy considerations.

The Court cannot render its decision without considering further evidence on all three of these disputed issues of fact. The existing record is insufficient for purposes of summary disposition of the Fifth Affirmative Defense. Thus, the Court cannot grant summary judgment on the Defendant's *in pari delicto* defense.

Accordingly, it is

**ORDERED** that the Motion is denied with respect to the Defendant's Fifth Affirmative Defense invoking the doctrine of *in pari delicto.*[3]

Service by CM/ECF only.

---

[1] *See* Valley National Bank's Third Amended Answer and Affirmative Defenses to Liquidating Trustee's Amended Complaint (Doc. No. 184).

[2] *See* Supplemental Briefs (Doc. Nos. 525 and 538).

[3] At the pretrial conference held on April 15, 2024, the Court stated that it would announce its ruling on this issue on April 29, 2024, immediately prior to trial. However, the Court reconsidered and advanced the timing of its ruling to facilitate the parties' efficiency in planning and scheduling witnesses.